045900



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:04CV-636-ORL-28JG
MAGISTRATE:


LISA HAMILTON,

     Plaintiff,

v.

FLORIDA DEPARTMENT OF
EDUCATION, DIVISION OF
VOCATIONAL REHABILITATION
JUDY WHITAKER; DAVID
GIVENS; JOYCE A. WELLS;
DR. LEONARDO SKIZYNSKI;
and DAVID BOGERT,

     Defendants.

_____/

### DEFENDANT DAVID E. BOGERT'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

     COMES NOW the Defendant, DAVID E. BOGERT, by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, the grounds supporting this Motion are fully set forth in the following Memorandum of Law:

     1. Plaintiff, LISA HAMILTON, filed the above referenced Complaint on May 21, 2004. In her 13-page Complaint, Plaintiff

18

CASE NO. 6:04CV-636-ORL-28JG

asserts allegations against the Florida Department of Education Division of Vocational Rehabilitation, Dr. Joyce A. Wells, Dr. Leonard Skizynski, Mr. David Givens, Mrs. Judy Whittaker and Mr. David E. Bogert.

2. Plaintiff states in paragraph 12 of the Complaint that the individual Defendants are all being sued in their official and individual capacities. However, nowhere in the Complaint does Plaintiff address the requisite jurisdictional issue as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. Nor does the Complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P.8(a)(2)(2003).

3. Further, although Plaintiff sets forth over 10 pages of alleged facts, the primary reference within the Complaint regarding Defendant, DAVID E. BOGERT, is contained in paragraph 33 midway through the paragraph which states "*she introduced Lisa to her associate David E. Bogert who asked Lisa vocabulary definitions and card associations and card matches*". Plaintiff's Complaint, ¶ 33. Of note, Defendant, BOGERT, is only addressed in the Complaint in paragraphs 33, 43 and 65.

4. The next reference to Defendant Bogert occurs in paragraph 65 where Plaintiff states "*Lisa asked that David E. Bogert be fined by the Florida Department of Health for his role in*

CASE NO. 6:04CV-636-ORL-28JG

*the fraudulent and slanderous evaluation and for Lisa's pain and suffering she seeks $250,000.00"*. Plaintiff's Complaint,¶65.

5.   Nowhere in Plaintiff's Complaint does she allege the basis for which a cause of action can be maintained against Defendant, DAVID E. BOGERT.  Yet, based on paragraph 65, it appears that Plaintiff is attempting to state a cause of action against Defendant Bogert for fraud and slander. However, allegations in the Complaint fail to  satisfy the elements of either fraud or slander or any other cause of action as it relates to Mr. Bogert.

6.   Furthermore, Plaintiff fails to  identify how this Court even has jurisdiction over Mr. Bogert.

## MEMORANDUM OF LAW

The function of pleadings under the Federal Rules is to give fair notice of a claim asserted so as to enable the adverse party to answer and prepare for trial, to allow for application of doctrine of *res judicata*, and to show type of case brought so it may be assigned to a proper form of Trial; test is whether pleading gets notice in State's elements of claim plainly and succinctly and not whether its abstract matter it states conclusions or facts. Burkhart v. Allson Realty Trust, 363 F. Supp 1286 (N.D. Ill. 1973). Although the pleadings of a pro se litigant are to be held to less stringent standards than those drafted by an attorney a pro se

-3-

CASE NO. 6:04CV-636-ORL-28JG

litigant must still meet minimal pleading standards. <u>Olsen v.</u> <u>Lane</u>, 832 F. Supp 1525 (M.D. Fla. 1993). This Court has held that it is possible that a claim is submerged somewhere in the anfractuous prose that comprises a Complaint, but when no such claim is readily apparent a Motion to Dismiss is applicable. See <u>Kleinschmidt v. Liberty Mutual Insurance Company</u>, 142 F.R.D. 502 (S.D. Fla. 1992); <u>Olsen</u> at 1527. Pro se litigants are not allowed to simply include conclusory allegations and unwarranted deductions of fact to be accepted as true. <u>Mann v. Hillsborough County</u> <u>Sheriff's Department</u>, U.S. Dist. Lexis 9346 (M.D. Fla. 1996).

In the instant case Plaintiff has failed to not only provide a basis for the Court's jurisdiction as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure, but also failed to provide a short and plain statement of the claim against Defendant BOGERT that shows that the pleader is entitled to relief. Plaintiff's allegation merely provides a narrative of her version of the events with only three references to Defendant BOGERT.

Although there is no information within the Complaint which identifies the specific causes of action brought against Defendant BOGERT based in paragraph 65 of the Complaint, it appears that Plaintiff is attempting to bring a cause of action against Mr. Bogert for fraud and slander. Of note, one of the remedies sought

-4-

CASE NO. 6:04CV-636-ORL-28JG

by Plaintiff for the alleged actions of Mr. Bogert is a fine by the Florida Department of Health, something outside the jurisdiction of this Court.

### A.   FRAUD

Under Rule 9 of the Federal Rules of Civil Procedure, in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  F.R.Civ.Pro. 9(b)(2004). When a Plaintiff alleges fraud, the Complaint must include: 1) the fact statements that were made and the documents or representations they were made in or what omissions were made; 2) the time and place of each statement and the individual who made the statement or omission; 3) the content of the statement and the way it misled the Plaintiff; and 4) what Defendant gained as a result of the fraud.   See SIR Enterprises, Inc., v. Severite Agency, Inc., 214 F. Supp. 2d 1276 (M.D. Fla. 2002); Brooks v. Blue Cross and Blue Shield of Florida, 116 F.3d 1364 (11th Cir. 1997). Plaintiff has failed to allege any of the elements required to plead a claim for fraud against Defendant BOGERT.   Plaintiff has merely placed in the Complaint a one-sentence statement stating that Defendant BOGERT asked Plaintiff vocabulary definition and card associations and card matches. (Plaintiff's Complaint ¶33).

Plaintiff fails to state what was the alleged fraud that

-5-

occurred or was done by Defendant BOGERT and what Defendant gained as a result of said fraud.

### B.   SLANDER

A cause of action for slander concerns damage to personal reputation.  For instance, a statement intending to injure one in his trade or profession is a falsehood directed at a person's professional competence or fitness to engage in a given profession. See White v. Fletcher, 90 So.2d 129 (Fla. 1956); Campbell v. Jacksonville Kennel Club, Inc., 66 So. 2d 495 (Fla. 1953).  Under the common law, the nature of a claim affects the specificity required to plead it properly.  Whether one must plead special damage depends on if the person's claim concerns slander per se or, alternatively, slander per quod or injurious falsehood.  Leavitt v. Cole, 291 F. Supp. 2d 1338 (M.D. Fla. 2003).  Nowhere in Plaintiff's Complaint is there an allegation as to what actions were undertaken by Defendant BOGERT which rises to the level of slander nor to what degree the Plaintiff was affected by whatever actions were taken.

Therefore, as Plaintiff has failed to assert a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, the circumstances constituting fraud

-6-

CASE NO. 6:04CV-636-ORL-28JG

or mistake with particularity, or any of the elements necessary for a claim of fraud or slander, Plaintiff's Complaint must be dismissed.

WHEREFORE, Defendant, DAVID E. BOGERT, respectfully prays that his Motion to Dismiss Plaintiff's Complaint be granted and such other relief as this Court deems appropriate.

I certify that a copy hereof has been furnished to LISA HAMILTON, 4470 Scenic Lake Drive, Orlando, Florida 32808 by mail on JUNE 21 _____, 2004.

CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
Attorneys for Defendant, David
E. Bogert, L.M.H.C.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801
(407) 649-9797
(407) 649-1968

BY: _____ SE0380

John L. Morrow, Esquire
FLORIDA BAR NO. 656038

JLM/KMC/mb

1FZ4998.WPD
04.0621

-7-