**UNITED STATES DISTRICT COURT**
*Middle District of Florida*
*Orlando Division*

LISA HAMILTON,                          CASE NO. 6:04CV-636-ORL-28JG

      Pro Se Plaintiff,

v.                                      Appearing on behalf of Defendant,
                                        Joyce A. Wells, Psy.D.
FLORIDA DEPARTMENT OF
EDUCATION, DIVISION OF
VOCATIONAL REHABILITATION
JUDY WHITAKER; DAVID
GIVENS; JOYCE A. WELLS;
DR. LEONARDO SKIZYNSKI;
and DAVID BOGERT,

      Defendants.

_____/

**DEFENDANT'S, JOYCE A. WELLS, PSY.D., MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MOTION
FOR MORE DEFINITE STATEMENT; AND MOTION TO STRIKE**

COMES NOW the Defendant, JOYCE A. WELLS, PSY.D. (improperly referred to as "JOYCE A. WELLS"), by and through her undersigned attorneys, and hereby files this her Memorandum of Law in Support of her Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted; Motion for More Definite Statement; and Motion to Strike, and, as grounds for this motion, Defendant states as follows:

**I.**
**Introduction**

The Plaintiff, Lisa Hamilton (hereinafter referred to as "the Plaintiff" or "Ms. Hamilton"), a pro se party, is presently

CASE NO. 6:04-CV636-ORL-28JGG

pursuing claims against multiple Defendants that appear to have all
arisen in the context of and/or as the result of Plaintiff's
efforts to obtain funding for a personal business enterprise
through the Florida Department of Education, Division of Vocational
Rehabilitation.  See Plaintiff's Complaint.  The Plaintiff's
Complaint is entirely devoid of any facts and/or allegations that
would support a legally, cognizable claim on behalf of this
Plaintiff against Dr. Wells as phrased.  See Plaintiff's Complaint.
Instead, the Plaintiff relays in a lengthy and convoluted manner
the perceived troubles that she has experienced with obtaining such
funding through the Florida Department of Education and fails in
the process to delineate a valid cause of action against this
particular Defendant.  Id.  The apparent factual allegations by the
Plaintiff may be summarized as follows:

The Plaintiff contacted the Division of Vocational
Rehabilitation of the Florida Department of Education (hereinafter
referred to as "the Department") some time in August of 2003 to
obtain assistance in starting her own business.  Upon conferring
with Judy Whitaker (hereinafter referred to as "Ms. Whitaker"), a
counselor for the Department, the Plaintiff was informed that her
request for financial assistance was not something with which the
Department would be able to assist her.  The Plaintiff, over a

CASE NO. 6:04-CV636-ORL-28JGG

period of one to two months, continued to contact the Department, and other agencies, in her attempts to obtain funding and assistance for her proposed business through this state agency. During this time, the Plaintiff was repeatedly advised that the Department was not responsible for financially assisting her in starting a new business. However, in a meeting with Ms. Whitaker and her supervisor, David Givens (hereinafter referred to as "Mr. Givens"), the Plaintiff maintained that she wanted to be considered for those resources and services that the Department could provide that would allow her to move toward her goal of starting the business. The Plaintiff was informed that for the Department to evaluate her and determine the assistance that the Plaintiff was entitled to through the Vocational Rehabilitation Services program, she had to undergo a psychological evaluation. This evaluation was to allow the Department to evaluate the Plaintiff and her capacity to succeed at the vocational goals that she had set for herself.

The psychological evaluation was scheduled for October 9, 2003 and completed on October 14, 2003. These tests were administered by Defendant, Joyce A. Wells, Psy.D. (hereinafter referred to as "Dr. Wells"), and David E. Bogert. On November 19, 2003, the Plaintiff met with Ms. Whitaker and Mr. Givens to discuss the results of the psychological evaluation. On that date she was

-3-

CASE NO. 6:04-CV636-ORL-28JGG

shown a report, which provided that "Lisa would like assistance
starting her own business in music and song writing . . . while she
may have a talent in this area, her mental state is not stable
enough to cope with the stress of owning and operating a small
business at this time." The Plaintiff went on to state that the
Department "crafted fictional information," which caused
"irreversible psychological damage" to her. There is no indication
whether the Plaintiff contends that Dr. Wells's evaluation was
erroneous or simply misapplied by the Department. The Plaintiff
added that she was also informed by Ms. Whitaker that the report
reflected that Ms. Hamilton suffered from histrionic personality
disorder and could not deal with authority; that her thought
process was confused; that she had an anger problem and learning
difficulty; that she was aggressive, tense, hostile, and dominant;
that she was developing some paranoid mentation and confusion; that
she was grandiose, verbose, and histrionic; that her insight was
limited and judgment and reasoning questionable; and, lastly, that
she was unjustifiably optimistic with high achievement aspirations
that likely outstripped Ms. Hamilton's actual abilities. The
Plaintiff was told by Ms. Whitaker that the psychological
evaluation also reflected that she might have reached her peak
stability and that there was no hope of her getting any better.

-4-

CASE NO. 6:04-CV636-ORL-28JGG

The Plaintiff goes on to label the facts reflected in this section of the Complaint as "slanderous."

Upon being denied the assistance that she sought through the Department, the Plaintiff sought out additional information concerning Dr. Wells. She learned that Dr. Wells was a psychologist, licensed to practice in the State of California, who had applied at the time of the evaluation to the Department of Professional Regulation for the State of Florida, and was practicing under the supervision of a Florida licensed psychologist at the time of the relevant events.

Notably, the Plaintiff sets forth in her Complaint with respect to Dr. Wells that the remedy that she seeks through this lawsuit is that "Joyce A. Wells cease and desist from all test administering for VR nationwide or any other State or Government entity indefinitely and seeks $500,000.00 for her misrepresentation of herself and slander of Lisa." It is unclear whether any of the other forms of relief sought in the Complaint are directed to this Defendant.

As to Plaintiff's request for an injunction so that this Court might enjoin Dr. Wells from performing further psychological evaluations on behalf of Florida's Department of Education, this Defendant would assert that the Plaintiff lacks standing to make

-5-

CASE NO. 6:04-CV636-ORL-28JGG

such a request.  Rather, any and all actions to be taken to barr Dr. Wells from engaging in such activities should be by the Department of Professional Regulation.  As to the substantive claims of misrepresentation and slander, they are inappropriately plead.  With respect to the former, the Plaintiff fails to take into account the Florida Administrative Code and its provisions relating to provisional licensure and the practice of non-licensed individuals to practice under the supervision of a psychologist licensed in the State of Florida.  As to the latter claim, the Plaintiff sidesteps the fact that it was the Plaintiff who pursued a psychological evaluation through Dr. Wells, which was reported as requested by the Plaintiff to the Department.  A qualified privilege existed with respect to the reporting of this information.  Moreover, even absent the privilege, there is no allegation that the Defendant, Dr. Wells, did not exercise that level of reasonable care that a practitioner in similar circumstances would have exercised in reaching the conclusions contained in her report – thus, failing to establish an essential element of her claim.  Moreover, such a claim, given the nature of the services rendered to the Plaintiff, i.e., psychological, would be better plead in the context of a negligence claim.

CASE NO. 6:04-CV636-ORL-28JGG

At any rate, there is no indication as to how the alleged behavior rises to the level of being actionable.  As such, this matter should be dismissed under Rule 12(b)(6) for its failure to state a claim upon which relief can be granted.  Alternatively, the Plaintiff should be required to plead a more definite statement to appropriately set forth her claims against Dr. Wells.  Finally, certain portions of the Plaintiff's Complaint, as reflected <u>infra</u>, are impertinent and scandalous, and should similarly be stricken under Rule 12 of the Federal Rules of Civil Procedure.

**II.**
**<u>ANALYSIS</u>**

A.   **PLAINTIFF LACKS STANDING TO PURSUE AN INJUNCTION AGAINST JOYCE A. WELLS TO ENJOIN HER FROM PERFORMING TESTING FOR THE DEPARTMENT OF EDUCATION.**

The Plaintiff delineates in her Complaint that she requests that "Joyce A. Wells cease and desist from all test administering for VR nationwide or any other State or Government entity indefinitely."  <u>See</u> Plaintiff's Complaint.  The Plaintiff is no longer the recipient of psychology-related services from Dr. Wells and, therefore, would suffer no further harm in this context, but seeks to enjoin Dr. Wells from administering psychological evaluations in order, apparently, to prevent potential similar harm to an unidentified class of other individuals requiring psychological evaluations through the Department of Education.  The

-7-

CASE NO. 6:04-CV636-ORL-28JGG

Plaintiff fails to possess the appropriate standing to pursue this claim.

The United States Supreme Court recently analyzed the issue of standing in the matter of <u>Elk Grove Unified Sch. Dist. v. Newdown</u>, 72 U.S.L.W. 4457 (2004). Therefore, the Court noted that a party bringing suit in federal court must establish standing to prosecute the action. <u>Id.</u> Therefore, "[i]n essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." <u>Id.</u> (quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 498, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975). The <u>Newdown</u> Court added that "[t]he standing requirement is born partly of an idea, which is more than an intuition but less than a rigorous and explicit theory, about the constitutional and prudential limits to the powers of an unelected, unrepresentative judiciary in our kind of government." <u>Id.</u> (quoting <u>Allen v. Wright</u>, 468 U.S. 737, 750, 82 L. Ed. 2d 556, 104 S. Ct. 3315 (1984). Morever, the Court explained that "[c]onsistent with these principles, our standing jurisprudence contains two strands: Article III standing, which enforces the Constitution's case or controversy requirement, see <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559-562, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992); and prudential standing, which embodies

-8-

CASE NO. 6:04-CV636-ORL-28JGG

`judicially self-imposed limits on the exercise of federal jurisdiction.'" <u>Id.</u> (citing <u>Allen</u>, 468 U.S. 737, at 751, 82 L. Ed. 556, 104 S. Ct. 3315). The Court elaborated that "[t]he Article III limitations are familiar: The plaintiff must show that the conduct of which he complains has caused him to suffer an "injury in fact" that a favorable judgment will redress." <u>Id.</u> (citing <u>Lujan</u>, 504 U.S. 555, at 560-561, 119 L. Ed. 2d 351, 112 S. Ct. 2130). The Court continued that "[a]lthough we have not exhaustively defined the prudential dimensions of the standing doctrine, we have explained that prudential standing encompasses `the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" <u>Id.</u> (quoting <u>Allen</u>, 468 U.S. 737, at 751, 82 L. Ed. 2d 556, 104 S. Ct. 3315. <u>See also</u> <u>Secretary of State of Md. v. Joseph H. Munson Co.</u>, 467 U.S. 947, 955-956, 81 L. Ed. 2d 786, 104 S. Ct. 2839 (1984). The Court added that "[w]ithout such limitations -- closely related to Art. III concerns but essentially matters of judicial self-governance -- the courts would be called upon to decide abstract questions of wide public significance even though other

-9-

CASE NO. 6:04-CV636-ORL-28JGG

governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights." Id. (quoting Warth, 422 U.S. 490, at 500, 45 L. Ed. 2d 343, 95 S. Ct. 2197.

In this matter, the Florida Department of Regulation would be the appropriate local governmental institution, if any, to take up this particular issue.  In fact, section 456.072 of the Florida Statutes provides that it is the Department of Professional Regulation, and in particular the Board of Psychological Examiners, who will investigate, and if necessary take action, in instances where an individual makes "misleading, deceptive, or fraudulent representations in or related to the practice of the licensee's profession."  § 456.072(1), Fla. Stat. (2004).  Also, section 490.009 of the Florida Statutes further sets forth the powers of the Board of Psychological Examiners in addressing such situations. § 490.009(2), Fla. Stat. (Supp. 2004).  Moreover, in section 490.012 of the Florida Statutes, the Florida legislature provided that the Department of Professional Regulation may institute appropriate proceedings where an individual holds himself out, allegedly, by a professional title without a valid license.  § 490.012, Fla. Stat. (Supp. 2004).  Thus, given the regulating powers given the Board of Professional Regulation by the Florida

-10-

CASE NO. 6:04-CV636-ORL-28JGG

legislature and the evolved jurisprudence on the issue of prudential standing, inasmuch as it applies to the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, standing does not exist for this Plaintiff to seek in this forum that Dr. Wells cease and desist with psychological testing in this or any other state.

**B.   PLAINTIFF'S CLAIMS ARE NOT LEGALLY COGNIZABLE OR ARE, AT MINIMUM, SO VAGUE AND AMBIGUOUS SO AS NOT TO ALLOW THIS DEFENDANT TO FRAME A PROPER RESPONSE.**

**1)   The Plaintiff's Complaint fails to State a Claim upon which Relief can be Granted.**

Rule 12 of the Federal Rules of Civil Procedure provides that a Defendant may move to dismiss a plaintiff's complaint where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. 12(b)(6). In this instance, the Plaintiff has wholly failed to specifically plead the nature of the claims against Dr. Wells and, further, what facts would support any of the claims set forth within the Complaint. Federal jurisprudence suggests that a "frivolous" claim would be analogous to one that could not survive a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Agosto v. Immigration and Naturalization Service, 436 U.S. 748, 754 (1978). Admittedly, dismissal of a complaint under Rule 12(b)(6) is appropriate "only if it is clear that no relief

-11-

CASE NO. 6:04-CV636-ORL-28JGG

could be granted under any set of facts that could be proved
consistent with the allegations." <u>Amparo Campos v. Immigration and
Naturalization Service</u>, 32 F.Supp. 2d 1337, 1343 (So. D. Fla. 1998)
(quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).
Likewise, it is true that "the threshold of sufficiency that a
complaint must meet to survive a motion to dismiss is exceedingly
low." <u>Amparo</u>, 32 F.Supp. at 1343. Furthermore, federal
jurisprudence supports the proposition that "[a] pro se complaint
is held to standards even less stringent than pleadings drafted by
lawyers. <u>Id.</u> Having said that, however, to survive a motion to
dismiss, a plaintiff may not merely "label" his claims. <u>Id.</u> The
<u>Amparo</u> court noted that:

> Courts must liberally construe and accept as true
> allegations of fact in the complaint and inferences
> reasonably deductible therefrom, but need not accept
> factual claims that are internally inconsistent, facts
> which run counter to facts of which the court can take
> judicial notice, conclusory allegations, unwarranted
> deductions, or mere legal conclusions asserted by a
> party.

<u>Id.</u>

> **a)     The Plaintiff fails to set forth sufficiently the
> bases for her claim that Dr. Wells misrepresented
> herself and how Dr. Wells' actions translate into a
> compensable claim.**

In this case, the Plaintiff's lengthy Complaint sets forth in
great detail at least the factual background concerning her

-12-

CASE NO. 6:04-CV636-ORL-28JGG

interactions with the Department of Education.  With respect to Dr. Wells, though, the Plaintiff set forth simply that Dr. Wells, although licensed in the State of California and supervised by a Florida psychologist, deceived her with her credentialing status - though, she does not relate any information that Dr. Wells communicated to her prior to the examination to mislead the Plaintiff.  Such conclusory statements do not serve to set forth legally cognizable claims upon which relief may be granted.

Rule 8 of the Federal Rules of Civil Procedure provides that a claim "shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8. This the Plaintiff fails to do.  Instead, this Defendant is left to attempt to deduce the nature of the allegations and claims against her.  Even those that can be gleaned with supposition do not support a legally cognizable claim, and the Plaintiff's Complaint should be dismissed.

If the Plaintiff is alleging that a fraud was committed upon her by Dr. Wells, then pursuant to Rule 9 of the Federal Rules of Civil Procedure, the Plaintiff has to plead the fraud with specificity. F.R.C.P. 9. Specifically, the rule provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." <u>Id.</u>  If

CASE NO. 6:04-CV636-ORL-28JGG

indeed this is a fraud case, this Court held in <u>C.S.I.R. Enters. v. Sebrite Agency, Inc.</u>, 214 F.Supp. 2d 1276 that (M.D. Fla. 2002), a case involving claims of fraudulent misrepresentation, that:

> Pleading fraud with greater specificity than is normally required by the federal rules is necessary in order to: 1) provide defendants with sufficient notice of what the plaintiff complains to enable them to frame a response, 2) prevent fishing expeditions to uncover unknown wrongs, and 3) protect the defendant from unfounded accusations of immoral or otherwise wrongful conduct.

<u>Id.</u> This the Plaintiff failed to do. This Court further held in the <u>Sebrite</u> matter that:

> This means that when a plaintiff alleges fraud the complaint must include: 1) the exact statements that were made and the documents or oral representations they were made in or what omissions were made, 2) the time and place of each statement and the individual who made the statement or omission, 3) the content of the statement and the way that it misled the plaintiff, and 4) what the defendants gained as a result of the fraud.

<u>Id.</u> (citing <u>Brooks v. Blue Cross and Blue Shield of Fla.</u>, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)). Again, the Plaintiff failed to comply in this regard. Accordingly, the Plaintiff's claim of misrepresentation or fraud, to the extent that the Plaintiff is indeed making such a claim, must be dismissed.

      **b)**       **The Plaintiff's Claim of Slander fails to set forth that Dr. Wells published a false statement of fact of or concerning the Plaintiff without reasonable care to whether that statement was true.**

-14-

CASE NO. 6:04-CV636-ORL-28JGG

The Plaintiff seems to claim that, because Dr. Wells' report reflected the mental impressions and opinions of Dr. Wells vis a vis the psychological evaluation that was conducted upon the Plaintiff, that Dr. Wells committed an act of slander. Nowhere is it indicated that Dr. Wells' professional opinions have been contradicted by a trained psychologist or psychiatrist to thereby suggest that the report was inaccurate at minimum. Nor does the Plaintiff recite when or to whom a slanderous statement was published by Dr. Wells.

Setting aside the distinction between libel and slander, to establish a case of either, "a plaintiff must demonstrate that the defendant published a false statement of fact of or concerning the plaintiff, without reasonable care as to whether that statement was true, and the defamation caused actual damage to the plaintiff." Lopez v. Micro, 1997 U.S. Dist. Lexis 7394 (S.D. Fla. 1997). Reasonable care in the context of a trained professional psychologist has to be judged by whether this psychologist acted in a manner that a similarly situated psychologist would have acted in like or similar circumstances. Nowhere is it alleged even that this Plaintiff has been evaluated by other trained professionals who disagree with the opinions reached by Dr. Wells as a result of her psychological evaluation. Moreover, the law protects

-15-

CASE NO. 6:04-CV636-ORL-28JGG

individuals acting in the course and scope as Dr. Wells did, i.e.,
at the behest of the Plaintiff and the Department of Education, to
provide Ms. Hamilton with a psychological evaluation.  That is,
"the law of Florida embraces a broad range of the privileged
occasions that have come to be recognized under the common law.
<u>Randolph v. Beer</u>, 695 So.2d 401, 403 (Fla. 5[th] DCA 1997).  Thus, "a
communication made in good faith on any subject matter by one
having an interest therein, or in reference to which he has a duty,
is privileged if made to a person having a corresponding interest
or duty, even though it contains a matter which would otherwise be
actionable, and though the duty is not a legal one but only a moral
or social obligation."  <u>Id.</u>  In this instance, Dr. Wells received
a request from the Plaintiff and the State of Florida to perform a
psychological evaluation, an act that would envelope her actions
with the cloak of qualified privilege.  Thus, the Plaintiff's claim
of slander should be accordingly barred.

> **2)      The Plaintiff's Complaint is so Vague and Ambiguous
> that this Defendant can not Properly Frame a
> Responsive Pleading.**

Rule 12 of the Federal Rules of Civil Procedure further
provides that where  a Complaint "is so vague and ambiguous that a
party cannot be reasonably be required to frame a responsive
pleading, the party may move for a more definite statement before

-16-

CASE NO. 6:04-CV636-ORL-28JGG

interposing a responsive pleading." Fed. R. Civ. P. 12(e).  The
very same defects outlined _supra_ support such a motion as an
alternative to dismissal of the Complaint.  That is, the
Plaintiff's Complaint fails to apprize Dr. Wells of the claims
being asserted against her as well as the allegations giving rise
to such claims.  As such, this Defendant is wholly without notice
as to the nature of the allegations being made against her in the
context of this litigation.  Consequently, this Defendant is,
barring a dismissal of this action for its failure to state a
claim, entitled to a more definite statement that outlines the
claims against her as well as the factual bases supporting these
allegations.

**E.   CERTAIN PORTIONS OF PLAINTIFF'S COMPLAINT SHOULD BE STRICKEN
      AS IMPERTINENT AND SCANDALOUS.**

Rule 12 of the Federal Rules of Civil Procedure further
provides that, upon motion, the Court may order stricken "any
redundant, immaterial, impertinent, or scandalous matter." Fed. R.
Civ. P. 12(f).  Paragraph forty nine (b) recites that "Joyce A.
Wells was denied licensure with the State of Florida in November
2003 because her education did not meet or exceed Florida
requirements."  This statement is wholly inflammatory, and, more
importantly, relates to incidents occurring subsequent to the time
period at issue in this matter.  It serves no purpose but to

-17-

CASE NO. 6:04-CV636-ORL-28JGG

inflame those involved in this litigation.  Similarly, paragraph fifty-two, consisting of rampant speculation about why Dr. Wells became licensed in California, rather than any of the other states in this union, should be struck for the same reasons.

Moreover, Plaintiff's reference in paragraphs sixty-two and sixty-three to amounts sought as compensation in this lawsuit is impertinent and scandalous and serves no purpose also but to inflame the parties and the trier of fact.  Supposing that the Court's jurisdiction is founded on a federal question with pendent state claims, there is not even a need to recite any amounts in controversy.  See 28 U.S.C. § 1332.  Thus, the Defendant would request that each of these paragraphs be stricken by the Court from the Plaintiff's Complaint.

### III.
### CONCLUSION

Consequently, this matter should be dismissed for the Plaintiff's failure to set forth with respect to Dr. Wells a claim upon which relief may be granted.  Alternatively, the Plaintiff should be required to more definitely plead her claim in order to allow Dr. Wells an opportunity to understand the nature and context of the claims being asserted against her.  Those enumerated paragraphs containing redundant, irrelevant, or scandalous matters should be struck from this Complaint.

-18-

CASE NO. 6:04-CV636-ORL-28JGG

This 21st day of June, 2004.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded by U.S. Mail this 21st day of June, 2004 to Lisa Hamilton, 4470 Scenic Lake Drive, Orlando, Florida 32808.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Attorneys for Defendant
Joyce A. Wells, PSY.D.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801
(407) 649-9797

By

Michael R. Jackson
Florida Bar No. 0161632

-19-