

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

    Plaintiff,

vs.                                   CASE NO.: 6:04-CV-636-ORL-28-JGG

FLORIDA DEPARTMENT OF
EDUCATION/VOCATIONAL
REHABILITATION SERVICES,
JUDY WHITAKER, DAVID GIVENS,
JOYCE A. WELLS, DR. LEONARD
SKIZYNSKI and DAVID BOGERT,

    Defendants.
_____/

## DEFENDANT DR. LEONARD SKIZYNSKI'S

## MOTION TO DISMISS

## PLAINTIFF'S AMENDED COMPLAINT

The Defendant, Dr. Leonard Skizynski, by and through his undersigned attorneys, hereby files this Motion to Dismiss Plaintiff's Amended Complaint, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and states as follows:

## BACKGROUND AND FACTS

1.    Defendant Dr. Leonard Skizynski has a Doctorate in Clinical Psychology and is a psychologist licensed by the state of Florida.

2.    Dr. Skizynski is occasionally retained and paid by the Florida Department of



Education, Vocational Rehabilitation Division (referred to herein as "DOE"), to review tests and evaluations performed on its clients.

3.     Pro se Plaintiff Lisa Hamilton is believed to be a client of the Florida DOE, and to have either applied for or received certain benefits from DOE as a result of her permanent disability. Upon information and belief, she has a medical disability based on her mental impairment and also receives social security benefits (SSI) for this, as well.

4.     Ms. Hamilton apparently sought to receive funds from the Florida DOE to start her own business, Lisa Hamilton Music Publishing, Inc., d/b/a Top Notch Hitz. The Florida DOE required her to undergo testing and evaluation prior to giving her a grant or loan to start a business, in part because her mental impairment may have materially interfered with her ability to independently operate an ongoing business of the nature she desired.

5.     Dr. Skizynski was paid by the Florida DOE to review an evaluation prepared by another independent health care provider who was independently contracted with the Florida DOE to perform an evaluation on Ms. Hamilton and to provide a report to Florida DOE on Ms. Hamilton's capability.

6.     Plaintiff's Amended Complaint consists of fourteen (14) pages and sixty-six (66) paragraphs, typed single-spaced. Plaintiff Lisa Hamilton has filed it pro se. It is a long, rambling, unorganized complaint. It does not state any specific cause of action against Defendant Dr. Skizynski. It is not divided into numbered causes of action. It appears to make allegations of negligence in the delivery of psychological services, a matter which should be

filed and litigated in state court, not federal court. The "Facts" section of the Amended Complaint is thirty-two (32) paragraphs. Following the "Facts" section of the Amended Complaint is a list of remedies.

7.   Ms. Hamilton's complaint seems to be aimed at the state agency and its employees, not at Defendant Dr. Skizynski.

## GROUNDS FOR DISMISSAL

8.   The Amended Complaint must be dismissed for violating Federal Rule of Civil Procedure 8(a)(2). The Amended Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Amended Complaint contains rambling, confusing and conclusory allegations. Further, the Amended Complaint is impossible to follow and contains long narratives which do not allow the Defendant to properly admit or deny the allegations. The Amended Complaint clearly violates procedural rules and should be dismissed. Even given the fact that pro se plaintiffs are not held to as high of a pleading standard, the Amended Complaint should nevertheless be dismissed for violation of Federal Rule of Civil Procedure 8(a)(2).

9.   The Amended Complaint is too vague and Defendant is unable to formulate a response to the allegations of the pro se Plaintiff.

10.   The Amended Complaint should be dismissed because it contains only conclusory allegations as opposed to specific factual allegations. See, Hutter v. Schraml, 51

F.R.D. 519, 521 (E.D. Wis. 1970); Kjellvander v. Citicorp, 156 F.R.D. 138, 141 (S.D. Tex. 1994).

11. The Amended Complaint fails to adequately identify the defendants.

12. The Amended Complaint appears to sound in negligence, accusing certain health care professionals of negligence in their testing and evaluation of the Plaintiff. The negligence of health care professionals (often referred to as "malpractice") is a matter within the jurisdiction of the state courts and should not be filed in federal court.

13. Plaintiff has failed to allege the basis for federal court jurisdiction in the case of Defendant Dr. Skizynski.

14. The federal court lacks jurisdiction over the subject matter of the Amended Complaint as to Defendant Dr. Skizynski.

15. The Florida Department of Education is a state administrative agency which has required administrative procedures that must be followed by one of its clients, including Lisa Hamilton, if that client has a complaint or grievance of the nature stated by Ms. Hamilton. Ms. Hamilton has failed to comply with the Florida Department of Education's administrative procedures. Accordingly, the Amended Complaint must be dismissed for failure to exhaust administrative remedies.

16. Part of Ms. Hamilton's Amended Complaint seems to indicate that there was some sort of discrimination against her and/or a violation of her civil rights because of her mental condition (although it is difficult to determine exactly what discriminatory act(s) are

alleged to have occurred and who performed them).

17. The Amended Complaint fails to adequately state any identifiable separate cause of action against this defendant, and contains only conclusory allegations. Thus, it fails to comply with Rule 10(b), Federal Rules of Civil Procedure.

18. The Amended Complaint fails to state a cause of action for negligence in the case of Dr. Skizynski. It omits elements of such a cause of action.

19. Defendant Dr. Skizynski should be dismissed because the Amended Complaint makes no specific allegations which would support any cause of action against Dr. Skizynski.

20. The statute of limitations has run on some or all of Ms. Hamilton's cause or causes of action.

21. The acts complained of by Plaintiff are the discretionary acts of a state agency and employees or agents of the state agency. Therefore, they cannot result in a cause of action against the state agency.

22. Defendant Dr. Skizynski was acting as an agent of the Florida DOE at all relevant times associated with this matter. Accordingly, he is personally immune from any complaints or causes of action such as those that may be insinuated from Plaintiff Hamilton's Amended Complaint under the doctrine of state sovereign immunity and under Florida's state tort claims act, as set forth in Section 768.28(9)(a), Florida Statutes.

23. Plaintiff Hamilton has failed to comply with the requirements of Section 768.28, Florida Statutes, prior to suing a state agency and its agents or employees. Therefore, her suit

is barred by Section 768.28(6)(a), Florida Statutes

24. Section 706(e) of Title VII, 42 U.S.C. § 200d-5(e), requires an aggrieved person to file a charge of discrimination against a person such as these Defendants with the Equal Employment Opportunity Commission (EEOC) within 300 days after the alleged unlawful (discriminatory) practice occurred. The Amended Complaint should be dismissed due the failure of the Plaintiff to comply with the 300 day filing requirement of Section 706(e) of Title VII will bar the bringing of a Title VII lawsuit.

25. The Amended Complaint should be dismissed because of its failure to allege that the Plaintiff has completed the requirements set forth in paragraph 16 above. Thus it fails to state a cause of action and there is no jurisdiction in the federal court.

26. Plaintiff Hamilton has failed to allege that she has complied with certain conditions precedent to filing suit, including those alleged above in paragraphs 15, 22, 23, 24, and 25.

27. Plaintiff has failed to allege or plead any facts that would indicate that Dr. Skizynski owed any duty to her. Her "facts" show just the opposite, that Dr. Skizynski had no duty to her. Dr. Skizynski was paid by the Florida DOE to review and confirm an evaluation prepared by another group of health care professionals. Therefore, Dr. Skizynski's duty was to the Florida DOE, not to Plaintiff. Plaintiff has not alleged (or implied) any type of contract with Dr. Skizynski nor has she alleged (or implied) a doctor-patient or doctor-client relationship with Dr. Skizynski. Since a duty to the Plaintiff is a required element of

negligence and of professional negligence ("malpractice"), Plaintiff's complaint fails to state a cause of action against Dr. Skizynski by omitting this required element.

28. The Amended Complaint should also be dismissed as it is clear on its face that it is frivolous and filed for improper purposes.

29. As Plaintiff has failed to completely identify the other Defendants sued, or to provide their addresses or residences, it is not possible to serve copies of this Motion on them. They will be provided a copy of this Motion when their addresses are known or when their attorneys file an appearance.

30. The Amended Complaint fails to state a claim upon which relief can be granted in respect to Dr. Skizynski.

31. Defendant Dr. Skizynski is contemporaneously filing a Memorandum of Law in support of this Motion.

32. Defendant hereby places Plaintiff on notice that Dr. Skizynski considers that naming him as a Defendant in her Amended Complaint constitutes filing a frivolous, baseless pleading in violation of Rule 11, Fed.R.Civ.P., and that he may seek the award of his costs and attorney's fees.

**WHEREFORE**, for the reasons stated herein and for the reasons more fully set out in the Memorandum of Law in Support of this Motion to Dismiss, this Defendant respectfully requests that this Court enter an Order dismissing the Amended Complaint with prejudice in respect to him.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. mail, postage prepaid, to: Lisa Hamilton (Pro Se Plaintiff), 4470 Scenic Lake Drive, Orlando, Florida 32808, on this __21st__ day of June, 2004. As Plaintiff has failed to completely identify the other Defendants sued, or to provide their addresses or residences, it is not possible to serve copies of this Motion on them. They will be provided a copy of this Motion when their addresses are known or when their attorneys file an appearance.

_/s/ George F. Indest III_
**GEORGE F. INDEST III, ESQUIRE**
Florida Bar No.: 382426
Board Certified in Health Care Law
**JASON L. HARR, ESQUIRE**
Florida Bar No.: 0194336
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEYS FOR DEFENDANT,
DR. LEONARD SKIZYNSKI**

GFI/JLH:lb
S:\256\001\Pleadings\Dismiss-1.MOT.wpd