FILED

04 JUN 22 AM 11: 25

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

        Plaintiff,

vs.                                                    CASE NO. 6:04-CV-636-ORL-28JGG

FLORIDA DEPARTMENT OF
EDUCATION/VOCATIONAL
REHABILITATION SERVICES,
JUDY WHITAKER, DAVID
GIVENS, JOYCE A. WELLS,
DR. LEONARD SKIZYNSKI and
DAVID BOGERT,

        Defendants.

_____/

## DEFENDANT DR. LEONARD SKIZYNSKI'S

## MEMORANDUM OF LAW

## IN SUPPORT OF HIS MOTION TO DISMISS

      The Defendant, Dr. Leonard Skizynski, by and through his undersigned attorneys, files

this Memorandum of Law in Support of his Motion to Dismiss Plaintiff's Amended Complaint,

pursuant to Local Rule 3.01, Rules of the United States District Court, Middle District of

Florida, and states as follows:

### I.    FACTS

      Plaintiff's Amended Complaint, a long, rambling narrative which fails to set forth any

separate counts, has named as defendants the Florida Department of Education, several of its

27

employees and several other individuals, including Dr. Leonard Skizynski ("Dr. Skizynski"), a clinical psychologist licensed by the state of Florida. Although it is difficult to determine what cause of action, if any, is being pleaded against Dr. Skizynski, the most likely appears to be his professional negligence as a psychologist. The allegations set forth against Defendant Dr. Skizynski are contained solely within the "Remedies" section of Plaintiff's Amended Complaint.

On October 9, 2003, Plaintiff was scheduled by the Florida Department of Education, Vocational Rehabilitation Division, for certain vocational testing at Comprehensive Behavioral Health Services. Dr. Skizynski does not own, operate or work for Comprehensive Behavioral Health Services. He has no relationship with it and is an independent health care provider. The vocational testing was performed by Joyce Wells and her partner David E. Bogert ("Mr. Bogert"), a licensed mental health counselor (L.M.H.C.). Comprehensive Behavioral Health Services is believed to be owned by Mr. Bogert and Ms. Wells, and is a contractor or vendor for the Florida Department of Education, Vocational Rehabilitation ("DOE").

Plaintiff Ms. Hamilton apparently sought to receive funds from the Florida DOE to start her own business, Lisa Hamilton Music Publishing, Inc., d/b/a Top Notch Hitz. The Florida DOE required her to undergo testing and evaluation prior to giving her a grant or loan to start a business, in part because her mental impairment may have materially interfered with her ability to independently operate an ongoing business of the nature she desired. Dr. Skizynski was retained by the Florida DOE to review an evaluation prepared by

Comprehensive Behavioral Health Services, independent health care providers who were independently contracted with the Florida DOE to perform an evaluation on Ms. Hamilton and to provide a report to Florida DOE on Ms. Hamilton's capability.

It is very important to note that nowhere in the Amended Complaint does Plaintiff Lisa Hamilton allege that she had a contract or relationship with Defendant Dr. Skizynski or that she received any psychological counseling or other services directly from Dr. Skizynski. In fact, she had no relationship of any kind with Dr. Skizynski, and none is alleged in the complaint.

The Amended Complaint, which is verbose, unorganized, rambling and confusing, includes numerous allegations of discrimination and negligence against a state agency and health care professionals other than Dr. Skizynski. It seems as though his name is only thrown in by Plaintiff as an afterthought.

II.    **LEGAL ANALYSIS**

A.    **Standard of Review**

In reviewing the legal sufficiency of a complaint, the Supreme Court has indicated that pro se plaintiffs are not held to as high a pleading standard as other litigants, and thus, pro se pleadings must be construed liberally by the Court. See, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, as another District Court has stated in Barsella v. United States, 135 F.R.D. 64 (S.D. NY 1991): "That policy, however, does not mandate

that a Court sustain every pro se complaint even if it is incoherent, rambling and unreadable."
See also, Chodos v. Federal Bureau of Investigation, 559 F.Supp. 69 (S.D. N.Y. 1982).

Filing a complaint pro se does not exempt a plaintiff from pleading essential elements of her claim, nor does it excuse ignorance or lack of attention to the ordinary rules of civil procedure. See, McNeil v. United States, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); Wells v. Brown, 891 F.2d 591, 592-94 (6th Cir. 1989) (discusses cases where courts have required pro se litigants to adhere to basic pleading requirements).

It is well established that on a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept the factual allegations in the Complaint as true and draw all reasonable inferences in favor of the plaintiff.  However, this standard of review on a motion to dismiss is not an absolute bar to the dismissal of a     pro se plaintiff's action, especially when the plaintiff's complaint is confusing and essentially fails to state a claim upon which relief can be granted. Woods v. Commissioner, Internal Revenue Service, 8 F.Supp.2d 1357 (M.D. Fla. 1998);  Modzelewski v. Dugan, 627 F.Supp. 141, 142 (M.D. Fla. 1985).

**B.** **The Amended Complaint Should be Dismissed for Violating Rule 8, Federal Rules of Civil Procedure**

Rule 8(b), Federal Rules of Civil Procedure, provides that a complaint should contain

-4-

a "short and plain statement of the grounds upon which the court's jurisdiction depends," and of the "claim showing that the pleader is entitled to relief." If plaintiff fails to do so, defendant may move for dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. Moreno v. Macaluso, 844 F.Supp. 736 (M.D. Fla. 1994).

More specifically, "complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes, far removed from the heat of the claim, do not comport" with the requirements of Rule 8. See, Jones v. Capitol Cities/ABC Inc., 874 F.Supp. 626, 628 (S.D. N.Y. 1995). Accord Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (dismissing an 88 page pro se complaint for failure to meet Rule 8 requirements), cert. denied, 411 U.S. 93 (1973). Further, complaints which do not comply with Rule 8 may be dismissed sua sponte by the Court. See, Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiff Hamilton's Amended Complaint is unfairly confusing and unintelligible such that its true substance, if any, is well disguised. When confronted with a similarly confusing and unintelligible complaint in Jones v. Trump, 971 F.Supp. 783 (S.D. N.Y. 1997), the District Court Judge dismissed a pro se complaint consisting of 125 pages with a combined total of 54 independent claims against 25 defendants. Each of the defendants moved to dismiss and the District Court Judge labored with the number of claims and number of defendants. Ultimately, the Court dismissed the entire complaint with prejudice after determining that none of the plaintiff's claims were arguably meritorious, but were rather an attempt to use the courts

to harass defendants through a vexatious course of litigation.

See also, Elizabeth Teachers Union v. Elizabeth Board of Education, 1990 WL 174654 (D.N.J. November 8, 1990) (Federal District Court dismissed pro se complaint against numerous defendants finding that even pro se plaintiffs should make an effort to allege specific facts against identified individuals);   Bolanos v. Coughlin, 1993 WL 762112 (S.D.N.Y. October 15, 1993) (a  pro se complaint alleging Section 1983 violations against numerous defendants was dismissed); Brown v. First State Bank of Harvard, 1995 WL 756858 (N.D. Ill. November 27, 1995) (District Court dismissed pro se amended complaint that was 249 pages long consisting of 41 counts against numerous defendants which was in violation of Rule 8 due to "prolixity, redundancy and verbosity";  the complaint was dismissed with prejudice); Babigian v. Rehnquist, 901 F.Supp. 17 (D. D.C. 1995) (pro se complaint naming numerous defendants dismissed with prejudice with the Court finding that the lawsuit was frivolous and vexatious and the Court issued an order to show cause as to why monetary sanctions should not be imposed against the plaintiff);  Dahl v. Kanawha Investment Holding Company, 161 F.R.D. 673 (N.D. Iowa 1995) (District Court dismissed lengthy pro se complaint against 18 defendants alleging misconduct of many kinds in making and foreclosing various loans); Fisher v. United Feature Syndicate, Inc., 37 F.Supp.2d 1213 (D. Co. 1999) ( pro se plaintiff's 43 paragraph 140 page rambling complaint and copyright infringement case violated procedural rule calling for brevity in complaints and was dismissed with the Court noting that the Court cannot "assume the role of an advocate for the pro se litigant." (Citing, Hall v. Bellmon, 935

-6-

F.2d 1106, 1110 (10th Cir. 1991) and <u>Scullin</u>, 989 F.Supp. 194 (N.D. N.Y. 1997.)

**C.    The Amended Complaint Should be Dismissed for Violating Rule 10,**
        **Federal Rules of Civil Procedure**

Several provisions of the Federal Rules of Civil Procedure address the need for pleadings to be clear and precise in order to allow the opposing party an opportunity to frame a responsive pleading. Specifically, Rule 10(b), Federal Rules of Civil Procedure, provides that "all averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." Rule 10(b) further provides that each claim be founded upon a separate transaction or occurrence.

The Amended Complaint combines separate Defendants and causes of action within the same count. It is so convoluted that it does not provide the Defendants with an understanding of what is being claimed or against what they must defend. "The complaint must set forth enough information to outline the elements of a claim or to permit inferences to be drawn that these elements exist." <u>Campbell v. Laurel</u>, 1990 U.S. Dist. LEXIS 16214, 1990 WL 605642 (W.D. Mich. 1990).

"A court's failure to require parties to adhere to these rules distorts the adversarial process." <u>Harris v. Radio Shack Corporation</u>, 15 Fla.L.Weekly Fed. D. 451 (D.C. S.D. Fla., May 23, 2002). More specifically, a court's failure to require parties to adhere to these

procedural rules "imperils fundamental principles of due process." <u>Bonnie L. ex rel. Hadsock v. Bush</u>, 180 F.Supp.2d 1321, 1348 (S.D. Fla. 2001); <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1130 (11th Cir. 2001). <u>See</u>, <u>Cesnick v. Edgewood Baptist Church</u>, 88 F.3d 902, 905-07 (11th Cir. 1996) (dismissing a "shotgun" pleading framed in complete disregard of the principle that separate causes of action should be plead in separate counts). Accordingly, the Amended Complaint must be dismissed with respect to Dr. Skizynski.

### D.      Failure to Plead Factual Allegations Requires Dismissal

The Amended Complaint contains only lengthy, rambling conclusory allegations as opposed to specific factual allegations. It does not provide notice of what cause(s) of action is (are) being pleaded against Dr. Skizynski. In fact, Dr. Skizynski is not even mentioned until near the end under the "Remedies" heading. It fails to include any facts showing any liability on the part of Dr. Skizynski. Therefore, it must be dismissed. <u>See</u>, <u>Hutter v. Schraml</u>, 51 F.R.D. 519, 521 (E.D. Wis. 1970); <u>Kjellvander v. Citicorp</u>, 156 F.R.D. 138, 141 (S.D. Tex. 1994).

### E.      Failure to Comply with Florida's State Tort Claims Act and Immunity of Dr. Skizynski

Plaintiff has failed to comply with or even allege that she has complied with Section 768.28, Florida Statutes, prior to filing suit. State agencies and employees of state agencies

enjoy sovereign immunity for their negligent acts under the law. Florida has provided a limited waiver of its sovereign immunity in Section 768.28, Florida Statutes, but Plaintiff has not complied with the mandatory provisions it contains.

The facts alleged by Plaintiff in the Amended Complaint show that Defendant Dr. Skizynski was acting as an agent of the Florida DOE at all relevant times associated with this matter. Accordingly, he is personally immune from any complaints or causes of action such as those that may be insinuated from Plaintiff Hamilton's Amended Complaint under the doctrine of state sovereign immunity and under Florida's state tort claims act, as set forth in Section 768.28(9)(a), Florida Statutes.

Plaintiff Hamilton has failed to comply with the requirements of Section 768.28, Florida Statutes, prior to suing a state agency and its agents or employees. Therefore, her suit is barred by Section 768.28(6)(a), Florida Statutes

### F.    Failure to Exhaust Administrative Remedies Bars Plaintiff's Suit

The Florida Department of Education is a state administrative agency which has required administrative procedures that must be followed by one of its clients, including Lisa Hamilton, if that client has a complaint or grievance of the nature stated by Ms. Hamilton. Ms. Hamilton has failed to comply with the Florida Department of Education's administrative procedures. Plaintiff must first seek relief through the administrative proceedings that are afforded her by the agency before seeking redress in court. Accordingly, the Amended

Complaint must be dismissed for failure to exhaust administrative remedies.   <u>Bal Harbour</u>

<u>Village v. City of North Miami</u>, 678 So.2d 356, 364 (Fla. 3d DCA 1996).


G.      <u>Failure to Allege Required Elements for Cause of Action</u>

One of the required elements of the cause of action of negligence is that the Defendant

owed a duty to the Plaintiff.  This also holds true for professional negligence.  However,

Plaintiff has failed to allege or plead any facts that would indicate that Dr. Skizynski owed any

duty to her.  In fact, the statements she has made in her Administrative Complaint seem to

indicate the opposite, that Dr. Skizynski had no duty to her.

Dr. Skizynski was paid by the Florida DOE to review and confirm an evaluation

prepared by another group of health care professionals.  Therefore, Dr. Skizynski's duty was

to the Florida DOE, not to Plaintiff.  Plaintiff has not alleged (or implied) any type of contract

with Dr. Skizynski nor has she alleged (or implied) a doctor-patient or doctor-client

relationship with Dr. Skizynski.

Since a duty to the Plaintiff is a required element of negligence and of professional

negligence ("malpractice"), Plaintiff's complaint fails to state a cause of action against Dr.

Skizynski by omitting this required element.  <u>Delancy v. St. Paul Fire & Marine Ins. Co.</u>, 947

F.2d 1536, 1537 (11th Cir. 1991);  <u>Blumel v. Mylander</u>, 919 F. Supp. 423, 427 (M.D. Fla.

1996).

As the Florida Court of Appeal stated in <u>Moisan v. Frank K. Kriz, Jr., M.D., P.A.</u>,

-10-

531 So.2d 398 (Fla. 2nd DCA 1988):

> To prevail in a medical malpractice case, a
> plaintiff must identify the standard of care owed
> by the physician, produce evidence that the
> physician breached the duty to render medical
> care in accordance with the requisite standard of
> care, and establish that the breach proximately
> caused the injury alleged.

Moisan, 531 So.2d 399.  See also Gooding v. University Hospital Building, Inc., 445 So.2d

1015, (Fla. 1984);  Pohl v. Witcher, 477 So.2d 1015, 1017 (Fla. 1st DCA 1985).

        In order to establish that a physician or psychologist owes a professional duty to a

particular individual, the Plaintiff must establish that a doctor-patient (or psychologist-patient)

relationship existed between the Plaintiff and the professional.  The health care professional

owes no duty, there is no standard of care applicable, if there was no relationship in existence

between the Plaintiff and the professional.

        There was no prior doctor-patient relationship or any other type of relationship between

Plaintiff Hamilton and Dr. Skizynski.  She had not been a prior patient of his and had never

previously been treated by him.  He was hired by and paid by the Florida DOE.

        To show the duty owed by Dr. Skizynski to the Plaintiff, the ultimate facts must be

alleged showing the relationship of the parties and the circumstances out of which the duty to

avoid negligence arose.  Carter v. Ray Arnold Lumbar Company, 91 So. 893, 895 (Fla.

1922).  Without proof that a patient-physician relationship existed, the Plaintiff cannot prevail

in a medical malpractice case.  Moison, at 399.  See also, Greenwald v. Grayson, 189 So.2d

-11-

204 (Fla. 1966).

Under the law of malpractice, a health care professional is not responsible for the acts of others, even when he consults with one who is treating the patient.  Even a physician who consults with the treating physician cannot be held liable, since there is no direct doctor-patient relationship created between the consulting physician and the patient.  Hill v. Kokosky, 463 N.W.2d 265 (Mich.App. 1990).  Accord Chatman v. Millis, 517 S.W.2d 504 (Ark. 1975).

Since there was no doctor-patient (or any other type of) relationship between Dr. Skizynski and Plaintiff Hamilton, there could have been no duty.  This element has not been alleged nor implied by the Plaintiff.  Therefore, a dismissal is appropriate.

### H.   Failure to Comply with Section 706(e) of Title VII Requires Dismissal

Section 706(e) of Title VII, 42 U.S.C. § 200d-5(e), requires an aggrieved person to file a charge of discrimination against a person such as these Defendants, with the Equal Employment Opportunity Commission (EEOC) "within 300 days after the alleged unlawful employment practice occurred." The Amended Complaint should be dismissed due the failure of the Plaintiff to comply with the 300 day charge filing requirement of Section 706(e) of Title VII will bar the brining of a Title VII lawsuit.

The Amended Complaint should be dismissed because of its failure to allege that the Plaintiff has completed the requirements set forth in Section 706(e) of Title VII, 42 U.S.C. §

-12-

200d-5(e).

### I.  No Grounds Alleged For Federal Jurisdiction Regarding Dr. Skizynski

Rule 8(a)(1) requires that the grounds upon which the Court's jurisdiction rests must be set forth in the complaint by the Plaintiff.  Plaintiff Lisa Hamilton has not made any such allegations respecting Defendant Dr. Skizynski.

### J.  Notice Regarding Possible Request for Rule 11 Sanctions

Although Defendant Dr. Skizynski has not yet requested it, Plaintiff should be advised of the possible application of Rule 11, Federal Rules of Civil Procedure, against pro se Plaintiffs.  Rule 11 authorizes the Court to impose sanctions on parties unrepresented by counsel who file frivolous pleadings which are not well grounded in law.  Further, the leeway afforded to pro se plaintiffs does not shield them from Rule 11 sanctions.  See, e.g., Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir. 1990); United States v. Circuit Court for Taylor County, et al., 851 F.Supp. 345, 352 (W.D. Wis. 1993).  Accordingly, this Court has discretion as to whether sanctions are warranted at this time.

### III.  CONCLUSION

It is clear that this case should not be in federal court.  Furthermore, even if one reads

the Amended Complaint in a light most favorable to the Plaintiff, she has failed to state a cause of action against Dr. Skizynski and the many other legal deficiencies in her Amended Complaint mandate that it be dismissed with prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. mail, postage prepaid, to: Lisa Hamilton (Pro Se Plaintiff), 4470 Scenic Lake Drive, Orlando, Florida 32808, on this ___21st___ day of June, 2004. As Plaintiff has failed to completely identify the other Defendants sued, or to provide their addresses or residences, it is not possible to serve copies of this Motion on them. They will be provided a copy of this Motion when their addresses are known or when their attorneys file an appearance.

GEORGE F. INDEST III, ESQUIRE
Florida Bar No.: 382426
Board Certified in Health Care Law
**JASON L. HARR, ESQUIRE**
Florida Bar No.: 0194336
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEYS FOR DEFENDANT,
DR. LEONARD SKIZYNSKI**

GFI/JLH:lb
S:\256\001\Pleadings\Dismiss-1.MEM.wpd

-14-