UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LISA HAMILTON,

    Plaintiff,

vs.                                                             CASE NO.: 6:04-CV636-ORL-28- JGG

THE FLORIDA DEPARTMENT OF
EDUCATION, DIVISION OF
VOCATIONAL REHABILITATION,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

The Defendant, Department of Education, Division of Vocational Rehabilitation (Division), by and through its undersigned counsel, and on behalf of its employees, Judith Whitaker and David Givens, in their official and individual capacities, hereby moves this Honorable Court to dismiss the Plaintiff's amended complaint and in support thereof would show that:

### STATEMENT OF FACTS

1.     On September 2, 2003, the Plaintiff, Lisa Hamilton, applied for vocational services with the Defendant, Division of Vocational Rehabilitation in Orlando, Florida. Plaintiff indicated a desire to open a music publishing business.

30

2. Plaintiff's vocational rehabilitation counselor was Judith Whitaker and the region supervisor was David Givens.

3. The Defendant referred the Plaintiff to Joyce A. Wells, Psy.D and David E. Bogert for a Learning Disability Assessment and Psychological Evaluation which took place on October 9 and October 14, 2003. This evaluation showed that her mental state includes self-reported anxiety, depression, phobias, and psychological treatment through the Central Florida Psychiatric Association.

4. Ms. Wells ultimately concluded that the Plaintiff's psychological symptoms were not stable, which would not be consistent with her goal of owning a music publishing business, due to the stress of owning and operating a business. She stated that the Plaintiff's mental state was unpredictable, grandiose, and impulsive with an exhibition of confused thought processes. She generates ideas with little thought or planning and reacts with aggression when her plans are not realized. Ms. Wells further stated that the Plaintiff has limited coping skills, with her symptoms worsening under stress.

5. On November 23, 2003, the Division of Vocational Rehabilitation sent the Plaintiff, Lisa Hamilton, a determination letter stating that she was not eligible for vocational rehabilitation services due to the severity of her disability.

6. This letter further stated that if the Plaintiff disagreed with the Division's decision, she had the right to appeal it within twenty-one days after she received its letter by requesting in writing either an administrative review by the Area

      Director or a fair hearing before an Administrative Law Judge from the Florida Division of Administrative Hearings.

7. On May 17, 2004, the Plaintiff brought action in federal court, claiming the Defendant discriminated against her based on race and disability in denying her services. The Defendant, Department of Education, was served with this complaint on June 8, 2004.

## GROUNDS FOR DISMISSAL

8. Plaintiff's amended complaint fails to meet the requirement of Rule 8(a) and (e) of the Federal Rules of Civil Procedure.

9. Plaintiff's amended complaint fails to meet the requirement of Rule 10(b) of the Federal Rules of Civil Procedure.

10. The Plaintiff's amended complaint should be dismissed for failure to exhaust administrative remedies.

11. The Plaintiff failed to state of cause of action for discrimination based on race

12. The Plaintiff failed to state of cause of action for discrimination based on disability.

13. Plaintiff's claims against Defendants Whitaker and Givens in their official capacity should be dismissed pursuant to the 11th Amendment of the U.S. Constitution and §768.28(9)(a), Florida Statutes.

14. Service of Process on Judith Whitaker was insufficient.

## MEMORANDUM OF LAW

A. <u>Plaintiff's amended complaint fails to meet the requirement of Rule 8(a) and (e) of the Federal Rules of Civil Procedure.</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure, states that a "pleading which sets forth a claim for relief" must contain "a short plain statement of the claim showing that the pleader is entitled to relief..." Furthermore,"each averment of a pleading shall be simple, concise, and direct." *Fed.R.Civ.Proc.* 8(e)(1). The purpose of these requirements is to give the adverse party fair notice of the claims asserted. *Moscowitz v. Brown*, 850 F.Supp. 1185, (S.D.N.Y. 1994). They are required to be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)).

Plaintiff's lengthy, single-spaced recount of her conversations with Department of Education staff fails to provide any of the Defendants named with proper notice with which to determine how to properly respond. The amended complaint is not only long and unintelligible, but it fails to set forth any specific statement of facts as to why the Plaintiff is entitled to any of the substantial monetary relief or injunctive relief which she appears to be requesting. Furthermore, a pleading must contain more than mere conclusory allegations of discrimination. *Cummings v. Palm Beach County*, 642 F.Supp. 248, 249 (S.D.Fla.1986). In this case, however, the amended complaint is rife with broad, vague, and conclusory statements that do not outline the elements of a claim or

permit inferences to be drawn that these elements exist. *Campbell v. Laurel*, 1990 WL 605642 (W.D.Mich.1990).

Although the Plaintiff is proceeding *pro se*, the Defendants are still entitled to fair notice of the claims to which they must respond and Plaintiff is not exempt from the rules of civil procedure. *Jarzynka v. St. Thomas University of Law*, 310 F.Supp.2d 1256, 1264, (S.D.Fla.,2004). Accordingly, Defendants move for dismissal of the amended complaint under Rule 12(b)(6), Federal Rules of Civil Procedure. See *Moreno v. Macaluso*, 844 F. Supp. 736 (M.D. Fla. 1994).

B. <u>Plaintiff's amended complaint fails to meet the requirement of Rule 10(b) of the Federal Rules of Civil Procedure.</u>

Rule 10 of the Federal Rules of Civil Procedure states that "[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth." Plaintiff's amended complaint first of all, fails to make any attempt to separate Plaintiff's claims against each of the individual Defendants named.

Secondly, Plaintiff makes no attempt to separate the various facts and allegations according to the statutory basis for her entitlement to relief. Plaintiff simply sets forth numerous paragraphs of facts and conclusory allegations and then in one paragraph states that she is a victim of fraud and that her civil rights have been denied. In that same paragraph Plaintiff cites several federal statutory provisions without providing any indication of what factual allegations pertain to her claims under those provisions and

without outlining the elements of a claim under any of said provisions. This type of "shotgun" notice pleading is prohibited by Rule 10, Federal Rules of Civil Procedure. *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902 (11th Cir. 1996).

As noted in *Benoit v. Ocwen Financial Corp., Inc.*, 960 F. Supp. 287, 290 (S.D. Fla. 1997):

> different and distinct pleading and proof are required to sustain different types of claims. Moreover, the defenses to each type of claim are different. If the plaintiffs are attempting to plead *one* of the three claims suggested, Rule 8 requires that they do so in a manner sufficient to put the defendants on notice of what is being pled. If, on the other hand, the plaintiffs seek to assert *three* different types of claims..., they are improperly commingled in violation of Rule 10. In either instance, it is exceedingly difficult, if not impossible, for defendants to frame a responsive pleading.

A court's failure to require a party to adhere to these procedural rules "imperils fundamental principles of due process." See *Bonnie L. ex rel. Hadsock v. Bush*, 180 F. Supp. 2d 1321, 1348 (S.D. Fla. 2001); *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001).

C.  The Plaintiff's amended complaint should be dismissed for failure to exhaust administrative remedies.

The purpose of requiring exhaustion of judicial remedies is to insure that courts receive matters which are ripe for judicial determination and present concrete injuries *Rogers v. Bennett*, 873 F.2d 1387, 1392 (1989). In *Ryans v. The New Jersey Commission for the Blind and Visually Impaired*, the Plaintiff challenged his denial of rehabilitative services and benefits to which he was entitled under the Rehabilitation Act of 1973, 542

F.Supp 841 (D.C.N.J., 1982). In addressing the requirement of exhaustion of administrative remedies, the court stated "[i]n the present case, however, the very statute which plaintiff seeks to vindicate by way of a s1983 action requires the state to institute administrative review procedures. If the courts are to effectuate congressional intent, they must give effect to the entire enforcement scheme provided in the statute." *Id.*, at 850. The court in *Ryans* outlined the statutory scheme mandating an administrative process substantively similar to Florida.

The statute and federal regulations governing Florida's vocational rehabilitation program clearly anticipate the requirement of the exhaustion of administrative remedies. 34 CFR §361.57(e), which implements provisions of 29 USCA 722 (c)(5), provides for impartial due process hearings for individuals who disagree with the findings of a state unit which effect the provision of vocational services to them:

> (1) A hearing conducted by an impartial hearing officer, selected in accordance with paragraph (f) of this section, must be held within 60 days of an applicant's or eligible individual's request for review of a determination made by personnel of the State unite that affects the provision of vocational rehabilitation services to the individual, unless informal resolution or mediation agreement is achieved prior to the 60th day or the parties agree to a specific extension of time...

Further, 34 CFR §361.57(i), which implements the provisions of 29 USCA 722 (J)(i), states:

> (1) Any party who disagrees with the findings and decision of an impartial hearing officer under paragraph (e) of this section in a State that has not established administrative review procedures under paragraph (g) of this section and any party who disagrees with the findings and decision under paragraph (g)(3)(iii) of this section have a right to bring a civil action with respect to the matter in dispute. The action may be brought in a district court of competent jurisdiction or in a district court of the United

>States of competent jurisdiction without regard to the amount in controversy.

Thus, neither the federal statutes nor the federal regulations contemplate a Plaintiff in a vocational rehabilitation case bringing an original action against the Division of Vocational Rehabilitation in Federal District Court. The state has provided administrative proceedings by which to challenge its actions and Plaintiff was provided notice of those options. The amended complaint does not state otherwise. The Plaintiff failed to exercise either of these options prior to filing her complaint in federal court.

Furthermore, the amended complaint fails to allege any facts that would indicate that it falls into any of the exceptions to the requirement of exhaustion of administrative remedies. The federal statute and regulations give the Plaintiff the opportunity to receive a fair hearing before an impartial fact finder whose decision would address the issues raised in her complaint and could potentially reverse the state agency's determination. If the Plaintiff were dissatisfied with the hearing officer's decision, she could bring an action in a district court of competent jurisdiction or federal court concerning the matter.

Secondly, there has been no showing that the agency does not possess the requisite jurisdiction to hear the Plaintiff's complaint. To the contrary, the federal statute and regulations plainly mandate the procedure for an impartial due process hearing prior to bringing a suit in federal court.

With regard to the third exception, the agency's expertise would certainly be helpful in explaining its determination in accordance with the applicable statute and regulations of the vocational rehabilitation program.

Finally, Plaintiff also cites a number of federal statutes which she apparently claims entitle her to the relief requested. Other than a few conclusory allegations, there does not appear to be any factual basis pled for why she is entitled to relief under the cited statutes. The only thing that appears to be clear from Plaintiff's amended complaint is that she believes she has been unjustly denied vocational rehabilitation services by the Department. As noted above, in complying with federal law, the state has provided administrative remedies within which Plaintiff could have challenged the Department of Education's action in that regard. Any further claims of discrimination based on race or disability certainly could be raised in such a forum as well, assuming that they were properly alleged. Accordingly, Plaintiff's amended complaint is properly dismissed for failure to exhaust administrative remedies.

D. <u>The Plaintiff failed to state of cause of action for discrimination based on race.</u>

The Plaintiff alleges in her complaint that the Defendant discriminated against her based on race and disability. In order for a plaintiff to establish a prima facie case of racial discrimination under Title VII of the Civil Rights Act of 1964, the plaintiff must show "(1) that she belongs to a protected class, (2) that she was qualified to receive training and rehabilitation services, (3) that she was denied services even though she was qualified, and (4) that other, similarly situated clients received different treatment". *Gilmore v. State of California, Department of Rehabilitation*, 1996 WL 478970 (N.D. Cal (Applying the requirements for establishing a Title 7 under the Civil Rights Act of 1964 as enunciated in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973)).

9

Plaintiff's amended complaint failed to establish a prima facie case. She does not state that she was a member of a protected class, specifically black/African American. She does not allege specific facts to establish based on criteria set forth in the Rehabilitation Act, that she was qualified to receive the training and rehabilitation services she desired. And finally, she failed to allege specific facts to establish that similarly situated clients with her particular medical status received different treatment by the defendant. While the Plaintiff alleges mistreatment based on being required to adhere to an evaluation and her perception of retaliation, she does not provide any facts to support a claim that the Defendant's actions leading to its determination were undertaken due to her race.

E.  The Plaintiff failed to state of cause of action for discrimination based on disability.

The claimant does not have the right to a private cause of action under the Rehabilitation Act of 1973. To determine whether a private remedy is implied in a statute where there is no express provision for such a remedy, a court must determine (1) that the claimant is one of a special class for whom the benefit was created, (2) whether legislative intent is explicitly or implicitly present to create a federal right in favor of the plaintiff, (3) whether the implication of such a remedy is consistent with the underlying purposes of the legislative scheme and (4) whether the cause of action is normally one relegated to state law, so as to render a federal cause of action inappropriate. *Jones v. Illinois Department of Rehabilitation Services*, 504 F.Supp 1244, 1249 (N.D. Ill., 1981). In *Jones*, the court determined there was no indication in the legislative history that there

was an intent to create or deny a private cause of action under Title I. *Id.*, at 1250. The court further stated that "the express provision of both judicial and administrative remedies, insofar as it discloses the underlying purposes of the legislative scheme, suggest the implication of a private right of action would be inconsistent with the legislative scheme." *Id.*, at 1251. After examining the first three elements of this issue, the court determined that a private right of action could not be implied under title I of the Rehabilitation Act of 1973. *Id.* Thus in the instant case, the Plaintiff's claim of discrimination under this section must be dismissed.

Even if the Plaintiff could bring a private cause of action under the Rehabilitation Act of 1973, she failed to establish a prima facie case of discrimination based on disability. The elements for establishing discrimination based on disability under the Rehabilitation Act of 1973 and the Americans with Disabilities Act are essentially the same.

To prevail on a claim based on section 504 of the Rehabilitation Act of 1973, a plaintiff must demonstrate (1) "she is disabled under the Act; (2) she is 'otherwise qualified' for participation in the Department's program; (3) she is being excluded from participation in, being denied benefits of, or being subjected to discrimination under the program solely by reason of her disability; and (4) the program receives Federal financial assistance." *Id.*, at 4 (citing *Doherty v. Southern College of Optometry*, 862 F.2d 570, 573 (6th Cir.1988), *cert. Denied*, 493 U.S. 810 (1989)). To establish a prima facie case of disability discrimination based on the Americans with Disabilities Act, the Plaintiff must establish first, that she has a disability within the meaning of the ADA; second, that she is

qualified to participate in the Department's program, and; third, that she suffered an adverse decision because of her disability (*See, Epps v. City of Pine Lawn*, 353 F.3d 588 (C.A. 8 (Mo.) 2003)).

The Plaintiff failed to establish a prima facie case of discrimination based on disability under either of the above referenced statutes. As in *Gilmore*, the Plaintiff in this case makes an unusual claim of discrimination based on disability against an entity whose primary responsibility is to service the disabled. *Id.* The Defendant, Division of Vocational Rehabilitation, serves the disabled in an effort to help them achieve suitable employment, in keeping with the statutory mandate of 29 U.S.C.A. § 701. The Plaintiff would only be qualified for services with the Division of Rehabilitation due to her disability and the program's function of helping the disabled achieve employment. It is difficult to imagine how the Department of Education could discriminate against Plaintiff based on a disability that would provide the only basis for her eligibility for such services.

Nevertheless, the Plaintiff failed to allege sufficient facts to establish that the Defendant subjected her to discrimination by excluding her from participation in its program. Accordingly, Plaintiff's amended complaint is properly dismissed for failure to state a cause of action under any of the statutory frameworks set forth above.

F.    <u>Plaintiff's claims against Defendants Whitaker and Givens in their official capacity should be dismissed pursuant to the 11th Amendment of the U.S. Constitution and §768.28(9)(a), Florida Statutes.</u>

Plaintiff's claims against Defendants Whitaker and Givens in their official capacity should be dismissed pursuant to the 11th Amendment, which provides "an absolute bar to suit for monetary damages by an individual against a state...or employees of the state...in their official capacities." *Pate v. Peel*, 256 F.Supp.2d 1326 (N.D.Fla. 2003).

In addition, plaintiff's claims against Defendants Whitaker and Givens in their official capacity should be dismissed pursuant to §867.28(9)(a), Florida Statutes (2003), which states that "[n]o...employee...of the state...shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." The proper party Defendant for this litigation is the State of Florida, and all individuals Defendants sued in their official capacities should be dismissed.

G.   Service of Process on Judith Whitaker was insufficient.

Ms. Whitaker did not receive personal service as required by the Federal Rules of Civil Procedure. Rule 4(e)(1)(2)

> **(e) Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

>  (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the states; or
>
>  (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Service of the summons of Ms. Whitaker was given to Mr. David Givens to give to her at her place of employment. Ms. Whitaker was not personally served and a copy of the summons was not delivered to her home or place of abode. Thus, her service was insufficient.

H. <u>Service of Process on the Department of Education was not effective until June 8, 2004</u>

Service on David Givens, an employee of the Florida Department of Education, was ineffective as to the Department of Education. Rule 4(j)(2) of the Federal Rules of Civil Procedure states:

>  Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of the state for the service of summons or other like process upon any such defendant.

Florida Statute § 48.111(1)(a)-(c) states:

>  (1)   Process against any municipal corporation, agency, board, or commission, department, or subdivision of the state or any county which

> has a governing board, council, commission or which is a body corporate shall be served:
> (a) On the president, mayor, chair, or other head thereof; and in his or her absence;
> (b) On the vice president, vice mayor, or vice chair, or in the absence of all of the above;
> (c) On any member of the governing board, council, or commission.

In accordance with the above statutory requirements, the Florida Department of Education was not served with the Plaintiff's amended complaint until June 8, 2004. Service of the complaint on Mr. Givens was not effective as to the Department of Education. Consequently, the time required for a response to the Plaintiff's complaint did not begin to run until proper service was effected on June 8, 2004.

WHEREFORE, plaintiffs, the Florida Department of Education, and James Horne, Commissioner of Education, in his official capacity, respectfully request that this Honorable Court dismiss Plaintiff's amended complaint with prejudice for the grounds set forth above.

Respectfully submitted,

**MICHAEL D. KOOI**
Assistant General Counsel
Florida Bar No. 0089710
**ELANA J. JONES**
Assistant General Counsel
Florida Bar No. 0078999
Florida Department of Education
325 W. Gaines Street, Suite 1244
Tallahassee, Florida 32399-0400
Telephone No.: (850) 245-0442
Facsimile No.: (850) 245-9379

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by Federal Express, to Lisa Hamilton, 4470 Scenic Lake Drive, Orlando, Florida 32808, on this **26th** day of **June**, 2004.

MICHAEL D. KOOI
Assistant General Counsel