

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

    Plaintiff,                    CASE NO.: 6:04-CV-636-ORL-28-JGG

vs.

FLORIDA DEPARTMENT OF
EDUCATION DIVISION OF
VOCATIONAL REHABILITATION;
JUDY WHITAKER; DAVID GIVENS;
JOYCE A. WELLS; DR. LEONARD
SKIZYNSKI; DAVID BOGERT,

    Defendants.
_____/

## DEFENDANT DR. SKIZYNSKI'S

## OPPOSITION TO PLAINTIFF'S APPLICATION FOR DEFAULT

## AND MOTION TO STRIKE

Defendant, Dr. Leonard Skizynski, by and through his undersigned attorneys, hereby files this Opposition and Motion to Strike Plaintiff's Application, pursuant to Rule 12(f), Federal Rules of Civil Procedure and states as follows:

## BACKGROUND AND FACTS

1.    On or about June 1, 2004, pro se Plaintiff Lisa Hamilton (referred to herein as "Ms. Hamilton") served an Amended Complaint on Defendant Dr. Leonard Skizynski

31

(referred to herein as "Dr. Skizynski.").

2.      Defendant Dr. Skizynski served a Motion to Dismiss Plaintiff's Amended Complaint on the Plaintiff on June 21, 2004.

3.      On June 22, 2004, Plaintiff Hamilton served a Motion for Default titled "Application for Default," alleging: "Nothing has been filed in response to the complaint."

## GROUNDS FOR DISMISSAL

4.      The Application for Default should be stricken as it was premature and untimely filed. Under Rule 12(a), Federal Rules of Civil Procedure, a defendant has twenty (20) days after being served to respond to a complaint. Defendant Dr. Skizynski served a Motion to Dismiss Plaintiff's Amended Complaint within twenty (20) days as evidenced by the Motion and its certificate of service which is in the Court's file.

5.      The Process Receipt and Return indicates that Defendant Dr. Skizynski was served with the Amended Complaint on June 1, 2004.

6.      Under Rule 6(a), Federal Rules of Civil Procedure, in computing the amount of time a defendant has to respond, the day "the act from which the designated period of time begins to run shall not be included."

7.      Defendant Dr. Skizynski responded to the Amended Complaint by serving a Motion to Dismiss Plaintiff's Amended Complaint which was served on June 21, 2004.

8.      Rule 5(b), Federal Rules of Civil Procedure, states that "Service by mail is accomplished, for purposes of Rule 5, when documents are placed in the hands of the United

States Post Office or in a Post Office Box." <u>Theede v. United States Department of Labor, et al.</u>, 172 F.3d 1262, 1266 (10th Cir. 1999).

9. The Application for Default should be stricken since Defendant Dr. Skizynski filed a timely response to the Amended Complaint.

10. The Application for Default should be stricken, since pursuant to Rules 12(a), Rule 5(b) and Rule 6(a) of the Federal Rules of Civil Procedure, the Motion to Dismiss Plaintiff's Amended Complaint was timely served.

11. Additionally, the Plaintiff's Application for Default violates Rule 3.01(a) of the Rules of the U.S. District Court - Middle District, as it must contain a brief or legal memorandum. Plaintiff's Application for Default violates Rule 3.01(a) as it does not contain any brief or legal memorandum. Moreover, the Application for Default does not contain citation or reference to any federal case law or federal rules which show that the Plaintiff is entitled to relief.

**WHEREFORE**, for the reasons stated herein, Defendant Dr. Skizynski respectfully requests that this Court enter an Order denying the Plaintiff's Application for Default with respect to him, and ordering it stricken from the Court's file.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. mail, postage prepaid, to: Lisa Hamilton (<u>Pro Se</u> Plaintiff), 4470 Scenic Lake Drive, Orlando, Florida 32808; Michael R. Jackson, Esquire Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801 (attorney for Defendant Joyce A. Wells); John L. Morrow, Esquire, (attorney for Defendant David Bogert) Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300,

Orlando, Florida 32801; Michael Kooi, Esquire (Attorney for Department of Education), Turlington Building, 325 West Gaines Street, Suite 1244, Tallahassee, Florida 32399, on this

____25th____ day of June, 2004.

                                      */s/ George F. Indest III*

                                 **GEORGE F. INDEST III, ESQUIRE**
                                 Florida Bar No.: 382426
                                 Board Certified in Health Care Law
                                 **JASON L. HARR, ESQUIRE**
                                 Florida Bar No.: 0194336
                                 THE HEALTH LAW FIRM
                                 220 East Central Parkway
                                 Suite 2030
                                 Altamonte Springs, Florida 32701
                                 Telephone: (407) 331-6620
                                 Telefax: (407) 331-3030
                                 **ATTORNEYS FOR DEFENDANT,**
                                 **DR. LEONARD SKIZYNSKI**

JLH/GFI
S:\256\001\Pleadings\StrikeDefault.MOT.wpd