FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

04 JUL -2 AM 11: 48

LISA HAMILTON,

      Plaintiff,

vs.                          CASE NO.: 6:04-CV636-ORL-28- JGG

THE FLORIDA DEPARTMENT OF
EDUCATION, DIVISION OF
VOCATIONAL REHABILITATION,

      Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S APPLICATION FOR DEFAULT

      The Defendant, Department of Education, Division of Vocational Rehabilitation (Division), by and through its undersigned counsel, and on behalf of its employees, Judith Whitaker and David Givens, in their official and individual capacities, hereby file its Response to the Plaintiff's application for default and states as follows:

1.     On June 1, 2004, the Plaintiff served David Givens, a Region Supervisor with the Department of Education, Division of Vocational Rehabilitation, with a summons by a United States Marshal. (Affidavit of David Givens)

2.     On the same date, the United States Marshal gave Mr. Givens a summons for Judith Whitaker, a Vocational Rehabilitation Counselor with the Department of Education, Division of Vocational Rehabilitation. (Affidavit of Judith Whitaker)

3.  Ms. Whitaker received neither personal service nor copies of the summons and complaint at her home.

4.  On June 8, 2004, the Department of Education was served by the Plaintiff with a summons for an amended complaint by a United States Marshal. This complaint stated that it was an amendment and listed Department of Education, Judith Whitaker, David Givens, Joyce A. Wells, Dr. Leonard Skizynski, and David Bogert.

5.  Department staff mistakenly believed that Mr. Givens had been served with the original complaint and had not yet been served with the amended complaint that the Department of Education received on June 8, 2004. (Affidavit of Elana J. Jones)

6.  Rule 3.01(a) of the Local Rules for the United States District Court, Middle District of Florida states that a brief or memorandum of law must accompany an application of any kind to the Court.

## MEMORANDUM OF LAW

**A.  The Plaintiff's application for default should also be dismissed concerning Defendant Judith Whitaker due to insufficient service of process.**

Ms. Whitaker did not receive personal service as required by the Federal Rules of Civil Procedure. Rule 4(e)(1)(2)

> (e) **Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the states; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Service of the summons of Ms. Whitaker was given to Mr. David Givens to give to her at her place of employment. Ms. Whitaker was not personally served and a copy of the summons was not delivered to her home or place of abode. Thus, her service was insufficient and the Plaintiff's Application for Default should be dismissed.

B. **The Plaintiff's application for default should be dismissed due to the Department of Education's understanding of the nature of the summons it received.**

On June 8, 2004, the Department received service of a summons and an amended complaint which listed the Department, its employees David Givens and Judith Whitaker, along with three other Defendants. Once the Department received the amended complaint, it mistakenly believed June 8, 2004 was the date of service of David Givens and Judith Whitaker as well. In keeping with the June 8, 2004 service, the Department filed a timely response to the Plaintiff's complaint on June 28, 2004 with the United States District Court, Middle District.

C. **Plaintiff's Application for Default should be dismissed for failure to comply with Rule 3.01(a) of the Local**

### Rules for the United States District Court, Middle District of Florida.

Rule 3.01(a) of the Local Rules for the United States District Court, Middle District of Florida states "In making any written motion or other application to the Court for entry of an order of any kind, in civil and criminal cases (other than those made in criminal cases at Omnibus Hearings), the moving party shall file and serve with such motion or application a brief of legal memorandum with citation of authorities in support of the relief requested."

The Plaintiff, Lisa Hamilton, violated Rule 3.01(a) by failing to file the required brief or memorandum to support her position showing that she was legally entitled to an order granting the relief she requested.

Also, the Plaintiff failed to provide any federal cases or federal law to support her position that she was entitled to a default being entered on her behalf. While the Plaintiff is <u>pro se</u>, she is not excused from the meeting the requirements of the local rules of the United States District Court, Middle District. She was required to file a brief or memorandum of law to support her Application for Default, along with providing citation of authorities to support her position, which she failed to do.

**WHEREFORE**, for the reasons stated therein, defendant Department of Education, on behalf of its employees David Givens and Judith Whitaker, respectfully request that this Court an order denying the Plaintiff's Application for Default.

Respectfully submitted,

**MICHAEL D. KOOI**
Assistant General Counsel
Florida Bar No. 0089710
**ELANA J. JONES**
Assistant General Counsel
Florida Bar No. 0078999
Florida Department of Education
325 W. Gaines Street, Suite 1244
Tallahassee, Florida 32399-0400
Telephone No.: (850) 245-0442
Facsimile No.: (850) 245-9379

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by Federal Express, to Lisa Hamilton, 4470 Scenic Lake Drive, Orlando, Florida 32808, on this 1st day of **July**, 2004.

**MICHAEL D. KOOI**
Assistant General Counsel

STATE OF FLORIDA     )
COUNTY OF ORANGE  )

## AFFIDAVIT

DAVID GIVENS, being duly sworn, states as follows:

1. I am David Givens, and I am a Region Supervisor with the Department of Education, Division of Vocational Rehabilitation.

2. I was served with a summons by a United States Marshal concerning civil case number 6:04-CV636-ORL-28JGG (Lisa Hamilton v. David Givens) dated May 21, 2004 on June 1, 2004

3. The United States Marshal also gave me the summons of Judith Whitaker in the above-referenced case to give to Ms. Whittaker on June 1, 2004. Ms. Whitaker was out of the office on June 1, 2004.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
DAVID GIVENS

Sworn to and subscribed before me this 28 day June, 2004.

_____
(Signature of Notary Public, State of Florida)

KIM HOLMAN
MY COMMISSION # DD 118397
EXPIRES: May 31, 2006
1-800-3-NOTARY  FL Notary Service & Bonding, Inc.

Print, type or stamp commissioned name of Notary Public

Commission No. _____  My Commission Expires: _____
Personally Known  X X  or Produced Identification _____ (Check One)
Type of Identification Produced: _____

STATE OF FLORIDA    )
COUNTY OF ORANGE    )

## AFFIDAVIT

**JUDITH WHITAKER**, being duly sworn, states as follows:

1. I am Judith Whitaker, and I am a vocational rehabilitation counselor with the Department of Education, Division of Vocational Rehabilitation.

2. On June 2, 2004, I received a summons in a civil case concerning civil case number 6:04-CV636-ORL-28JGG (Lisa Hamilton v. David Givens) dated May 21, 2004, from my supervisor, David Givens.

3. I was never personally served this with this summons by a United States Marshal or any other individual qualified to render service of process.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
JUDITH WHITAKER

Sworn to and subscribed before me this 28 day June, 2004.

_____
(Signature of Notary Public, State of Florida)

KIM HOLMAN
MY COMMISSION # DD 119397
EXPIRES: May 31, 2006
1-800-3-NOTARY FL Notary Service & Bonding, Inc.

Print, type or stamp commissioned name of Notary Public

Commission No. _____  My Commission Expires: _____
Personally Known XX  or  Produced Identification _____ (Check One)
Type of Identification Produced: _____

STATE OF FLORIDA )
COUNTY OF LEON )

## AFFIDAVIT

**ELANA J. JONES,** being duly sworn, states as follows:

1. I am Elana J. Jones, and I am an Assistant General Counsel with the Florida Department of Education.

2. Department staff mistakenly believed that Mr. Givens had been served with the original complaint and had not yet been served with the amended complaint that the Department of Education received on June 8, 2004 by United States Marshal concerning case number 6:04-CV636-ORL-28- JGG.

**FURTHER AFFIANT SAYETH NAUGHT.**

ELANA J. JONES

Sworn to and subscribed before me this 1st day July, 2004.

(Signature of Notary Public, State of Florida)

Carol L. Perkins
MY COMMISSION # DD285007 EXPIRES
January 26, 2008
BONDED THRU TROY FAIN INSURANCE, INC.

Print, type or stamp commissioned name of Notary Public

Commission No. DD285007   My Commission Expires: 1-26-2008
Personally Known ✓ or Produced Identification _____ (Check One)
Type of Identification Produced: _____