# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

LISA HAMILTON,

      **Plaintiff,**

vs.                        **CASE NO.:  6:04-CV636-ORL-28- JGG**

**THE FLORIDA DEPARTMENT OF
EDUCATION, DIVISION OF
VOCATIONAL REHABILITATION,**

      **Defendant.**

_____/

## DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT

The Defendant, Department of Education, Division of Vocational Rehabilitation (Division), Judith Whitaker and David Givens, by and through their undersigned counsel, and on behalf of its employees, in their official and individual capacities, hereby moves this Honorable Court to dismiss the June 28, 2004 Entry of Default against the above-named defendants and, pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure, in support thereof would show that:

1.      Plaintiff Lisa Hamilton served the Defendant Florida Department of Education with her amended complaint by United States Marshal on June 8, 2004 (see attached Exh. A).

2.      Defendants Department of Education, David Givens and Judith Whitaker, filed a Motion to Dismiss on June 28, 2004.

3.      Plaintiff Lisa Hamilton filed an Application for Default, dated June 22, 2004,

against Defendants David Givens, Judith Whitaker, Joyce A. Wells, Leonard Skizynski,

and David Bogert.

4.      The Plaintiff, Lisa Hamilton, did not include the Department of Education in her

Application for Default and did not mail or fax a copy to the Department of Education.

5.      Even if the Defendant, Department of Education had been listed in the default,

there was no legal basis for an Application of Default against the Department of

Education due to its timely filing of a Motion to Dismiss on June 28, 2004 (See attached

Exh. A and Exh. B).

6.      The Defendants Department of Education, David Givens, and Judith Whitaker,

responded to the Plaintiff's Application for Default on July 1, 2004.

7.      Service of process on Defendant Judith Whitaker was ineffective (See Exh. D and

Exh. E).

10.     The Department's late response concerning Defendant David Givens was due to

an excusable mistake (See Exh. F).


## MEMORANDUM OF LAW


**A.      The Entry of Default against the Department of Education
should be set aside because the Plaintiff, Lisa Hamilton, did
not include the Department of Education in her Application
for Default.**


The Plaintiff, Lisa Hamilton, filed an Application for Default dated June 22,

2004.  The Plaintiff listed Defendants David Givens, Judith Whitaker, Joyce A. Wells,

Leonard Skizynski, and David Bogert in her application. The Department of Education was not listed in this Application. Also, Ms. Hamilton did not serve the Department of Education with this or any other application or pleading subsequent to June 8, 2004. The default order does not indicate a rationale for the sua sponte determination that the Defendant Department of Education defaulted in this matter. Thus, the entry of default against the Department of Education should be set aside.

### B.   Even if the Defendant, Department of Education was listed in the default, the Entry of Default should be set aside due to its timely filing of a Motion to Dismiss on June 28, 2004.

The Defendant Department of Education was served with the Plaintiff's summons and complaint on June 8, 2004. (See Return of Service dated June 8, 2004). The Defendant Department of Education timely filed a Motion to Dismiss in response to the Plaintiff's complaint on June 28, 2004. (See Docket of U.S. District Court, Middle District of Florida (Orlando Division)). Pursuant to Rule 12(a), Federal Rules of Civil Procedure, a defendant has twenty (20) days to respond to a complaint. As indicated by the Certificate of Service attached to the Defendant Department of Education's Motion to Set Aside, it responded within twenty days. Due to this timely filing, an entry of default against the Department of Education is inappropriate and should be set aside.

### C.   Entry of Default against Defendant Judith Whitaker should be set aside due to ineffective service of process on Ms. Whitaker concerning the Plaintiff's complaint.

Ms. Whitaker did not receive personal service as required by Rule 4(e)(1)(2) of the Federal Rules of Civil Procedure, which states:

> (e)   **Service Upon Individuals Within a Judicial District of the United States.**  Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> > (1)   pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the states; or
> >
> > (2)   by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Service of the summons of Ms. Whitaker was given to Mr. David Givens to give to her at her place of employment.  (See Givens Affidavit).  Ms. Whitaker was not personally served and a copy of the summons was not delivered to her home or place of abode.  (See Whitaker Affidavit).  Thus, her service was insufficient and the entry of default against Judith Whitaker should be set aside.

**D.   <u>Entry of Default Against Defendant David Givens should be set aside due to an excusable mistake in the Defendant Department Education's late filing on his behalf</u>.**

Rule 55(c) of the Federal Rules of Civil Procedure states "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Courts look unfavorably on entries of default and thus motions to set aside defaults are considered liberally. *Schartner v. Copeland,* 59 F.R.D. 653, 656 (M.D.P.A. 1973). Further, when a default has been entered, but default judgment has not yet been granted, an even more liberal standard is applied to a motion to set aside an entry of default. *Id.* Also, cases involving large monetary judgments should not be determined by default judgments if it can be reasonably avoided. *Tozier v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir 1951). The Court in *Schartner* further expounds on Rule 55(c) of the Federal Rules of Civil Procedure by stating "...a Rule 55(c) motion may be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a willful act." 59 F.R.D. 653 at 656.

The entry of default against Defendant David Givens should be set aside. Mr. Givens was served with a summons and the Plaintiff's complaint on June 1, 2004. The Plaintiff would not be prejudiced by the reopening of this case. Plaintiff David Givens, acting in his official capacity as an employee of the Department of Education, has a meritorious defense, as demonstrated by the Motion to Dismiss filed June 28, 2004.

Finally, no inexcusable neglect or willful act took place in the late filing as to Defendant David Givens of the Motion to Dismiss on June 28, 2004. On June 8, 2004, the Department received service of a summons and an amended complaint which listed

the Department, its employees David Givens and Judith Whitaker, along with three other Defendants. Once the Department received the amended complaint, it mistakenly and reasonably believed June 8, 2004 was the date of service of David Givens and Judith Whitaker as well. In keeping with the June 8, 2004 service, the Department filed a timely response to the Plaintiff's complaint on June 28, 2004 with the United States District Court, Middle District.

Mistake is a justifiable basis for a court to set aside an entry of default against a party. Rule 60(b) of the Federal Rules of Civil Procedure states:

> **(b)**      **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...

The late filing of as to Defendant David Givens of the Motion to Dismiss on June 28, 2004 falls within the above-referenced rule as previously stated and as noted in the Department's Response to the Plaintiff's Application for Default, dated July 1, 2004 and mailed via Federal Express on the same date.

**WHEREFORE**, Defendants, the Florida Department of Education, David Givens, and Judith Whitaker, in their official and individual capacities, respectfully request that this Honorable Court set aside the Entry of Default dated June 28, 2004 for the grounds set forth above.

Respectfully submitted,

**MICHAEL D. KOOI**
Assistant General Counsel
Florida Bar No. 0089710
**ELANA J. JONES**
Assistant General Counsel
Florida Bar No. 0078999
Florida Department of Education
325 W. Gaines Street, Suite 1244
Tallahassee, Florida 32399-0400
Telephone No.: (850) 245-0442
Facsimile No.:  (850) 245-9379

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by Federal Express, to Lisa Hamilton, 4470 Scenic Lake Drive, Orlando, Florida 32808, on this 2nd day of **July**, 2004.

**MICHAEL D. KOOI**
Assistant General Counsel

7

AO 440 (Rev. 10/93) Summons in a Civil Acti

# United States District Court

_____ **DISTRICT OF** _____

*Lisa Hamilton*

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: 6:04-CV 636-ORL-28 JGG

*Florida Department of
Education (Vocational)
Rehabilitation*

TO: (Name and address of defendant)

*Office Of the Commissioner
Turlington Bldg Suite 1514
325 West Gaines street
Tallahassee, Florida 32399*

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

```
Lisa Hamilton
4470 Scenic Lake Dr.
Orlando, Fl.  32808
```

an answer to the complaint which is herewith served upon you, within _____ *20* _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**SHERYL L. LOESCH**

_____
CLERK

DATE *5-21-04*

*J. McClung*

_____
(BY) DEPUTY CLERK

**EXHIBIT**

*A*

AO 440 (Rev. 10/93) Summons in a Civil Actio.    everse)

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me [1] | DATE   6/8/04 |
|---|---|
| NAME OF SERVER *(PRINT)*   Marty West | TITLE   Deputy US Marshal |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant. Place where served: _____

_____

☒  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:   Margaret Parker
_Deputy General Counsel_

☐  Returned unexecuted: _____

_____

_____

_____

☐  Other *(specify):* _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   _06/08/04_            _Marty West_
                Date                    Signature of Server

                                    _111 N. Adams St._
                                    Address of Server
                                    _Tallahassee FL 32301_

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

Docket as of June 30, 2004 0:02 am                    Web PACER (v2.4)

# U.S. District Court

## Middle District of Florida (Orlando)

## CIVIL DOCKET FOR CASE #: 04-CV-636

### Hamilton v. Fl. Dept. of Educ., et al

Filed: 05/03/04
Assigned to: Judge John Antoon, II
Demand: $3,000,000
Nature of Suit: 440
Lead Docket: None
Jurisdiction: Federal Question
Dkt# in other court: None
Cause: 42:1983 Civil Rights Act

```
LISA HAMILTON              Lisa Hamilton
    plaintiff              #
                           [NTC] [PRO SE]
                           4470 Scenic Lake Dr.
                           Orlando, FL 32808
                           407/290-6145


    v.

FLORIDA DEPARTMENT OF      Michael Kooi
EDUCATION/VOCATIONAL       850/245-9379
REHABILITATION SERVICES    [COR LD NTC]
    defendant              Elana J. Jones
                           [COR LD NTC]
                           FL Department of Education
                           325 W. Gaines St., Suite 1244
                           Tallahassee, FL 32399-0400
                           850/245-0442


=========================

JUDY WHITAKER              Michael Kooi
    defendant              850/245-9379
                           [COR LD NTC]
                           Elana J. Jones
                           [COR LD NTC]
                           FL Department of Education
                           325 W. Gaines St., Suite 1244
                           Tallahassee, FL 32399-0400
                           850/245-0442
```



| DAVID GIVENS | Michael Kooi |
| defendant | (See above) |
| | |
| | [COR LD NTC] |
| | Elana J. Jones |
| | (See above) |
| | [COR LD NTC] |

JOYCE A. WELLS                  Michael R. Jackson
    defendant               [COR LD NTC]
                              Conroy, Simberg, Ganon, Krevans
                              & Abel, P.A.
                              Two S. Orange Ave., Suite 300
                              Orlando, FL 32801
                              407/649-9797

LEONARD SKIZYNSKI, Dr.         George F. Indest, III
    defendant               [COR LD NTC]
                              Jason Lewis Harr
                              [COR LD NTC]
                              The Health Law Firm
                              CenterPointe Two, Suite 2030
                              220 East Central Parkway
                              Altamonte Springs, FL 32701
                              407/331-6620

DAVID BOGERT                   John L. Morrow
    defendant               407/649-1968
                              [COR LD NTC]
                              Conroy, Simberg, Ganon, Krevans
                              & Abel, P.A.
                              Two S. Orange Ave., Suite 300
                              Orlando, FL 32801
                              407/649-9797

---

# DOCKET   PROCEEDINGS

---

| DATE | # | DOCKET ENTRY |
|------|---|--------------|

5/3/04    1    📄 COMPLAINT for civil rights violations filed (jrm)
                    [Entry date 05/05/04]

5/3/04    --   MAGISTRATE JUDGE CASE ASSIGNMENT   Magistrate assigned:
                    James G. Glazebrook (jrm) [Entry date 05/05/04]

5/3/04    2    📄 APPLICATION by Lisa Hamilton to proceed in forma pauperis;

referred to Magistrate Judge James G. Glazebrook (jrm)
[Entry date 05/05/04]

5/11/04   3   ORDER for plaintiff to complete and return service forms
within 15 days; the Clerk is directed to provide completed
forms to US Marshal for service upon defendant without cost
to plaintiff. (granting [2-1] motion to proceed in forma
pauperis ) ( Signed by Magistrate Judge James G. Glazebrook )
ctc (maa) [Entry date 05/12/04] [Edit date 05/13/04]

5/17/04   4   AMENDED COMPLAINT by Lisa Hamilton amending [1-1] complaint
adding Judy Whitaker, David Givens, Joyce A. Wells, Leonard
Skizynski, David Bogert (jrm) [Entry date 05/18/04]

5/18/04   5   NOTICE of designation under Local Rule 3.05 - TRACK 2.
(ctc) (djd)

5/18/04   6   INTERESTED PERSONS ORDER.  The parties have 11 days to
respond to this order.  ( Signed by Judge John Antoon II )
ctc (djd)

5/19/04   7   MOTION by plaintiff Lisa Hamilton for appointment of
counsel; referred to Magistrate Judge James G. Glazebrook
(jrm) [Entry date 05/20/04]

5/21/04   --   SUMMONS issued for Fl. Dept. of Educ., Judy Whitaker, David
Givens, Joyce A. Wells, Leonard Skizynski, David Bogert and
sent to Marshal for service (jrm)

5/25/04   8   NOTICE by plaintiff Lisa Hamilton of pendency of other
actions re: order of compliance with local rule (jrm)

5/25/04   9   CERTIFICATE OF INTERESTED PERSONS by plaintiff Lisa
Hamilton and corporate disclosure statement Re: [6-1] order
(jrm)

5/28/04   10   ORDER [7-1] plaintiff's motion for appointment of counsel
denied. The Court does not have lawyers available to work
without pay on a civil case. (Signed by Magistrate Judge
James G. Glazebrook) ctc (jrm)

6/7/04   11   RETURN of service executed as to Judy Whitaker on 6/1/04
Answer due on 6/21/04 for Judy Whitaker (jrm)

6/7/04   12   RETURN of service executed as to David Givens on 6/1/04
Answer due on 6/21/04 for David Givens (jrm)

6/7/04   13   RETURN of service executed as to Joyce A. Wells on 6/1/04
Answer due on 6/21/04 for Joyce A. Wells (jrm)

6/7/04   14   RETURN of service executed as to David Bogert on 6/1/04
Answer due on 6/21/04 for David Bogert (jrm)

6/7/04    15    RETURN of service executed as to Leonard Skizynski on
                6/1/04 Answer due on 6/21/04 for Leonard Skizynski (jrm)

6/14/04   16    RETURN of service executed as to Fl. Dept. of Educ. on
                6/8/04. Answer due within 20 days for Fl. Dept. of Educ.
                (jrm)

6/21/04   17    NOTICE of attorney appearance for defendant David Bogert by
                John L. Morrow (jrm) [Entry date 06/22/04]

6/21/04   18    MOTION by defendant David Bogert with memorandum in support
                to dismiss plaintiff's complaint (jrm) [Entry date 06/22/04]

6/21/04   19    NOTICE of attorney appearance for defendant Joyce A. Wells
                by Michael R. Jackson (jrm) [Entry date 06/22/04]

6/21/04   20    MOTION by defendant Joyce A. Wells to dismiss for failure
                to state a claim upon which relief can be granted, for
                more definite statement and to strike (jrm)
                [Entry date 06/22/04]

6/21/04   21    MEMORANDUM by defendant Joyce A. Wells in support of [20-1]
                motion to dismiss for failure to state a claim upon which
                relief can be granted, [20-2] motion for more definite
                statement, [20-3] motion to strike (jrm)
                [Entry date 06/22/04]

6/22/04   22    APPLICATION by plaintiff Lisa Hamilton for entry of
                clerk's default as to Judy Whitaker, David Givens, Joyce A.
                Wells, Leonard Skizynski, David Bogert (jrm)

6/22/04   23    NOTICE of attorney appearance for defendant Leonard
                Skizynski by George F. Indest III, Jason Lewis Harr (jrm)

6/22/04   24    NOTICE (no related cases) by defendant Leonard Skizynski of
                pendency of other actions re: order of compliance with
                local rule (jrm)

6/22/04   25    CERTIFICATE OF INTERESTED PERSONS by defendant Leonard
                Skizynski and corporate disclosure statement Re: [6-1]
                order (jrm)

6/22/04   26    MOTION by defendant Leonard Skizynski to dismiss
                plaintiff's amended complaint (jrm)

6/22/04   27    MEMORANDUM by defendant Leonard Skizynski in support of
                [26-1] motion to dismiss plaintiff's amended complaint (jrm)

6/24/04   28    OBJECTION by plaintiff Lisa Hamilton to [26-1] defendant
                Skizynski's motion to dismiss plaintiff's amended complaint
                (jrm)



6/28/04 | 29 | CLERK'S ENTRY OF DEFAULT as to defendants Fl. Dept. of Educ., Judy Whitaker, David Givens; terminating [22-1] plaintiff's motion for entry of clerk's default as to Judy Whitaker, David Givens, Joyce A. Wells, Leonard Skizynski, David Bogert. ctc (jrm)

6/28/04 | 30 | MOTION by defendants Fl. Dept. of Educ., Judy Whitaker, David Givens with memorandum in support to dismiss amended complaint (jrm)

6/28/04 | 31 | OPPOSITION by defendant Leonard Skizynski to [22-1] plaintiff's motion for entry of clerk's default as to Judy Whitaker, David Givens, Joyce A. Wells, Leonard Skizynski, David Bogert...AND (jrm)

6/28/04 | 31 | ...MOTION by defendant Leonard Skizynski to strike [22-1] motion for entry of clerk's default as to Judy Whitaker, David Givens, Joyce A. Wells, Leonard Skizynski, David Bogert (jrm)

6/28/04 | 32 | MEMORANDUM by defendant Leonard Skizynski in support of [31-1] opposition response, [31-1] motion to strike [22-1] motion for entry of clerk's default as to Judy Whitaker, David Givens, Joyce A. Wells, Leonard Skizynski, David Bogert (jrm)

6/29/04 | 33 | SUPPLEMENTAL AFFIDAVITS of David Givens and Judith Whitaker by defendants Fl. Dept. of Educ., Judy Whitaker, David Givens Re: [30-1] motion to dismiss amended complaint (djd)

---

Case Flags:
JGG

---

END OF DOCKET: 6:04cv636

---

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/02/2004 09:43:09 | | |
| **PACER Login:** | fd0735 | **Client Code:** | |
| **Description:** | docket report | **Search Criteria:** | 6:04cv00636 |
| **Billable Pages:** | 5 | **Cost:** | 0.35 |

STATE OF FLORIDA    )
COUNTY OF ORANGE   )

## AFFIDAVIT

**DAVID GIVENS**, being duly sworn, states as follows:

1.  I am David Givens, and I am a Region Supervisor with the Department of Education, Division of Vocational Rehabilitation.

2.  I was served with a summons by a United States Marshal concerning civil case number 6:04-CV636-ORL-28JGG (Lisa Hamilton v. David Givens) dated May 21, 2004 on June 1, 2004

3.  The United States Marshal also gave me the summons of Judith Whitaker in the above-referenced case to give to Ms. Whittaker on June 1, 2004.  Ms. Whitaker was out of the office on June 1, 2004.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
**DAVID GIVENS**

Sworn to and subscribed before me this 28 day June, 2004.

_____
(Signature of Notary Public, State of Florida)

KIM HOLMAN
MY COMMISSION # DD 119397
EXPIRES: May 31, 2006
1-800-3-NOTARY   FL Notary Service & Bonding, Inc.

_____
Print, type or stamp commissioned name of Notary Public

Commission No. _____   My Commission Expires: _____
Personally Known  X X  or  Produced Identification _____ (Check One)
Type of Identification Produced: _____



STATE OF FLORIDA       )
COUNTY OF ORANGE       )

### AFFIDAVIT

**JUDITH WHITAKER,** being duly sworn, states as follows:

1. I am Judith Whitaker, and I am a vocational rehabilitation counselor with the Department of Education, Division of Vocational Rehabilitation.

2. On June 2, 2004, I received a summons in a civil case concerning civil case number 6:04-CV636-ORL-28JGG (Lisa Hamilton v. David Givens) dated May 21, 2004, from my supervisor, David Givens.

3. I was never personally served this with this summons by a United States Marshal or any other individual qualified to render service of process.

**FURTHER AFFIANT SAYETH NAUGHT.**


_____
**JUDITH WHITAKER**

Sworn to and subscribed before me this 28 day June, 2004.

_____
(Signature of Notary Public, State of Florida)

KIM HOLMAN
MY COMMISSION # DD 119397
EXPIRES: May 31, 2006
1-800-3-NOTARY  FL Notary Service & Bonding, Inc.

_____
Print, type or stamp commissioned name of Notary Public

Commission No. _____ My Commission Expires: _____
Personally Known XX or Produced Identification _____ (Check One)
Type of Identification Produced: _____

**STATE OF FLORIDA** )
**COUNTY OF LEON** )

### AFFIDAVIT

**ELANA J. JONES,** being duly sworn, states as follows:

1.  I am Elana J. Jones, and I am an Assistant General Counsel with the Florida Department of Education.

2.  Department staff mistakenly believed that Mr. Givens had been served with the original complaint and had not yet been served with the amended complaint that the Department of Education received on June 8, 2004 by United States Marshal concerning case number 6:04-CV636-ORL-28- JGG.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
ELANA J. JONES

Sworn to and subscribed before me this 1st day July, 2004.

_____
(Signature of Notary Public, State of Florida)

Carol L. Perkins
MY COMMISSION # DD285007 EXPIRES
January 26, 2008
BONDED THRU TROY FAIN INSURANCE, INC.

_____
Print, type or stamp commissioned name of Notary Public

Commission No. DD285007 ___ My Commission Expires: 1-26-2008

Personally Known ✓ or Produced Identification _____ (Check One)

Type of Identification Produced: _____

