FILED

04 JUL -9 AM 9: 29

CLER...
MIDDI...            FLORIDA
ORL...        LORIDA

LISA HAMILTON,

      PLAINTIFF,

        VS.

CASE NO. :6:04-CV-636-ORL-28-JGG

The Florida Department of Education/
Vocational Rehabilitation Services,
Judy Whitaker, David Givens,
Dr. Leonard Skizynski, Joyce A. Wells
And David Bogert

DEFENDANTS

## PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT

## AGAINST

## THE FLORIDA DEPARTMENT OF EDUCATION/DIVISION

## OF VOCATIONAL REHABILITATION, JUDY WHITAKER,

## DAVID GIVENS AND LEONARD SKIZYNSKI

Plaintiff Lisa Hamilton asks the Court for a default judgment against the Defendants Florida Department of Education, David Givens, Judy Whitaker and Leonard Skizynski for failure to answer or acknowledge the Court within the time allotted. In support of this motion Plaintiff states as follows:

1. On 6/1/04 @ 10:15 AM David Givens was served by the United States Marshall Service.

2. On 6/1/04 @ 10:15 AM David Givens signed and accepted a Summons for Judy Whitaker in her absence from work that day.

3. David Givens submitted to the Court an affidavit signed 6/28/04 stating he accepted and delivered the Summons to Judy Whitaker.

4. Judy Whitaker submitted to the Court an affidavit signed 6/28/04 stating she in fact received a Summons from David Givens on 6/2/04 (the next business day after 6/1/04).

    There is no dispute that they both were served.

5. The dispute as to the sufficiency of Judy Whitaker being served properly can be dealt with by the law the Florida Department of Education brings up - "Service Upon Individuals Within A Judicial District Of

The United States is accomplished by delivering a copy of the Summons and of the Complaint to individuals personally or by leaving copies thereof at the individual's dwelling house or usual place of abode".

If you are suing someone in their official capacity which I am then their job is where they work and thus would be their usual abode - not dwelling house. The Civil Right Violations afforded to Plaintiff did not happen at Judy Whitaker's home - they occurred in her place of employment. I would assume that the writers of this law when writing it thought of this very particular situation which is the reason they applied "usual place of abode".

Majority of working individuals spend more waking hours at work and in commuting to and from work than at home during the business week.

This is not a good excuse or good cause to set aside the Clerk's entry of default.

6. The Florida Department of Education states they should not be a part of the entry of default. Will someone tell them they are held liable for actions undertaken by their employees and the Federal Law does not distinguish the two. My having served them a Summons 6/1/04 and 6/8/04 was actually giving them two notices - and they failed to respond to the Court before the Clerk's entry of default the morning of 6/28/04. When the Court finally heard from the Florida Department of Education and its two employees it was after the entry of default and the very last day of the second Court deadline - 6/28/04. Enough is enough.

7. The Florida Department of Education would like this Court to set aside David Given's entry of default because Department Staff mistakenly believed he was served with the original complaint and not the amended complaint they received. Defendant Counsel Elona Jones signed an affidavit confirming this situation. Well, your Honor, they have said it all. If they truly thought David Givens received an **earlier** and **different** Complaint this indicates they had knowledge of his being served **before** his deadline to respond - 6/21/04. This also proves they knew there was a different deadline for David Givens to respond. But even if you accept this as a valid excuse the Florida Department of Education was served on 6/8/04. I recently learned of the Pacer system and established an account and keep daily tab of the progress of the case. The Pacer system has been around longer than 3 months. The Pacer print-out Counsel Elona Jones sent to the Court shows her having access to the same Pacer system.

6/8/04 - the day the Florida Department of Education was served is more than enough time prior to 6/21/04 for Defendant Counsel to log on the Pacer system and find out their employee's deadline to

respond when they are liable for their actions if in fact Mr. Givens and Mrs. Whitaker did not already inform them of their being served in the 5 business days proceeding 6/1/04.

This is not a "good cause" - not in the world of computers and the Internet.

8. As for Leonard Skizynski, he does not deny submitting his response late. The docket shows 6/22/04 – one day after the Court deadline.

His Counsel claims overnight Federal Express delivery (a private company, not the United States Post Office) to Mrs. Sheryle Loesch on 6/21/04. I have an envelope from the United States Postal Service enclosing Defendant Counsel's 6/22/04 response to the Court postmarked 6/22/04 and received 6/23/04.

Leonard Skizynski's Counsel certifies sending it on 6/21/04 - factually untrue.


The Plaintiff Lisa Hamilton prays that this Court enters a DEFAULT JUDGEMENT for the following amounts for punitive damages:

Florida Department of Education, David Givens, Judy Whitaker for the sum of $1,000,000.00 per violation under 503 and 504 of the Rehabilitation Act of 1973 as well as the Americans with Disability Act of 1992 under title II and Rehabilitation Act 29 U.S.C. 701 and 794 et seq 1994. Civil Right Act of 1866 and 1871, Civil Right Act of 1991 and violation of Plaintiff's 11th Amendment Right. The sum of $1,000,000.00 in compensatory damages.

- Leonard Skizynski for the sum of $500,000.00 for his failure to supervise as a healthcare provider.

LISA HAMILTON

I certify that all parties have been served on this day, July 9, 2004,
With a copy of this motion for judgement.

Lisa Hamilton