UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

     Plaintiff,

vs.                                  CASE NO. 6:04-CV-636-ORL-28JGG

FLORIDA DEPARTMENT OF EDUCATION/
VOCATIONAL REHABILITATION
SERVICES, JUDY WHITAKER, DAVID
GIVENS, JOYCE A. WELLS, DR. LEONARD
SKIZYNSKI and DAVID BOGERT,

     Defendants.

_____/

## DEFENDANT DR. SKIZYNSKI'S

## MEMORANDUM OF LAW

## IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO

## AND MOTION TO STRIKE

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Defendant Dr. Leonard Skizynski by and through his undersigned attorneys, files this

Memorandum of Law in Support of his Opposition to and Motion to Strike Plaintiff's Motion

for Default Judgment, pursuant to Local Rule 3.01, Rules of the United States District Court,

Middle District of Florida, and states as follows:

## I.  BACKGROUND AND FACTS

On June 1, 2004, Defendant Dr. Leonard Skizynski (referred to herein as "Dr. Skizynski") was served by U.S. Marshall with Plaintiff Lisa Hamilton's (referred to herein as "Ms. Hamilton") Amended Complaint.  Pursuant to Rule 12(a), Federal Rules of Civil Procedure, Defendant Dr. Skizynski had twenty days to file a response to the Plaintiff's Amended Complaint.  On June 21, 2004, Defendant Dr. Skizynski served a Motion to Dismiss the Plaintiff's Amended Complaint on pro se Plaintiff Ms. Hamilton.

The Clerk of Court's civil docket for this case indicates that Defendant Dr. Skizynski's Motion to Dismiss was received and filed by the Clerk of Court and docketed on June 22, 2004.  Furthermore, Plaintiff admits that she received some of the papers served by Defendant Dr. Skizynski on June 22, 2004, knew that the Clerk had received and recorded Dr. Skizynski's Motion to Dismiss on June 22, 2004, and also received the Motion to Dismiss by U.S. mail, yet still proceeded to file her Application for Default, nevertheless.

Plaintiff Ms. Hamilton improperly filed her Application for Default on June 22, 2004, falsely stating as grounds that none of the defendants had complied with the time requirements for filing a response to her Amended Complaint.  The grounds stated by Ms. Hamilton were false and her Application for Default was improper.

Despite the filing of an Application for Default, the Clerk of Court did not enter a default against Defendant Dr. Skizynski, which was certainly the correct action.

On July 9, 2004, Plaintiff Ms. Hamilton filed with the Clerk of Court a Motion for

Default Judgement [sic] against the Florida Department of Education / Division of Vocational Rehabilitation, Judy Whitaker, David Given and Leonard Skizynski (referred to herein as "Motion for Default"), almost three weeks after being served with Defendant Dr. Skizynski's Motion to Dismiss Plaintiff's Amended Complaint.

Plaintiff Ms. Hamilton's Motion for Default does not contain a brief of legal memorandum in support of her claim or a certificate of service indicating service on the defendants was effectuated. There is no factual basis or legal basis that would support entry of a default judgment.

## II.  LEGAL ANALYSIS

### A.  Rule 55, Fed.R.Civ.P.

Rule 55(a), Federal Rules of Civil Procedure, states:  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. Entering a default against Defendant Dr. Skizynski would be inappropriate since his Motion to Dismiss was timely served. Defendant Dr. Skizynski served his Motion to Dismiss within twenty (20) days as requited under Rule 12(a), Federal Rules of Civil Procedure. Moreover, the Clerk of Court had received it and filed it by June 22, 2004. Consequently, the Clerk of Court did not enter a default judgment against Defendant Dr. Skizynski.

Rule 55(b)(2), Federal Rules of Civil Procedure, only authorizes the Court to enter a default judgment in cases where a party is entitled to a judgment by default.  Plaintiff Ms. Hamilton is not entitled to a default judgment since Defendant Dr. Skizynski served a Motion to Dismiss in response to Plaintiff's Amended Complaint within twenty (20) days as prescribed by Rule 12(a).  Default judgments are appropriate: ". . . [W]hen a defendant's actions or inactions amount to willful misconduct, gross neglect, or other extreme and unusual behavior. . . . "  McKenzie v. Wakula County, 89 F.R.D. 444, 445 (N.D. Fla. 1981).  Dr. Skizynski's actions certainly do not fall within these criteria.

"The entry of default is viewed with disfavor in the Eleventh Circuit.  Instead, there is a strong policy of determining cases upon their merit."  U.S. v. Kahn (M.D. Fla. 2004). See, In re:  Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003);  Florida Physician's Insurance Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).

Additionally, Plaintiff Ms. Hamilton in her Motion for Default Judgment fails to cite to any federal case law or federal rule which substantiates her entitlement to the entry of a default judgment by the Court.

### B.  Rule 5(d)

Rule 5(d), Federal Rules of Civil Procedure states:  "All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service. . . . "

Rule 5(d), Federal Rules of Civil Procedure, requires a party to serve pleading, including motions to dismiss with a certificate of service.  The Motion for Default filed by Plaintiff Ms. Hamilton is improper under Rule 5(a), Federal Rules of Civil Procedure for failing to include a certificate of service.  Furthermore, Plaintiff has previously filed papers with the court without serving them on the Defendants.

### C.  Local Rule 3.01

Rule 3.01(a), Rules of the United States District Court for the Middle District, provides:  "In making any written motion or other application to the Court for entry of an order of any kind, in civil and criminal cases, the moving party shall file and serve with such motion or application a brief or legal memorandum with citation of authorities in support of the relief requested."

Plaintiff Ms. Hamilton violated Rule 3.01(a) by filing a Motion for Default without filing the required brief or legal memorandum to support her position showing that she was legally entitled to an order on her behalf.

Furthermore, Plaintiff Ms. Hamilton in her Motion for Default fails to cite to any federal case law or federal rule which entitles her to the relief she claims.  A pro se plaintiff is not excused from filing a motion without a required brief or memorandum of law with a motion that requests a certain action be taken against a defendant.  Plaintiff Ms. Hamilton must adhere to the rules adopted by this Court.

### D.  Legal Basis for Motion to Strike

Rule 12(f), Federal Rules of Civil Procedure, authorizes the Court to strike any pleading or any portion of a pleading, at any time, containing "any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter."  Plaintiff Hamilton has continued in her attempts to obtain a judgment against these Defendants, by trickery and by violating the Federal Rules of Civil Procedure, when there isn't even federal jurisdiction over her complaints.  Her Application for Default is one example of this. Her filing an "Objection to Submission of Defendant Leonard Skizynski's Motion to Dismiss" with the Court (only recently discovered by the Defendant's counsel) without serving it on Defendant is another example.  This latest motion is only her most recent attempt.

There is no factual or legal basis for her "Motion for Default Judgement [sic]" and she has cited none.  Furthermore, she continues to include immaterial and impertinent matters in her filings, including her asking for entry of a judgment in a fixed monetary amount of $500,000 against Defendant Dr. Skizynski.

The Fifth Circuit Court of Appeals, in binding precedent, has interpreted Rule 12(f) as allowing a court to strike motions and other improper documents filed with the court, in cases where pro se litigants have filed such, such as this one.  McCorstin v. U.S. Dept. of Labor, 630 F.2d 242, 245 (5th Cir. 1980).

Accordingly, Defendant Dr. Skizynski also requests the Court to strike Plaintiff's "Motion for Default Judgement [sic]."

-6-

### E.  Other Legal Authority

Counsel has cited other legal authority, both Rules and cases, in Dr. Skizynski's Response in Opposition to Plaintiff's Motion for Default Judgment and Motion to Strike.  It is incorporated herein by reference.

### F.  Rule 11

As previously stated in his Motion to Dismiss, Defendant Dr. Skizynski considers that pro se plaintiff Lisa Hamilton's suit against him is baseless and frivolous.  Furthermore, the Court does not appear to have jurisdiction over her claims.  Nevertheless, Plaintiff continues to file baseless papers with the Court which requires Dr. Skizynski to continue to incur unnecessary legal expenses to respond.  Her improper Application for Default and the present "Motion for Default Judgment [sic]," are example filings of frivolous, baseless documents in violation of Rule 11, Federal Rules of Civil Procedure, for which Dr. Skizynski is entitled to seek the award of his costs and attorney's fees.

### III.  CONCLUSION

Dr. Skizynski has shown through these facts and authorities that Plaintiff Lisa Hamilton's motion is improper and has no legal or factual basis.  Accordingly, the Court is respectfully requested to deny it.  Furthermore, as stated above, it should be stricken from the Court's file, pursuant to Rule 12(f), and the case law cited.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by placing a copy of the same in the U.S. mail, postage prepaid, addressed to:  Lisa Hamilton (Pro Se Plaintiff), 4470 Scenic Lake Drive, Orlando, Florida 32808, Michael R. Jackson, Esquire Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801 (attorney for Defendant Joyce A. Wells);  John L. Morrow, Esquire, (attorney for Defendant David Bogert) Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801;  Michael Kooi, Esquire and Elana J. Jones, Esquire (attorneys for Defendants Department of Education, Judy Whitaker and David Givens), Turlington Building, 325 West Gaines Street, Suite 1244, Tallahassee, Florida 32399 on this _____ day of July, 2004.

<div style="margin-left:50%">

_____

**GEORGE F. INDEST III, ESQUIRE**
Florida Bar No.: 382426
**JASON L. HARR, ESQUIRE**
Florida Bar No.: 0194336
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701
Telephone:     (407)  331-6620
Telefax:         (407)  331-3030
**ATTORNEYS FOR DEFENDANT,
DR. LEONARD SKIZYNSKI**

</div>

JLH
S:\256\001\Pleadings\DocumentsFiledWithCourt\ResponseInOppositionToDefault.MEM-2.wpd