UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

    Plaintiff,                                  CASE NO.:  6:04-CV-636-ORL-28-JGG

vs.

FLORIDA DEPARTMENT OF
EDUCATION DIVISION OF
VOCATIONAL REHABILITATION;
JUDY WHITAKER; DAVID GIVENS;
JOYCE A. WELLS; DR. LEONARD
SKIZYNSKI; DAVID BOGERT,

    Defendants.
_____/

## DEFENDANT DR. SKIZYNSKI'S

## RESPONSE IN OPPOSITION TO

## AND

## MOTION TO STRIKE

## PLAINTIFF'S MOTION FOR DEFAULT

    Defendant, Dr. Leonard Skizynski, by and through his undersigned attorneys, hereby files this Response in Opposition to Plaintiff's undated Motion for Default Judgement [sic], pursuant to Rule 12(f), Federal Rules of Civil Procedure, and states as follows:

## BACKGROUND AND FACTS

    1.    On or about July 12, 2004, undersigned counsel for Defendant Dr. Skyzinski

received a copy of Plaintiff Lisa Hamilton's undated "Plaintiff's Motion for Default Judgement [sic] Against. . . . Leonard Skizynski" (referred to as "Motion for Default" herein).  It did not contain a certificate of service.

2.  On or about June 1, 2004, pro se Plaintiff Lisa Hamilton (referred to herein as "Ms. Hamilton") had served an Amended Complaint on Defendant Dr. Leonard Skizynski (referred to herein as "Dr. Skizynski").

3.  Defendant Dr. Skizynski timely served a Motion to Dismiss Plaintiff's Amended Complaint on the Plaintiff on June 21, 2004.

4.  In her Motion for Default, Ms. Hamilton admits that she received certain papers filed by the undersigned on behalf of Dr. Skizynski on June 21, 2004.  She also admits that the Clerk of Court had received the original of Dr. Skizynski's Motion to Dismiss on the morning of June 22, 2004, the same having been dispatched on June 21, 2004.

5.  Nevertheless, Ms. Hamilton still proceeded to file an unjust and improper Application for Default against Dr. Skizynski on June 22, 2004, even though the three (3) days mailing time allowed by the Federal Rules of Civil Procedure had not elapsed and even though she knew Dr. Skizynski had served and filed a response to her Amended Complaint.

6.  The Clerk, rightfully so, did not enter a default against Dr. Skizynski as a result of Ms. Hamilton's improper Application for Default filed on June 22, 2004.

7.  Now, Plaintiff Hamilton has filed with the Clerk of Court an undated Motion for Default alleging: "As for Leonard Skizynski, he does not deny submitting his response

late" and asking "for the sum of $500,000.00 for his failure to supervise as a healthcare provider." This is improper and should not be granted by the Court. Additionally, it should be stricken from the Court's file because it violates the Federal Rules of Civil Procedure.

## GROUNDS FOR DENYING MOTION

8. Under Rule 6(a), Federal Rules of Civil Procedure, in computing the amount of time a defendant has to respond, the day of "the act from which the designated period of time begins to run shall not be included."

9. Defendant Dr. Skizynski responded to the Amended Complaint by serving a Motion to Dismiss Plaintiff's Amended Complaint which was served on June 21, 2004.

10. Rule 55(a), Federal Rules of Civil Procedure, only authorizes the Clerk of Court to enter a default against a defendant for failure to plead or defend an action.

11. Despite the filing of an Application for Default by the Plaintiff against Defendant Dr. Skizynski, the Clerk of Court properly did not enter a default, due to the timeliness of Dr. Skizynski's Motion to Dismiss.

12. Rule 5(b), Federal Rules of Civil Procedure, states that "Service by mail is accomplished, for purposes of Rule 5, when documents are placed in the hands of the United States Post Office or in a Post Office Box." Theede v. United States Department of Labor, et al., 172 F.3d 1262, 1266 (10th Cir. 1999). Dr. Skizynski's Motion to Dismiss was served by mail, being placed in the hands of the United States Postal Service on June 21, 2004.

Furthermore, the Clerk had received the original for filing on the morning of June 22, 2004, and Ms. Hamilton apparently knew this.

13.  Thus, Plaintiff's Motion for Default should be denied since Defendant Dr. Skizynski filed a timely response to the Amended Complaint. Furthermore, there is no legal authority that would allow the Court to enter a default judgment against Dr. Skizynski at this stage of the proceedings and none has been cited by the Plaintiff.

### GROUNDS FOR STRIKING MOTION

14.  The Motion for Default should also be stricken since, pursuant to Rule 12(a), Rule 5(b) and Rule 6(a) of the Federal Rules of Civil Procedure, the Motion to Dismiss Plaintiff's Amended Complaint was timely served. The Plaintiff's Motion for Default is completely inappropriate and is a spurious filing on the part of the pro se Plaintiff

15.  Additionally, the Plaintiff's Motion for Default violates Rule 3.01(a) of the Rules of the U.S. District Court - Middle District. Pursuant to Rule 3.01(a), any such motion must also contain a brief or legal memorandum. Plaintiff's Motion for Default violates Rule 3.01(a) as it does not contain any brief or legal memorandum.

16.  The Motion for Default does not contain citation or reference to any federal case law or Federal Rules which show that the Plaintiff is entitled to relief.

17.  The Motion for Default also does not contain a certificate of service, in violation of Rule 5(d), Federal Rules of Civil Procedure.

18.     Additionally, by pleading for a specific sum of money, "$500,000," and alleging it in her Motion for Default, as well, Plaintiff has violated the Federal Rules of Civil Procedure governing pleading a cause of action.  Such requires it to be stricken for the inclusion of such surplus, irrelevant and inflammatory language, pursuant to Rule 12(f), Federal Rules of Civil Procedure, and the general discretion of the Court, as interpreted by applicable federal case law.

## SUPPORTING MEMORANDUM OF LAW

19.     A supporting memorandum of law is being filed contemporaneously herewith.

**WHEREFORE**, for the reasons stated herein, Defendant Dr. Skizynski respectfully requests that this Court enter an Order denying the Plaintiff's Motion for Default with respect to him, and ordering it stricken from the Court's file.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. mail, postage prepaid, to: Lisa Hamilton (Pro Se Plaintiff), 4470 Scenic Lake Drive, Orlando, Florida 32808, Michael R. Jackson, Esquire Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801 (attorney for Defendant Joyce A. Wells); John L. Morrow, Esquire, (attorney for Defendant David Bogert)

Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801;  Michael Kooi, Esquire and Elana J. Jones, Esquire (attorneys for Department of Education, Judy Whitaker and David Givens), Turlington Building, 325 West Gaines Street, Suite 1244, Tallahassee, Florida 32399 on this <u>21st</u> day of July, 2004.

/s/ George F. Indest III
_____
**GEORGE F. INDEST III, ESQUIRE**
Florida Bar No.: 382426
**JASON L. HARR, ESQUIRE**
Florida Bar No.: 0194336
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701
Telephone:     (407)  331-6620
Telefax:          (407)  331-3030
**ATTORNEYS FOR DEFENDANT,**
**DR. LEONARD SKIZYNSKI**

JLH
S:\256\001\Pleadings\DocumentsFiledWithCourt\ResponseInOppositionToDefaultMotion.RESPONSE.wpd