UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON

    Plantiff,                                      CASE NO. 6:04-CV-636-ORL-28-JGG

vs.

THE FLORIDA DEPARTMENT OF
EDUCATION,DIVISION OF
VOCATIONAL REHABILITATION;
LEONARD SKIZYNSKI, DAVID BOGERT,
JOYCE WELLS, JUDY WHITAKER AND
DAVID GIVENS

Defendant,

## PLANTIFF LISA HAMILTON'S

## MEMORANDUM OF LAW

## IN SUPPORT OF HER APLLICATION FOR CLERKS ENTRY OF DEFAULT

## AGAINST

## LEONARD SKIZYNSKI

## AND SUPPORT OF HER MOTION FOR DEFAULT JUDGEMENT AGAINST

## LEONARD SKIZYNSKI

## AND

Emergency Ruling

### SUPPORTING MEMORANDUM OF LAW

Plaintiff Lisa Hamilton filed Application for Default against Leonard Skizynski on June 22, 2004 @ 9:39 AM - one day after the Court scheduled deadline of June 21, 2004 to provide answer. The defendant's Attorney certifies sending a motion to dismiss to the Clerk of Court via Federal

Express overnight delivery. Only a few courts have considered the issue of Federal Express mail being deemed "mail" under federal rules of civil procedure. The first place they looked to guide them was the WEBSTER'S NEW COLLEGIATE DICTIONARY definition of the word "mail" - letters conveyed under "**public** authority". The Seventh Circuit Court in Audio Enterprise, Inc. vs. B&W Loudspeakers 1992 ruled delivery by Federal express is not "mail" under federal rule 4. The Fifth Circuit Court of Appeals in Prince vs. Poulous 1989 ruled Federal Express not "mail" under federal rule 25(a) and federal rule 4. The Fifth Circuit Court of Appeals ruled that the lower court erred in holding that service of an "answer" by Federal Express was adequate. The authors of the practise guide "Federal Civil Procedure Before Trial" makes the statement that "delivery by Federal Express or other private overnight delivery service **does not** constitute "service" by mail under Federal rules of Procedure."

The issue before this Court is one of public importance because the Court is in a position to set further precedence on this issue of whether or not Federal Express overnight delivery under Fed. c.r.5(b) is "service by mail". Edmond vs. U.S. Postal service ruled it is not. There is no question that "mail" meant "U.S. Post Office Mail" in 1937 when rule 5(b) was adopted and the suggestion that Congress' failure to specify in detail that mail must be first class postage prepaid for purposes of rule 5b somehow validates and authorizes service by private delivery services like Federal Express. Overnight delivery services did not exist in 1937 so it is clear that Congress did not intend for it to be deemed as "mail".

If this Court were to accept Leonard Skizynski's motion to dismiss as acceptable and timely served by mail for purposes of rule 5(b) when it would not be acceptable and timely served under rule 4 then this Court would be compelled to address whether Federal express is 'mail' under rule 6(e) which adds 3 days to computation of time where service is by mail. Federal Express is

generally used for overnight delivery. Congress made it clear in rules 4, 25(a) and 6(e) that "U.S. MAIL" is postage prepaid First class mail not private. Plaintiff argues that Defendant waited until the last day of the court ordered deadline to overnight its "answer' to the Court - their choice and their mistake. The Health Law firm conveys this reasoning in all of its pleadings to the court stating "our client Leonard Skizynski considers these allegations baseless and frivolous" and thus willingly missed this court's deadline. It is well documented in the clerk's docket report that Defendants either failed to respond on time or waited until the last day choosing to risk default. Plantiff Lisa Hamilton is up against one State entity, two State employees, three of its Vendor contractors, multiple motions to dismiss but not one affirmative defense. The Plaintiff Lisa Hamilton welcomes the opportunity to prove her allegations and try this case on its merits but several of the Defendants are in Default and rightfully so. I ask that Leonard Skizynski be entered in default and a default judgement of $500.000.00 be entered against him.

The Clerk of Court refuses to enter Defendant Leonard Skizynski in default stating, "I'm not going to make that call - that is for the Judge to decide"

Plaintiff seeks the presiding Judge to make a ruling on the issue.

CERTIFICATE OF SERVICE
*I Lisa Hamilton certify that a copy of the foregoing has been furnished by placing a copy of the same in the U.S. mail to Attorney's for each Defendant named above on this 29th day of July,2004*

**LISA HAMILTON**

pro se, Plantiff

*Lisa Hamilton*
4470 Scenic lake Dr.
Orlando FL 32808