FILED

04 AUG 23 AM 10: 23

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Lisa Hamilton

Plantiff

Vs.

CASE NO. 6:04-cv-636-ORL-28-JGG

The Florida Department of Education/
Vocational Rehabilitation Services,
Judy Whitaker,David Givens,
Dr. Leonard Skizynski,Joyce A. Wells
And David Bogert

Defendant

**Notice of the Objection**

**To**

**Magistrate Judge's Order**

**FACTS**

On August 12, 2004 the Plantiff was granted a Default Judgement hearing Docket (47) by the Presiding Judge John Antoon II. The Plantiff's motion for Default Judgement Docket(37) was to be heard by the magistrate judge John Glazebrook scheduled for September 17, 2004. The Presiding Judge John Antoon II and Chief Judge Fawcet specifically referred the Hearing to the magistrate judge Glazebrook for a report and recommendation - not a final ORDER. Rule V 504(a) governing matters referrable for hearing and recommendation by magistrate judges authorizes just that, hear and give recommendation. Rule 504(b) indicate

powers to be exercised at the request of an Article III Judge which does include conducting proceedings and entering orders or recommendations but in this instance Notice of Consent should be filed with the Clerk of Court prior to the entry of a pretrial order. It is this that the Plantiff finds the sua sponte cancellation Docket (48) of her September 17, 2004 Hearing Docket (47) on Default Judgment by the magistrate judge Glazebrook to be in error. Not only did the parties involved not unanimously consent to the magistrate's jurisdiction but had the parties consented unanimously - which they did not but if they had - in order to exercise its inherent powers a Court must find that the Parties involved acted in bad faith. The Plantiff points out that the magistrate judge's sanctioned order against the Defendants adversly affects just the Plantiff whom was not found to be in violation of local rule 3.01. For the magistrate judge to cancell the Plantiff's Default Judgement hearing and deny the Plantiff's motion Docket (37) and grant injuctive relief to the defaulted Defendants by setting aside their Default Dockets (29) stoppped the Plantiff from recovering a claim of monetery damages she is legally and rightfully entitled to recover. The fact is the Defendants all were in Default which entitled the Plantiff to a hearing to prove her averments. If the magistrate judge found the Defendants to be in violation of local rule 3.01 what legal grounds did he have for denying the Plaintiff the right to be heard at the Default Judgement hearing? An Article III Judge granted the Plaintiff the opportunity to be heard but a magistrate judge took it away without cause or authority.

A Distict Court abuses its discretion if it:

1.) Applies an incorrect legal standard.

The magistrate judge John Glazebrook applied an incorrect legal standard when he sanctioned the Pro se Plaintiff along with the Defendants Attorneys who violated local rule 3.01 governing motions and pleadings filed with the Clerk of Court The fact is the Plantiff did not violate local rule 3.01 yet the actions of the magistrate judge Glazebrook insinuates the Plantiff did by granting relief to the Defaulted Parties. What kind of deterrance is it when skilled Attorneys violate a local rule of the Court and as a sanction is granted relief from a Clerks entry of Default, have a default judgment hearing cancelled in their favor, on top of that given a hearing on their motions to dismiss the Pro se Plantiff's Complaint? If this is not an incorrect legal standard applied by the magistrate judge John Glazebrook then what to do you call it? Plaintiff calls it an abuse of power entrusted by Congress.

2.) Follows inproper procedure in making the determination.

The magistrate judge John Glazebrook definitely improperly followed procedure in making the determination he did. The magistrate judge Glazebrook was referred not delegated by an Article III Judge to preside over a Default Judgment hearing and give a report and recommendation. The Magistrate Judge deviated protocal when he sua sponte an order setting aside the Defendant's Clerk entry of Default - a" dispostive matter" - Docket(35) and denied the Plantiff's motion for Default Judgment - a "dispositive matter" - Docket(37) when an Article III Judge already gave an order that the Plantiff had a right to be heard. There is not

one law on the books that the Plantiff can find that gives a magistrate judge the authority to overide an Article III Judge's order not even with consent of jurisdiction. The magistrate judge John Glazebrook followed inproper procedure in making the determination to flip the Plantiff's case up-side down. The magistrate judge circumvented the entire legal process when he claimed to be punishing the violating parties involved but the Plantiff - the non violating party - soley felt the sting.

"When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a District Court to rely on its inherent power to impose sanctions". What deplorable conduct did the Plantiff demonstrate? Nothing. But what is the Plantiff afforded? A destruction of everything she has fought for the last 3 months to obtain. What deplorable conduct did the Defendants demonstrate? Knowingly violating an established rule of the Court by filing additional Motions without the Courts prior consent to do so. And what are they rewarded? Injuctive relief from a Default Judgment and a hearing to dismiss the Plantiffs Complaint. This is not proper procedure consistent with the laws and Constitution of the United States.

3.) Makes findings of fact that are clearly erroneous.

The Plantiff does not have to show this requirement because it is so obvious even to the lay person for magistrate judge Glazebrook to find fault with one party and in turn punishes the non-faulting party is clearly erroneous and requires no test

of fact finding.

MEMORANDUM OF LAW IN SUPPORT OF

## RULE 504

## REFERRAL OF MATTERS FOR HEARING AND RECOMMENDATION BY MAGISTRATE JUDGES

(a) MATTERS REFERABLE TO A MAGISTRATE JUDGE FOR HEARING AND RECOMMENDATION.

At the request of the judge to whom the case is assigned, a magistrate judge may conduct hearings, including evidentiary hearings, and submit to the Judge proposed findings of fact and recommendations for the disposition of:

1. Applications for post-trial relief made by individuals convicted of criminal offenses;
2. Prisoner petitions challenging conditions of confinement;
3. Applications for revocation of probation, in accordance with Rule 308(c) of these Rules;
4. **Motions for injunctive relief** (including temporary restraining orders and preliminary injunctions);

5. Motions for judgment on the pleadings, for summary judgment, to dismiss an indictment or information made by the defendant, or otherwise to dismiss an action involuntarily;

**6. Motions to set aside Default Judgments;**

7. Petitions for judicial review of administrative determinations; and

8. Petitions for civil commitment arising under Title III of the Narcotic Addict Rehabilitation Act of 1966, 18 U.S.C. § 4251, *et seq.*

b) OBJECTION TO RECOMMENDATIONS OF THE MAGISTRATE JUDGE.

Any party may file written objections to the magistrate judge's proposed findings and recommendations issued under paragraph (a) within 10 days after being served with a copy thereof. The objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection.

In this particular instance magistrate judge John Glazebrook did not give a recommendation of his findings as requested by an Article III Judge - The Honarable Judge John Antoon II. The magistrate ignored a direct order. This is not to take away anything from the magistrate judge John Glazebrook but he most certainly did not distribute a just hand concerning the Plantiff. The Plantiff makes note that she has several issues that would render the magistrate judge's findings to be clearly erroneous and show an abuse of discretion and will begin with the following:

The entry of a Default Judgment is clearly dispositive of a case and is not a pretrial matter within the meaning of 28 U.S.C. § 636 or Rule 72 of the Federal Rules of Civil Procedure.

The District Judge effectively ceded authority to act when he referred the Default hearing to the magistrate judge "for recommendation". Once the magistrate judge elected to take final action rather than submit a report and recommendation, his order became final, with the magistrate judge ruling in a document entitled "Memorandum and Order".

"Article III Judges cannot delegate to magistrate judges final authority over some important issue in a case."

"Only when a magistrate judge possesses final decision making authority over a substantial issue in a case does an Article III problem arise". But that, in fact, is what occurred here. Instead the magistrate judge took the referrel as a delegation of authority over the entire case.

The Supreme Court has warned that because of the potency of the Court's inherent power the Court must exercise restraint and discretion. The Supreme Court also noted that a primary aspect of that discretion is the ability to fashion an appropriate sanction on conduct that abuses the judicial process.

"Because of the potency of inherent powers and the limited control of their exercise, they must be used with great restraint and caution. The threshold for the

use of the inherent power to impose sanctions is high." The court must make a specific finding of bad faith. Goldin v. Bartholow, (5th Cir. 1999). Furthermore, "if there is a reasonable probability that a lesser sanction will have the desired effect, the court must try the less restrictive measure first." Natural Gas Pipeline Co., 86 F.3d at 467. impose a reasonable and appropriate sanction.

To exercise its inherent power a court must find that the party acted in bad faith.

The Plaintiff asserts the sanctions ordered in this case are severe especially when the Plaintiff did no wrong. The District Court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.Chicago Tribune Co. v. Bridgestone/Firestone Inc., (11th Cir. 2001)

"Decisions made by magistrate judges under rule 28 U.S.C.636(b)(1)(a) are reviewed under 'clearly erroneous' and contrary to law standard".

"Reviewing recommended decisions presented by a magistrate judge under 636(b)(1)(b) are used de novo determination standard".

Rule 28 U.S.C.636 does not provide standards of review for magistrate judge's actions (ORDERS) in referrals under section 636 (b)(3). The Court makes no determination of whether motions for Default Judgment are pretrail matters only that it may exercise its power to refer matters persuant to section 636(b)(3). There is no statute that specifies which standard of review applies to the action taken by

the magistrate judge John Glazebrook persuant to 636(b)(3). The nature of the matter referred governs the choice - clearly the magistrate judge overstepped his boundaries. The standard of pretrail matters refferred to a magistrate judge under section 636(b) depends on if the matter is "dispositive" of a claim or defense of a party - if so then "dispositive" matters receive de novo determinations. This Court is in a position to make precedence on whether Congress authorized magistrate judges to override the order of an Article III Judge in cases referred. It is the Plantiff's contention that rule 11 sanctions are "dispositive" thus requires unananimous consent.

The Magistrate Act 28 U.S.C. 631 prohibits the deciding of a motion for injunctive relief without parties consent. To set aside a default entry where the party was culpable in obtaining the default and denying a motion for default judgment when the Clerk has entered default are "dispositive matters" and is 'injunctive relief" which is prohibited in this particular situation thus inconsistent with the Constitution and laws of the United States. The magistrate judge Glazebrook treated the matter as "designated" under section 636(b)(1)(a) when in fact it was referred under section 636(b)(3) in all matters referred to the Magistrate Judge 28 U.S.C.636(c) consent jurisdiction IS REQUIRED. An order of sanctions regardless of the how or when is a 'dispositive matter" capable of being referred to a magistrate judge only under 636(b)(1)(b) or 636(b)(3) so the court should make a de novo determination of 'dispositive matters" referred persuant to section 636(b)(3). Local rules supplement but can not contradict the federal rules - "a pro

se pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers". This would be the Plantiff's argument if in fact she violated a local rule or federal rule but the plantiff did not. If the Court can reasonably read the pleadings to state a valid claim on which Plantiff could prevail it should do so despite Plantiff's failure to cite proper legal authority in his confusion of various legal theories, his poor syntex and sentence construction or unfamiliarity with pleading requirements under the totality of circumstances. The denial of the Plantiff to be heard would result in a fundamentally unfair proceeding. The Plantiff asserts that it is beyond dispute that the Defindants are in default whether notated by the clerk or not. Therefore the Defendants lost their right to consent as a party to the litigation The only party to the suit - the Plantiff - did not give consent to the magistrate judge John Glazbrook's jurisdiction so if this matter was to be heard and decided by a magistrate judge all parties or in this case party did not unanimously consent to Jurisdiction.

"The authority of a magistrate judge to act on civil matters is described in the Federal Magistrate's Act (the "Act"), 28 U.S.C. § 636. Generally, in a case in which the parties have not consented to have the case proceed before a magistrate judge, a magistrate judge may determine pretrial matters, conduct evidentiary hearings, and file proposed findings and recommendations. *See* § 636(b)(1)(A)-(C). So long as the district court has the power to review the magistrate judge's actions, there is no '"threat to the judicial power or the independence of judicial decision making that underlies Article III.'" *Peretz,* (quoting *United States v. Raddatz)* . Only when

a magistrate judge possesses finaldecision making authority over a substantial issue in a case does an Article III problem arise. (*See Raddatz)*

The Plantiff seeks the following relief from the presiding Judge John Antoon II to correct magistrate judge's order :

1.) The Reinstatement of the September 17, 2004 Default Judgment Hearing Docket (47) before Article III Judge John Antoon II on motion Docket (37).

2.) Respectfully refer the Default Judgment hearing Docket (47) on motion Docket (37) and the remainder of the case back to Judge John Antoon II.

3.) Lift magistrate judge order Docket (48) granting Defendant's relief from the Clerks entry of Default Docket (29).

4.) The Reinstatement of the Clerk's entry of Default on Defendants, Florida Department of Education, Judy Whitaker and David Givens Docket (29) for failure to respond in time.

5.) Cancel the motion to dismiss hearing Docket (49) on Dockets (18)(20)(26)(30) scheduled by magistrate judge Glazebrook for September 17, 2004 @ 1:30pm.

**I certify that copies have been served on all parties involved as well as magistrate judge John**

**Glazebrook and Presiding Judge John Antoon II this day August 23, 2004.**

**Sincerely,**

**Lisa Hamilton**