UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LISA HAMILTON,

      Plaintiff,

vs.                                        CASE NO.:  6:04-CV636-ORL-28- JGG

THE FLORIDA DEPARTMENT OF
EDUCATION, DIVISION OF
VOCATIONAL REHABILITATION,

      Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF OBJECTION TO MAGISTRATE JUDGE'S ORDER

      The Defendant, Department of Education, Division of Vocational Rehabilitation (Division), by and through its undersigned counsel, and on behalf of its employees, Judith Whitaker and David Givens, in their official and individual capacities, hereby file its Response to Plaintiff's August 23, 2004 Notice of Objection to Magistrate Judge's Order and states as follows:

1.      On June 1, 2004, the Plaintiff served David Givens, a Region Supervisor with the Department of Education, Division of Vocational Rehabilitation, with a summons by a United States Marshal. (Affidavit of David Givens)

2.      On the same date, the United States Marshal gave Mr. Givens a summons for Judith Whitaker, a Vocational Rehabilitation Counselor with the Department of Education, Division of Vocational Rehabilitation.  Ms. Whitaker received neither

personal service nor copies of the summons and complaint at her home. (Affidavit of Judith Whitaker)

3. On June 8, 2004, the Department of Education was served by the Plaintiff with a summons for an amended complaint by a United States Marshal. This complaint stated that it was an amendment and listed Department of Education, Judith Whitaker, David Givens, Joyce A. Wells, Dr. Leonard Skizynski, and David Bogert.

4. On June 22, 2004, the Plaintiff filed an application for entry of default against Defendants Judith Whitaker, David Givens, Joyce A. Wells, Leonard Skizynski, and David Bogert.

5. On June 28, 2004, the Defendants Department of Education, David Givens, and Judith Whitaker filed a Motion to Dismiss Amended Complaint.

6. On June 28, 2004, the clerk of court entered a default against the Department of Education, David Givens, and Judith Whitaker.

7. Upon learning of the default, Defendants Department of Education, David Givens, and Judith Whitaker filed a Motion to Set Aside Default on July 6, 2004.

8. On July 9, 2004, Plaintiff filed her Motion for Default Judgment against the Defendants Department of Education, David Givens, Judith Whitaker, and Leonard Skizynski.

9. On August 18, 2004, Magistrate Judge Glazebrook entered orders, setting aside the entry of default against Defendants Department of Education, David Givens, Judith Whitaker and Leonard Skizynski and denying the Plaintiff's Motion for Default Judgment.

10. On August 23, 2004, Plaintiff filed her Notice of Objection to Magistrate Judge's Order.

## MEMORANDUM OF LAW

**A.** **The order setting aside the entry of default against Defendant's Department of Education, David Givens, Judith Whitaker, and Leonard Skizynski concerned a non-dispositive matter within the Magistrate's authority to determine**

The Magistrate Judge in this case acted appropriately and within his authority when he issued orders granting the motion of Defendants Department of Education, David Givens, and Judith Whitaker and denying Plaintiff's motion for default judgment. Rule 72 (a) of the Federal Rules of Civil Procedure states:

> **(a) Nondispositive Matters**.  A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter…

The Magistrate Judge's order granting the motion to set aside default of Defendants Department of Education, David Givens, and Judith Whitaker dealt with non-dispositive matters.  Once the Motion to set aside default was granted, Plaintiff's Motion for Default Judgment was obviously moot and was properly denied by the .  The Plaintiff's complaint against the various defendants is still extant and Defendant's Motion to Dismiss will be argued before the Court on September 17, 2004.

**B.      The 's order was correct and made in harmony with existing law**

The decision rendered by the Magistrate Judge the was correct, in accordance with the rules of civil procedure, the local rules of the United States District Court, Middle District of Florida, and caselaw.  Rule 72 (a) of the Federal Rules of Civil Procedure states:

> …The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the 's order found to be clearly erroneous or contrary to law.

The Magistrate Judge's order was consistent with applicable law.  In setting aside the entry of default, he correctly reversed the entry of default based timely filing of the Defendant Department of Education's Motion to Dismiss on June 28, 2004, in response to the Plaintiff's complaint served on Defendant Department of Education on June 8, 2004.

Further, the Magistrate Judge properly set aside the entry of default concerning David Givens and Judith Whitaker.  Rule 55(c) of the Federal Rules of Civil Procedure gives the court discretion to set aside an entry of default for good cause shown, in accordance with Rule 60(b).  An entry of default can be set aside if good cause or excusable neglect is shown, the party acts promptly to set aside the default, the Defendant has a meritorious defense, and the Plaintiff will not be unduly prejudiced by setting aside the default.  *Insurance Co. of North America v. Morrison, 156 F.R.D. 269, 271 (M.D. Fla., 1994).*  Once this criterion is met, courts are generally liberal in setting aside or vacating default judgments. *Id.*   Also, courts refrain from entering default judgments in cases where large monetary judgments are requested when it can reasonably be avoided.  *Tozier v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir 1951).  The

Defendant Department of Education, on behalf of its employees David Givens and Judith Whitaker, met this criterion in its Motion to Set Aside Default filed on July 6, 2004, and the Magistrate Judge properly set aside the entry of default.

C. **The Plaintiff's characterization of the 's action as granting injunctive relief is erroneous.**

In Plaintiff's Notice of Objection to the Magistrate Judge's order, she concludes that setting aside the entry of default is a "dispositive matter" and is "injunctive relief". The Plaintiff failed to establish either of these assertions through statute or caselaw and makes conclusory statements to bolster her position to overturn a result with which she disagrees. Defendants Department of Education, David Givens, and Judith Whitaker have not filed any motions for injunctive relief with this court. They merely filed a motion to set aside an entry of default which was correctly set aside by the Magistrate Judge.

**WHEREFORE**, Defendants, the Florida Department of Education, David Givens, and Judith Whitaker, in their official and individual capacities, respectfully request that this Honorable Court the orders setting aside entry default and denying Plaintiff's motion for default judgment dated August 18, 2004 for the grounds set forth above.

Respectfully submitted,


_____/s/  Michael D. Kooi_____
**MICHAEL D. KOOI**
Assistant General Counsel
Florida Bar No. 0089710
**ELANA J. JONES**
Assistant General Counsel
Florida Bar No. 0078999
Florida Department of Education
325 W. Gaines Street, Suite 1244
Tallahassee, Florida 32399-0400
Telephone No.: (850) 245-0442
Facsimile No.:  (850) 245-9379


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to **Lisa Hamilton**, 4470 Scenic Lake Drive, Orlando, Florida 32808, **George Indest** and **Jason Harr**, Esquire, 220 East Central Parkway, Suite 2030, Altamonte Springs, Florida 32701, **Karen Montos-Coleman** and **Michael R. Jackson**, Esquire, Conroy, Simberg, Ganon, Krevans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801, via U.S. Mail on this 3rd day of **September** 2004.


_____/s/  Michael D. Kooi_____
**MICHAEL D. KOOI**
Assistant General Counsel
**ELANA J. JONES**
Assistant General Counsel