Lisa Hamilton

Plaintif

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE. 6 : 04CV--636-ORL-28JG

vs.

The Florida Department of Education/
Division of Vocational Rehabilitation,
Judy Whitaker, David Givens, Joyce A. Wells,
David Bogert and Dr. Leonard Skizynski

Defendants

# MOTION TO STRIKE

# MAGISTRATE JUDGE'S ORDER DOCKET (48)

# AND

# REPORT and RECOMMENDATION DOCKET (54)

# DUE TO CONFLICT OF INTEREST

"In the absence of disclosure a judge violates the Judicial Code of Conduct for United States judges". The fact that Magistrate Judge Glazebrook disclosed his interest on the Middle District Court's website does not excuse the fact that he did not identify and make aware potential or in this case blatant conflicts of interest in this particular case against The Florida Department of Education, its employees and vendors.

The U.S. code (Section 455) and the Judicial Code of Conduct set forth the conditions under which a Judge should disqualify himself from consideration of matters pending in his court. **The mere appearance of bias is sufficient for recusal.**

Magistrate Judge Glazebrook cancelled a Default Judgement Hearing referred by an Article III Judge, set aside defaults in favor of Defendants, ruled on a "dispositive" motion for default judgment against Plaintiff in favor of Defendants, sua sponte and scheduled a hearing on motions to dismiss the pro se Plaintiff's complaint and on the day of the dismissal hearing Magistrate Judge Glazebrook has a clerk

from his office call the Plaintiff to say that the Magistrate Judge has for a second time cancelled a hearing this time on dismissal - and submitted a report and recommendation to dismiss the Plaintiff's case (entered 5:25 PM 9/16/04) - the same business day (pursuant to federal rules of civil procedure) as the scheduled Dismissal Hearing which again favors the Defendant, The Florida Department of Education, in which Magistrate Judge Glazebrook was, and continues to be, materially associated with.

The Magistrate Judge Glazebrook is financially involved in "The Student Loan Corporation" and "Bright Start" - two companies that have a direct financial relationship with The Florida Department of Education. Magistrate Judge Glazebrook was disqualified under 28 U.S.C. section 455(a), 28 U.S.C section 455 (d)(4) and 28 U.S.C section 455(b)(5)(i) at the time he ruled and entered judgment and gave recommendations in favor of Defendants The Florida Department of Education.

Magistrate Judge Glazebrook's continued participation in the matters before him created an appearance of impropriety for which relief through the striking of orders entered and recommendations submitted by Magistrate Judge Glazebrook and his disqualification is warranted.

Magistrate Judge Glazebrook continuously violated this Code with respect to the Plaintiff's lawsuit against The Florida Department of Education, its employees and contract vendors in his failure to disclose. It is not the duty of the Plaintiff or the other parties involved to search out disqualifying facts about the Magistrate Judge - it is the Magistrate Judge's obligation and duty to disclose all possibly disqualifying facts. Magistrate Judge Glazebrook's failure to make any disclosure of his material and continuing association with Defendant - The Florida Department of Education - over the course of four months as referred Magistrate Judge must be seen as a violation of U.S.C. section 455 that goes beyond mere negligence or harmless error - it suggests that he has an interest in the outcome of the proceedings that derives from his relationship with Defendant, The Florida Department of Education. The fact is "The Student Loan Corporation" in which Magistrate Judge Glazebrook is financially invested in is a Lender/Vendor of The Florida Department of Education who in turn "guarantees" Loans for "The Student Loan Corporation". This relationship goes **far beyond the mere appearance of bias** - Magistrate Judge Glazebrook has an financial interest. Magistrate Judge Glazebrook is financially invested in a company whose loans are guaranteed by Defendant - The Florida Department of Education - and if Plaintifff's lawsuit were to prevail not only would The Florida Department of Education/Division of VR risk being put

back on the Federal Government's (OPPEGA) "High Risk List" but the Florida Department of Education/Division of VR risks losing their matching funding from the Federal Government which in turn would limit The Florida Department of Education's financial dealings (i.e. guaranteeing loans for "The Student Loan Corporation" – which would affect Magistrate Judge Glazebrook's financial return on his investment). **This exceeds the standard of "mere appearance of bias".** From Plaintiff's perspective Magistrate Judge Glazebrook is protecting his invested interest by relieving "The Student Loan Corporation's" guarantor - Defendant, The Florida Department of Education - from a Default because when a student defaults on a loan from "The Student loan Corporation" The Defendant Florida Department of Education relieves "The Student loan Corporation" from a defaulted student loan (one hand washes the other). Plaintiff does not know this to be Magistrate Judge Glazebrook's reasoning but **if the dots connect to make the inference Magistrate Judge Glazebrook should have recused himself.**

The dots do not stop there - Magistrate Judge Glazebrook is also financially invested in "Bright Start" – another company with even closer ties with the Defendant, The Florida Department of Education. "Bright Start" (The Florida Prepaid College Plan 529) is sponsored by the State of Florida and is managed by the Florida Prepaid College Board - of which two Board members are Deputy Commissioners of the Florida Department of Education (Officers of the Defendant) - violation of Title 28 U.S. Code Section 455 (b)(5)(i).

Magistrate Judge Glazebrook did not allow Plaintiff her day in court to be heard but instead cancelled both scheduled opportunities and by appearance it seems someone is afraid to allow Plaintiff an opportunity to submit her proof of the allegations. The connection between Magistrate Judge Glazebrook, "Bright Start" Board members, "The Student Loan Corporation", The Florida Department of Education and the Plaintiff's law suit are clear conflicts of interest. The seven members of the Bright start Board include the following: Florida's first Chief Financial Officer Tom Gallagher (former Commissioner of The Florida Department of Education 1998-2000) who currently oversees Florida's Division of Risk Management who provide insurance coverage for Federal Civil Rights lawsuits against State of Florida agencies; the Attorney General of Florida; the Deputy Commissioner of the Florida Department of Education/Division of Colleges and Universities; the

Deputy Commissioner of the Florida Department of Education/Division of Community Colleges; and three members appointed by the Governor of Florida and subject to confirmation by the Florida State Senate. Board member Robert D. Henker, Deputy Commissioner of the Florida Department of Education/Division of Colleges and Universities, has served in numerous policy and budget positions for the State of Florida University System, The Florida Department of Education and the Governor's Office for nearly 30 years.

Plaintiff finds this is too close for comfort. Plaintiff sees Magistrate Judge Glazebrook is not an ordinary citizen with these ties but that he is a Federal Magistrate Judge with apparently a lot of power and pull. As far as the Plaintiff is concerned the August 2004 resignations of The Florida Department of Education Commissioner Jim Horne and the Director over Florida Department of Education/Division of Vocational Rehabilitation Services Loretta Costin may have influence on Magistrate Judge Glazebrooks actions in this case. The magistrate judge is also financially invested in "Scholars Choice"(The Florida College investment plan 529) also sponsored by the State of Florida and managed by the Prepaid College Board- of which two Board members are Deputy Commissioners for the Florida Department of Education (Officers of the Defendant).

The above issues raise too many questions as to Magistrate Judge Glazebrook reasoning behind his rulings and recommendations which justifies legally and ethically asking the Presiding Judge to strike all orders and recommendations entered by Magistrate Judge Glazebrook.

**I certify that copies have been served on all parties involved as well as Magistrate Judge Glazebrook, Chief Judge Fawsett, Presiding Judge John Antoon II this day September 22, 2004.**

Sincerely,

Lisa Hamilton