UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON                                             CASE NO. 6:04-CV-636-ORL-28JG

Plaintiff

vs.

The Florida Department of Education/
Division of Vocational Rehabilitation,
Judy Whitaker, David Givens, Joyce A. Wells,
David Bogert and Dr. Leonard Skizynski

Defendants

### OBJECTION TO

### MAGISTRATE JUDGE'S

### ORDER DOCKET (57)

The Plaintiff types this Objection with a heavy heart but yet a strong will to right a wrong that Plaintiff feels has occurred in the process of this litigation. The Plaintiff has read many civil law cases and read many different opinions given in very similar circumstances and yet can still respect the ruling of a Judge as everyone has their own perception and view which makes the world and the Court room such an interesting place. The Plaintiff having accepted what the Court has ruled is still left with a legal right to object or appeal an order handed down by the Court but in

this situation the Plaintiff is **pleading** that the presiding Judge John Antoon II take a closer look at the pro se Plaintiff's case as an injustice is occurring at his back door. The Plaintiff is shocked and confused as to the way Magistrate Judge James Glazebrook has conducted himself in the referred matters. Magistrate Judge Glazebrook never should have touched the Plaintiff's case but not only did he touch the case - Magistrate Judge Glazebrook single handedly and systematically threw the Plaintiff's case against The Florida Department of Education in disarray leaving the Plaintiff feeling the same pain and exclusion the Defendants perpetrated on the Plaintiff.

The Plaintiff came to the Court for relief but instead got a biased Magistrate Judge who has several financial interests with the Defendant, The Florida Department of Education, and refuses to recuse himself and in 3 Weeks time the Magistrate Judge has destroyed the advantage the pro se litigant had on the six Defendants - all represented by Counsel who were in Default - all this with no legal citation or standing given by the Magistrate Judge which denies the Plaintiff a proper appeal. <u>How can the Appeals Court review the legal findings of the Magistrate</u>

<u>Judge when there is none noted</u>? Magistrate Judge James Glazebrook did not weigh the prejudice to the Plaintiff when he set aside the Defendants Default which is a legal requirement.

The Plaintiff did not mind the Magistrate Judge lifting the Default because the Plaintiff still had the Dismissal hearing to submit her evidence of a claim but the Magistrate Judge did not weigh the prejudice to the Plaintiff when he made his recommendation without holding the Dismissal hearing. All the Plaintiff wants is to be heard by an impartial person and if after the Plaintiff has had that opportunity and can not deliver evidence - dismissal is appropriate. It also gives the Defendants a chance to clear their name by doing a Summary Judgment - disproving the Plaintiff's assertions.

The Plaintiff makes some very strong assertions in this lawsuit and to leave the issues unfounded on the record leaves everyone involved exposed. The Plaintiff wants to know how a motion to recuse a Magistrate Judge due to conflict of interest and a motion to strike Magistrates' orders and recommendations is referred to him as a non-dispositive motion entering a final order Docket

(57) denying motion Docket(55). Clearly this is questionable and unjust and seeing the Magistrate Judges' order Docket(57) proves the Magistrate Judge's inability to rule against himself for impropriety. To ask Magistrate Judge James Glazebrook to admit he was bias and violated Judicial codes of conduct and Federal laws is futile. The Plaintiff proves her point by the following:

1.) Magistrate Judge James Glazebrook states in his 'ORDER": "although the undersigned owns stock in Citigroup,Inc. of which 'The Student Loan Corporation' and 'Bright start' may be affiliates the Plaintiff has shown no relationship between the 'Student Loan Corporation' and 'Bright Start' and 'The Florida Department of Education' that requires recusal".

First of all who mentioned "Citigroup Inc." in the motion to strike? Magistrate Judge Glazebrook does own multiple stock investments in Citigroup Inc. according to his interest list but **the issue is** "The Student Loan Corporation" - who was originally a division of "Citicorp" which is a subsidiary of "Citigroup Inc" - who spun out "The Student Loan Corp" in 1992 and **went public in the New York Stock Exchange under STU** of which Citigroup Inc.

retained 80% of shareholder ownership. The Defendant, The Florida Department of Education, is the Guarantee agency for "The Student Loan Corp" in the State of Florida which is authorized by the "Higher Education Act" of 1965 and amended in 1998 for guarantee agency.

**Magistrate Judge Glazebrook owns STU stock.**

2.)"Bright Start" is in actuality "THE PREPAID COLLEGE PLAN 529" which the Magistrate Judge **fails to point out** (silence speaks volumes) which is managed by the Prepaid College Board members which two Deputy Commissioners of the Defendant, The Florida Department of Education, are Officers of the Defendants - violation of Title 28 U.S.Code 455(b)(5)(i) - and a former Florida Commissioner of Education who is now the "Chief Financial officer" of Florida runs the Florida Division of Risk Management who provides insurance coverage for Civil Right violation lawsuits against Florida State agencies which the Plaintiff brings suit so if the Plaintiff's case were to prevail, Tom Gallagher, Chief Financial Officer would know before anyone the risk and potential liability to the Defendant, The Florida Department of Education. This has an appearance collectively for the Magistrate Judge to obtain ex-parte information on the case at board meetings **or elsewhere**

outside the Court.

2.) For Magistrate Judge Glazebrook to say that the Plaintiff has shown no relationship between the "Florida Department of Education", "The Student Loan Corporation" and "Bright Start" that requires recusal is correct but when you factor in the Magistrate Judge entering orders and giving recommendations in the Plaintiff's case then recusal and striking of orders and recommendations are not just required but is the only remedy available to the Plaintiff.

3.) Magistrate Judge James Glazebrook <u>fails to mention</u> in his "Order" Docket (57) "Scholars Choice" ("The Florida College Investment plan") - another investment conflict of interest that Magistrate Judge James Glazebrook has in this case which Plaintiff points out in the motion to strike - which is managed by the Prepaid College Board of which two members are Deputy Commissioners of the Defendant, The Florida Department of Education, Officers of the Defendants - violation of Title 28 U.S. Code 455(b)(5)(i) - and a third member - a former Florida Commissioner of Education who is now the "Chief Financial officer" of Florida - runs the Florida Division of Risk Management who provides insurance coverage for Civil Right violation

lawsuits against Florida State agencies which the Plaintiff brings suit - so if the Plaintiff's case were to prevail Tom Gallagher, Chief Financial Officer would know before anyone the risk and potential liability to the Defendant. The Magistrate Judge claims 28 U.S. Code 455(b)(4) as a Defense to his actions but clearly the Magistrate Judge is mistaken because he does have Financial interest in the subject matter in controversy and to party involved (Officers of the Defendant) that could "substantially" affect the outcome of the case but 28 **U.S. Code 144 states no matter how "small" the financial interest**. Magstrate Judge Glazebrook erroneously uses the term "substantially".

Naturally the Law prevails. The Plaintiff asks the Presiding Judge John Antoon II to "Strike" Magistrate Judge's "order"Docket(57)and recuse Magistrate Judge James Glazebrook and vacate all orders and recommendations entered by Magistrate Judge James Glazebrook.

**I certify that copies have been served on all parties involved as well as Magistrate Judge Glazebrook, Chief Judge Fawsett, Presiding Judge John Antoon II this day September 30, 2004.**

Sincerely,

*[signature]*

Lisa Hamilton