UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LISA HAMILTON,

        Plaintiff,

vs.                            CASE NO.:  6:04-CV636-ORL-28- JGG

THE FLORIDA DEPARTMENT OF
EDUCATION, DIVISION OF
VOCATIONAL REHABILITATION,

        Defendant.

_____/

### DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE'S ORDER

The Defendant, Department of Education, Division of Vocational Rehabilitation (Division), by and through its undersigned counsel, and on behalf of its employees, Judith Whitaker and David Givens, in their official and individual capacities, hereby file their Response to Plaintiff's September 24, 2004 Objection to Magistrate's Order (Docket 54) and state as follows:

### Introduction

On September 2, 2003, the Plaintiff, Lisa Hamilton, applied for vocational rehabilitation services with the Defendant, Department of Education, Division of Vocational Rehabilitation in Orlando, Florida.    Plaintiff's vocational rehabilitation counselor was Judith Whitaker and the region supervisor was David Givens.   The Defendant referred the Plaintiff to Joyce A. Wells, Psy.D and David E. Bogert for a

Learning Disability Assessment and Psychological Evaluation which took place on October 9 and October 14, 2003.

Based on the evaluation provided by Dr. Wells, on November 23, 2003, the Division of Vocational Rehabilitation sent the Plaintiff, Lisa Hamilton, a determination letter stating that she was not eligible for vocational rehabilitation services due to the severity of her disability.  (See letter attached to Plaintiff's Objection to the Magistrate's order.)  This letter further stated that if the Plaintiff disagreed with the Division's decision, she had the right to appeal it within twenty-one days after she received its letter by requesting in writing either an administrative review by the Area Director or a fair hearing before an Administrative Law Judge from the Florida Division of Administrative Hearings, which is detailed in the second page of the letter which Plaintiff failed to attach to her Objection.  Despite this notice, the Plaintiff chose not to appeal the Defendant's determination in accordance with state administrative procedures, but instead filed suit in federal court.

## MEMORANDUM OF LAW

**A.**     **The Magistrate Judge correctly determined that the Plaintiff failed to comply with the requirements of Rule 8(a)(1) and (2) of the Federal Rules of Civil Procedure.**

The Magistrate Judge correctly determined that the Plaintiff failed to comply with Rule 8 of the Federal Rules of Civil Procedure.  This rule states in part:

> **(a)  Claims for Relief.**  A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain

(1)  a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it,

(2)  a short and plain statement of the claim showing that the pleader is entitled to relief…

The Plaintiff must meet the requirements of this rule because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* §1281, at 365 (1969)).

The Plaintiff failed to meet this requirement. Plaintiff's lengthy, single-spaced recount of her conversations with Department of Education staff fails to provide any of the Defendants named with proper notice of the claims against them.  Plaintiff makes no attempt to delineate which facts are relevant to what statutory claims and fails to provide any indication as to what claims are applicable to what Defendants. The amended complaint is not only long and unintelligible, but it fails to set forth any specific statement of facts as to why the Plaintiff is entitled to any of the substantial monetary relief or injunctive relief which she appears to be requesting.  Given the vague and circuitous nature of her pleading, the Magistrate Judge correctly dismissed the Plaintiff's complaint for failure to comply with Rule 8.

**B.    The Magistrate Judge properly ruled that the Plaintiff failed to exhaust her administrative remedies.**

The Magistrate's determination that the Plaintiff failed to exhaust her administrative remedies was correct.  The purpose of requiring exhaustion of judicial

remedies is to ensure that courts receive matters which are ripe for judicial determination and present concrete injuries.  *Rogers v. Bennett*, 873 F.2d 1387, 1392 (11th Cir.1989).

As patently confusing as the Plaintiff's amended complaint is, it does appear both from her complaint and her objection to the Magistrate's order that she believes that she has been denied services based upon an "erroneous and illegal psychological evaluation." The statute and federal regulations governing Florida's vocational rehabilitation program clearly anticipate the requirement of the exhaustion of administrative remedies for such claims.  34 CFR §361.57(e), which implements provisions of 29 USCA §722 (c)(5), provides for impartial due process hearings for individuals who disagree with the findings of a state unit which effect the provision of vocational rehabilitation services to them. Florida has indeed developed a state plan that has been approved by the federal government in compliance with the above-referenced statute.

The Seventh Circuit has stated that "Congress did not intend to imply a private right of action under 29 USC §722."  *Mallet v. Wisconsin Division of Vocational Rehabilitation,* 130 F.3d 1245, 1257 (7th Cir. 1997).   See also *Johnson-Lloyd v. Vocational Rehabilitation Office, Pennsylvania Department of Labor and Industry,* 813 F. Supp. 1120 (E.D. Pa. 1993).  In *Mallett,* a disabled individual brought action against the state Division of Vocational Rehabilitation and its director and included claims under Title I of the Rehabilitation Act of 1973, 42 USC. §1983 and §504 of the Rehabilitation Act.  The Court in *Mallett* noted the inclusion of state administrative remedies within the statutory framework as evidence that there was no private right of action under Title I of the Rehabilitation Act of 1973.  *Id.* at 1250.

Similarly in the instant case, the state of Florida has developed administrative procedures for these types of vocational rehabilitation claims as part of its state plan.  As noted above and in the determination letter attached to her Objection, the Plaintiff was notified of her rights regarding these administrative remedies.  She chose not to avail herself of those options.  She cannot now claim that this Court has "left the Plaintiff without a voice."

**C.**    **The Magistrate Judge correctly ruled the Plaintiff failed to allege specific facts to establish a prima facie case of discrimination on the basis of disability.**

The Plaintiff failed to establish a prima facie case of discrimination on the basis of race or disability, as correctly determined by the Magistrate Judge.  While she argues that mere notice will suffice, her pleadings offered no notice of actions on the part of Defendants Department of Education, David Givens, and Judith Whitaker which constituted discrimination based on disability.  Her allegations did not satisfy the elements required for a prima facie case of discrimination based on disability.

After disposing of the Plaintiff's Title I claim under the Rehabilitation Act, the Seventh Circuit in *Mallett* ruled that the Plaintiff could maintain a §1983 action, but "only to the extent that a state plan which receives federal funding does not conform to one of the federal requirements."  *Id.* at 1253.  In contrast, the Court pointed out that a Plaintiff could not maintain a §1983 claim where he was simply alleging an isolated violation of an otherwise legitimate state plan.  *Id.*

Plaintiff in the instant case has made no allegations relating to the state's plan.  She simply states that she has been denied her rights under the statute in this particular

case.  The Court's reasoning in *Mallett* would foreclose this type of action as Plaintiff has sufficient administrative remedies with which to address any type of denial that allegedly violates the Rehabilitation Act of 1973. [1]

Finally, the Court in *Mallett* addressed the Plaintiff's claim under §504 of the Rehabilitation Act.   The Court noted that to establish a violation of that section of the Act, a plaintiff must satisfy four requirements: 1) he is a handicapped individual as defined by the Rehabilitation Act, 2) he is otherwise qualified for participation in the program, 3) the program receives federal financial assistance, and 4) he was denied the benefits of the program solely because of his handicap.  *Id.* at 1257.

The court in *Mallett* stated that an "otherwise qualified" individual is one who, in spite of his handicap, can meet all of the requirements of the program.  *Id.*  Further, the plaintiff in that case would not be eligible for services but for his handicap, given that the only individuals served by the Division of Vocational Rehabilitation are handicapped.  *Id.* Finally, the court ruled that unless the plaintiff could show that a non-handicapped

---

[1] The Eleventh Circuit Court of Appeals has also stated the following:

> To permit a plaintiff to sue both under the substantive statutes that set forth detailed administrative avenues of redress as well as §1983 would be duplicative at best; in effect, such a holding would provide the plaintiff with two bites at precisely the same apple.  We conclude that a plaintiff may not maintain a §1983 action in lieu of—or in addition to—a Rehabilitation Act or ADA cause of action if the only alleged deprivation is of the employee's rights created by the Rehabilitation Act and the ADA. *Holbrook v. City of Alpharetta, Georgia,* 112 F.2d 1522, 1531 (11th Cir 1997).

Likewise, the Plaintiff's addition of a §1983 claim is improper in the instant case to the extent that it purports to involve her rights under the Rehabilitation Act of 1973 and the Americans with Disabilities Act.  Such claims are duplicative and are properly dismissed.

individual received services denied to an "otherwise qualified" handicapped individual, he could not raise a claim of discrimination based on disability under §504.  *Id.*

Likewise, the Plaintiff in this case makes an unusual claim of discrimination based on disability against an entity whose primary responsibility is to service the disabled.  The Plaintiff would only be qualified for services with the Division of Vocational Rehabilitation due to her disability and the program's function of helping the disabled achieve employment.  The Plaintiff has failed to show that non-disabled individuals received the benefits she seeks and that she, as an "otherwise qualified" disabled individual, was denied those benefits.  Accordingly, the Plaintiff failed to state sufficient facts to establish a prima facie case of discrimination based on disability as the same reasoning would apply to any claims Plaintiff may believe she has alleged under the Americans with Disabilities Act (ADA).

**D.**     **The Magistrate Judge correctly ruled the Plaintiff failed to allege specific facts to establish a prima facie case of discrimination on the basis of race .**

The Magistrate Judge also correctly ruled that the Plaintiff failed to state specific facts to establish a prima facie case of racial discrimination.  (See Defendant Department of Education's Motion to Dismiss, Docket #30).  Sifting through the incomprehensible narrative in Plaintiff's amended complaint one cannot find any facts alleged that actually state that Plaintiff's denial was based in any way on her race.  There are numerous statements about the qualifications and allegedly faulty and even fraudulent behavior on the part of those charged with performing her evaluation.  However, there are no facts alleged that would in any way indicate that the Plaintiff could prove any set of facts

showing she was discriminated on the basis of her race.  In fact, she never actually alleges that she is a member of a protected class.

Indeed, Plaintiff's argument in her objection to the Magistrate's order further clarifies that she is not alleging a claim of racial discrimination.   In listing the elements of her claim of racial discrimination, she states as proof that "…the Plaintiff received a denial letter from the Florida Department of Education/Division of Vocational Rehabilitation which stated the Plaintiff did not qualify for VR services because her disability was too severe (a finding based solely from an erroneous and illegal Psychological Evaluation)".  This is not a claim of racial discrimination but an allegation that her denial was based on an allegedly invalid evaluation.  Accordingly, any claims of racial discrimination that Plaintiff believes she has alleged are properly dismissed.

**E.**      **Defendant Department of Education and its employees in their official capacities are immune from suit under 42 USC §1983 as the state has not waived its sovereign immunity under that statute.**

The State of Florida has not waived its sovereign immunity from claims arising under 42 U.S.C. §1983.  Case law establishes that a state and its officials cannot be sued under a §1983 claim.

In determining a case brought by a Michigan state employee against the Department of State Police and its director under §1983, the United States Supreme Court ruled that the Eleventh Amendment bars such suits against the state unless it has specifically waived its Eleventh Amendment immunity.  *Will v. Michigan Department of State Police,* 109 S.Ct. 2304, 2309 (1989).  The Court further stated that suits against state officials in their official capacities are not suits against the official, but against the

official's office, and as such, are no different than a suit against the state itself. *Id.* at 2312.

There is no spending clause that abrogates or waives sovereign immunity under §1983. Consequently, the Plaintiff's §1983 claims against Defendants Department of Education, David Givens, and Judith Whitaker are properly dismissed.

**F.      The Magistrate Judge correctly dismissed the Plaintiff's claims of fraud, negligence and slander.**

The Magistrate Judge properly dismissed the Plaintiff's fraud, negligence and slander claims. Given the confusion and insufficiency of Plaintiff's amended complaint as it relates to any potential federal claim, the Magistrate Judge properly dismissed the Plaintiff's state law claims for lack of jurisdiction.

**WHEREFORE**, Defendants, the Florida Department of Education, David Givens, and Judith Whitaker, in their official and individual capacities, respectfully request that this Honorable Court overrule the Plaintiff's Objection to the Magistrate's Report and Recommendation filed September 24, 2004 for the grounds set forth above.

Respectfully submitted,


_____/s/  Michael D. Kooi_____
**MICHAEL D. KOOI**
Assistant General Counsel
Florida Bar No. 0089710
**ELANA J. JONES**
Assistant General Counsel
Florida Bar No. 0078999
Florida Department of Education
325 W. Gaines Street, Suite 1244
Tallahassee, Florida 32399-0400
Telephone No.: (850) 245-0442
Facsimile No.:  (850) 245-9379

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to **Lisa Hamilton**, 4470 Scenic Lake Drive, Orlando, Florida 32808, **George Indest** and **Jason Harr**, Esquire, 220 East Central Parkway, Suite 2030, Altamonte Springs, Florida 32701, **Karen Montos-Coleman** and **Michael R. Jackson**, Esquire, Conroy, Simberg, Ganon, Krevans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801, via U.S. Mail on this **12th** day of **October,** 2004.


_____/s/  Michael D. Kooi_____

**MICHAEL D. KOOI**
Assistant General Counsel
**ELANA J. JONES**
Assistant General Counsel