FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

04 NOV -1  PM 3: 15

CLERK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LISA HAMILTON                                             CASE NO. 6:04-CV-636-ORL-28JG

 Plaintiff

vs.

The Florida Department of Education/
Division of Vocational Rehabilitation,
Judy Whitaker,David Givens,Joyce A. Wells,
David Bogert and Dr. Leonard Skizynski

        Defendants

## SECOND AMENDED COMPLAINT

1. The Plaintiff is a Citizen of the United States of America.

2. The Plaintiff is an African-American (protected class).

3. The Plaintiff is a Disabled Individual under Federal and State Law (protected class).

4. The Plaintiff brings this suit against Defendant, The Florida Department of Education/Division of

Vocational Rehabilitation Services, for being deliberately indifferent to the fact that Disabled African-

Americans are and have been for years under-served, under-represented and denied access to State of

Florida Vocational Rehabilitation Services at a significant statistical higher rate than any other racial group.

5. The Defendant Florida Department of Education/Division of Vocational Rehabilitation has

adopted this custom through a pattern of negligent hiring and background checks of Vendor Credentials, Fraud in Medical/Psychological/Learning Assessment results, a failure to adequately Supervise, and a failure to adequately train their employees on the disparity detailed in Point 4 above as it relates to Disabled African-Americans.

6. The actions of the Defendant, The Florida Department of Education/Division of Vocational Rehabilitation, in adopting these patterns through their inaction all "under the color of state law" constitutes an ordinance, regulation, custom, usage, or policy for purposes of 42 U.S.C. § 1983, which renders the Defendant, The Florida Department of Education/Division of Vocational Rehabilitation, liable for actual damages for the intentional violation of Plaintiff's Civil Rights that are Guaranteed by the Constitution of the United States Of America.

7. Although Plaintiff is not required by law to exhaust administrative remedies before bringing a private suit under 42 U.S.C 1983 , Title II of Americans with Disabilities act or 504 of Rehabilitation Act of 1964 - Plaintiff, Lisa Hamilton, has exhausted an administrative remedy available to the Plaintiff through contact with Roy Cosgrove, an Officer of the Ombudsman's Office for the Florida Division of Vocational Rehabilitation. Plaintiff received no relief through many contacts with the Ombudsman's Office.

## JURISDICTION

8. This action arises under the Constitution of the United States of America and the provisions of 42 U.S.C. § 1983.

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 (a), and pursuant to 42 U.S.C. § 1983.

10. The State of Florida; it's agency - Defendant, The Florida Department of Education/Division of Vocational Rehabilitation Services; Agency Employees - Defendants, Judy Whitaker and David Givens;

and Contract Vendors - Defendants Joyce A. Wells, David Bogert and Leonard Skizynski **all** as State

Actors have waived their immunity from suit in Federal Court for the intentional actions to Deprive

Plaintiff of a Constitutional right of access to Federally Funded programs and to be free from

Discrimination in the disbursement of such funding.

11. Under the Spending clause Congress has validly abrogated a State's Immunity, its Agencies,

Employees and Contract Vendors who agree to be paid from such funding. A State and its Agencies

waives its immunity from suit in Federal Court through their Acceptance of Federal Funds.

12. Immunity can not be used as a defense by the Defendants.

13. The Contract Vendors have lost their qualified immunity when they violated clearly established

Constitutional Laws of which a reasonable person should have known.

## VENUE

14. Venue is proper in the Middle District of Florida Orlando Division in that all claims alleged by

Plaintiff arose in Orange County, Florida and the Plaintiff resides in Orange County, Florida.

## PARTIES

**PLAINTIFF**

Lisa Hamilton
4402 Dunwoody Place
Orlando Florida, 32808
321-287-1747

**DEFENDANTS**

The Florida Department of Education, Division of Vocational Rehabilitation Services / Judy Whitaker / David Givens
325 West Gains Street, Suite 1244
Tallahassee, Florida 32399

Joyce A. Wells/ David Bogert
CONROY, SIMBERG, GANON

KREVANS & ABEL, P.A.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801

Dr. Leonard Skizynski
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701

## Count 1
### Violation of 42 U.S.C 1983
### Disability Discrimination ADA Title II

### All named Defendants

15. On September 2, 2003, the Plaintiff Lisa Hamilton applied for Vocational Rehabilitation Services

with The Defendant, Florida Department of Education/Division of Vocational Rehabilitation Services in

Orlando, Florida located at 3191 Maguire Blvd.

16. The Plaintiff's Vocational Rehabilitation Counselor was Judy Whitaker who conducted this

initial interview of the Plaintiff's eligibility for Vocational Rehabilitation Services on September

2, 2003.

17. The Plaintiff brought to this September 2, 2003 interview documented proof from the

United States Social Security Administration showing Plaintiff's SSDI recipient status and more

than 200 pages of medical data from various Doctors affirming Plaintiff's Disability which

Plaintiff gave to Judy Whitaker to be made part of the Plaintiff's Vocational Rehabilitation file.

18. Even though the Plaintiff was legally eligible for Vocational Rehabilitation Services, the

Defendant, The Florida Department of Education/Division of Vocational Rehabilitation Services

Denied the Plaintiff Lisa Hamilton access to and participation in a Federally Funded program.

COUNT 2
**DELIBERATELY INDIFFERENT**
**Defendant's**
The Florida  Department of   Education/Division of Vocational Rehabilitation Services,
Judy Whitaker and David Givens

19. The Defendant Judy Whitaker admitted in this September 2, 2003 meeting with the Plaintiff
that Vocational Rehabilitation Services has helped others in the past with starting a business.
Defendant Judy Whitaker mentioned one individual in particular wanted to start their own
business and the Orlando Vocational Rehabilitation Office approved a twenty five thousand
dollar IPE Plan for this individual to attend "Full Sail"  - a School of Music - so the individual
could start their own music production business but that the Plaintiff Lisa Hamilton was not
entitled to the same access to Services as said individual.

20. In this September 2, 2003 Interview Defendant Judy Whitaker asked the Plaintiff if she
would like to become a Teacher instead of starting her own business and if so then VR could
help the Plaintiff in this respect by assisting the Plaintiff in applying for Financial aid to attend
College.

21. The Defendant Judy Whitaker stated to the Plaintiff in this September 2, 2003 interview
that owning a business was not an option available to the Plaintiff and assistance with paper
work for Financial aid was the only help Defendant, The Florida  Department of
Education/Division of Vocational Rehabilitation Services, could and would provide to the
Plaintiff.

22. In this September 2, 2003 Interview the Defendant Judy Whitaker Informed the Plaintiff

Lisa Hamilton of another service VR could provide to the Plaintiff if the Plaintiff agreed to

become a Teacher  - this being a five hundred dollar voucher to Sears Department store

located directly across the street from the Orlando VR office.

23. In this September 2, 2003 Interview the Defendant Judy Whitaker introduced the Plaintiff to

a woman who would personally take the Plaintiff shopping at Sears Department Store if the

Plaintiff agreed to become a Teacher.

24. In this September 2, 2003 Interview the Plaintiff did not agree to Defendant Judy

Whitaker's conditional terms of Vocational Rehabilitation Service contingent on becoming a

Teacher but again insisted on getting help with her business.

25.  In this September 2, 2003 Interview the Defendant Judy Whitaker viewed the Plaintiff's

accomplishments thus far, listened to two of the Plaintiff's songs "American Bird" and "Willing

to try" and complimented the Plaintiff on her song writing skills and singing voice.

26. In this September 2, 2003 Interview Defendant Judy Whitaker excused herself from the

Interview and made it very clear to the Plaintiff Lisa Hamilton that if she wanted to go to school

to teach the Plaintiff was eligible for certain services - but if the Plaintiff wanted to be a

business owner the Plaintiff was ineligible all-together for Vocational Rehabilitation Services.

27. The United States Congress has documented this Disparity in Service as it relates to

African-Americans and as recently as September 2003 the Defendant, The Florida Department

of Education/Division of Vocational Rehabilitation Services, was on the United States

Government's "HIGH RISK" List in danger of losing their Federal Funding from the

Government for this Disparity in Service as it relates to African-Americans.

28. The Florida Department of Education/Division of Vocational Rehabilitation Services Policy

makers have been alerted to this Racial Disparity and sit idly by year after year and watch

Discrimination after Discrimination, Denial after Denial  and Complaint after Complaint and do

nothing - being **Deliberately Indifferent**  to the needs of Disabled African-Americans as it

relates to Vocational Rehabilitation Services and the Constitutional right of Disabled African-

Americans to have equal access as their White counterparts who have a significantly less

statistical Disability ratio than African-Americans or any other racial group.

**COUNT 3**
**Violation OF 42 U.S.C 1983**
**14th Amendment Right**
All Named Defendants

29. The next three weeks after September 2, 2003 the Plaintiff did not receive any

correspondence through the mail or a phone call from Defendant, The Florida Department of

Education/Division of Vocational Rehabilitation Services, or Judy Whitaker since Plaintiff

initiated the September 2, 2003 Interview with Defendant, Judy Whitaker.

30. In September 2003 the Plaintiff initiated a phone call to Defendant Judy Whitaker to inquire

of the delay in officially rendering the Plaintiff eligible or ineligible for VR Services. The Plaintiff

was cut short in the phone discussion and the Defendant Judy Whitaker refused to set up an

appointment for the Plaintiff.

31. The Plaintiff contacted Defendant Judy Whitaker over the course of September 2003 and

every time the Defendant Judy Whitaker failed to schedule an appointment for the Plaintiff but

the Defendant Judy Whitaker succeeded at verbally abusing the Plaintiff by yelling at the

Plaintiff over the phone that "you are becoming very annoying", "you are very aggressive",

"you are not a client but an applicant".

32. After September 2, 2003 the Plaintiff contacted by phone the Ombudsman Office of the Florida Department of Education/Division of Vocational Rehabilitation Services which acts as a third party when an applicant feels unequal treatment has manifested its ugly little head during the early stages of the Vocational Rehabilitation process - an Administrative remedy in place to combat issues before they become problems.

33. In this September 2003 conversation Plaintiff had with Roy Cosgrove from the Ombudsman's Office the Plaintiff informed Mr. Cosgrove of the lack of communication Plaintiff was receiving from the Orlando Division of VR  and the treatment the Plaintiff had received from Defendant Judy Whitaker thus far was discriminatory.

34. The Plaintiff spoke with Mr. Roy Cosgrove through out the entire process attempting to gain access to Vocational Rehabilitation Services which was unsuccessful. The Plaintiff was Denied Participation in the Vocational Rehabilitation program.

**COUNT 4**
**Violation of  42 U.S.C. 19**
**RACE DISCRIMINATION**
All Named Defendants

35. The Plaintiff had an initial interview with Defendant Judy Whitaker on September 2, 2003 and only through the persistence of the Plaintiff and intervention of the Ombudsman office through Mr. Roy Cosgrove did Plaintiff finally receive a phone call the last week of September 2003 from Defendant Judy Whitaker.

36. Defendant Judy Whitaker scheduled an October 2, 2003 follow-up Interview one month after the Plaintiff's initial contact with Defendant Judy Whitaker.

37. The Plaintiff arrived to this October 2, 2003 follow-up Interview with Defendant Judy

Whitaker at the Orlando VR office at 3191 Maguire Blvd. and was directed to Defendant Judy

Whitaker's office. The Plaintiff was informed by Defendant Judy Whitaker that her Supervisor,

Defendant David Givens, would be joining the discussion.

38. The October 2, 2003 follow-up Interview in Judy Whitaker's office consisted of the Plaintiff

Lisa Hamilton, Defendant Judy Whitaker and Defendant David Givens.

39. In this October 2, 2003 follow-up Interview the Plaintiff again expressed her desires to

operate her own business and was once again told by Defendant Judy Whitaker that the

Defendant, The Florida Department of Education/Division of Vocational Rehabilitation

Services, could not assist the Plaintiff in her desire to become self-sufficient in employment.

40. In this October 2, 2003 follow-up Interview Defendant David Givens' first statement to the

Plaintiff was "we don't give you people money".

41. In this October 2, 2003 follow-up Interview Defendant Judy Whitaker and Defendant David

Givens emphatically inform the Plaintiff that the Orlando Division of VR  will not under any

circumstances help the Disabled African -American Plaintiff with working for herself.

42. In this October 2, 2003 follow-up Interview the Plaintiff shows Defendants Judy Whitaker

and David Givens a memo mailed to the Plaintiff from Tallahassee law makers concerning a

circular that was distributed to every VR Service provider who accepts federal funding in the

United States of America.

43. In this memo Plaintiff presented in this October 2, 2003 meeting to Defendants Judy

Whitaker and David Givens the Plaintiff specifically pointed out three issues pertaining to

Plaintiff's situation that was passed by the United States Congress years earlier and still in

effect as of October 2, 2003 pertaining to State-Federal Vocational Rehabilitation programs

and starting a business which were:

a) "Right of Choice";

b) Starting a business as "a possible outcome" in VR services;

c) Examples given by Congress of options available to the State VR program if someone

chooses to "start a business" as a viable outcome in the VR program.

44. In this October 2, 2003 follow-up Interview Defendant Judy Whitaker and David Givens

both stated "I never saw this information before" referring to the memo the Plaintiff presented

and asked the Plaintiff if they could make a copy.

45. In this October 2, 2003 follow-up Interview Defendants David Givens and Judy Whitaker

left the room together to make a copy of the memo presented by the Plaintiff.

46. In this October 2, 2003 follow-up Interview Defendant's David Givens and Judy Whitaker

returned together to the room where the Plaintiff lay waiting and handed the Plaintiff the

original copy of the memo and told the Plaintiff they wanted a Psychological done on the

Plaintiff.

47. Defendants Judy Whitaker and David givens intentionally conspired together a plan that

would render the Plaintiff insane with the end result to deny Plaintiff from Participating in and

Benefiting from a Federally Funded program through fraud.


**COUNT 5**
**VIOLATION OF 42 U.S.C 1983**
**Civil Conspiracy**
**All Named Defendants**

48. Even though Defendants Judy Whitaker and David Givens in this October 2, 2003 follow-

up Interview were in possession of Plaintiff's medical history and SSDI status as a Disabled

Individual as defined by Congress and State and Federal Law,  Defendants Judy Whitaker and

David Givens demanded  Plaintiff have a Psychological done to determine the Plaintiff's

eligibility for VR Services which discriminatorily imposed a different criteria on

the Plaintiff for eligibility which was not used on other non-African-Americans in the same

situation.

49. In this October 2, 2003 follow-up Interview Defendants Judy Whitaker and David Givens

informed the Plaintiff that in order for VR to help the Plaintiff she would need to agree to this

Psychological Evaluation by Defendant Joyce A. Wells  - an individual Plaintiff **never** heard of

before prior to October 2, 2003 who is an un-licensed Psychologist in the State of Florida.

50. Out of **all** the Vendor Contractors licensed to practice Psychology in the State of Florida

available to Defendants Judy Whitaker and David Givens to conduct a Psychological

Evaluation on the Plaintiff, Defendants Judy Whitaker and David Givens demand the Plaintiff

be Psychologically Evaluated by their **un-licensed** neighbors,  Defendant Joyce A. Wells and

David E. Bogert (who are Husband and Wife), who undoubtedly are personal friends of

Defendants Judy  Whitaker and David Givens who all reside in the same

small community of St. Cloud, Florida and whom all work in the city of Orlando, Florida.

51. In this October 2, 2003 follow-up Interview Defendants David Givens and Judy Whitaker

stated that Joyce A. Wells was a State of Florida licensed Psychologist with her own

Independent practice in Kissimmee, Florida.

52. In this October 2, 2003 follow-up Interview Defendants David Givens and Judy Whitaker

stated that Joyce A. Wells is a Vendor Contractor with the Defendant, Florida Department of

Education/Division of Vocational Rehabilitation Services, and is paid to render Psychological

Evaluations for their clients.

53. On October 2, 2003, Defendants Florida Department of Education/Division of Vocational

Rehabilitation Services, Judy Whitaker and David Givens set up the Psychological Evaluation

appointment for the Plaintiff with Defendants Joyce A. Wells and David Bogert for October 9,

2003.

54. On October 9, 2003 the Psychological Evaluation of the Plaintiff  was administered on the

premises of the Orlando Vocational Rehabilitation Services located at 3191 Maguire Blvd by

Defendants Joyce A. Wells and David E. Bogert  - the Owners of Comprehensive Behavioral

Health located at 3359 W. Vine Street, Suite 104 Kissimmee, Florida 34741.

55. On October 14, 2003 Defendants Joyce A. Wells and David Bogert administered the

second portion of the Psychological Evaluation on the Plaintiff Lisa Hamilton on the premises

of the  Orlando Vocational Rehabilitation Services located at 3191 Maguire Blvd.

56. On November 17, 2003 the Plaintiff was contacted by Defendant Judy Whitaker that the

Plaintiff's Psychological Evaluation was in and scheduled the Plaintiff an appointment for

November 19, 2003 to inform Plaintiff of her eligibility status - **75 days** after the Plaintiff's initial

application for service on September 2, 2003.

57. On November 19, 2003 the Plaintiff was verbally notified for the third time by Defendants

Judy Whitaker and David Givens of the Plaintiff's ineligibility for VR Services but this time the

sole basis of Plaintiff's ineligibility was due to the Psychological Evaluation results administered

by Defendants Joyce A. Wells and David  Bogert which rendered the Plaintiff mentally unstable

and mentally insane and incapable of benefiting from Vocational Rehabilitation Services.

58. On November 19, 2003 the Plaintiff was given a nine page, **unsigned**, stapled Document

titled  "PSYCHOLOGICAL/LEARNING DISABILITY ASSESMENT" accompanied with

Defendants Joyce A. Well's and David Bogert's names typed on the front  of the document and

Defendant's Joyce A. Wells' name on the last page with "(PSY.D Licensed Psychologist PSY18387" following - in clear violation of Florida State law because "PSY18387" **is a California only** License number which is non-transferable due to Defendant Joyce A. Wells' School of choice  - Newport University - an **unaccredited** School.

59. On November 19, 2003 the Defendant Judy Whitaker while using insulting language verbally chased the Plaintiff out of the VR office - yelling and screaming at the Plaintiff "Get Out", "Just get out now", "Something is wrong with you"  - all in the presence of her Supervisor, Defendant David Givens, and six other workers in the Orlando VR Office.

60. On November 19, 2003 the Plaintiff was greatly embarrassed by Defendant Judy Whitaker and made to cry while being verbally abused and verbally commanded to leave the Orlando VR Office premises. No one came to the defense or aid of the Plaintiff who was physically shaken by the verbal assault.

61. On November 26, 2003 the Plaintiff received an official denial letter from Defendants, the Florida Department of Education/Division of Vocational Rehabilitation Services and Judy Whitaker exclaiming their position to deny the Plaintiff access to services because Plaintiff's "disability is too severe" according to the **Florida unlicensed** Psychologist Joyce A. Wells and David E. Bogert.

## COUNT 6
### Violation of 42 U.S.C 1983
### FRAUD
### All Named Defendants

62. In December 2003 the Plaintiff Lisa Hamilton learned that Joyce A. Wells and David E. Bogert **are not** Florida Licensed Psychologists.

63. In December 2003 the Plaintiff notified the Defendant Florida Department of Education through Roy Cosgrove and Lydia Grimes of the Ombudsman's Office of Defendants Joyce A. Wells and David Bogert's unlicensed status in Florida to practice Psychology.

64. In response to Plaintiff's assertion of Defendants unlicensed status, the Defendant Florida Department of Education/Division of VR Ombudsman's Office informed the Plaintiff that Defendant Joyce A. Wells has a Supervisor by the name of Leonard Skizynski which legally gives Defendant Joyce A. Wells the right to practice Psychology without a license in the State of Florida.

65. In December 2003 Rebecca Hollister of The Florida Department of Health/Board of Psychology informed the Plaintiff Lisa Hamilton that Defendant Joyce A. Wells applied for Florida Psychology licensure but was denied on October 14, 2003 and Dr. Leonard Skizynski was not, is not and can not be registered as Defendant Joyce A. Wells' Supervisor in the State of Florida because Defendant Joyce A. Wells' Education is Substandard to even work under a Psychologist - let alone Administer Psychological Evaluations - in the State of Florida.

66. The Defendant Joyce A. Wells administers **illegal** Psychological Evaluations for the Defendant, The Florida Department of Education/Division of VR, in clear violation of the law.

67. The Defendant Joyce A. Wells has a **Vendor Contract** with Defendant The Florida Department of Education/Division of VR to administer Psychological Evaluations despite her unlicensed status in Florida.

68. The Defendant David E. Bogert has a **Vendor Contract** with Defendant The Florida Department of Education/Division of VR to administer Psychological Evaluations.

69. The Defendant David Bogert **is not** a Florida Licensed Psychologist.

**Count 7**
**RICO VIOLATION 18 U.S.C 1962**
**MAIL FRAUD**
**All Named Defendants**

70. On June 1, 2004 and June 8, 2004 the Plaintiff Lisa Hamilton served through the United States Marshalls Defendants The Florida Department of Education/Division of Vocational Rehabilitation Services, Joyce A. Wells, David E. Bogert, Judy Whitaker, David Givens and Leonard Skizynski a Civil Complaint in Federal Court for intentionally Discriminating against the Plaintiff through fraud.

71. Unbeknownst to the Plaintiff on April 20, 2004 prior to the commencement of Plaintiff's law suit filed on May 3, 2004, Mr. Robert Patrick from the Social Security Administration requested from Defendant, The Florida Department of Education/Division of Vocational Rehabilitation Services, Plaintiff's Psychological Evaluation administered by Defendants Joyce A. Wells and David E. Bogert as part of a review of Plaintiff's disability.

72. Some time in June, 2004 Defendants The Florida Department of Education/Division of Vocational Rehabilitation Services, Judy Whitaker, David Givens, Joyce A. Wells, David E. Bogert and Leonard Skizynski created an entirely new 4 paged Psychological Evaluation of the Plaintiff Lisa Hamilton 7 months after the Plaintiff was denied access to services and **after** the Defendants were served with Plaintiff's Civil Complaint on 6/01/04 and 6/08/04.

73. Defendants The Florida Department of Education/Division of Vocation Rehabilitation Services, Judy Whitaker, David Givens, Joyce A. Wells, David E. Bogert and Leonard Skizynski **all** illegally certified and mailed this second fraudulent Psychological Document to the United States Government which arrived to SSA on 6/29/04  at 1321 Executive Center Drive Tallahassee, Florida 32399 with all Defendants signatures certifying its legality when in

fact all Defendants knew this Document was fraudulently produced because the

Plaintiff was not present to be evaluated for this second Psychological.

74. The Plaintiff has had no contact with any of Defendants by phone or in person since

November 19, 2003. Plaintiff has never met Defendant Leonard Skizynski face to face.

75. The Plaintiff was not present for this newly revised Psychological Evaluation which was

mailed to Mr. Robert Patrick at the Office of Disability Determination in Tallahassee, Florida at

1321 Executive Center Drive in June, 2004  to defraud the Government into thinking this was

the original Psychological Evaluation completed on the Plaintiff in October 2003 - which again

rendered the Plaintiff mentally unstable and mentally insane.

76. The Defendants The Florida Department of Education/Division of Vocational Rehabilitation

Services, Judy Whitaker, David Givens, Joyce A. Wells, David E. Bogert and Leonard

Skizynski did not mail to the United States Government (SSA) the Psychological Evaluation a

administered by the two Florida unlicensed Individuals - Defendants Joyce A. Wells and David

E. Bogert  - but instead doctored the already fraudulent original Psychological Evaluation

administered by Defendant Joyce A. Wells and David E. Bogert to mail to SSA.


### COUNT 8
### LIBEL/SUIT
### All Named Defendants


77. The Defendants The Florida Department of Education/Division of Vocational Rehabilitation

Services, Judy  Whitaker, David Givens, Joyce A. Wells, David E. Bogert and Leonard

Skizynski produced and published a second fraudulent Psychological Evaluation stating the

Plaintiff suffers from a loathsome mental disorder and is mentally Insane  - **this time <u>signed</u>**

**by Joyce A. Wells**, David E. Bogert and Leonard Skizynski.

78. Defendant Leonard Skizynski post signed this document as original administrator of the Psychological Evaluation and Supervisor to Defendant Joyce A. Wells to cover-up, validate and legitimize Defendants The Florida Department of Education/Division of Vocational Rehabilitation Services, Judy Whitaker, David Givens, Joyce A. Wells, David E. Bogert's criminal and discriminatory actions against the Plaintiff Lisa Hamilton.

79. The Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services paid Defendant Leonard Skizynski  - one of their Contract Vendors who holds valid Florida Psychology licensure - to validate and legitimize their conspiracy to deny the Plaintiff access to VR Services which Defendant Leonard Skizynski did without hesitation which made Defendant Leonard Skizynski a willing participant of the State Actors meeting of the minds.

80. The Defendants The Florida Department of Education/Division of Vocational Rehabilitation Services, Joyce A. Wells, David E. Bogert, Judy Whitaker, David Givens and Leonard Skizynski all conspired together to deprive the Plaintiff of Constitutionally protected rights through **Fraud , intentional race and disability Discrimination, libel, Malpractice and Racketeering (mail fraud)** all as State Actors **"under color of state law" at the behest of** Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services which makes them all  **JOINTLY AND SEVERALLY Liable** for the physical, emotional and Monetary Damages the Plaintiff has and will continue to suffer as a direct result of their actions.

81. Defendants The Florida Department of Education/Division of Vocational Rehabilitation Services, Joyce A. Wells, David E. Bogert, Judy Whitaker, David Givens and Leonard

Skizynski have psychologically scarred the Plaintiff for life. The Defendants actions in this regard has affected the Plaintiff's ability to have her medical records from SSA released to the Plaintiff due to SSA's assessment that the severity of the document material render the Plaintiff mentally unstable and require a responsible and capable individual take possession to explain the erroneous Evaluation it to the Plaintiff. **See Exibits A and B.** Plaintiff seeks Exemplary Damages.

### COUNT 9
### MEDICAL MALPRACTICE
### Defendants
## Dr. Leonard Skizynski, Joyce A. Wells and David Bogert

82. Defendant Dr. Leonard Skizynski was retained by Defendant The Florida Department of Education/Division of VR to administer a Psychological  evaluation of the Plaintiff without ever meeting the patient or interviewing the patient professionally in a Doctor-Client setting.

83. The Defendant Dr. Leonard Skizynski not only created a fraudulent report of the Plaintiff but knowingly and intentionally violated State and Federal laws by doing so without regard to the health or safety of the Plaintiff - which could have landed the Plaintiff institutionalized in a mental ward due to this fraudulent evaluation - affecting her entire family and future mental state. This fraudulent report mailed to SSA with its erroneous findings threatens the Plaintiff's status with SSA to manage her own  funds without a Representative being appointed by the Government. The Defendants have convinced SSA that the Plaintiff is mentally unstable and is incapable of personally reviewing Plaintiff's own medical records.

84. Counsel Elona Jones for Defendants Judy Whitaker and David Givens state Defendants Judy Whitaker and David Givens deny the existence of this second Evaluation or mailing anything pertaining to the Plaintiff to SSA.

85. The Defendant Leonard Skizynski shares an Office with Defendants Joyce A. Wells and David Bogert at 3359 W. Vine St., Kissimmee, Florida.

## REMEDIES

The Plaintiff has established a pattern of Racketeering Activity by Defendant, The Florida Department of Education/Division of Vocational Rehabilitation Services, against African-American Disabled Individuals through mail fraud, fraudulent medical reports and by **paying** Defendants like Leonard Skizynski, Joyce A. Wells and David E. Bogert with Federally funded funds to produce these fraudulent documents and Medical reports that deny African-Americans access  - then mail these Fraudulent Documents and Medical reports to the Social Security Administration through the United States Postal Service - a Violation of Racketeering Influence and Corrupt Organization Act 18 U.S.C. 1962(c) and 18 U.S.C. 1341 mail fraud. The Plaintiff seeks **treble Damages** and Attorney fees as a pro se litigant.

Each of the Defendants acted Individually and in Concert with the State entity directly participating and contributing in a plan designed to deny the Plaintiff access in a  federally funded program. Therefore, the Plaintiff demands damages against the Defendants The Florida Department of Education/Division of Vocational Rehabilitation Services, Joyce A. Wells, David E. Bogert , Judy Whitaker, David Givens and Leonard Skizynski JOINTLY and SEVERALLY and each of the named Defendants above are being sued in their **Individual and Professional Capacities**. Wherefore Plaintiff Prays for the Following Relief:

## INJUNCTIVE RELIEF

An Order from the Court to all  Defendants named above  to submit a letter to the Social

Security Administration and the Plaintiff Lisa Hamilton retracting the Psychological Evaluation

from the Plaintiff's records and admitting the Documents were fraudulently produced and

untrue.

An Order from the Court halting Defendants Joyce A. Wells, David E. Bogert, Judy

Whitaker, David Givens from having any professional contact with the eligibility decision

making process of African-American Disabled applicants effective immediately.

An Accounting of the money paid by The Florida Department of Education/Division of VR –

as to when, who and how much  - for the illegal and erroneous Psychologicals PERFORMED

by Joyce A. Wells, David E. Bogert and the second one Performed by Leonard Skizynski.

Restitution of the money paid to Defendants Joyce A. Wells, David E. Bogert and Leonard

Skizynski for these illegal Psychological Evaluations performed on the Plaintiff to be refunded

back to the Government.

An Investigation started into the Financial records of the Orlando Vocational Rehabilitation

Services as to the Disparity in Service and money spent on African-Americans and the Denial

rate of Disabled African-American individuals who were eligible for VR Services.


## MONETARY DAMAGES

The Plaintiff seeks Compensatory Damages of 9 Million Dollars **Jointly and Severally** as to all

said Defendants.

The Plaintiff seeks Punitive Damages of 20 Million Dollars **Jointly and Severally** as to all said

Defendants.

at their hands the Plaintiff seeks an additional 1 Million Dollars **in Exemplary Damages** as to

all Defendants Severally and any other remedies the Court finds just and equitable.

**I certify that copies have been certified mailed to all parties involved on this day November 1, 2004.**

**Sincerely,**

**Lisa Hamilton**

1.) The Florida Department of Education
Division of Vocational Rehab
325 West Gaines Street, Suite 1244
Tallahassee, FL 32399

2.) Joyce A. Wells & David E. Bogert
Conroy, Simberg, Ganon, Krevans & Abel
P. A.
Two South Orange Avenue
Suite 300
Orlando, FL 32801

3.) Dr. Leonard Skizynski
The Health Law Firm
220 East Central Parkway
Suite 2030
Altemonte Springs, Florida 32701

FLORIDA DEPARTMENT OF

# HEALTH

*EXHIBIT A,*

Jeb Bush
Governor

John O. Agwunobi, M.D., M.B.A., M.P.H.
Secretary

**Office of Disability Determinations**
**1321 EXECUTIVE CENTER DRIVE - TALLAHASSEE, FL 32399-2350**

H9 ZPATRIR / zpatrir 04/20/2004          July 13, 2004                    20040713302754
                                                                           9121288

LISA HAMILTON                                    CASENBR: 9121288
4470 SCENIC LAKE DR
ORLANDO, FL 32808

This office is responsible for developing medical evidence in connection with your
Social Security Administration disability claim.

After reviewing your file, we find that we need some important information in
order to properly evaluate your claim. Please call me as soon as possible between
the hours of 9:00 AM and 4:00 PM, Monday thru Friday.

If we do not hear from you within ten days from the date of this letter, your
claim may be unnecessarily delayed or a decision may be made on your claim based
on the information currently in your file. Because we are missing some important
information, this could result in a finding that you are not eligible for
disability benefits.

- - Per our telephone today, this is to verify that I requested your records
  from Vocational Rehabilitation at 3191 Maguire Blvd in Orlando on 04/20/04.
  These records were received 06/29/04 and resulted in a continuation of your
  checks. This is not to certify the contents of these records as your folder
  is not currently in our office. I am in the process of getting the Office of
  Disability to return your folder to the Orlando, FL Social Security office.


                                         Sincerely,
                                         R. PATRICK
                                         Medical Disability Adjudicator


Fax Number: LOCAL   1 866 468-7776 or Toll Free Fax Number: 1-866-468-7776
            PHONE: TOLL FREE 1-888-846-1998 or 205-801-2419, EXT
M-40 D0040



Southeastern Program
Service Center
2001 Twelfth Avenue North
Birmingham, Alabama 35285

September 29, 2004                                    Refer To:  S2D45A8

*EXHIBIT B*

LISA HAMILTON
4470 SCENIC LAKE DR
ORLANDO FL 32808

Dear Ms. Hamilton:

You asked for copies of medical records from the Department of Vocational Rehabilitation. We have reviewed the records and decided that we must give them to your attorney or someone you choose who will review and discuss the information with you. Because this is medical information, we prefer you choose a doctor or health worker if you do not have an attorney.  You can name any responsible individual who is capable of explaining the information to you.

You phone request for this information indicated you have a law suit pending, your attorney can request this information, with your written permission.

Please send us a signed statement which gives us the name and address of the person you want to receive your medical information. You may use the office address shown above to send us this information.  Please sign and date the statement giving us permission to provide the medical information you requested. You may use the address shown above to send us this information.

If you have any questions, you may call, write, or visit any Social Security office.  If you call or visit our office, please have this letter with you.

Sincerely,

Quittie C. Wilson
Assistant Regional Commissioner
Processing Center Operations