045900

```
              UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    ORLANDO DIVISION

              CASE NO. 6:04CV-636-ORL-28JG
                        MAGISTRATE:
```

LISA HAMILTON,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF
EDUCATION, DIVISION OF
VOCATIONAL REHABILITATION
JUDY WHITAKER; DAVID
GIVENS; JOYCE A. WELLS;
DR. LEONARDO SKIZYNSKI;
and DAVID BOGERT,

    Defendants.

_____/

## DEFENDANT DAVID E. BOGERT'S
## MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

    COMES NOW Defendant, DAVID E. BOGERT, by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted, the grounds supporting this Motion are fully set forth in the following Memorandum of Law:

    1.   Plaintiff, LISA HAMILTON, filed the Amended Complaint on May 21, 2004.  In her 13-page Amended Complaint,

CASE NO. 6:04CV-636-ORL-28JG

Plaintiff asserted allegations against the Florida Department of Education Division of Vocational Rehabilitation, Dr. Joyce A. Wells, Dr. Leonard Skizynski, Mr. David Givens, Mrs. Judy Whittaker and Mr. David E. Bogert. The Court subsequently dismissed her complaint and arised to address all deficiencies within same.

      2.   Plaintiff has subsequently filed a Second Amended Complaint. Within the Second Amended Complaint, Plaintiff attempts to assert over 11 causes of action against the Defendants including alleged violations of her civil rights under 42 USC §1983, a claim for deliberate indifference, a claim for civil rights violation under the 14th Amendment of the United States constitution, a claim for discrimination under 42 USC § 19[83], civil conspiracy, fraud, RICO violations under 18 USC 1962, libel, medical malpractice and finally a claim seeking injunctive relief.

      3.   Furthermore, relative to her remedies, pro-se Plaintiff is seeking over $30 million dollars as well as attorneys fees. She is seeking $9 million in compensatory damages; 20 million in punitive damages, unspecified treble damages; and $1 million in exemplary damages.

      4.   However, nowhere in Plaintiff's complaint does she provide any basis or allegations to satisfy the elements of any of the causes of action.

CASE NO. 6:04CV-636-ORL-28JG

5.   Plaintiff has once again listed her version of events without any information to determine whether her claims have the requisite elements to survive a Motion to dismiss.

6.   Furthermore, Based on the information provided, in the second Amended Complaint.  Defendants are unable to formulate an appropriate answer and affirmative defenses.

## MEMORANDUM OF LAW

The function of pleadings under the Federal Rules is to give fair notice of a claim asserted so as to enable the adverse party to answer and prepare for trial, to allow for application of doctrine of *res judicata*, and to show type of case brought so it may be assigned to a proper form of Trial; test is whether pleading gets notice in State's elements of claim plainly and succinctly and not whether its abstract matter it states conclusions or facts. Burkhart v. Allson Realty Trust, 363 F. Supp 1286 (N.D. Ill. 1973). Although the pleadings of a pro se litigant are to be held to less stringent standards than those drafted by an attorney a pro se litigant must still meet minimal pleading standards.  Olsen v. Lane, 832 F. Supp 1525 (M.D. Fla. 1993).  This Court has held that it is possible that a claim is submerged somewhere in the anfractuous prose that comprises a Complaint, but when no such claim is readily apparent a Motion to Dismiss is applicable.  See

CASE NO. 6:04CV-636-ORL-28JG

Kleinschmidt v. Liberty Mutual Insurance Company, 142 F.R.D. 502 (S.D. Fla. 1992); Olsen at 1527.  Pro se litigants are not allowed to simply include conclusory allegations and unwarranted deductions of fact to be accepted as true.  Mann v. Hillsborough County Sheriff's Department, U.S. Dist. Lexis 9346 (M.D. Fla. 1996).

In the instant case Plaintiff has again failed to not only provide a basis for the Court's jurisdiction as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure, but also failed to provide a short and plain statement of the claim against Defendant BOGERT that shows that the pleader is entitled to relief. Plaintiff's allegation merely provides a narrative of her version of the events with only scant references to Defendant BOGERT.

As noted, Plaintiff has brought forth claims against Defendant BOGERT for alleged violations of her civil rights under 42 USC §1983, a claim for deliberate indifference, a claim for civil rights violation under the 14th Amendment of the United States constitution, a claim for discrimination under 42 USC § 19[83], civil conspiracy, fraud, RICO violations under 18 USC 1962, libel, medical malpractice and finally a claim seeking injunctive relief.

**COUNT I**
**Violation of 42 USC §1983 Disability Discrimination ADA Title II**

In Count I of the Second Amended Complaint Plaintiff is

-4-

attempting to state a claim under 42 USC § 1983. Within the four paragraphs that comprise this count, Plaintiff does not identify what her disability or provide any information as to her "disabled" status.

42 USC §1983 gives remedy-action at law, suit in equity, or other proper proceeding for redress to parties deprived of constitutional rights, privileges, and immunities by official's abuse of his position. Monroe v Pape,365 US 167, 5 L Ed 2d 492, 81 S Ct 473 (1961).

In order to state claim for deprivation of rights under 42 USCS  1983, plaintiff must show that (1) conduct complained of was committed by person acting under color of law; (2) defendants' conduct in fact deprived them of rights, privileges or immunities secured by Constitution or laws of United States; (3) defendants' conduct caused deprivation of federal constitutional rights; and (4) defendants' conduct must have been intentional, grossly negligent, or must have amounted to reckless or callous indifference to constitutional rights of others. Neris v. Vivoni, 249 F Supp 2d 146 (2003 DC Puerto Rico).

Plaintiff has not plead any of the elements necessary to survive a motion to dismiss relative Count I of the Second Amended Complaint, therefore same must be dismissed.

CASE NO. 6:04CV-636-ORL-28JG

### Count II
### Deliberate Indifferent

Plaintiff has attempted to state a cause of action for "deliberately indifferent". However, deliberately indifferent is an element of a 42 USC 1983 claim. However, if Plaintiff is attempting to assert an additional cause of action, Defendant cannot tell same and therefore, cannot respond to same. Furthermore, no mention is made as to how Defendant BOGERT was in any way deliberately indifferent to Plaintiff. Moreover, there is not even mention of Defendant BOGERT within the Count. Therefore, Count II of the Second Amended Complaint must be dismissed.

### Count III
### Violation of 42 USC 1983 14th Amendment Right

Count III is Plaintiff's attempt at making a claim for the alleged violation of her 14th Amendment rights. The 14th Amendment of the Unites States Constitution provides that no State shall deprive any person of life, liberty, or property, without due process of law. It is unclear from Plaintiff's Second Amended Complaint how Plaintiff's rights were violated without due process. Furthermore, there is once again no reference to Defendant, BOGERT, within the paragraphs that comprise Count III. Therefore, Defendant cannot determine what actions undertaken by Defendant BOGERT

CASE NO. 6:04CV-636-ORL-28JG

violated her civil rights. Therefore, Count III of the Second Amended Complaint must be dismissed.

## Count IV
## Violation of 42 USC 1983 Race Discrimination

Count IV attempts to make a claim for race discrimination. However, once again, Plaintiff failed to assert how Defendant BOGERT participated in any alleged discrimination. There is no mention of him throughout the entire count. As Defendant cannot determine any elements of discernable causes of action from this claim, same must be dismissed.

## Count V
## Violation of 42 USC 1983  Civil Conspiracy

It is well settled that a conspiracy cannot be made the subject of a civil action unless something is done which without the conspiracy would give a right of action. Furthermore, Courts have held that there is no civil action for conspiracy alone. It must be coupled with the commission of acts which damaged the plaintiff. Recovery may be had from parties on the theory of concerted action as long as the elements of the separate and actionable tort are properly proved. Earp v. Detroit, 16 Mich. App.

-7-

CASE NO. 6:04CV-636-ORL-28JG

271, 275, 167 N.W.2d 841, 845 (1969). Civil conspiracy requires "an overt tortious act in furtherance of the agreement that causes injury .. Since liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable; rather, it is a means for establishing vicarious liability for the underlying tort. Halberstam v. Welch, 227 U.S. App. D.C. 167, 705 F.2d 472, 479 (CADC 1983).

A claim for civil conspiracy is properly stated when a plaintiff demonstrates that the conspirators possessed some peculiar power of coercion by virtue of their combination, a power that an individual would not possess, and that the conspirators had the malicious purpose to harm the plaintiff. Hilliard v. Black, 125 F. Supp. 2d 1071, 1082 (MD. Fla. 2000) (quoting Gould v. Sacred Heart of Pensacola, 1988 U.S. Dist. LEXIS 17434).

Plaintiff has failed to allege what cause of action the alleged conspiracy assisted, or how Defendant BOGERT participated in the conspiracy. Consequently, Count V of Plaintiff's Second Amended Complaint must be dismissed.

### Count VI
### Fraud

Under Rule 9 of the Federal Rules of Civil Procedure, in all averments of fraud or mistake, the circumstances constituting fraud

-8-

or mistake shall be stated with particularity. F.R.Civ.Pro. 9(b)(2004). When a Plaintiff alleges fraud, the Complaint must include: 1) the fact statements that were made and the documents or representations they were made in or what omissions were made; 2) the time and place of each statement and the individual who made the statement or omission; 3) the content of the statement and the way it misled the Plaintiff; and 4) what Defendant gained as a result of the fraud. See <u>SIR Enterprises, Inc., v. Severite Agency, Inc.</u>, 214 F. Supp. 2d 1276 (M.D. Fla. 2002); <u>Brooks v. Blue Cross and Blue Shield of Florida</u>, 116 F.3d 1364 (11th Cir. 1997). Plaintiff has failed to allege any of the elements required to plead a claim for fraud against Defendant BOGERT.

Plaintiff fails to state what was the alleged fraud that occurred or was done by Defendant BOGERT and what Defendant gained as a result of said fraud. As such Count VI of the Second Amended Complaint must be dismissed.

### Count VII
### RICO 18 USC 1962

18 USC §1962(c) is known as Federal RICO and states that "it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly

CASE NO. 6:04CV-636-ORL-28JG

or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. §1962(c).

Furthermore, the Federal RICO statutes, under §1964, have allowed for certain civil remedies for violations of §1962. Specifically subsection (c) of 18 U.S.C. §1964 states that "any person injured in his business or property by reason or violation of §1962 of this Chapter may sue therefore in an appropriate United States District Court and shall recover three-fold the damages he sustains and the cost of the suit, including reasonable attorney's fees." 18 U.S.C. §1964(c).

A RICO claim must be based on allegations of criminal acts constituting prescribed "racketeering activities," which, in turn, must form a "pattern" which affects a RICO "enterprise" in any of three prohibited ways. Texas Air Corp. v. Air Line Pilots Asso. Int'l, 113 Lab. Cas. (CCH) P11, 1989 U.S. Dist. LEXIS 11149 (S.D. Fla. 1989) (quoting Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir. 1983), cert. denied, 465 U.S. 1025 (1984).) Such activities must be the proximate cause of injury to the plaintiffs' business or property. Id. Stated more technically, a private civil RICO complaint must allege (either substantively or by way of conspiracy): (1) that the defendant (2) through the commission of

-10-

two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in [section 1962(a)], or maintains [or acquires] an interest in [section 1962(b)], or participates in [or conducts the affairs of, section 1962(c)] (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce [and (8)that the plaintiff] . . . was "injured in his business or property by reason of a violation of section 1962." Id.

A.   Racketeering Activities

"Racketeering activities" consist of any enumerated federal and state crime listed in §1961(1) of the statute. Subsection B of §1961(1) states that "any act which is indictable under any of the following provisions of title 18 USC is a "racketeering activity". Within subsection B of §1961(1) section 1341 and 1343 are clearly enumerated. Section 1341 relates to mail fraud and section 1343 relates to wire fraud. Plaintiff fails to allege any racketeering activity on the part of Defendant BOGERT.

According to Court of Appeals for Eleventh Circuit, to prove mail fraud, it must be shown that Defendant (1) intentionally participated in a scheme or artifice to defraud and (2) used United States mails to carry out that scheme or artifice. See Castro v. United States, 248 F. Supp. 2d 1170 (S.D. Fla 2003).

In the instant case, Plaintiff is attempting to base the alleged racketeering activity on mail fraud. When a Plaintiff alleges such fraud the complaint must include: 1) The exact statements that were made and the documents or oral representations they were made in or what omissions were made; 2) the time and place of each statement and the individual who made the statement or omission; 3) the content of the statement and the way it misled the plaintiff; and 4) what the defendants gained as a result of the fraud. C.S.I.R. Enterprises Inc. v. Sevrite Agency Inc., 214 F.Supp. 2d 1276 (M.D. Fla. 2002); Brooks v. Blue Cross and Blue Shield of Fla., 116 F.3d 1364 (11th Cir. 1997).

Plaintiff has failed to allege any of these elements to satisfy a claim for RICO violations.

B.  Pattern Of Racketeering Activities

A "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of RICO and the last of which occurred within ten years after the commission of a prior act of racketeering activity. 18 U.S.C. § 1961(5). Some form of continuity and relationship between the alleged predicate acts and the schemes is further necessary.  The United States Supreme Court has defined continuity

-12-

CASE NO. 6:04CV-636-ORL-28JG

as both "a closed and open ended concept, referring either to a closed period of repeated conduct or to past conduct that by its nature projects into the future with a threat of repetition." H.J. Inc v. Northwestern Bell Telephone Co., 492 U.S. 229, 106 L.Ed. 2d 195, 109 S.Ct. 2893 (1989). A pattern of racketeering activity requires proof of more than just the mere existence of two predicate acts. See Jones v. Childers, 18 F.3d 899 (11th Cir. 1994).

Courts consider three factors in determining whether closed-ended continuity has been sufficiently pled: (1) the number and duration of the alleged predicate acts;(2) the number of alleged victims; and (3) the number of alleged schemes. H.J. Inc., at 240.

To establish open-end continuity, Plaintiff must plead that the predicate acts alleged establish a "threat of continued racketeering activity" projected into the future. Id. The nature of the predicate acts and of the alleged enterprise are relevant and it is presumed that the threat of future repetition occurs when a long-term association exists primarily for criminal purposes. Id. Since Plaintiff has failed to clearly identify the alleged "predicate acts", nor has Plaintiff identified how these acts further any alleged fraud, it is not possible to determine whether there is any possible threat of any scheme or racketeering activity continuing into the future.  Therefore, Plaintiff has failed to

-13-

CASE NO. 6:04CV-636-ORL-28JG

establish continuity.

When a Plaintiff has alleged many supposed incidents of mail or wire fraud but has not clearly alleged the additional component of relatedness and continuity as part of the "pattern" element, the Complaint must be dismissed. See The Metrahealth Insurance Company v. Anclote Psychiatric Hospital, Ltd., 1197 Lexis 18690 (M.D.Fla. 1997); H.J. Inc v. Northwestern Bell Telephone Co., 492 U.S. 229, 106 L.Ed. 2d 195, 109 S.Ct. 2893 (1989), Delfrate v. Letts, 1996 Lexis 10670 (M.D. Fla. 1996). As Plaintiff has failed to sufficiently allege a pattern of racketeering activity, Count VII of the Second Amended Complaint must be dismissed.

C. Injury by Plaintiff

Aside from establishing that an enterprise is participating in a pattern of racketeering activity, to recover under civil RICO, a private plaintiff must show that he has suffered an injury as a result of defendant's racketeering activity. The Metrahealth Insurance Company v. Anclote Psychiatric Hospital, Ltd., 1197 Lexis 18690 (M.D. Fla. 1997)(quoting Pelletier v. Zweifel, 921 F.2d 1465 (11th Cir. 1991)). This Court held in Metrahealth that a private plaintiff who wants to recover under civil RICO must show some injury flowing from one or more predicate acts. Id. See also,

-14-

CASE NO. 6:04CV-636-ORL-28JG

O'Malley v. O'Neill, 887 F.2d 1557 (11th Cir. 1989).

Further, when a Plaintiff based a RICO claim on mail and wire fraud a private plaintiff must show not only that the mail fraud statute has been violated, but that she suffered injury as a result of the violation. Byrne v. Nezhat, 261 F.3d 1075 (11th Cir. 2001). Moreover, the 11th Circuit Court of Appeal has held that:

> the plaintiff's injury must have been proximately caused by the commission of the predicate act. Pelletier, 921 F.2d at 1499. This Court's restrictive view of the proximate cause requirement means that plaintiff has standing to sue only if his injury flowed directly from the commission of the predicate acts. Id. see also Gentry v. Volkswagen of Am., Inc., 238 Ga. App. 785 (Ga. Ct. App. 1999).

Byrne v. Nezhat, 261 F.3d 1075 (11th Cir. 2001). There is no mention as to any injury to Plaintiff as a result of the alleged RICO actions. Further, Defendant is not aware as to what type of injury the Plaintiff actually suffered, if any. Plaintiff has failed to not only identify the type of injury suffered, but to establish how any injury was caused or connected to any "predicate act" or racketeering activity. Therefore, Count VII must be

-15-

dismissed.

## Count VIII
### Libel

As Courts have held, libel is a malicious publication by writing, printing, picture, effigy, sign, or otherwise than by mere speech, of matter which exposes any living person, or the memory of any deceased person, to hatred, contempt, ridicule, or obloquy, or which causes or tends to cause any person to be shunned or avoided, or which has a tendency to injure any person, corporation, or association in his, her, or its business or occupation. Masson v. New Yorker Magazine, 501 U.S. 496, 516 (U.S. 1991). The elements that a plaintiff must prove in a defamation case are that the defendant published a false statement, the statement was communicated to a third party, and the plaintiff suffered damages as a result of the publication. Id.

As a tort, libel consists of the unjustified use of written words or other visual representations which one, knowing the circumstances, would reasonably think defamatory of the person injured by them. Id. Within the Second Amended Complaint, Plaintiff has failed to assert any of these requisite elements. Therefore, Count VIII of the Second Amended Complaint must be dismissed.

### COUNT IX

CASE NO. 6:04CV-636-ORL-28JG

### **Medical Malpractice**

Defendant is unsure as to what Plaintiff is trying to assert in this count as there is no reference to Defendant BOGERT or any alleged malpractice on his part. As Count IX does not contain elements to satisfy any cause of action, same must be dismissed.

### **Injunctive Relief**

An injunction is an extraordinary and drastic remedy and therefore will not be granted unless the movant clearly carries the burden of persuasion as to all pre-requisites. <u>Martinez v. School Board of Hillsborough County</u> 675 F. Supp. 1574 (M.D. Fla 1987). For this Court to issue an injunction the Plaintiffs must clearly state allegations to support the following:

A. Irreparable harm;

B. A clear legal right;

C. An inadequate remedy at law; and

D. That the injunction, if issued would not be adverse to the public interest. See <u>Hiles v. Auto Bahn Federation Inc</u>. 498 So. 2d. 997 (Fla. 4th DCA 1986).

-17-

CASE NO. 6:04CV-636-ORL-28JG

In <u>Sampson v. Murray</u>, 415 U.S. 61, 94 S. CT 937 (1974), the Supreme Court reviewed a complaint alleging that plaintiff might be deprived of her income for an indefinite period of time...in determining irreparable forum the court in <u>Sampson</u> stated: " the key word in the consideration is irreparable.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation weighs heavily against a claim of irreparable harm."

Again, Plaintiff has not satisfied any of the elements for an injunction. As such, Plaintiff's claim for injunctive relief must be denied.

WHEREFORE, Defendant, DAVID E. BOGERT, respectfully prays that his Motion to Dismiss Plaintiff's Second Amended Complaint be granted and such other relief as this Court deems appropriate.

CASE NO. 6:04CV-636-ORL-28JG

    I certify that a copy hereof has been furnished to George F. Indest III, Esq., Atty for Leonard J. Skizynski, The Health Law Firm, CenterPointe Two, 220 East Central Parkway, Suite 2030, Altamonte Springs, FL 32701; Michael R. Jackson, Esquire, atty for Dr. Wells, Conroy, Simberg, Ganon, Krevans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801; Elana Jones, atty for Dept of Ed., Department of Education, 325 West Gaines Street, Turlington Building, Room 1244, Tallahassee, FL 32399-0400; Lisa Hamilton, Pro Se Plaintiff, 4470 Scenic Lake Drive, Orlando, FL 32808, by mail on __11/11__ , 2004.

        CONROY, SIMBERG, GANON,
        KREVANS & ABEL, P.A.
        Two South Orange Avenue
        Suite 300
        Orlando, Florida 32801
        (407) 649-9797 Telephone
        (407) 649-1968 Facsimile

        BY: _s/ Karen M. Montas-Coleman_
        John L. Morrow, Esq.
        FL Bar No.: 065038
        Karen M. Montas-Coleman, Esq.
        FL Bar No.: 0580384

JLM/KMC/jxp

1JK6504.WPD
04.0621

CASE NO. 6:04CV-636-ORL-28JG

-20-