UNITED STATES DISTRICT COURT
*Middle District of Florida*
*Orlando Division*

| | |
|---|---|
| LISA HAMILTON, | CASE NO. 6:04CV-636-ORL-28JG |
|    Pro Se Plaintiff, | |
| v. | Appearing on behalf of Defendant, Joyce A. Wells, Psy.D. |
| FLORIDA DEPARTMENT OF EDUCATION, DIVISION OF VOCATIONAL REHABILITATION JUDY WHITAKER; DAVID GIVENS; JOYCE A. WELLS; DR. LEONARDO SKIZYNSKI; and DAVID BOGERT, | |
|    Defendants._____/ | |

**DEFENDANT'S, JOYCE A. WELLS, PSY.D., MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED;
MOTION FOR MORE DEFINITE STATEMENT; AND MOTION TO STRIKE**

COMES NOW the Defendant, JOYCE A. WELLS, PSY.D. (improperly referred to as "JOYCE A. WELLS"), by and through her undersigned attorneys, and hereby files this her Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted; Motion for More Definite Statement; and Motion to Strike, and, as grounds for this motion, Defendant states as follows:

1. This matter presents the Court with a 21-page, nine-count Complaint by the Plaintiff, LISA HAMILTON, against the Florida Department of Education, Division of Vocational Rehabilitation; Joyce A. Wells, Psy.D. (mistakenly referred to as "Joyce A. Wells"); Dr. Leonard Skizynski; David Givens; Judy Whittaker; and David Bogert. Therein, the Plaintiff sets forth seven

CASE NO. 6:04CV-636-ORL-28JG

alleged federal law based claims and two state law tort claims with all but Count II of the Second Amended Complaint being labeled as directed against Joyce A. Wells, Psy.D..

  2.  The Plaintiff's Second Amended Complaint fails to contain a short and plain statement of the claim showing that she, as the pleader, is entitled to relief pursuant to Rule 8 of the Federal Rules of Civil Procedure.  F.R.C.P. 8.

  3.  Nor does the Complaint set forth legally cognizable claims upon which this Court may grant relief, thus subjecting it to dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure.  F.R.C.P. 12.

  4.  Further, throughout Plaintiff's Complaint, there are insufficient factual bases for this Defendant to adequately respond or potentially prepare this matter for an ultimate trial.

  5.  Moreover, inasmuch as the allegations against this Defendant in Plaintiff's Second Amended Complaint do not suffice to raise the specter of a civil rights based claim, no federal question is presented and this Court lacks jurisdiction over Counts I through VII.

  6.  Additionally, absent a federal question supporting this Court's jurisdiction, the Plaintiff's pendent state law claims, i.e., Counts VIII and IX, should also be dismissed.

  7.  Consequently, this Defendant seeks dismissal of Plaintiff's claims, or, alternatively, that this Plaintiff clearly specify the nature of her claims against this Defendant.

  8.  Moreover, the Plaintiff in the paragraphs entitled "Injunctive Relief" and "Monetary Damages" sets forth irrelevant, redundant, or scandalous matters that should be struck from the Complaint.

CASE NO. 6:04CV-636-ORL-28JG

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to Lisa Hamilton, 4470 Scenic Lake Drive, Orlando, FL 32808, Elana Jones, Esq., 325 West Gains Street, Suite 1244, Tallahassee, FL 32399, and George F. Indest, III, Esq., Jason L. Harr, Esq., The Health Law Firm, 220 East Central Parkway, Suite 2030, Altamonte Springs, FL 32701, and John L. Morrow, Esq., Conroy, Simberg, Ganon, Krevans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, FL 32801 this 11th day of November, 2004.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Attorneys for Defendant
Joyce A. Wells, PSY.D.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801
(407) 649-9797


By: s/Michael R. Jackson
    Michael R. Jackson, Esq.
    Florida Bar No. 0161632