# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Orlando Division

| | |
|---|---|
| LISA HAMILTON, | CASE NO. 6:04CV-636-ORL-28JG |
|     Pro Se Plaintiff, | |
| v. | Appearing on behalf of Defendant, Joyce A. Wells, Psy.D. |
| FLORIDA DEPARTMENT OF EDUCATION, DIVISION OF VOCATIONAL REHABILITATION JUDY WHITAKER; DAVID GIVENS; JOYCE A. WELLS; DR. LEONARDO SKIZYNSKI; and DAVID BOGERT, | |
|     Defendants._____/ | |

**DEFENDANT'S, JOYCE A. WELLS, PSY.D., MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MOTION FOR MORE DEFINITE STATEMENT; AND MOTION TO STRIKE**

COMES NOW the Defendant, JOYCE A. WELLS, PSY.D. (improperly referred to as "JOYCE A. WELLS"), by and through her undersigned attorneys, and hereby files this her Memorandum of Law in Support of her Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted; Motion for More Definite Statement; and Motion to Strike, and, as grounds for this motion, Defendant states as follows:

## I.
## Introduction

The Plaintiff, Lisa Hamilton (hereinafter referred to as "the Plaintiff" or "Ms. Hamilton"), a *pro se* party, is presently pursuing claims against multiple Defendants that appear to have all arisen

CASE NO. 6:04-CV636-ORL-28JGG

in the context of and/or as the result of Plaintiff's efforts to obtain funding for a personal business enterprise through the Florida Department of Education, Division of Vocational Rehabilitation. See Plaintiff's Second Amended Complaint. This Complaint sets forth nine counts, which are labeled as follows:

- Count I        Violation of 42 U.S.C. § 1983 / Disability Discrimination ADA Title II;
- Count II       Deliberately Indifferent;
- Count III      Violation of 42 U.S.C. § 1983 / 14th Amendment Right;
- Count IV       Violation of 42 U.S.C. § 1983 / Race Discrimination;
- Count V        Violation of 42 U.S.C. § 1983 / Civil Conspiracy;
- Count VI       Violation of 42 U.S.C. § 1983 / Fraud;
- Count VII      RICO Violation of 18 U.S.C. § 1962 / Mail Fraud;
- Count VIII     Libel;
- Count IX       Medical Malpractice;

Notably, Counts I, II (Dr. Wells is also not referenced in the style of this Count), III, IV of Plaintiff's Second Amended Complaint are entirely devoid of any reference to Dr. Wells, and all counts lack facts and/or allegations that would support legally, cognizable claims on behalf of the Plaintiff against this Defendant. See Plaintiff's Second Amended Complaint.

## II.
## Procedural History

Dr. Wells was served with Plaintiff's Complaint on or about June 2, 2004. In response, a

CASE NO. 6:04-CV636-ORL-28JGG

Motion to Dismiss was filed on Dr. Wells' behalf. The Magistrate Judge entered his Report and Recommendation on or about September 16, 2004 that the claims against Dr. Wells be dismissed because of Plaintiff's failure to comply with the pleading requirements of Fed. R. Civ. P. 8 (a)(1)-(2) and failing to allege specific facts that established a prima facie case of discrimination on the basis of race or disability. This Court adopted and confirmed the Magistrate Judge's Report and Recommendation on October 15, 2004, granting Plaintiff leave to file a Second Amended Complaint to cure the deficiencies outlined in the Magistrate Judges's Report and Recommendation. The Plaintiff filed a Second Amended Complaint, failing therein, however, to cure the delineated deficiencies.

### III.
### Factual Allegations

Plaintiff's initial Complaint attempted to relay in a lengthy and convoluted manner the perceived troubles that she had experienced with obtaining funding for her planned business enterprise through the Florida Department of Education. The Plaintiff's Second Amended Complaint, in response to the Court's order, does no more than restate this lengthy recitation of facts and randomly assign and compartmentalize them under various counts in the pleading with no demand for judgment identifying the relief sought or against whom it is being sought. In the process, the Plaintiff fails to delineate a valid cause of action against this particular Defendant. See Plaintiff's Second Amended Complaint. The apparent factual allegations by the Plaintiff may be summarized as follows:

The Plaintiff applied for Vocational Rehabilitation Services with the Division of Vocational

CASE NO. 6:04-CV636-ORL-28JGG

Rehabilitation of the Florida Department of Education (hereinafter referred to as "the Department") on September 2, 2003 to obtain assistance in starting her own business. The Plaintiff contends that she suffered from, without ever identifying the nature of, a "disability." Following a meeting with Judy Whitaker (hereinafter referred to as "Ms. Whitaker"), a counselor for the Department, the Plaintiff was informed that her request for financial assistance was not something with which the Department would be able to assist her.

The Plaintiff, over the course of the next month, continued to contact the Department, and other agencies, in her attempts to obtain funding and assistance for her proposed business through this state agency. During this time, the Plaintiff was repeatedly advised that the Department was not responsible for financially assisting her in starting a new business. In a meeting with Ms. Whitaker and her supervisor, David Givens (hereinafter referred to as "Mr. Givens"), on October 2, 2003, the Plaintiff continued to maintain that she wanted to be considered for those resources and services that the Department could provide that would allow her to move toward her goal of starting the business. The Plaintiff was informed that for the Department to evaluate her and determine the assistance that the Plaintiff was entitled to through the Vocational Rehabilitation Services program, she had to undergo a psychological evaluation. This evaluation was to allow the Department to evaluate the Plaintiff and her capacity to succeed at the vocational goals that she had set for herself.

The psychological evaluation was scheduled for October 9, 2003 and completed on October 14, 2003. These tests were administered by Dr. Wells, Psy.D. and Defendant, David Bogert. On November 19, 2003, the Plaintiff met with Ms. Whitaker and Mr. Givens to discuss the results of

the psychological evaluation. In that meeting, she was informed by Ms. Whitaker and Mr. Givens that she would not receive assistance from the Department because of the results of the psychological evaluation.

Upon being denied the assistance that she sought through the Department, the Plaintiff sought out additional information concerning Dr. Wells. She learned that Dr. Wells was a psychologist, licensed to practice in the State of California, who had applied at the time of the evaluation to the Department of Professional Regulation for the State of Florida, and was practicing under the supervision of a Florida licensed psychologist at the time of the relevant events. Ultimately, the Plaintiff, in her Second Amended Complaint, seeks to have Dr. Wells enjoined from "having any professional contact with the eligibility decision making process of African-American Disabled applicants effective immediately."

The Plaintiff fails throughout her Second Amended Complaint to set forth the appropriate elements of her federal law based claims nor does she explain in what manner Dr. Wells violated any of her federal rights. That is, there is no indication as to how the alleged behavior rises to the level of being actionable. As such, this matter should be dismissed under Rule 12(b)(6) for its failure to state a claim upon which relief can be granted. Alternatively, the Plaintiff should be required to plead a more definite statement to appropriately set forth her claims against Dr. Wells. As to the state law tort claims, absent any valid federal claims, inasmuch as no diversity of citizenship is proven to exist, all pendent state law claims should be dismissed. Finally, certain portions of the Plaintiff's Complaint, as reflected <u>infra</u>, are impertinent and scandalous, and should similarly be

stricken under Rule 12 of the Federal Rules of Civil Procedure.

## IV.
## ANALYSIS

### A. PLAINTIFF LACKS STANDING TO PURSUE AN INJUNCTION AGAINST JOYCE A. WELLS TO ENJOIN HER FROM PERFORMING TESTING FOR THE DEPARTMENT OF EDUCATION.

The Plaintiff delineates in her Second Amended Complaint that Dr. Wells be halted from "having any professional contact with the eligibility decision making process of African-American Disabled applicants effective immediately." See Plaintiff's Second Amended Complaint. The Plaintiff is no longer the recipient of psychology-related services from Dr. Wells and, therefore, would suffer no further harm in this context, but seeks to enjoin Dr. Wells from administering psychological evaluations in order, apparently, to prevent potential similar harm to an unidentified class of other individuals requiring psychological evaluations through the Department of Education. The Plaintiff fails to possess the appropriate standing to pursue this claim.

The United States Supreme Court recently analyzed the issue of standing in the matter of Elk Grove Unified Sch. Dist. v. Newdown, 72 U.S.L.W. 4457 (2004). Therein, the Court noted that a party bringing suit in federal court must establish standing to prosecute the action. Id. Therefore, "[i]n essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Id. (quoting Warth v. Seldin, 422 U.S. 490, 498, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975). The Newdown Court added that "[t]he standing requirement is born partly of an idea, which is more than an intuition but less than a rigorous and explicit theory, about the constitutional and prudential limits to the powers of an unelected, unrepresentative

CASE NO. 6:04-CV636-ORL-28JGG

judiciary in our kind of government." Id. (quoting Allen v. Wright, 468 U.S. 737, 750, 82 L. Ed. 2d 556, 104 S. Ct. 3315 (1984). Morever, the Court explained that "[c]onsistent with these principles, our standing jurisprudence contains two strands: Article III standing, which enforces the Constitution's case or controversy requirement, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-562, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992); and prudential standing, which embodies `judicially self-imposed limits on the exercise of federal jurisdiction.'" Id. (citing Allen, 468 U.S. 737, at 751, 82 L. Ed. 556, 104 S. Ct. 3315). The Court elaborated that "[t]he Article III limitations are familiar: The plaintiff must show that the conduct of which he complains has caused him to suffer an "injury in fact" that a favorable judgment will redress." Id. (citing Lujan, 504 U.S. 555, at 560-561, 119 L. Ed. 2d 351, 112 S. Ct. 2130). The Court continued that "[a]lthough we have not exhaustively defined the prudential dimensions of the standing doctrine, we have explained that prudential standing encompasses `the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" Id. (quoting Allen, 468 U.S. 737, at 751, 82 L. Ed. 2d 556, 104 S. Ct. 3315. See also Secretary of State of Md. v. Joseph H. Munson Co., 467 U.S. 947, 955-956, 81 L. Ed. 2d 786, 104 S. Ct. 2839 (1984). The Court added that "[w]ithout such limitations -- closely related to Art. III concerns but essentially matters of judicial self-governance -- the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial

intervention may be unnecessary to protect individual rights." Id. (quoting Warth, 422 U.S. 490, at 500, 45 L. Ed. 2d 343, 95 S. Ct. 2197.

In this matter, the Florida Department of Regulation would be the appropriate local governmental institution, if any, to take up this particular issue. In fact, section 456.072 of the Florida Statutes provides that it is the Department of Professional Regulation, and in particular the Board of Psychological Examiners, who will investigate, and if necessary take action, in instances where an individual makes "misleading, deceptive, or fraudulent representations in or related to the practice of the licensee's profession." § 456.072(1), Fla. Stat. (2004). Also, section 490.009 of the Florida Statutes further sets forth the powers of the Board of Psychological Examiners in addressing such situations. § 490.009(2), Fla. Stat. (Supp. 2004). Moreover, in section 490.012 of the Florida Statutes, the Florida legislature provided that the Department of Professional Regulation may institute appropriate proceedings where an individual holds himself out, allegedly, by a professional title without a valid license. § 490.012, Fla. Stat. (Supp. 2004). Thus, given the regulating powers given the Board of Professional Regulation by the Florida legislature and the evolved jurisprudence on the issue of prudential standing, inasmuch as it applies to the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, standing does not exist for this Plaintiff to seek in this forum that Dr. Wells cease and desist with psychological testing in this or any other state.

CASE NO. 6:04-CV636-ORL-28JGG

B. **PLAINTIFF'S CLAIMS ARE NOT LEGALLY COGNIZABLE OR ARE, AT MINIMUM, SO VAGUE AND AMBIGUOUS SO AS NOT TO ALLOW THIS DEFENDANT TO FRAME A PROPER RESPONSE.**

    1) **The Plaintiff's Complaint fails to State a Claim upon which Relief can be Granted.**

Rule 12 of the Federal Rules of Civil Procedure provides that a Defendant may move to dismiss a plaintiff's complaint where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. 12(b)(6). In ruling upon a motion to dismiss for failure to state a claim, although the Court is required to review the complaint in a light most favorable to the plaintiff, and it should not be dismissed unless it appears beyond doubt the Plaintiff can prove no set of facts that would entitle her to relief, the Court need not accept conclusions of law or sweeping legal conclusions cast in the form of factual allegations. City of Gainesville v. Florida Power & Light Co., 488 F. Supp. 1258 (S.D. Fla. 1980); Solis-Ramirez v. United States Department of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985). Plaintiff's Second Amended Complaint is fraught with sweeping legal conclusions that entirely fail to set forth a cognizable basis for a claim for relief against this Defendant. Admittedly, federal jurisprudence supports the proposition that "[a] pro se complaint is held to standards even less stringent than pleadings drafted by lawyers." Amparo Campos v. Immigration and Naturalization Service, 32 F.Supp.2d 1337, 1343 (So. D. Fla. 1998). Having said that, however, to survive a motion to dismiss, a plaintiff may not merely "label" his claims. Id. The Amparo court noted that:

> Courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductible therefrom, but need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the court can

take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party.

Id. The Plaintiff's Second Amended Complaint does no more than recite in a lengthy, cumbersome manner the alleged factual background for her denial of benefits by the Department, interspersing this recital with references to constitutional / statutory bases that allow for remedies at law in the face of a violation, without setting forth the applicable elements for such a claim or the facts in support thereof.

    **a)**    **Counts I through IV of Plaintiff's Second Amended Complaint fail to identify Joyce A. Wells, Psy.D. as a party against whom judgment is demanded, nor do these counts identify the elements of a claim and the facts that would necessarily support such a claim.**

Section 1983 provides a remedy for those parties deprived of their constitutional rights, privileges, and immunities by an official's abuse of his position. Monroe v. Pape, 365 U.S. 167, 5 L. Ed. 2d 492, 81 S.Ct. 473 (1981). However, in no manner does the Plaintiff even reference Dr. Wells in any of these Counts, and, thus, this Defendant can not be expected to formulate a response to whether or not she in any manner deprived the Plaintiff of her constitutional rights. To the extent that the Plaintiff intends for Counts I - IV to apply to this Defendant, they should be dismissed for Plaintiff's failure to set forth the applicable elements of each claim and any supporting facts to identify in what manner a legally, cognizable claim may be made out against this Defendant..

    **b)**    **Plaintiff failed to state a cause of action in civil conspiracy (Count V).**

Plaintiff, by style of the Count appears to be asserting a claim for civil conspiracy. The elements of civil conspiracy are:

> 1)   an agreement or concerted action between two or more persons;
>
> 2)   to participate in *an unlawful act in an unlawful manner*;
>
> 3)   an injury caused by an unlawful overt act performed by one of the parties to the agreement; and
>
> 4)   which overt act was done in furtherance of the common scheme.

Gellert v. Richardson, 1995 U.S. Dist. LEXIS 11254, *4-*5 (M.D. Fla. 1995 (emphasis added)). Plaintiff has failed to allege any underlying unlawful act by Dr. Wells. Further, the Plaintiff has failed to allege the existence of an agreement between Dr. Wells and the other defendants - or anyone else for that matter.

In Gellert, the court dismissed a claim for civil conspiracy precisely because of its "lack of specificity." The court explained:

> In the instant case, Plaintiff has failed to show an underlying unlawful act, and he has not alleged the existence of an agreement between . . . any . . .[d]efendant[s] to conspire against him. Instead, he has merely alleged the existence of a conspiracy in vague, conclusory terms.

Id. Plaintiff's claim falls even further short than that of Gellert, in that she fails to allege any actual conspiracy, much less that an unlawful act occurred, that Dr. Wells was somehow involved, and that an agreement to effect such an act was in place. Consequently, Count V should be dismissed.

    **c)   Plaintiff failed to state a claim for fraud under 42 U.S.C. Section 1983 (Count VI).**

Plaintiff fails to establish in what fashion 42 U.S.C. Section 1983 establishes a basis for a fraud claim against Dr. Wells. Rather, neither section 1983 nor the fourteenth amendment is a font of tort law. Hull v. City of Duncanville, 678 F.2d 582, 585 (5th Cir. 1982). In fact, the act must

constitute a sufficiently egregious abuse of governmental power to be constitutionally tortious. Id. The Plaintiff has failed to make out such a claim, and Count VI should be dismissed.

Alternatively, even if this Court were to liberally read this claim as a pendent state law tort claim, the Plaintiff has failed to make out a legally, cognizable claim. Pursuant to Rule 9 of the Federal Rules of Civil Procedure, the Plaintiff has to plead fraud with specificity. F.R.C.P. 9. Specifically, the rule provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Id. This Court held in C.S.I.R. Enters. v. Sebrite Agency, Inc., 214 F.Supp. 2d 1276 (M.D. Fla. 2002), that a case involving claims of fraudulent misrepresentation, that:

> Pleading fraud with greater specificity than is normally required by the federal rules is necessary in order to: 1) provide defendants with sufficient notice of what the plaintiff complains to enable them to frame a response, 2) prevent fishing expeditions to uncover unknown wrongs, and 3) protect the defendant from unfounded accusations of immoral or otherwise wrongful conduct.

Id. This the Plaintiff failed to do. This Court further held in the Sebrite matter that:

> This means that when a plaintiff alleges fraud the complaint must include: 1) the exact statements that were made and the documents or oral representations they were made in or what omissions were made, 2) the time and place of each statement and the individual who made the statement or omission, 3) the content of the statement and the way that it misled the plaintiff, and 4) what the defendants gained as a result of the fraud.

Id. (citing Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)). Again, the Plaintiff failed to comply in this regard. Accordingly, the Plaintiff's claim of fraud must be dismissed.

CASE NO. 6:04-CV636-ORL-28JGG

### d) Plaintiff fails to make out a claim for RICO (Count VII).

The Federal RICO Act is found in 18 U.S.C. § 1962, <u>et seq</u> and provides:

Any person injured in his business or property by reason or violation of §1962 of this Chapter may sue therefore in an appropriate United States District Court and shall recover three-fold the damages he sustains and the cost of the suit, including reasonable attorney's fees.

18 U.S.C. §1964(c).

Section 1962 describes the following "prohibited activities":

(a) it shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of § 2, Title 18 United States Code, to use or invest, directly or indirectly, any part of such income, where the proceeds of such income, and any acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which effect, interstate or foreign commerce.

(b) it shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which effect, interstate or foreign commerce.

(c) it shall be unlawful for any person employed by or associated within any enterprise engaged in, where the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprises affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) it shall be unlawful for any person to conspire to violate any of the provision of subsections (a), (b), or (c) of this section.

18 U.S.C. § 1962. "Racketeering Activity" under the Federal RICO Act includes certain acts punishable under certain provisions of Title 18 of the United States Code, including § 1341 and 1342 relating to mail and wire fraud, respectively. 18 U.S.C. § 1961 (1) (B). Under the Federal RICO

Act, in order to bring a private cause of action, a plaintiff must establish both (1) the existence of an enterprise and (2) a pattern of racketeering activity.  Claims under the RICO Act "must be subjected to scrutiny due to their potential for abuse by civil litigants." Portionpac Chem. Corp. v. Sanitech Sys., 210 F.Supp. 2d 1302, 1305 (M.D. Fla. 2002).  Consistent with such scrutiny, Rule 9 of the Federal Rules of Civil Procedure applies to the fraudulent predicate acts necessary for establishing a RICO claim to the same extent it does fraud.  See Fed. R. Civ. P. 9(b).  In particular, with respect to mail and wire fraud, this jurisdiction explicitly recognizes the rule that "the mail and wire fraud statutes are subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)" such that "[p]lantiff is required to plead its averments of fraud with particularity." Portionpac, 210 Supp. 2d at 1307 (dismissing a claim under RICO).

Notably, a civil RICO claim requires (1) an enterprise, (2) which has engaged in or had some effect on interstate commerce, (3) from which each defendant derived income, directly or indirectly, through a "pattern of racketeering activity," and (4) that some part of that income was used in acquiring an interest in or operating the enterprise. Ippolito v. Florida, 824 F. Supp. 1562 (M.D. Fla. 1993).  Plaintiff has failed entirely to plead an enterprise that was involved in a pattern of racketeering, and has failed, in the process to make out a RICO claim against Dr. Wells.  Accordingly, Count VII should be dismissed.

   **e)  The Plaintiff' fails to make out a claim for libel (Count VIII).**

The Plaintiff alleges in a conclusory fashion that the psychological evaluation completed by Dr. Wells was fraudulent, and in a further conclusory fashion asserts that her report must be libelous.

Nowhere does it set forth in what manner the report is inaccurate. To establish a case of libel, "a plaintiff must demonstrate that the defendant published a false statement of fact of or concerning the plaintiff, without reasonable care as to whether that statement was true, and the defamation caused actual damage to the plaintiff." Lopez v. Micro, 1997 U.S. Dist. Lexis 7394 (S.D. Fla. 1997). Reasonable care in the context of a trained professional psychologist has to be judged by whether this psychologist acted in a manner that a similarly situated psychologist would have acted in like or similar circumstances. Nowhere is it alleged even that this Plaintiff has been evaluated by other trained professionals who disagree with the opinions reached by Dr. Wells as a result of her psychological evaluation. Moreover, the law protects individuals acting in the course and scope as Dr. Wells did, i.e., at the behest of the Plaintiff and the Department of Education, to provide Ms. Hamilton with a psychological evaluation. That is, "the law of Florida embraces a broad range of the privileged occasions that have come to be recognized under the common law. Randolph v. Beer, 695 So.2d 401, 403 (Fla. 5th DCA 1997). Thus, "a communication made in good faith on any subject matter by one having an interest therein, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains a matter which would otherwise be actionable, and though the duty is not a legal one but only a moral or social obligation." Id. In this instance, Dr. Wells received a request from the Plaintiff and the State of Florida to perform a psychological evaluation, an act that would envelope her actions with the cloak of qualified privilege. We are left only with the Plaintiff's conclusory allegation that Dr. Wells published a fraudulent evaluation with no more. That is, no explanation is offered by the Plaintiff

as to how this report was inaccurate, much less libelous. The Plaintiff has failed to make out a claim of libel, and the claim should be dismissed. Alternatively, given dismissal of the alleged federal question claims, this pendent state law claim of libel should be dismissed.

      **f)**      **Plaintiff fails to make out a claim for medical malpractice (Count IX).**

The Plaintiff fails to make a cognizable claim against Dr. Wells in Count IX of the Plaintiff's Second Amended Complaint. The sole reference to Dr. Wells within Count IX is with respect to the fact that she shares an office with Defendants, Dr. Leonard Skizynski and David Bogert, which is hardly the basis for any claim. Accordingly, Count IX should be dismissed.

**C.**    **CERTAIN PORTIONS OF PLAINTIFF'S COMPLAINT SHOULD BE STRICKEN AS IMPERTINENT AND SCANDALOUS.**

Rule 12 of the Federal Rules of Civil Procedure further provides that, upon motion, the Court may order stricken "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff's reference to amounts sought as compensation in this lawsuit is impertinent and scandalous and serves no purpose also but to inflame the parties and the trier of fact. Supposing that the Court's jurisdiction is founded on a federal question with pendent state claims, there is not even a need to recite any amounts in controversy. See 28 U.S.C. § 1332. Thus, the Defendant would request that these references be stricken by the Court from the Plaintiff's Second Amended Complaint.

## III.
## CONCLUSION

This matter should be dismissed for the Plaintiff's failure to set forth with respect to Dr.

CASE NO. 6:04-CV636-ORL-28JGG

Wells a claim upon which relief may be granted.  Alternatively, the Plaintiff should be required to more definitely plead her claim in order to allow Dr. Wells an opportunity to understand the nature and context of the claims being asserted against her.  That information deemed by the Court to be redundant, irrelevant, or scandalous should be struck from this Complaint.

This 11th day of November, 2004.

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to Lisa Hamilton, 4470 Scenic Lake Drive, Orlando, FL 32808, Elana Jones, Esq., 325 West Gains Street, Suite 1244, Tallahassee, FL 32399, and George F. Indest, III, Esq., Jason L. Harr, Esq., The Health Law Firm, 220 East Central Parkway, Suite 2030, Altamonte Springs, FL 32701, and John L. Morrow, Esq., Conroy, Simberg, Ganon, Krevans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, FL 32801 this 11th day of November, 2004.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Attorneys for Defendant
Joyce A. Wells, PSY.D.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801
(407) 649-9797


By: s/ Michael R. Jackson
    Michael R. Jackson, Esq.
    Florida Bar No. 0161632