UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

    Plaintiff,

vs.                        CASE NO.:  6:04-CV-636-ORL-28-JGG

FLORIDA DEPARTMENT OF
EDUCATION/VOCATIONAL
REHABILITATION SERVICES,
JUDY WHITAKER, DAVID GIVENS,
JOYCE A. WELLS, DR. LEONARD
SKIZYNSKI and DAVID BOGERT,

    Defendants.
_____/

**DEFENDANT DR. LEONARD SKIZYNSKI'S**

**MOTION TO DISMISS**

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

    The Defendant, Dr. Leonard Skizynski, by and through his undersigned attorneys, hereby files this Motion to Dismiss Plaintiff's Second Amended Complaint, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and states as follows:

**BACKGROUND AND FACTS**

    1.    Defendant Dr. Skizynski is a psychologist licensed by the state of Florida.  Dr. Skizynski is occasionally retained and paid by the Florida Department of Education, Vocational Rehabilitation Division (referred to herein as "DOE"), to review tests and

evaluations performed on its clients.

2.     Pro se Plaintiff Lisa Hamilton is believed to be a client of the Florida DOE, and to have either applied for or received certain benefits from DOE as a result of her permanent disability.  As disclosed by other parties in their filings in this case, it is believed that Plaintiff Lisa Hamilton has a medical disability based on her mental impairment and also received social security benefits (SSI) for this, as well.

3.     Ms. Hamilton apparently sought to receive funds from the Florida DOE to start her own business, Lisa Hamilton Music Publishing, Inc., d/b/a Top Notch Hitz.  The Florida DOE required her to undergo testing and evaluation prior to giving her a grant or loan to start a business, in part because her mental impairment may have materially interfered with her ability to independently operate an ongoing business of the nature she desired.

4.     Dr. Skizynski was paid by the Florida DOE to review an evaluation prepared by another independent health care provider who was independently contracted with the Florida DOE to perform an evaluation on Ms. Hamilton and to provide a report to Florida DOE on Ms. Hamilton's capability.

5.     Plaintiff originally sued Dr. Skizynski in an Amended Complaint she filed in this action.  Her Amended Complaint consisted of fourteen (14) pages and sixty-six (66) paragraphs, typed single-spaced.  Plaintiff Lisa Hamilton filed it pro se.  It was a long, rambling, unorganized complaint.  It did not state any specific cause of action against Defendant Dr. Skizynski.  It made allegations of negligence in the delivery of psychological

services, a matter which should be filed and litigated in state court, not federal court.

6. Defendant Dr. Skizynski filed a Motion to Dismiss Plaintiff's Amended Complaint and supporting Memorandum of Law stating several grounds for dismissal.

7. On September 16, 2004, Magistrate Judge Glazebrook entered a Report and Recommendation that the District Court should enter an order dismissing the Plaintiff's Amended Complaint as to all of the Defendants for the following reasons, among others:

> (1) Without alleging facts to show diversity of citizenship, the complaint alleged state-law claims of fraud, slander, negligence and malpractice;
>
> (2) It failed to comply with the pleading requirements of Federal Rules of Civil Procedure Rule 8(a)(1)-(2) by failing to allege specific facts that establish a prima facie case of discrimination based on race or disability;
>
> (3) The Plaintiff's claims against Defendants Whitaker and Givens in their official capacities is barred by the United States Constitution, Eleventh Amendment;  and,
>
> (4) The Amended Complaint fails to allege that the Plaintiff has exhausted all of her administrative remedies prior to commencing this action.

8. On October 15, 2004, Judge John Antoon II issued an order adopting Judge Glazebrook's Report and Recommendation dismissing the Plaintiff's Amended Complaint as to all defendants and permitting the Plaintiff twenty (20) days from the entry of order to file a Second Amended Complaint <u>that cures the deficiencies outlined in Magistrate Judge Glazebrook's Report and Recommendation</u>.  Ms. Hamilton's Second Amended Complaint has failed to cure the defects that led to the dismissal of the Amended Complaint.

9. Plaintiff served her Second Amended Complaint by U.S. mail dated November

1, 2004, consisting of twenty-one (21) pages and ninety-four (94) paragraphs. Like the dismissed Amended Complaint, the Second Amended Complaint is a long, rambling, unorganized document. Like the dismissed Amended Compliant, the Second Amended Complaint attempts to plead state-law causes of action against Defendant Dr. Skizynski, including race discrimination, civil conspiracy, fraud, libel and medical negligence, without stating any jurisdictional basis (specifically, diversity) and without stating any specific facts establishing a prima facie case. Most of the individual counts are alleged against "All Named Defendants."

10. Plaintiff Ms. Hamilton's Second Amended Complaint has not cured any of the defects put forth by Magistrate Judge Glazebrook in his Report and Recommendation.

## GROUNDS FOR DISMISSAL

11. The Second Amended Complaint must be dismissed for violating Federal Rule of Civil Procedure 8(a)(2). The Second Amended Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Second Amended Complaint contains rambling, confusing and conclusory allegations. Further, the Second Amended Complaint is impossible to follow and contains long narratives which do not allow the Defendant to properly admit or deny the allegations. The Second Amended Complaint clearly violates procedural rules and should be dismissed. Even given the fact that pro se plaintiffs are not held to as high of a pleading standard, the Second Amended Complaint

should nevertheless be dismissed for violation of Federal Rule of Civil Procedure 8(a)(2).

12.     The Second Amended Complaint is too vague and Defendant is unable to formulate a response to the allegations of the pro se Plaintiff.

13.     The Second Amended Complaint should be dismissed because it contains only conclusory allegations as opposed to specific factual allegations.  See, Hutter v. Schraml, 51 F.R.D. 519, 521 (E.D. Wis. 1970); Kjellvander v. Citicorp, 156 F.R.D. 138, 141 (S.D. Tex. 1994).

14.     The Second Amended Complaint fails to adequately identify the defendants. The causes of action pleaded are alleged against "All Named Defendants" and do not specify any wrongful or tortious act that this particular defendant, Dr. Skizynski, is alleged to have committed.  For example, Counts 1, 2, 3, 4, and 5, state absolutely no facts or conduct in which Dr. Skizynski took part, and the facts that are alleged implicate other named defendants, not Dr. Skizynski.

15.     The Second Amended Complaint sounds in state-law claims of negligence, accusing certain health care professionals of negligence in their testing and evaluation of the Plaintiff.  The negligence of health care professionals (often referred to as "malpractice") is a matter within the jurisdiction of the state courts and should not be filed in federal court.

16.     Plaintiff has failed to allege the basis for federal court jurisdiction in the case of Defendant Dr. Skizynski.

17.     The federal court lacks jurisdiction over the subject matter of the Second

Amended Complaint as to Defendant Dr. Skizynski.

18. The Florida Department of Education is a state administrative agency which has required administrative procedures that must be followed by one of its clients, including Lisa Hamilton, if that client has a complaint or grievance of the nature stated by Ms. Hamilton. Ms. Hamilton has failed to comply with the Florida Department of Education's administrative procedures. Accordingly, the Second Amended Complaint must be dismissed, <u>once again</u>, for failure to exhaust administrative remedies.

19. Part of Ms. Hamilton's Second Amended Complaint indicates that there was some sort of discrimination against her and/or a violation of her civil rights because of her mental condition (although it is difficult to determine exactly what discriminatory act(s) are alleged to have occurred and who performed them).

20. The Second Amended Complaint fails to adequately state any identifiable separate cause of action against this defendant, and contains only conclusory allegations. Thus, it fails to comply with Rule 10(b), Federal Rules of Civil Procedure.

21. The Second Amended Complaint fails to appropriately state a cause of action for medical malpractice or negligence, as Plaintiff is apparently attempting to allege in Count 9, in the case of Dr. Skizynski. It omits elements of such a cause of action.

22. The Second Amended Complaint fails to state a cause of action for violation of 14th Amendment rights, race discrimination, civil conspiracy, fraud, and libel in the case of Dr. Skizynski. It omits elements of such causes of action.

23. The acts complained of by Plaintiff are the discretionary acts of a state agency and employees or agents of the state agency. Therefore, they cannot result in a cause of action against the state agency.

24. Defendant Dr. Skizynski was acting as an agent of the Florida DOE at all relevant times associated with this matter. Accordingly, he is personally immune from any complaints or causes of action such as those that may be insinuated from Plaintiff Hamilton's Second Amended Complaint under the doctrine of state sovereign immunity and under Florida's state tort claims act, as set forth in Section 768.28(9)(a), Florida Statutes.

25. Plaintiff Hamilton has failed to comply with the requirements of Section 768.28, Florida Statutes, prior to suing a state agency and its agents or employees. Therefore, her suit is barred by Section 768.28(6)(a), Florida Statutes

26. Section 706(e) of Title VII, 42 U.S.C. § 200d-5(e), requires an aggrieved person to file a charge of discrimination against a person such as these Defendants with the Equal Employment Opportunity Commission (EEOC) within 300 days after the alleged unlawful (discriminatory) practice occurred. The Second Amended Complaint should be dismissed due the failure of the Plaintiff to comply with the 300 day filing requirement of Section 706(e) of Title VII will bar the bringing of a Title VII lawsuit.

27. The Second Amended Complaint should be dismissed because of its failure to allege that the Plaintiff has completed the requirements set forth in paragraphs 25 and 26 above. Thus it fails to state a cause of action and there is no jurisdiction in the federal court.

Additionally, it fails to comply with Magistrate Judge Glazebrook's Recommendation and Report incorporated into Judge Antoon's Order of October 15, 2004.

28. As was the case in her Amended Complaint, Plaintiff Hamilton has failed to allege that she has complied with certain conditions precedent to filing suit. She cannot state this because she has not complied.

29. Plaintiff has failed to allege or plead any facts that would indicate that Dr. Skizynski owed any duty to her. Her "facts" show just the opposite, that Dr. Skizynski had no duty to her. Dr. Skizynski was paid by the Florida DOE to review and confirm an evaluation prepared by another group of health care professionals. Therefore, Dr. Skizynski's duty was to the Florida DOE, not to Plaintiff. Plaintiff has not alleged (or implied) any type of contract with Dr. Skizynski nor has she alleged (or implied) a doctor-patient or doctor-client relationship with Dr. Skizynski. Since a duty to the Plaintiff is a required element of negligence and of professional negligence ("malpractice"), Plaintiff's Second Amended Complaint fails to state a cause of action against Dr. Skizynski by omitting this required element.

30. The Second Amended Complaint should also be dismissed as it is clear on its face that it is frivolous and filed for improper purposes.

31. The Second Amended Complaint fails to state a claim upon which relief can be granted in respect to Dr. Skizynski.

32. Most important, the Second Amended Complaint does not cure any of the fatal

defects addressed in Judge Glazebrook's Report and Recommendation.

33. Defendant Dr. Skizynski is contemporaneously filing a Memorandum of Law in support of this Motion.

34. Defendant hereby places Plaintiff on notice that Dr. Skizynski considers that naming him as a Defendant in her Second Amended Complaint constitutes filing a frivolous, baseless pleading in violation of Rule 11, Fed.R.Civ.P., and that he may seek the award of his costs and attorney's fees.

**WHEREFORE**, for the reasons stated herein and for the reasons more fully set out in the Memorandum of Law in Support of this Motion to Dismiss, this Defendant respectfully requests that this Court enter an Order dismissing the Second Amended Complaint with prejudice in respect to him.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been (or will be) filed electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the foregoing: Michael R. Jackson, Esquire (attorney for Defendant Joyce A. Wells), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801; John L. Morrow, Esquire (attorney for Defendant David Bogert), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801; Michael Kooi, Esquire and Elana J. Jones, Esquire (attorneys for

Defendants Department of Education, Judy Whitaker and David Givens), Turlington Building, 325 West Gaines Street, Suite 1244, Tallahassee, Florida 32399; and a copy of the foregoing served via U.S. mail, postage prepaid, to: Lisa Hamilton (Pro Se Plaintiff), 4402 Dunwoody Place, Orlando, Florida 32808, on this 16th day of November, 2004.

/S/  George F. Indest III
**GEORGE F. INDEST III, ESQUIRE**
Florida Bar No.:  382426
Board Certified in Health Care Law
**JASON L. HARR, ESQUIRE**
Florida Bar No.:  0194336
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701
Telephone:  (407)  331-6620
Telefax:  (407)  331-3030
**ATTORNEYS FOR DEFENDANT,**
**DR. LEONARD SKIZYNSKI**

JLH
S:\256\001\Pleadings\DismissSecondAmdComplaint-3.MOT.wpd