UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

    Plaintiff,                                         CASE NO.:  6:04-cv-636-orl-28-JGG

vs.

THE FLORIDA DEPARTMENT OF
EDUCATION, DIVISION OF
VOCATIONAL REHABILITATION,
JUDY WHITAKER, DAVID GIVENS,
JOYCE A. WELLS, DAVID BOGERT,
and DR. LEONARD SKIZYNSKI,

    Defendants.

_____/

## MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

COME NOW Defendants, THE FLORIDA DEPARTMENT OF EDUCATION, DIVISION OF VOCATIONAL REHABILITATION, JUDY WHITAKER, and DAVID GIVENS, by and through their undersigned attorneys, and move to dismiss Plaintiff's Second Amended Complaint and as grounds therefore would state as follows:

### BASIC FACTS

1.      On September 2, 2003, Plaintiff, Lisa Hamilton, applied for vocational services with the Florida Department of Education, Division of Vocational Rehabilitation, in Orlando, Florida.  Plaintiff indicated a desire to open a music publishing business.

1

2. Plaintiff's vocational rehabilitation counselor was Judith Whitaker and the region supervisor was David Givens.

3. The Division referred Plaintiff to Joyce A. Wells, Psy.D., and David E. Bogert for a Learning Disability Assessment and Psychological Evaluation which took place on October 9 and October 14, 2003. This evaluation showed that Plaintiff's mental status included self-reported anxiety, depression, phobias, and psychological treatment through the Central Florida Psychiatric Association.

4. Ms. Wells ultimately concluded that Plaintiff's psychological symptoms were not stable. This conclusion mitigated against Plaintiff's goal of owning a music publishing business due to the stress of owining and operating a business. Ms. Wells stated that Plaintiff's mental state was unpredictable, grandiose, and impulsive, with an exhibition of confused thought processes. Ms. Wells continued by stating that Plaintiff generated ideas with little thought or planning and reacted with aggression when her plans were not realized. Ms. Wells further stated that Plaintiff has limited coping skills, with her symptoms worsening under stress.

5. On November 23, 2003, the Division sent Plaintiff a determination letter stating that she was not eligible for vocational rehabilitation services due to the severity of her disability.

6. The letter further stated that if Plaintiff disagreed with the Division's decision, she had the right to appeal it within twenty-one days after she received the letter by requesting in writing an administrative review by the Area Director or a fair hearing before an Administrative Law Judge from the Florida Division of Administrative Hearings.

## GROUNDS FOR DISMISSAL

7. Plaintiff has failed to state a claim upon which relief can be granted. Therefore, her Second Amended Complaint is subject to dismissal pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.*

8. Plaintiff's Second Amended Complaint should be dismissed for failure to exhaust administrative remedies and the Second Amended Complaint contains no allegations that all administrative remedies have been exhausted.

9. Plaintiff's claims against the State of Florida Department of Education should be dismissed on the basis that the State is immune from suit in federal court pursuant to the Eleventh Amendment of the United States Constitution.

10. Under 42 U.S.C. Section 1983, the State of Florida is not a "person" for Section 1983 purposes and, thus, any Section 1983 claims asserted against the State of Florida must be dismissed.

11. Plaintiff's claims against Whitaker and Givens in their official capacities should be dismissed on the basis that in their official capacities as officers of the State of Florida they are immune from suit in federal court pursuant to the Eleventh Amendment of the United States Constitution.

## **MEMORANDUM OF LAW**

### PLAINTIFF'S SECOND AMENDED COMPLAINT

12. Plaintiff has filed a Second Amended Complaint attempting to allege causes of action under 42 U.S.C. Section 1983, Title II of the Americans with Disabilities Act (ADA), 18 U.S.C. Section 1962 (RICO), and for state common law actions for fraud, libel and medical malpractice.

## PLAINTIFF'S FAILURE TO STATE A CLAIM

13.     Essentially, Plaintiff alleges that she is African-American and disabled and that she did not receive the exact type of vocational rehabilitation services she wanted. Other than making unsubstantiated and conclusory allegations that "[d]isabled African-Americans are and have been for years under-served, under-represented and denied access to State of Florida Vocational Rehabilitation Services at a significant statistical higher rate that any other racial group", Plaintiff makes no allegations that her race or disability affected in any way the treatment she received from any of these Defendants.

14.     For example, Count I of Plaintiff's Second Amended Complaint based on "disability discrimination", fails to allege any of the elements of a cause of action based on Title II of ADA and fails to allege a factual basis for asserting that the Division denied Plaintiff "access to and participation in a Federally Funded program." Plaintiff has failed to allege a prima facie case of discrimination based on her disability. Instead, Plaintiff makes conclusory allegations against an entity whose primary responsibility is to service the disabled. The Division serves the disabled in an effort to help them achieve suitable employment, in keeping with the statutory mandates of 29 U.S.C. Section 701. Plaintiff would only be qualified for services within the Division due to her disability and the program's function of helping the disabled achieve employment. It is difficult to imagine how the Division could discriminate against Plaintiff based on a disability that would provide the only basis for her eligibility for such services.

15.     The Seventh Circuit, in *Mallett v. Wisconsin Division of Vocational Rehabilitation*, 130 F.3d 1245 (7th Cir. 1997), found that a plaintiff could maintain a Section

1983 action "only to the extent that a state [vocational rehabilitation] plan which receives federal funding does not conform to one of the federal requirements. *Id*. at 1253. The court pointed out that a plaintiff could not maintain a Section 1983 claim where the plaintiff was simply alleging an isolated violation of an otherwise legitimate state plan. *Id*. In the instant case, Plaintiff has made no allegations relating to the State of Florida's plan. Plaintiff simply states that she has been denied her rights in this particular case. The court's reasoning in *Mallett* would foreclose this type of action as Plaintiff has sufficient administrative remedies with which to address any type of denial that allegedly violates federal law.

16. In *Mallett v. Wisconsin Division of Vocational Rehabilitation*, 130 F.3d 1245 (7th Cir. 1997), the Seventh Circuit held that to establish a violation of a state's vocational rehabilitation plan, a plaintiff must satisfy four requirements: (1) that [s]he is a handicapped individual as defined by the Rehabilitation Act; (2) that [s]he is otherwise qualified for participation in the program; (3) that the program receives federal financial assistance; and (4) that [s]he was denied the benefits of the program solely because of [her] handicap. *Id*. at 1257. The court in *Mallett* stated that an "otherwise qualified" individual is one who, in spite of his handicap, can meet all of the requirements of the program. *Id*. Further, that plaintiff in *Mallett* was not eligible for services but for his handicap given that the only individuals served by the division of vocational rehabilitation are handicapped. *Id*. Finally, the court ruled that unless the plaintiff could show that a non-handicapped individual received services denied to an "otherwise qualified" handicapped individual, the plaintiff could not raise a claim of discrimination based on disability. *Id*.

17. In the instant case, Plaintiff makes an unusual claim of discrimination based on disability—against an entity whose primary responsibility is to service the disabled. The

Plaintiff would only be qualified for services within the Division due to her disability and the program's function of helping the disabled achieve employment. The Plaintiff has failed to show that non-disabled individuals receive the benefits she seeks and that she, as an "otherwise qualified" disabled individual, was denied those benefits. Accordingly, the Plaintiff has failed to state a claim upon which relief can be granted in that Plaintiff has failed to establish a prima facie case of discrimination based on disability and the same reasoning would apply to any claims Plaintiff may believe she has alleged under the ADA.

18. Similarly, in Count IV of Plaintiff's Second Amended Complaint, Plaintiff attempts to allege a cause of action for "race discrimination" under 42 U.S.C. Section 1983 but makes not a single allegation that her race had anything to do with any vocational rehabilitation services allegedly denied to her. If Plaintiff is attempting to assert a claim for discrimination under Title VII of the Civil Rights Act of 1964, the Plaintiff must show "(1) that she belongs to a protected class; (2) that she was qualified to receive training and rehabilitation services; (3) that she was denied services even though she was qualified; and (4) that other, similarly situated clients received different treatment." *Gilmore v. State of California, Department of Rehabilitation*, 1996 WL 478970 (N.D. Cal. 1996) (applying the requirements for establishing a Title VII action under the Civil Rights Act of 1964 as enunciated in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).

Plaintiff's Second Amended Complaint fails to establish a prima facie case. She does not allege specific facts to establish based on criteria set forth in the Rehabilitation Act, that she was qualified to receive the training and rehabilitation services she desired. And, finally, Plaintiff failed to allege specific facts to establish that similarly situated clients with her particular medical status received different treatment by the Division. While Plaintiff alleges mistreatment

based on being required to adhere to an evaluation and her perception of retaliation, she does not provide any facts to support a claim that the Division's actions leading to its determination were undertaken due to her race.

19. Plaintiff's Second Amended Complaint, taken as a whole, demonstrates that Plaintiff has not been discriminated against because of her race or because of her disability and is simply using these "catch-phrases" and causes of action to express her dissatisfaction with not receiving the exact type of vocational rehabilitation she had initially wanted, namely money to start her own music publishing business. Plaintiff has no constitutional right to receive money to start her own business and even Plaintiff, in her Second Amended Complaint noted that any decision to supply funds to assist in starting a business was totally discretionary. *See* Plaintiff's Second Amended Complaint at paragraph 43 (starting a business is a "possible outcome"). Further, Defendants Whitaker and Givens did not have the authority to give Plaintiff money to start her own business and Plaintiff makes no allegation that they had such authority.

20. The remaining counts of Plaintiff's Second Amended Complaint suffer from the same pleading deficiencies. For example, Count VI, in which the Plaintiff attempts to state a state law claim for fraud, a "RICO" claim for mail fraud, and a state law claim for libel. Plaintiff has failed to allege a sufficient factual basis to assert these causes of action. For example, rule 9(b) of the *Federal Rules of Civil Procedure* requires that in all averments of fraud, the circumstances constituting fraud shall be stated with particularity. Plaintiff's Second Amended Complaint fails to allege with particularity the elements of a cause of action for fraud. Similarly, Plaintiff's Second Amended Complaint fails to allege the elements of a cause of action for libel.

## PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

21.     The purpose of requiring exhaustion of administrative remedies is to insure that courts receive matters which are ripe for judicial determination and present concrete injuries. *Rogers v. Bennett*, 873 F.2d 1387, 1392 (11th Cir. 1989).  In *Ryans v. The New Jersey Commission for the Blind and Visually Impaired*, 542 F.Supp. 841 (D.N.J. 1982), the plaintiff challenged his denial of rehabilitative services and benefits to which he was entitled under the Rehabilitation Act of 1973.  In addressing the requirement of exhaustion of administrative remedies, the court stated "in the present case, however, the very statute which plaintiff seeks to vindicate by way of a s1983 action requires the state to institute administrative review procedures.  If the courts are to effectuate congressional intent, they must give effect to the entire enforcement scheme provided in the statute." *Id*. at 850.  The court in *Ryans* outlined the statutory scheme mandating an administrative process substantively similar to Florida's.

The statute and federal regulations governing Florida's vocational rehabilitation program clearly anticipate the requirement of a claimant exhausting all administrative remedies.  34 C.F.R. Section 361.57(e), which implements the provisions of 29 U.S.C. Section 722(c)(5), provides for impartial due process hearings for individuals who disagree with the findings of a state unit which effect the provision of vocational services to them.  That regulation provides:

> (1)  A hearing conducted by an impartial hearing officer, selected in accordance with paragraph (f) of this section, must be held within 60 days of an applicant's or eligible individual's request for review of a determination made by personnel of the State unit that affects the provision of vocational rehabilitation services to the individual, unless informal resolution or mediation agreement is achieved prior to the 60th day or the parties agree to a specific extension of time.. .

Further, 34 C.F.R. Section 361.57(j), which implements the provisions of 29 U.S.C. Section 722(J)(i), states:

> (1) Any party who disagrees with the findings and decisions of an impartial hearing officer under paragraph (e) of this section in a State that has not established administrative review procedures under paragraph (g) of this section and any party who disagrees with the findings and decision under paragraph (g)(3)(iii) of this section have a right to bring a civil action with respect to the matter in dispute. The action may be brought in a district court of the United States without regard to the amount in controversy.

22. Thus, neither the federal statutes nor the federal regulations contemplate a plaintiff in a vocational rehabilitation case bringing an original action against the Division in federal district court. The state has provided administrative proceedings by which an aggrieved party may challenge the Division's actions and Plaintiff was provided with notice of those options. The Second Amended Complaint does not state otherwise. While Plaintiff has alleged that she "contacted" Roy Cosgrove, "an Officer of the Ombudsman's Office for the Florida Division of Vocational Rehabilitation", she does not allege, and cannot allege, that she has exhausted her administrative remedies. The Court should dismiss Plaintiff's Second Amended Complaint for Plaintiff's failure to exhaust her administrative remedies.

23. The Seventh Circuit, in *Mallett, supra, 1*30 F.3d 1245 (7th Cir. 1997), found that a plaintiff could maintain a Section 1983 action "only to the extent that a state [vocational rehabilitation] plan which receives federal funding does not conform to one of the federal requirements. *Mallett,* 130 F.3d at 1253. The court pointed out that a plaintiff could not maintain a Section 1983 claim where the plaintiff was simply alleging an isolated violation of an otherwise legitimate state plan. *Id*. In the instant case, Plaintiff has made no allegations relating to the State of Florida's plan. Plaintiff simply states that she has been denied her rights in this particular case. The court's reasoning in *Mallett* would foreclose this type of action as Plaintiff has sufficient administrative remedies with which to address any type of denial that allegedly violates federal law.

## ELEVENTH AMENDMENT IMMUNITY

24.     It is fundamental that a State cannot be sued by a citizen in federal court unless the state consents to such a suit. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed 2d 252 (1996); *Ford Motor Company v. Department of Treasury of Indiana*, 323 U.S. 459, 462, 65 S.Ct. 347, 349, 89 L.Ed. 389 (1944). This rule applies even when a suit is brought against a state by a citizen of that state. *Hans v. Louisiana*, 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1840). It is also fundamental that the Eleventh Amendment bars suits not only against the state itself, but also against an agency or subdivision of the state if the state remains "the real party in interest." *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed. 2d 662 (1974). In *Seminole Tribe of Florida*, *supra*, the United States Supreme Court overruled *Pennsylvania v. Union Gas*, 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), and stated as follows:

> In overruling *Union Gas* today, we confirm that the background principle of state sovereign immunity embodied in the Eleventh Amendment is not so ephemeral as to dissipate when the subject of the suit is an area, like the regulation of Indian commerce, that is under the exclusive control of the Federal Government. Even when the Constitution vests in Congress complete law-making authority over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting States. The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction. Petitioners' suit against the State of Florida must be dismissed for a lack of jurisdiction.

25. As the State of Florida has not consented to be sued in federal court, this Court lacks jurisdiction over this matter and Plaintiff's Complaint must be dismissed insofar as it attempts to assert a 42 U.S.C. Section 1983 claim against the Florida Department of Education, a subdivision of the State of Florida, and regarding any common law claims.

26. In the event the Court determines that Plaintiff has alleged a cause of action under Title II of the ADA, the Florida Department of Education is entitled to Eleventh Amendment immunity for that cause of action as well. While the United States Supreme Court's recent decision in *Tennessee v. Lane,* 124 S. Ct. 1978 (2004), determined that the states' Eleventh Amendment immunity had been effectively abrogated by Title II of the ADA, the Supreme Court expressly limited its holding to cases involving access to court. Prior precedent holding that Title II of the ADA did not effectively abrogate the state's Eleventh Amendment immunity are still valid.

27. Plaintiff's claims against Defendants Whitaker and Givens in their official capacities should be dismissed pursuant to the Eleventh Amendment as well. The Eleventh Amendment provides "an absolute bar to suit for money damages by an individual against a state. . . .or employees of the state. . . in their official capacities. *Pate v. Peel*, 256 F.Supp.2d 1326 (N.D. Fla. 2003). Additionally, Plaintiff's state law claims against Defendants Whitaker and Givens in their official capacities should be dismissed pursuant to *Florida Statutes* Section 768.28(9) which states that "[n]o employee of the state shall be held personally liable in tort or named as a party defendant in any action for injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting

wanton and willful disregard of human rights, safety, or property." All claims against Defendants Whitaker and Givens in their official capacities should be dismissed.

## STATE OF FLORIDA NOT A PERSON UNDER § 1983

28. The United States Supreme Court has specifically held that States are not persons subject to suit under 42 U.S.C. Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Further, this Court has held that a subdivision of the State is not a person subject to the jurisdiction of the Court in an action under 42 U.S.C. Section 1983 for purposes of any relief, whether injunctive, declaratory, or compensatory. *Schrank v. Bliss*, 412 F. Supp. 28 (M.D. Fla. 1976).

29. As the Florida Department of Education is not a "person" as that term is understood for purposes of Section 1983 claims, this Court lacks jurisdiction over the Commission and Plaintiff's Complaint should be dismissed.

30. This Court should dismiss Plaintiff's Second Amended Complaint.

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished by U.S. Mail to: Lisa Hamilton, 4470 Scenic Lake Drive, Orlando, Florida 32808; Michael D. Kooi, Esquire and Elana J. Jones, Esquire, Assistant General Counsel, 325 W. Gaines Street, Suite 1244, Tallahassee, Florida 32399; George F. Indest, III, Esquire and Jaosn L. Harr, Esquire, The Health Law Firm, 220 E. Central Parkway, Suite 2030, Altamonte Springs, Florida 32701;

Conroy, Simberg, Ganon, Krevans, & Abel, P.A., 2 South Orange Avenue, Suite 300, Orlando, Florida 32801 on this 19th day of November, 2004.

                                                      s/John E. DuBose, Jr._____
ROBERT D. KEOUGH, ESQUIRE
FL Bar No.: 321583
JOHN E. DuBOSE, JR., ESQUIRE
FL Bar No.: 752037
KEOUGH & DuBOSE, P.A.
514 E. Colonial Drive
P.O. Box 1609
Orlando, Florida 32802-1609
(407) 849-5050
407) 849-6588 fax
Attorneys for THE FLORIDA
DEPARTMENT OF EDUCATION,
DIVISION OF VOCATIONAL
REHABILITATION, JUDY WHITAKER,
DAVID GIVENS