UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

    Plaintiff,                                     CASE NO.:  6:04-cv-636-orl-28-JGG

vs.

THE FLORIDA DEPARTMENT OF
EDUCATION, DIVISION OF
VOCATIONAL REHABILITATION,
JUDY WHITAKER, DAVID GIVENS,
JOYCE A. WELLS, DAVID BOGERT,
and DR. LEONARD SKIZYNSKI,

    Defendants.

_____/

**RESPONSE TO PLAINTIFF'S APPLICATION FOR CLERK'S ENTRY OF DEFAULT**

      COME NOW Defendants, THE FLORIDA DEPARTMENT OF EDUCATION, DIVISION OF VOCATIONAL REHABILITATION, JUDY WHITAKER, and DAVID GGIVENS, by and through their undersigned attorneys, and respond to Plaintiff's "Application for Clerk's entry of Default" as follows:

      1.    Plaintiff is not entitled to a default.  Plaintiff's Second Amended Complaint was served on November 1, 2004.  Pursuant to Rule 12(4) of the *Federal Rules of Civil Procedure*, these Defendants had 10 days to file a response to the Second Amended Complaint.

      2.    Pursuant to Rule 6(a), when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.  That same rule defines Veterans Day as a "legal holiday".

3. November 6, 7, 13, and 14 were Saturdays and Sundays. November 11 was Veterans Day. Therefore, excluding those five days in the computation, the response was to be filed on or before November 16, 2004. Because the Second Amended Complaint was served by mail, an additional 3 days are added to that time pursuant to Rule 6(e). Therefore, these Defendants' response to Plaintiff's Second Amended Complaint was due to be filed on or before November 19, 2004. As a response to Plaintiff's Second Amended Complaint was filed prior to the deadline, Plaintiff is not entitled to entry of a default.

4. Further, pursuant to Rule 55(b)(2), Plaintiff is not entitled to a Clerk's default in this instance. These Defendants have appeared in the action, having filed successful motions to dismiss Plaintiff's Amended Complaint and other papers. In that event, the party seeking a default must serve written notice of the application of the default on the opposing party and a default may only be entered by the Court and not by the Clerk.

5. As these Defendants have appeared in the action and have expressed an intention of vigorously defending Plaintiff's allegations, a default is improper. Further, the time for filing a response to Plaintiff's Second Amended Complaint has not expired and these Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint was timely filed.

6. This Court should deny Plaintiff's Application for Clerk's Entry of Default.

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished by U.S. Mail to: Lisa Hamilton, 4470 Scenic Lake Drive, Orlando, Florida 32808; Michael D. Kooi, Esquire and Elana J. Jones, Esquire, Assistant General Counsel, 325 W. Gaines Street, Suite 1244, Tallahassee, Florida 32399; George F. Indest, III, Esquire and Jaosn L. Harr, Esquire, The Health Law Firm, 220 E. Central Parkway, Suite 2030, Altamonte Springs, Florida 32701;

Conroy, Simberg, Ganon, Krevans, & Abel, P.A., 2 South Orange Avenue, Suite 300, Orlando, Florida 32801 on this 19th day of November, 2004.

                                                                                                                                                         __s/ John E. DuBose, Jr._____
ROBERT D. KEOUGH, ESQUIRE
FL Bar No.: 321583
JOHN E. DuBOSE, JR., ESQUIRE
FL Bar No.: 752037
KEOUGH & DuBOSE, P.A.
514 E. Colonial Drive
P.O. Box 1609
Orlando, Florida 32802-1609
(407) 849-5050
407) 849-6588 fax
Attorneys for THE FLORIDA
DEPARTMENT OF EDUCATION,
DIVISION OF VOCATIONAL
REHABILITATION, JUDY WHITAKER,
DAVID GIVENS