UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON                                    CASE NO. 6:04-CV-636-ORL-28JG

   Plaintiff

v.

The Florida Department of Education/
Division of Vocational Rehabilitation,
Judy Whitaker, David Givens, Joyce A. Wells,
David Bogert and Dr. Leonard Skizynski

   Defendants

## MOTION FOR SUMMARY JUDGEMENT ON THE PLEADINGS AGAINST DEFENDANTS JOYCE A. WELLS AND DAVID E. BOGERT AND APPORTIONMENT OF LIABILITY

On November 11, 2004 Defendants Joyce A. Wells' and David E. Bogert's Counsel Conroy, Simberg, Ganon, Krevans & Abel P.A. made an appearance on behalf of their clients in this Court in response to Plaintiff's Second Amended Complaint by submitting redundant, duplicative and vexatious Motions To Dismiss the Plaintiff's case for failure to state a claim upon which relief can be granted. The Plaintiff is a pro se litigant and is learning rules of engagement in dealing with the Federal Court system but Defendants Counsel Conroy, Simberg, Ganon, Krevans & Abel P.A. have been practicing law more than six months and is fully versed in Federal and Local Rules of Civil Procedure. To state that the Plaintiff fails to state a claim upon which relief can be granted is asinine considering the Evidence the Plaintiff has submitted to the Court - pursuant to Federal rules of Civil Procedure 56(g) the Plaintiff

states there is no genuine issue of material fact and seeks a SUMMARY JUDGEMENT and Apportionment of Liability as to the following:

1). Defendant Joyce A. Wells was denied licensure to practice Psychology in the State of Florida.

2). Defendant Joyce A Wells has a Doctorate degree from Newport University - a regionally unaccredited University.

3). Defendant Joyce A. Wells **illegally** practices Psychology in the State of Florida through the illegitimate claim of having Supervision under a valid Florida Licensed Psychologist. Defendant Joyce A Wells **was not and is not legally** able to practice Psychology in the State of Florida under the Supervision of a Licensed State of Florida Psychologist because her Doctorate degree from Newport University does not meet State of Florida minimal standards.

4). Defendants Joyce A. Wells and David E. Bogert administered a Psychological Evaluation in the State of Florida despite the facts mentioned in Points 1-3 above.

5). Defendant Joyce A Wells performed an **illegal** Psychological Evaluation in the State of Florida subject to criminal charges.

6). Defendant Joyce A. Wells and David E. Bogert administered a **fraudulent and illegal** Psychological Evaluation and were paid to do so with Federal Funds by Defendant The Florida Department of Education.

7). Defendant Joyce A. Wells and David E. Bogert published a 9 page Psychological Evaluation rendering the Plaintiff mentally insane and distributed this to third party -The

Florida Department of Education - which makes it defamation of character and libel through publication.

8). Defendants Joyce A. Wells and David E. Bogert <u>knew</u> they were not licensed to practice Psychology independently or under Supervision in the State of Florida because they had no Florida License to practice Psychology in their possession. Defendant Joyce A. Wells knew that she was not licensed to practice Psychology in the State of Florida because she <u>applied</u> for licensure months earlier with the Florida Department of Health and was not given an answer until November 14, 2003 which was <u>Denial</u> - which **proves intent because Defendant Joyce A. Wells <u>knew</u> she had Applicant status <u>only</u>** with the Florida Department of Health when she administered the Psychological Evaluation on the Plaintiff on the dates of October 9, 2003 and October 14, 2003.

9). Defendant David E. Bogert is the registered owner of Comprehensive Behavioral Health Services located at 3359 W. Vine Street, Suite 104, Kissimmee, Florida. Defendants Joyce A. Wells and David E. Bogert performed the Psychological Evaluation on the Plaintiff under the letter head of Comprehensive Behavioral Health Services. Defendant David E. Bogert possesses licensure solely as a Mental Health Counselor.

10. The Defendants Joyce A. Wells' and David E. Bogert's actions mentioned above in Points 1-9 was the proximate cause of Plaintiff being denied a Constitutional Right of access to Vocational Rehabilitation Services.

11. Defendant Joyce A. Wells and David E. Bogert actions pointed out on Points 1-10

above were under the Color of State Law in their capacity as Vendor Contractors for the Defendant The Florida Department of Education.

There is no genuine issue of material fact as to Points 1-11 above.

The burden of proof lies initially with the Plaintiff to prove her averments. The Plaintiff has shifted the burden of proof upon the Defendants Joyce. A. Wells and David E. Bogert to dispute the evidence submitted by the Plaintiff. For Defendants Joyce A. Wells and David E. Bogert and their Counsel Conroy, Simberg, Ganon, Krevans & Abel P.A. to respond to the Plaintiff's Second Amended Complaint with nothing less than an affirmative answer is tantamount to admitting that the facts above in Points 1-11 are true. The legal definition of a Motion To Dismiss is "Even if all of the allegations are true, the Plaintiff is not entitled to any legal relief and thus the case should be dismissed". By layman terms Defendants Joyce A. Wells' and David E. Bogert's Counsel are challenging the Presiding Judge John Antoon II to find "no legal fault" in their clients behavior through their legal ramblings and duplicative, repetitive Motions. To submit a Motion To Dismiss for failure to state a claim after the Plaintiff has submitted the evidence in Points 1-11 above is a total disregard to the legal proceedings in this Court - wasting the Court's time, the Plaintiff's time and wasting their clients money. Defendants Joyce A. Wells' and David E. Bogert's Motion To Dismiss should be stricken from the proceedings.

Counsel for Defendants Joyce A. Wells and David E. Bogert want to play the Motion To Dismiss and delay tactic game. While Defendants Joyce A. Wells and David E. Bogert tip toe around the truth the Plaintiff moves for a SUMMARY JUDGEMENT on the Pleadings as to Points 1-11 above and apportionment of Liability.

The Defendants Counsel Conroy, Simberg, Ganon, Krevans & Abel P.A. should be sanctioned for violating 28 U.S.C. 1927 and F.R.C.P 16(a)3 and F.R.C.P. Rule 11 by being duplicative, repetitive and vexacious for pleading a baseless argument.

A Motion To Dismiss should be granted only when it appears beyond doubt that the Plaintiff can prove no set of facts that would entitle Plaintiff to legal relief. The Plaintiff has legal remedy for the actions afforded the Plaintiff by the Defendants Joyce A. Wells and David E. Bogert. Defendants Joyce A Wells and David E. Bogert's illegal and criminal actions were the proximate cause of the Plaintiff being denied a Constitutional Right to have access to Vocational Rehabilitation Services - causing Plaintiff emotional distress through Publishing and Distribution to third parties The Florida Department of Education and the United States Social Security Administration a fraudulent, illegal and libelous claim that the Plaintiff is mentally insane.

The Plaintiff is entitled to a Summary Judgement on Points 1-11 above as a matter of Law.

**I certify that copies have been mailed to all parties involved on this day November 19, 2004.**

Dr. Leonard Skizynski
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701

The Florida Department of Education, Division of Vocational Rehabilitation
Services/Judy Whitaker/
David Givens
325 West Gains Street, Suite 1244
Tallahassee, Florida 32399

Joyce A. Wells/ David Bogert
CONROY, SIMBERG, GANON
KREVANS & ABEL, P.A.

Two South Orange Avenue
Suite 300
Orlando, Florida 32801

Sincerely,

Lisa Hamilton