UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON                                          CASE NO. 6:04-CV-636-ORL-28JG

    Plaintiff

v.

The Florida Department of Education/
Division of Vocational Rehabilitation,
Judy Whitaker, David Givens, Joyce A. Wells,
David Bogert and Dr. Leonard Skizynski

    Defendants

## MOTION FOR EMERGENCY RULING BY PRESIDING JUDGE JOHN ANTOON II TO ENTER A DEFAULT JUDGEMENT AGAINST DEFENDANTS THE FLORIDA DEPARTMENT OF EDUCATION, JUDY WHITAKER AND DAVID GIVENS

The Plaintiff Lisa Hamilton requests the Presiding Judge John Antoon II issue an Emergency Ruling of Default Judgement against Defendants The Florida Department of Education, Judy Whitaker and David Givens.

The Defendants The Florida Department of Education, Judy Whitaker and David Givens' Counsel Elana Jones, Jason Fudge and Michael Kooi have been the leading attorneys in this case since their initial appearance on June 28, 2004 - a total of three attorneys against one pro se litigant. The aforementioned attorneys would like Your Honor to believe that they were so disadvantaged that they had to seek outside help and bring in a fourth Counsel to plead their case.

The issue that the Plaintiff raises is not that the Defendant The Florida Department of Education has added additional Counsel - **it is their timing and method in doing so**. The

Plaintiff can respect that every attorney has their methods by which they go by in presenting a case but clearly the situation that the Counsels Elana Jones, Jason Fudge and Michael Kooi are trying to create is one of confusion, delay and ignorance of Federal Rules of Civil Procedure.

The Plaintiff will state the facts that occurred necessitating Plaintiff's request for Emergency Ruling of Default Judgement against Defendants The Florida Department of Education, Judy Whitaker and David Givens:

1). On Monday, <u>November 15, 2004 @ 10:15 AM</u> the Plaintiff received a phone call from a woman identifying herself as Stephanie with Keough & Dubose, P.A. (located in Orlando, Florida) stating Plaintiff's case against Defendants The Florida Department of Education, Judy Whitaker and David Givens had been transferred to them and they are **taking over the case** and would the Plaintiff object to their having a <u>10 day extension</u> to answer Plaintiff's Second Amended Complaint. Plaintiff inquired when Keough & Dubose P.A. had received Defendants case. The answer given the Plaintiff was "**today (November 15, 2004)**".

2). The Plaintiff was surprised to hear the aforementioned in Point 1 <u>knowing</u> that the next day – Tuesday, November 16, 2004 - was Defendants The Florida Department of Education, Judy Whitaker and David Given's deadline to respond to the Plaintiff's Second Amended Complaint and the way it was sounding these Defendants were once again going to be in Default and this time their excuse was going to be "we were in transition - switching Counsels". Wanting to be fair, the Plaintiff asked Stephanie of Keough & Dubose, P.A. to give the Plaintiff thirty minutes to conduct research before giving an answer to objection to a 10 day extension.

3) Plaintiff found through research that before any new Counsel can be acknowledged by the Court the former Counsel must put in a withdrawal, serve all parties involved and give at least 10 days for the Court to approve the withdrawal and the new Counsel must serve all parties involved and give the Court 10 days notice to grant leave to take over the case.

4). The Plaintiff called Stephanie of Keough & Dubose, P.A. and informed her that with certainty the Plaintiff will object to an extension - especially one day before the deadline to respond to

Plaintiff's Second Amended Complaint.

5). On Wednesday, **November 17, 2004** Plaintiff submitted Application for the Clerk's entry of Default against Defendants The Florida Department of Education, Judy Whitaker and David Givens. Later that day Plaintiff called Counsel Elana Jones to inquire of her continuation in these proceedings. Counsel Elana Jones refused to take Plaintiff's call and had a Linda Pierce to call the Plaintiff back and inform the Plaintiff that in fact Keough & Dubose, P.A. had **taken over** the case.

6). The Plaintiff then contacted the law firm Keough & Dubose, P.A. and was transferred to Johnny Dubose who stated that he was the new Counsel for the Defendants The Florida Department of Education, Judy Whitaker and David Givens. The Plaintiff informed Johnny Dubose that the Defendant The Florida Department of Education current Counsel has not made a withdrawal and inquired of Johnny Dubose **how Keough & Dubose, P.A. could <u>even make an appearance</u> in the case when the deadline - November 16, 2004 - had passed for the Defendants The Florida Department of Education, Judy Whitaker and David Givens to respond** to the Plaintiff's Second Amended Complaint. Johnny Dubose denied that the Defendants The Florida Department of Education, Judy Whitaker and David Givens were in Default stating Federal Rule 6(a) excludes Holidays and intermediate Saturdays and Sundays and that their final day to answer is Friday, November 19, 2004. The Plaintiff reminded Johnny Dubose of Federal Rule 6(e) - 3 days added to computation of time when served by mail which makes the prescribed time <u>13</u> days – making Federal Rule 6(a) inapplicable in this specific situation.

7) On November 19, 2004 Johnnny Dubose of Keough & Dubose, P.A. attempted to perpetrate a fraud on the Court by putting in a "Notice of Appearance As Co-Counsel" - lying when he was **factually taking over the case** circumventing the required withdrawal of Elana Jones, Jason Fudge and Michael Kooi prior to doing so.

8). Plaintiff served Defendants The Florida Department of Education, Judy Whitaker and David Givens on November 3, 2004 with the Second Amended Complaint with a deadline to respond to the Second Amended Complaint being November 16, 2004. For Counsel Elana Jones, Jason Fudge and Michael Kooi to disrespect the Court by abandoning the case without approval and handing it over to an entirely <u>new</u> law firm - **<u>the day before the deadline to respond</u>** - serves only to delay the Court proceeding. The law firm of Keough & Dubose put in an Notice of Appearance as Co-Counsel **<u>three days after the Defendants due date</u>** as if they were unaware of Federal Rule 6(e) - ready to plead "a case of inadvertent mistake" to get the Defendants The Florida Department of Education, Judy Whitaker and David Givens out of yet another Clerk entry of Default.

Plaintiff has shifted the burden of proof onto the Defendants The Florida Department of Education, Judy Whitaker and David Givens. Their sole defense to date is 11th Amendment Immunity which Plaintiff has proven in these pleadings they have <u>validly waived</u> through an agreement with the United States Congress in their acceptance of Federal Funding and their purchase of Professional Liability Insurance (Risk Management). The United States Congress has in addition <u>unequivocally abrogated</u> the Defendants The Florida Department of Education, Judy Whitaker and David Givens Immunity under its Spending Clause, under Tiltle II of ADA and Section 504 of the Rehabilitation Act of 1964. The United States Congress has also made it unequivocally clear that any one acting under "Color of State Law" who intentionally violates a clearly established Constitutional Right **<u>guaranteed</u>** by the Constitution of the United States of America of a United States citizen of which a reasonable person should have known they were violating is not protected by a State's 11th Amendment Immunity.

The Defendants The Florida Department of Education, Judy Whitaker and David Givens were cloaked with the authority of being State Actors "under color of State Law". They were <u>fully aware</u> that their actions had to be of a certain standard and came with certain consequences - that being

the possibility of losing their protective umbrella - 11th Amendment Immunity - when they violated a clearly established Constitutional Right of which a reasonable person should have known.

For the Defendants The Florida Department of Education, Judy Whitaker and David Givens to Come **in late - in Default** - with new Counsel - not submitting an affirmative answer but a redundant, duplicative and vexacious Motion To Dismiss is proof they can not defend against Plaintiff's claims.

The Defendants The Florida Department of Education, Judy Whitaker and David Givens **transferred this case a day before the deadline making them culpable** of going into Default. The law firm of Keough & Dubose made an appearance to the Court **three days late** with nothing more than an regurgitated **duplicate version of Counsel Elana Jones' prior Motion To Dismiss**. The Defendants The Florida Department of Education, Judy Whitaker and David Givens were fully aware of the deadline to respond to the Plaintiff's Second Amended Complaint as the case has been going on for the last six months. For the Defendant to turn over the case to a new attorney improperly introduced to the Presiding Judge and all parties involved **after** their deadline to respond is insulting and demeaning to the Court.

The Defendants The Florida Department of Education, Judy Whitaker and David Givens offer **no** answer to the Plaintiff's charge of violation of the Racketeer Influenced and Corrupt Organizations Act.

For a State Agency to be in Default twice in the same proceedings is begging to have a Default Judgement entered against them.

The Plaintiff requests an Emergency Ruling from the Presiding Judge John Antoon II to enter a Default Judgement against Defendants The Florida Department of Education, Judy Whitaker and David Givens to clear up this **morass** of legal maneuvering by the law firm of Keough & Dubose and Counsels for the Defendants The Florida Department of Education, Judy Whitaker and David Givens - Elana Jones, Jason Fudge and Michael Kooi by striking all pleadings as moot by the law firm of Keough & Dubose, P.A. in the dockets of this case. Whenever a party has the

right or is required to do some act or take some proceedings within a **prescribed period** after the service of a notice or other paper upon the party and the notice or paper is served upon the party under **Rule 5(b)(2)(B), by mail** (C), or (D), **3 days** shall be **added to the prescribed period.** Federal Rules of Civil Procedure 15(a) allows 10 days to respond to the Plaintiff's Second Amended Complaint and **F.R.C.P.5(b)(2)(b)** as mentioned above **adds 3 days to that prescribed period making the prescribed period 13 days** which is greater than **11 days** so intermediate Saturdays and Sundays and Holidays (Veterans Day in particular) did count towards the time prescribed to respond to the Plaintiff's Second Amended Complaint and unless Attorneys Johnny Dubose, Elana Jones, Micheal Kooi and David Fudge want to argue that 11 is greater than 13 then the Plaintiff asks your Honor to place the Defendants The Florida Department of Education, Judy Whitaker and David Givens in Default and enter a Final Judgement of Default in favor of the Plaintiff.

    Until the Presiding Judge John Antoon II makes a ruling the Plaintiff will continue to recognize and serve Counsel Elana Jones, James Fudge and Michael Kooi as lead Attorneys for The Defendants The Florida Department of Education, Judy Whitaker and David Givens.

## I certify that copies have been mailed to all parties involved on this day November 22, 2004.

Dr. Leonard Skizynski
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701

The Florida Department of Education, Division of Vocational Rehabilitation
Services/Judy Whitaker/
David Givens
325 West Gaines Street, Suite 1244
Tallahassee, Florida 32399

Joyce A. Wells/ David Bogert

CONROY, SIMBERG, GANON
KREVANS & ABEL, P.A.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801

Sincerely,

*[signature]*
Lisa Hamilton