UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

    Plaintiff,                            CASE NO.: 6:04-CV-636-ORL-28-JGG

vs.

FLORIDA DEPARTMENT OF
EDUCATION DIVISION OF
VOCATIONAL REHABILITATION;
JUDY WHITAKER; DAVID GIVENS;
JOYCE A. WELLS; DR. LEONARD
SKIZYNSKI; DAVID BOGERT,

    Defendants.
_____/

**DEFENDANT DR. SKIZYNSKI'S OPPOSITION**

**TO PLAINTIFF'S APPLICATION FOR CLERK'S ENTRY OF DEFAULT**

    Defendant, Dr. Leonard Skizynski by and through his undersigned attorneys, hereby files this Opposition to Plaintiff's Application for Clerk's Entry of Default as to Defendant Dr. Leonard Skizynski and states as follows:

**BACKGROUND AND FACTS**

    1.    On October 15, 2004, Judge John Antoon II, entered an Order dismissing pro se Plaintiff Lisa Hamilton's claims as to all defendants and granting the Plaintiff leave to file a Second Amended Complaint within twenty (20) days of the entry of the order (Docket 61). In part, the Court's findings were that the causes of action pleaded by the pro se Plaintiff sounded in state-law negligence and no grounds for federal jurisdiction had been stated.

2. On November 1, 2004, pro se Plaintiff Hamilton served her Second Amended Complaint (Docket 62), via U.S. mail on this defendant. The same defects existed in it as in the first Amended Complaint.

3. Defendant Dr. Leonard Skizynski (referred to as "Dr. Skizynski") timely served a Motion to Dismiss Plaintiff's Second Amended Complaint (Docket 66) on the Plaintiff on November 16, 2004.

4. On that same day, November 16, 2004, pro se Plaintiff Hamilton improperly filed an "Application for Clerk's Entry of Default As To Defendant Dr. Leonard Skizynski" (referred to herein as "Application for Default") (Docket 68), seeking entry of default by the Clerk of Court against Dr. Skizynski and alleging as grounds, that Dr. Skizynski had not complied with the time requirements for filing a response to the Second Amended Complaint, serving the same by U.S. mail.

5. On or about November 18, 2004, undersigned counsel for Defendant Dr. Leonard Skyzinski received a copy of Plaintiff Hamilton's Application for Clerk's Entry of Default. This responds to and opposes pro se Plaintiff Hamilton's Application for Clerk's Entry of Default.

**GROUNDS FOR OPPOSITION**

6. Plaintiff served her Second Amended Complaint via U.S. mail. Pursuant to the Federal Rules of Civil Procedure, Defendant Dr. Skizynski had ten (10) days to file his Motion to Dismiss (excluding intermediate Saturdays, Sundays, and legal holidays, of which there

were a total of five (5) during this period, Veterans Day being a legal holiday).  Furthermore, an additional three (3) days is added to the time to respond because the pleading was served by mail.  Rule 4.20(a), Rules of the U.S. District Court for the Middle District.

7. Defendant Dr. Skizynski's Motion to Dismiss (Docket 66) was timely.

8. As an additional ground, the Plaintiff's Application for Clerk's Default violates Rule 3.01(a) of the Rules of the U.S. District Court - Middle District, as it must contain a brief or legal memorandum.  Plaintiff's Motion for Default violates Rule 3.01(a) as it does not contain any brief or legal memorandum.  Moreover, the Application for Default does not contain citation or reference to any federal case law or federal rule which shows that the Plaintiff is entitled to relief.

9. Furthermore, since documents have been filed on behalf of Dr. Skyzinski in this case, there is no authority for the Clerk of Court to enter a default.

10. Additionally, there are no grounds for federal jurisdiction pleaded and the Court does not have jurisdiction.

11. Thus, through either ignorance of the rules of procedure or through trickery, pro se Plaintiff Hamilton is attempting, once again, to have the Court erroneously enter a default in her favor in a case where there is no federal jurisdiction.

**WHEREFORE**, for the reasons stated herein, Defendant Dr. Skizynski respectfully opposes Plaintiff's Application for Clerk's Entry of Default as to the Defendant Dr. Leonard Skizynski and requests that the Court afford him the following relief:

1. Denial of Plaintiff's Application for Entry of Clerk's Default;

2. Entry of appropriate sanctions against Plaintiff; and

3. Award of attorney's fees and costs involved in responding to Plaintiff's frivolous, baseless filings.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been (or will be) filed electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Michael R. Jackson, Esquire (attorney for Defendant Joyce A. Wells), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801;  John L. Morrow, Esquire (attorney for Defendant David Bogert), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801;  Michael Kooi, Esquire and Elana J. Jones, Esquire (attorneys for Defendants Department of Education, Judy Whitaker and David Givens), Turlington Building, 325 West Gaines Street, Suite 1244, Tallahassee, Florida 32399;  and a copy of the foregoing served via U.S. mail, postage prepaid, to:  Lisa Hamilton, Plaintiff (pro se), 4402 Dunwoody Place, Orlando, Florida 32808, on this     22nd     day of November, 2004.

/s/ George F. Indest III
**GEORGE F. INDEST III, ESQUIRE**
Florida Bar No.: 382426
**JASON L. HARR, ESQUIRE**
Florida Bar No.: 0194336
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701
Telephone:    (407) 331-6620
Telefax:        (407) 331-3030
**ATTORNEYS FOR DEFENDANT,
DR. LEONARD SKIZYNSKI**

JLH
S:\256\001\Pleadings\OppositionToClerkDefault-2ndAmComplaintwpd.wpd