UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

    Plaintiff,

vs.                                CASE NO. 6:04-CV-636-ORL-28JGG

FLORIDA DEPARTMENT OF EDUCATION/
VOCATIONAL REHABILITATION
SERVICES, JUDY WHITAKER, DAVID
GIVENS, JOYCE A. WELLS, DR. LEONARD
SKIZYNSKI and DAVID BOGERT,

    Defendants.
_____/

**DEFENDANT DR. SKIZYNSKI'S MEMORANDUM OF LAW**

**IN SUPPORT OF HIS OPPOSITION TO**

**PLAINTIFF'S APPLICATION FOR CLERK'S ENTRY OF DEFAULT**

Defendant Dr. Leonard Skizynski by and through his undersigned attorneys, files this Memorandum of Law in Support of his Opposition to Plaintiff's Application for Clerk's Entry of Default as to Defendant Dr. Leonard Skizynski, pursuant to Local Rule 3.01, Rules of the United States District Court, Middle District of Florida, and states as follows:

    **I.    BACKGROUND AND FACTS**

The backgrounds and facts, as relevant to this matter and this Memorandum of Law, are contained in paragraphs 1 through 5 of Defendant Dr. Skizynski's Opposition to Plaintiff's Application for Entry of Clerk's Default, filed contemporaneously herewith and incorporated herein by reference.

## II. LEGAL ANALYSIS

### A. Rule 15(a), Fed.R.Civ.P

Pursuant to Rule 15(a), Federal Rules of Civil Procedure, a party has ten (10) days to file a response to an amended pleading.

### B. Rule 6(a), Fed.R.Civ.P

Rule 6(a), Federal Rules of Civil Procedure states:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which the event the period runs until the end of the next day which is not one of the aforementioned days. <u>When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.</u> As used in this rule and in Rule 77(c), "legal holiday" includes . . . Veterans Day. . . . [Emphasis added]

Under Rule 6(a), Federal Rules of Civil Procedure, November 6 and 13, 2004 (Saturdays), November 7 and 14, 2004 (Sundays), and Veterans Day (November 11, 2004) did not count towards the ten (10) day time period in which Dr. Skizynski was required to file a response. Thus the application for default by Plaintiff Hamilton was premature pursuant to Rule 6(a), Federal Rules of Civil Procedure.

### C. Rule 6(e)

Defendant Dr. Skizynski was served a copy of Plaintiff Ms. Hamilton's Second Amended Complaint by U.S. mail.

Rule 6(e), Federal Rules of Civil Procedure states:

> Whenever a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Under Rule 6(e), Federal Rules of Civil Procedure, Defendant Dr. Skizynski had three additional days to file his response to Plaintiff's Second Amended Complaint. Plaintiff Ms. Hamilton would not be entitled to a default until November 19, 2004, <u>at the earliest</u>.

### D. Local Rule 4.20(a)

In the case of <u>Morroni v. Gunderson et al.</u>, 169 F.R.D. 168, 170 (M.D. Fla. 1996), the District Court cited to Rule 4.20(a), the United States District Court for the Middle District, as the appropriate method for calculating the date a response is due under Rule 6(a) and (e), Federal Rules of Civil Procedure.

Rule 4.20(a) states as follows:

> (a) Pursuant to Fed.R.Civ.P. 6(a) and (e), whenever a period of time prescribed or allowed by the Federal Rules of Civil Procedure or the Rules of the District Court of the United States for the Middle District of Florida, or by any applicable statute is less than eleven (11) days and there has been service of a notice or other paper upon a party by mail, then the period of time which that party has to act shall be computed as follows:

> (1) By first calculating the original prescribed period pursuant to Fed.R.Civ.P. 6(a); and
>
> (2) By then adding three (3) days to the original prescribed period pursuant to Fed.R.Civ.P. 6(e). The three (3) days shall be calculated beginning with the day following the last day of the original prescribed period, and shall be counted consecutively regardless of whether any day of this three (3) day period is a Saturday, Sunday, or legal holiday as defined in Fed.R.Civ.P. 6(a). The third day shall be treated as the last day of the period unless it is a Saturday, Sunday, or legal holiday in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

Under Rule 4.20(a), Rules of the Middle District of Florida, Defendant Dr. Skizynski's Motion to Dismiss <u>was</u> timely filed. Additionally, the Application for Clerk's Entry of Default filed by Plaintiff Ms. Hamilton is premature and untimely under both Rule 6(a) and (e), Federal Rules of Civil Procedure, as well as, Rule 4.20(a), United States District Court for the Middle District.

### E. Local Rule 3.01(a)

Rule 3.01(a), Rules of the United States District Court for the Middle District, provides: "In making any written motion or other application to the Court for entry of an order of any kind, in civil and criminal cases, the moving party shall file and serve with such motion or application a brief or legal memorandum with citation of authorities in support of the relief requested."

Plaintiff Ms. Hamilton violated Rule 3.01(a) by filing an Application for Default without filing the required brief or legal memorandum to support her position showing that she was legally entitled to an order on her behalf.

Furthermore, Plaintiff Ms. Hamilton in her Application for Default fails to cite to any federal case law or federal rule which entitles her to the relief she claims.  A pro se plaintiff is not excused from filing a motion without a required brief or memorandum of law with a motion that requests a certain action be taken against a defendant.  Plaintiff Ms. Hamilton must adhere to the rules adopted by this Court.

### F.     No Federal Jurisdiction

Furthermore, the Federal Rules of Civil Procedure require a party to plead the grounds upon which the jurisdiction of the Court is based.  Plaintiff Hamilton's Amended Complaint was previously dismissed, in part, for her failure to do this.  Again, in her Second Amended Complaint, she has failed to do this.

Plaintiff Hamilton has failed to plead the grounds establishing federal jurisdiction and the Court does not have jurisdiction in this matter.  Accordingly, entering a default in a case where the Court does not have jurisdiction would be erroneous.

### III.  CONCLUSION

Pursuant to Rule 15(a), Federal Rules of Civil Procedure, a party has ten (10) days to file a response to an amended pleading.  Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, Saturdays, Sundays and certain legal holidays (including Veterans Day) do not

count towards the time period required for a party to file a response, when the time period prescribed for a response is less than eleven (11) days. Defendant Dr. Skizynski's Motion to Dismiss the Second Amended Complaint was served and was filed with the Court on November 16, 2004. It was timely. Furthermore, Plaintiff Ms. Hamilton's Application for Default does not contain a brief of legal memorandum in support of her claim that the Clerk of Court should enter a default against Defendant Dr. Skizynski.

This is merely another of a continuing series of frivolous, baseless filings by this pro se litigant, in violation of Rule 11, Fed.R.Civ.P. Her filings are causing needless harassment and legal fees on the part of an innocent defendant. The Court is requested to impose sanctions on the Plaintiff and to award Dr. Skizynski his attorney's fees and costs for having to respond to Plaintiff Hamilton's frivolous, meritless filings.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been (or will be) filed electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michael R. Jackson, Esquire (attorney for Defendant Joyce A. Wells), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801; John L. Morrow, Esquire (attorney for Defendant David Bogert), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801; Michael Kooi, Esquire and Elana J. Jones, Esquire (attorneys for Defendants Department of Education, Judy Whitaker and David Givens), Turlington Building, 325 West Gaines Street, Suite 1244, Tallahassee, Florida 32399; and a copy of the foregoing served via U.S. mail, postage prepaid, to: Lisa Hamilton (Pro Se Plaintiff), 4402 Dunwoody Place, Orlando, Florida 32808, on this ___22nd___ day of November, 2004.

/s/ George F. Indest III
**GEORGE F. INDEST III, ESQUIRE**

        Florida Bar No.: 382426
        **JASON L. HARR, ESQUIRE**
        Florida Bar No.: 0194336
        THE HEALTH LAW FIRM
        220 East Central Parkway
        Suite 2030
        Altamonte Springs, Florida 32701
        Telephone:   (407) 331-6620
        Telefax:   (407) 331-3030
        **ATTORNEYS FOR DEFENDANT,**
        **DR. LEONARD SKIZYNSKI**

JLH
S:\256\001\Pleadings\OppositionToClerkDefault-2ndAmComplaintwpd.MEM.wpd