UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

      Plaintiff,

vs.                                CASE NO. 6:04-CV-636-ORL-28JGG

FLORIDA DEPARTMENT OF EDUCATION/
VOCATIONAL REHABILITATION
SERVICES, JUDY WHITAKER, DAVID
GIVENS, JOYCE A. WELLS, DR. LEONARD
SKIZYNSKI and DAVID BOGERT,

      Defendants.

_____/

**DEFENDANT DR. SKIZYNSKI'S MEMORANDUM OF LAW**

**IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO**

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Defendant Dr. Leonard Skizynski by and through his undersigned attorneys, files this Memorandum of Law in Support of his Response in Opposition to Plaintiff's Motion for Default Judgement [sic] dated November 19, 2004, pursuant to Local Rule 3.01, Rules of the United States District Court, Middle District of Florida, and states as follows:

I.      **BACKGROUND AND FACTS**

The backgrounds and facts, as relevant to this matter and this Memorandum of Law, are contained in paragraphs 1 through 8 of Defendant Dr. Skizynski's Response in Opposition to Plaintiff's Motion for Default Judgment, filed contemporaneously herewith and incorporated herein by reference.

## II.   LEGAL ANALYSIS

### A.   Rule 15(a), Fed.R.Civ.P

Pursuant to Rule 15(a), Federal Rules of Civil Procedure, a party has ten (10) days to file a response to an amended pleading.

### B.   Rule 6(a), Fed.R.Civ.P

Rule 6(a), Federal Rules of Civil Procedure states:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.  When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded  in the computation.  As used in this rule and in Rule 77(c), "legal holiday" includes . . . Veterans Day. . . .  [Emphasis added]

Under Rule 6(a), Federal Rules of Civil Procedure, November 6 and 13, 2004 (Saturdays), November 7 and 14, 2004 (Sundays), and Veterans Day (November 11, 2004) did not count towards the ten (10) day time period in which Dr. Skizynski was required to file a response.  Thus Plaintiff Hamilton's Motion for Default Judgment is improper and has no basis in fact or in law.

C.   **Rule 6(e)**

Defendant Dr. Skizynski was served a copy of Plaintiff Hamilton's Second Amended Complaint by U.S. mail.

Rule 6(e), Federal Rules of Civil Procedure states:

> Whenever a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Under Rule 6(e), Federal Rules of Civil Procedure, Defendant Dr. Skizynski had three additional days to file his response to Plaintiff's Second Amended Complaint.  Plaintiff Hamilton would not be entitled to a default until November 19, 2004, <u>at the earliest</u>.  Since Dr. Skizynski filed and served his Motion to Dismiss on November 16, 2004, there is no basis in fact or in law for Plaintiff's Motion for Default Judgment dated November 19, 2004.

D.   **Local Rule 4.20(a)**

In the case of <u>Morroni v. Gunderson et al.</u>, 169 F.R.D. 168, 170 (M.D. Fla. 1996), the District Court cited Local Rule 4.20(a), of the Local Rules of the United States District Court for the Middle District of Florida, as setting forth the appropriate method for calculating the date a response is due under Rule 6(a) and (e), Federal Rules of Civil Procedure.

Rule 4.20(a) states as follows:

> (a) Pursuant to Fed.R.Civ.P. 6(a) and (e), whenever a period of time prescribed or allowed by the Federal Rules of Civil Procedure or the Rules of the District Court of the United States for the Middle District of Florida, or by any applicable statute

-3-

is less than eleven (11) days and there has been service of a notice or other paper upon a party by mail, then the period of time which that party has to act shall be computed as follows:

(1) By first calculating the original prescribed period pursuant to Fed.R.Civ.P. 6(a); and

(2) By then adding three (3) days to the original prescribed period pursuant to Fed.R.Civ.P. 6(e). The three (3) days shall be calculated beginning with the day following the last day of the original prescribed period, and shall be counted consecutively regardless of whether any day of this three (3) day period is a Saturday, Sunday, or legal holiday as defined in Fed.R.Civ.P. 6(a). The third day shall be treated as the last day of the period unless it is a Saturday, Sunday, or legal holiday in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

Under Rule 4.20(a), Rules of the Middle District of Florida, Defendant Dr. Skizynski's Motion to Dismiss <u>was</u> timely filed and served on November 16, 2004. Thus, under Rules 6(a) and 6(e), Federal Rules of Civil Procedure, as well as Local Rule 4.20(a), United States District Court for the Middle District of Florida, Dr. Skizynski's Motion to Dismiss was timely served on November 16, 2004, and Plaintiff Hamilton's Motion for Default Judgment dated November 19, 2004, was completely improper.

### E.    <u>Local Rule 3.01(a)</u>

Rule 3.01(a), Rules of the United States District Court for the Middle District, provides: "In making any written motion or other application to the Court for entry of an order of any kind, in civil and criminal cases, the moving party shall file and serve with such motion or application a brief or legal memorandum with citation of authorities in support of

the relief requested."

Plaintiff Hamilton violated Rule 3.01(a) by filing a Motion for Default Judgment without filing the required brief or legal memorandum to support her position showing that she was legally entitled to an order on her behalf.

Furthermore, Plaintiff Hamilton in her Motion for Default fails to cite any federal case law or federal rule which entitles her to the relief she claims.  A pro se plaintiff is not excused from filing a motion without a required brief or memorandum of law with a motion that requests a certain action be taken against a defendant.  Plaintiff Hamilton must adhere to the rules adopted by this Court.

### F.   No Federal Jurisdiction

Furthermore, the Rule 8(a), Federal Rules of Civil Procedure, specifically requires a plaintiff to plead the grounds upon which the jurisdiction of the Court is based.  Plaintiff Hamilton's Amended Complaint was previously dismissed, in part, for her failure to do this.  Again, in her Second Amended Complaint, she has failed to do this.  Rule 8(a), Federal Rules of Civil Procedure.

Plaintiff Hamilton has failed to plead the grounds establishing federal jurisdiction and the Court does not have jurisdiction in this matter.  Accordingly, entering a default in a case where the Court does not have jurisdiction would be erroneous.

### G.   Pleading Impertinent, Immaterial and Scandalous Matters is Improper

Language included in her Motion by Plaintiff Hamilton, specifically her request for

entry of a "default judgment" against Dr. Skizynski in the amount of "$29,000,000.00 (plus treble damages)" is clearly impertinent, immaterial and scandalous in nature.

Under federal law the term "immaterial" matter relates to matter which has "no essential or imported relationship to the claim," Gilbert v. Eli Lilly & Co., 56 F.R.D. 116, 121 (D.C. Puerto Rico 1972), and which is "outside the scope of the action." American Sheet Metal, Inc. v. Em-Kay Eng'g Co., 478 F. Supp 809 (E.D. Cal. 1979), "impertinent" matter consists of "any allegations not responsive nor relevant to the issues involved in the action and which could not be put in issue or be given in evidence between parties." Gilbert, 56 F.R.D. 121, citing note 6; City Fed'l Sav. & Loan Ass'n. v. Crowley, 393 F. Supp 644 (E.D. Wis. 1975). See also, Prescott v. Mutual Ben. Health & Accident Ass'n, 183 So. 311, 315 (Fla. 1938); J.M. Montgomery Roofing Co. v. Fred Howland, Inc., 98 So. 2d 484, 485-86 (Fla. 1957); Gulf Theatres, Inc. v. Guardian Life Ins. Co. of America, 26 So. 2d 188, 193 (Fla. 1946).

The language contained in the Plaintiff's Motion for Default Judgement [sic] is impertinent, immaterial and scandalous.

### H.   The Court Has Inherent Authority to Sanction a Party who Abuses Court Process and Violates the Rules, Such as Plaintiff Hamilton Has Done

In a case such as this where a party files papers with the Court containing false statements and continues to file frivolous, baseless motions and pleadings, the Court has the inherent power to issue sanctions to punish her.  The fact that the party is a pro se litigant,

does not relieve her from the responsibility to comply with the law and comply with the Rules of Civil Procedure.

The Court has the inherent authority to sanction those who appear before it.  The court's inherent power to impose sanctions for bad faith conduct is not displaced by any sanction scheme of statutes and rules.  Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27, rehearing denied 501 U.S. 1269, 112 S.Ct. 12, 115 L.Ed.2d 1097 (1991).  In addition to statutory authority for a district court to require a party who "multiplies the proceedings in any case unreasonably and vexatiously" to personally satisfy "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct," a district court has the inherent power to impose sanctions on a party who willfully abuses judicial processes. U.S. v. Blodgett, 709 F.2d 608 (9th Cir. 1983).  Statutory power to award attorney fees if counsel acted recklessly or in bad faith exists along with the court's inherent power to award fees under equity whenever justice requires.  Matter of Beverly Hills Bancorp, 752 F.2d 1334 (9th Cir. 1984).

Federal courts are vested with inherent power, beyond the power granted to them by statute or under the Federal Rules of Civil Procedure, to impose sanctions for abuse of the judicial process.  A federal court may also use its inherent power to fashion a sanction not contemplated by Rule 11 or federal statutes.  In re Keegan Management Co., Securities Litigation, 154 F.R.D. 237, reversed, 78 F.3d 431 (N.D. Cal. 1994).

The Court should put an end to the vexatious and improper filings of this pro se litigant

who, apparently, has nothing better to do with her time.

### III.  CONCLUSION

Pursuant to Rule 15(a), Federal Rules of Civil Procedure, a party has ten (10) days to file a response to an amended pleading.  Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, Saturdays, Sundays and certain legal holidays (including Veterans Day) do not count towards the time period required for a party to file a response, when the time period prescribed for a response is less than eleven (11) days.  An additional three (3) days is added to the time when the pleading is served by mail, as Plaintiff Hamilton did.

Defendant Dr. Skizynski's Motion to Dismiss the Second Amended Complaint was served and was filed with the Court on November 16, 2004.  It was timely.  Plaintiff Hamilton's Motion for Default Judgement [sic] is improper and has no basis in fact or in law.

Furthermore, Plaintiff Hamilton's Motion for Default does _not_ contain a brief of legal memorandum in support of her claim that the Clerk of Court should enter a default against Defendant Dr. Skizynski.

Plaintiff Hamilton's mental illness was detailed in documents filed by the other Defendants.  See Defendant Joyce Wells' Memorandum of Law in Support of her Motion to Dismiss dated June 21, 2004 (Docket 21, page 4) and Defendant Department of Education's Motion to Dismiss dated June 26, 2004 (Docket 30, paragraphs 3 through 5).  This is merely another of a continuing series of frivolous, vexatious, baseless filings by this pro se litigant, in violation of Rule 11, Federal Rules of Civil Procedure.  Her filings are causing needless

harassment and legal fees to be incurred on the part of an innocent defendant.  The Court is

requested to impose sanctions on the Plaintiff and to award Dr. Skizynski his attorney's fees

and costs for having to respond to Plaintiff Hamilton's frivolous, meritless filings.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that this document has been (or will be) filed electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Michael R. Jackson, Esquire (attorney for Defendant Joyce A. Wells), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801;  John L. Morrow, Esquire (attorney for Defendant David Bogert), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801;  Michael Kooi, Esquire and Elana J. Jones, Esquire (attorneys for Defendants Department of Education, Judy Whitaker and David Givens), Turlington Building, 325 West Gaines Street, Suite 1244, Tallahassee, Florida 32399;  and a copy of the foregoing served via U.S. mail, postage prepaid, to:  Lisa Hamilton, Plaintiff (<u>pro se</u>), 4402 Dunwoody

Place, Orlando, Florida 32808, on this ____22nd____ day of November, 2004.


/s/ George F. Indest III
**GEORGE F. INDEST III, ESQUIRE**
Florida Bar No.: 382426
**JASON L. HARR, ESQUIRE**
Florida Bar No.: 0194336
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701
Telephone:    (407)  331-6620
Telefax:        (407)  331-3030
**ATTORNEYS FOR DEFENDANT,**
**DR. LEONARD SKIZYNSKI**

JLH
S:\256\001\Pleadings\MemoInOppositionToDefaultJudgment-2ndAmComplaint.MEM.wpd