UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

    Plaintiff,                              CASE NO.:  6:04-CV-636-ORL-28-JGG

vs.

FLORIDA DEPARTMENT OF
EDUCATION DIVISION OF
VOCATIONAL REHABILITATION;
JUDY WHITAKER; DAVID GIVENS;
JOYCE A. WELLS; DR. LEONARD
SKIZYNSKI; DAVID BOGERT,

    Defendants.
_____/

## DEFENDANT DR. SKIZYNSKI'S RESPONSE IN OPPOSITION

## TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Defendant, Dr. Leonard Skizynski by and through his undersigned attorneys, hereby files this Response in Opposition to Plaintiff's Motion for Default Judgement [sic] as to Defendant Dr. Leonard Skizynski dated November 19, 2004 and states as follows:

## BACKGROUND AND FACTS

1.    This responds to and opposes pro se Plaintiff Hamilton's Motion dated November 19, 2004 (Docket 73) and served by U.S. mail.

2.    Plaintiff's mental illness was previously described in Defendant Joyce Wells' Memorandum of Law in Support of her Motion to Dismiss dated June 21, 2004 (Docket 21, page 4) and in Defendant Department of Education's Motion to Dismiss dated June 26, 2004

(Docket 30, paragraphs 3 through 5), incorporated herein by reference.

3. On October 15, 2004, Judge John Antoon II, entered an Order dismissing pro se Plaintiff Lisa Hamilton's claims as to all defendants and granting the Plaintiff leave to file a Second Amended Complaint within twenty (20) days of the entry of the order (Docket 61). In part, the Court's findings were that the causes of action pleaded by the pro se Plaintiff sounded in state-law negligence and no grounds for federal jurisdiction had been stated.

4. On November 1, 2004, pro se Plaintiff Hamilton served her Second Amended Complaint (Docket 62), via U.S. mail on this defendant. The same defects existed in it as in the first Amended Complaint.

5. Defendant Dr. Leonard Skizynski (referred to as "Dr. Skizynski") timely filed and served a Motion to Dismiss Plaintiff's Second Amended Complaint (Docket 66) on the Plaintiff on November 16, 2004.

6. Despite having knowledge of this, pro se Plaintiff Hamilton has now improperly filed a Motion for Default Judgement [sic] serving the same by mail on November 19, 2004 (Docket 73). Plaintiff Hamilton incorrectly alleges as grounds, that Dr. Skizynski had not complied with the time requirements for filing a response to the Second Amended Complaint, serving the same by U.S. mail.

7. Furthermore, pro se Plaintiff Hamilton falsely states in paragraph 4 of her Motion for Default served on November 19, 2004 (Docket 73): "The Defendant Leonard Skizynski was in Default [sic] previously in these proceedings and was released by the

Magistrate Judge James Glazebrook." Defendant Dr. Skizynski was not previously in default. Thus Plaintiff Hamilton continues in her efforts to deceive the Court into erroneously entering a judgment in her favor in violation of the law.

8. Furthermore, Plaintiff's Motion for Default contains completely inappropriate, impertinent and scandalous language and requests for relief, making the document subject to striking for its scandalous nature. This document filed by the pro se Plaintiff, shows that the Plaintiff completely misunderstands the purpose of litigation and is merely seeking to accomplish an unjust and illegal outcome through her continued vexatious filings.

**GROUNDS FOR OPPOSITION**

9. Plaintiff served her Second Amended Complaint via U.S. mail. Pursuant to the Federal Rules of Civil Procedure, Defendant Dr. Skizynski had ten (10) days to file his Motion to Dismiss (excluding intermediate Saturdays, Sundays, and legal holidays, of which there were a total of five (5) during this period, Veterans Day being a legal holiday). Furthermore, an additional three (3) days is added to the time to respond because the pleading was served by mail. Rule 4.20(a), Rules of the U.S. District Court for the Middle District.

10. Defendant Dr. Skizynski's Motion to Dismiss (Docket 66) was timely. Furthermore, Plaintiff was aware of this at the time she served her November 19, 2004 Motion.

11. As an additional ground, the Plaintiff's Motion for Default violates Rule 3.01(a) of the Rules of the U.S. District Court - Middle District, as it must contain a brief or legal

memorandum. Plaintiff's Motion for Default violates Rule 3.01(a) as it does not contain any brief or legal memorandum. Moreover, the Motion for Default Judgment [sic] dated November 19, 2004 (Docket 73) does not contain citation or reference to any federal case law or federal rule which authorizes the relief requested by Plaintiff.

12. Furthermore, since a Motion to Dismiss has been filed on behalf of Dr. Skyzinski in this case, there is no basis upon which the Court may enter a default judgment.

13. Additionally, there are no grounds for federal jurisdiction pleaded and the Court does not have jurisdiction.

14. Thus, Plaintiff continues to use the litigation process to vexatiously harass Defendant Dr. Skizynski and to attempt to have the Court enter a "default judgement" [sic] in her favor for $29,000,000.00 (plus treble damages) against Dr. Skizynski in a case where there is no federal jurisdiction.

**WHEREFORE**, for the reasons stated herein, Defendant Dr. Skizynski respectfully opposes Plaintiff's Application for Clerk's Entry of Default as to the Defendant Dr. Leonard Skizynski and requests that the Court afford him the following relief:

1. Denial of Plaintiff's Motion for Default Judgment;

2. Entry of an Order prohibiting Plaintiff from filing any further documents in this case without first filing a motion with the Magistrate Judge to obtain the Court's permission to file the document;

3. Entry of sanctions against Plaintiff; and

        4.    Award of attorney's fees and costs involved in responding to Plaintiff's frivolous, baseless filings.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been (or will be) filed electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michael R. Jackson, Esquire (attorney for Defendant Joyce A. Wells), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801; John L. Morrow, Esquire (attorney for Defendant David Bogert), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801; Michael Kooi, Esquire and Elana J. Jones, Esquire (attorneys for Defendants Department of Education, Judy Whitaker and David Givens), Turlington Building, 325 West Gaines Street, Suite 1244, Tallahassee, Florida 32399; and a copy of the foregoing served via U.S. mail, postage prepaid, to: Lisa Hamilton, Plaintiff (pro se), 4402 Dunwoody Place, Orlando, Florida 32808, on this __22nd__ day of November, 2004.

/s/ George F. Indest III
**GEORGE F. INDEST III, ESQUIRE**
Florida Bar No.: 382426
**JASON L. HARR, ESQUIRE**
Florida Bar No.: 0194336
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701
Telephone:   (407) 331-6620
Telefax:   (407) 331-3030
**ATTORNEYS FOR DEFENDANT,**
**DR. LEONARD SKIZYNSKI**

JLH
S:\256\001\Pleadings\ResponseInOppositionToDefault-2ndAmComplaint.wpd