UNITED STATES DISTRICT COURT
*Middle District of Florida*
*Orlando Division*

| | |
|---|---|
| LISA HAMILTON, | CASE NO. 6:04-cv-636-ORL-28JG |
| Pro Se Plaintiff, | |
| v. | Appearing on behalf of Defendant, Joyce A. Wells, Psy.D. |
| FLORIDA DEPARTMENT OF EDUCATION, DIVISION OF VOCATIONAL REHABILITATION JUDY WHITAKER; DAVID GIVENS; JOYCE A. WELLS; DR. LEONARDO SKIZYNSKI; and DAVID BOGERT, | |
| Defendants. _____/ | |

## DEFENDANT'S, JOYCE A. WELLS, PSY.D., RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, JOYCE A. WELLS, PSY.D. (improperly referred to as "JOYCE A. WELLS"), by and through her undersigned attorneys, and hereby files this her Response in Opposition to Plaintiff's Motion for Summary Judgment, and, in support thereof:

1. The Plaintiff, Lisa Hamilton (hereinafter referred to as "the Plaintiff" or "Ms. Hamilton"), a *pro se* party, is presently pursuing claims against multiple Defendants that appear to have all arisen in the context of and/or as the result of Plaintiff's efforts to obtain funding for a personal business enterprise through the Florida Department of Education, Division of Vocational Rehabilitation. See Plaintiff's Second Amended Complaint.

2. Pending presently before this Court is the *pro se* Plaintiff's Second Amended Complaint, naming the Florida Department of Education, Division of Vocational Rehabilitation; Joyce

CASE NO. 6:04-cv-636-ORL-28JG

A. Wells, Psy.D. (mistakenly referred to as "Joyce A. Wells"); Dr. Leonard Skizynski; David Givens; Judy Whittaker, and David E. Bogert as Defendants, along with Defendant's, Joyce A. Wells, Psy.D., Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim Upon Which Relief can be Granted, Motion for More Definite Statement, and Motion to Strike.

3. In response to Defendant's motions, this *pro se* party has served a pleading styled Motion for Summary Judgment on the Pleadings against Defendants Joyce A. Wells and David E. Bogert and Apportionment of Liability, wherein she not only attacks Defendant Joyce A. Wells' (hereinafter referred to as "this Defendant" or "Dr. Wells") Motion to Dismiss but thereupon attempts to obtain summary adjudication upon multiple factual issues that are at issue in the present matter.

4. Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. Sweat v. Miller Brewing Co., 708 F.2d 655 (11th Cir. 1983). All doubts as to the existence of a genuine issue as to any material fact must be resolved against the moving party. Hayden v. First National Bank of Mt. Pleasant, 595 F.2d 994, 996-97 (5th Cir. 1979) (quoting Gross v. Southern Railroad Co., 414 F.2d 292 (5th Cir. 1969)). As such, factual disputes generally preclude summary judgment. Woodbury v. Sears, Roebuck & Co., 901 F.Supp. 1560 (M.D. Fla. 1995).

5. The *pro se* Plaintiff has offered the Court absolutely no record evidence to support her allegations against this Defendant.

6. In fact, no discovery has been conducted in this matter to date, and the Plaintiff also offers no sworn affidavit testimonial evidence in support of the issues upon which she attempts to obtain summary adjudication.

7. Consequently, the *pro se* Plaintiff has failed to carry her burden by establishing through record evidence or otherwise the absence of a genuine issue of material fact in order to demonstrate her entitlement to summary adjudication as to any of the issues delineated in her Motion for Summary Judgment.

8. Moreover, the Plaintiff has failed to comply with Local Rule 3.01 for the Middle District of Florida, which mandates that:

(a) In making any written motion or other application to the Court for the entry of an order of any kind . . . the moving party shall file and serve with such motion or application a brief or legal memorandum with citation of authorities in support of the relief requested.

As such, the *pro se* Plaintiff has failed to meet the procedural requirements for seeking summary adjudication of any of her claims.

9. Therefore, an entry for summary judgment on the issues outlined in this *pro se* Plaintiff's application for summary adjudication is inappropriate, both from a procedural and substantive standpoint. As such, Plaintiff's Motion for Summary Judgment should be denied.

10. Finally, the Plaintiff seeks for this Court assess sanctions against the firm of Conroy, Simberg, Ganon, Krevans & Abel (hereinafter referred to as "the firm"), inasmuch as the firm represents two different Defendants, Dr. Wells and David E. Bogert. The pro se Plaintiff asserts that this firm has submitted "redundant, duplicative, and vexatious Motions to Dismiss the Plaintiff's

case." See Plaintiff's Motion for Summary Judgment. Without addressing the attacks upon the substantive validity of this Defendant's Motion to Dismiss, suffice it to say that the *pro se* Plaintiff cites no legal citation for the proposition that each Defendant is not entitled to their own separate legal representation.

WHEREFORE, Defendant, JOYCE A. WELLS, PSY.D., respectfully requests that this Court deny Plaintiff's Motion for Summary Judgment and deny Plaintiff's application for sanctions as to the firm of Conroy, Simberg, Ganon, Krevans & Abel.

CASE NO. 6:04-cv-636-ORL-28JG

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished via U.S. Mail on December 7, 2004 to Lisa Hamilton, 4470 Scenic Lake Drive, Orlando, FL 32808, and that this same document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following: Elana Jones, Esq., 325 West Gains Street, Suite 1244, Tallahassee, FL 32399, and George F. Indest, III, Esq., Jason L. Harr, Esq., The Health Law Firm, 220 East Central Parkway, Suite 2030, Altamonte Springs, FL 32701, and John L. Morrow, Esq., Conroy, Simberg, Ganon, Krevans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, FL 32801.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Attorneys for Defendant
Joyce A. Wells, PSY.D.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801
(407) 649-9797


By: s/Michael R. Jackson
    Michael R. Jackson, Esq.
    Florida Bar No. 0161632

-5-