UNITED STATES DISTRICT COURT
*Middle District of Florida*
*Orlando Division*

LISA HAMILTON,  CASE NO. 6:04-cv-636-ORL-28JG

   Pro Se Plaintiff,

v.  Appearing on behalf of Defendant,
   Joyce A. Wells, Psy.D.

FLORIDA DEPARTMENT OF
EDUCATION, DIVISION OF
VOCATIONAL REHABILITATION
JUDY WHITAKER; DAVID
GIVENS; JOYCE A. WELLS;
DR. LEONARDO SKIZYNSKI;
and DAVID BOGERT,

   Defendants.
_____/

**DEFENDANT'S, JOYCE A. WELLS, PSY.D., MEMORANDUM OF LAW
IN SUPPORT OF RESPONSE IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

      COMES NOW the Defendant, JOYCE A. WELLS, PSY.D. (improperly referred to as "JOYCE A. WELLS"), by and through her undersigned attorneys, and hereby files this her Memorandum of Law in Support of Response in Opposition to Plaintiff's Motion for Summary Judgment, and, in support thereof states as follows :

**I.
<u>Introduction</u>**

      The Plaintiff, Lisa Hamilton (hereinafter referred to as "the Plaintiff" or "Ms. Hamilton"), a *pro se* party, is pursuing claims against multiple Defendants -- the Florida Department of Education, Division of Vocational Rehabilitation; Joyce A. Wells, Psy.D. (mistakenly referred to as "Joyce A. Wells"); Dr. Leonard Skizynski; David Givens; Judy Whittaker, and David E. Bogert --

CASE NO. 6:04-cv-636-ORL-28JG

that appear to have all arisen in the context of and/or as the result of Plaintiff's efforts to obtain funding for a personal business enterprise through the Florida Department of Education, Division of Vocational Rehabilitation. See Plaintiff's Second Amended Complaint. Initially, the Plaintiff had served Defendant, Joyce A. Wells (hereinafter referred to as "this Defendant" or "Dr. Wells"), with Plaintiff's 13-page Amended Complaint on or about June 2, 2004. Therein, the Plaintiff had provided the Court with a long, factual recitation of her interactions with the various Defendants, concerning her attempts to obtain assistance with the pursuit of opening her own business, without setting forth any cognizable claims against, in particular, this Defendant. See Plaintiff's Amended Complaint. In response, a Motion to Dismiss was filed on Dr. Wells' behalf. The Magistrate Judge entered his Report and Recommendation on or about September 16, 2004 that the claims against Dr. Wells be dismissed because of Plaintiff's failure to comply with the pleading requirements of Fed. R. Civ. P. 8 (a)(1)-(2) and her failure to allege specific facts that established a prima facie case of discrimination on the basis of race or disability. This Court adopted and confirmed the Magistrate Judge's Report and Recommendation on October 15, 2004, granting Plaintiff leave to file a Second Amended Complaint to cure the deficiencies outlined in the Magistrate Judges's Report and Recommendation. Thereupon, Plaintiff filed a 21-page, nine-count Amended Complaint against each of these Defendants. Therein, the Plaintiff sets forth seven alleged federal law based claims and two state law tort claims with all but Count II of the Second Amended Complaint being labeled as directed against Dr. Wells. In response, Dr. Wells served the Plaintiff with her Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim upon which Relief can be Granted, Motion for More Definite Statement, and Motion to Strike.

CASE NO. 6:04-cv-636-ORL-28JG

To date, no discovery has been conducted. No record evidence is to be found within this Court's file relating to this matter. The Plaintiff has not attached any sworn affidavit testimony to support her Motion for Summary Judgment. Simply, no evidence of any kind exists to support the unsubstantiated claims of the Plaintiff for which she seeks summary adjudication.

## II.
## Analysis

Rule 56 of the Federal Rules of Civil Procedures sets forth the basis for summary adjudication of claims and defenses. F.R.C.P. 56(a) - (f). The rule provides that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F.R.C.P. 56(c). A factual dispute is "'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." Id. Consequently, the basic issue put before the Court on a motion for summary judgement is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-252, 106 S.Ct. At 2512. Most significant is that the moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding wether the movant has met this burden the Court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed. 2d 142 (1970). If reasonable minds could differ on the inferences

arising from undisputed facts, then a court must deny summary judgment." Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992). Moreover, in addition to demonstrating that there is no genuine issue of material fact, the movant must also satisfy the ultimate burden of persuasion on the claim by showing that it would be entitled to a directed verdict at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).

In this instance, the *pro se* Plaintiff has offered not a scintilla of evidence to establish summary adjudication of any claim or part thereof. Rather, the Plaintiff makes a series of unsubstantiated, naked assertions in her motion and then demands summary adjudication on these issues, without regard as to the accuracy thereof and without offering any evidence to overcome her significant burden at the summary judgement stage. Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. Sweat v. Miller Brewing Co., 708 F.2d 655 (11th Cir. 1983). All doubts as to the existence of a genuine issue as to any material fact must be resolved **against** the moving party. Hayden v. First National Bank of Mt. Pleasant, 595 F.2d 994, 996-97 (5th Cir. 1979) (quoting Gross v. Southern Railroad Co., 414 F.2d 292 (5th Cir. 1969)). As such, factual disputes generally preclude summary judgment. Woodbury v. Sears, Roebuck & Co., 901 F.Supp. 1560 (M.D. Fla. 1995). Moreover, in this particular instance, the *pro se* Plaintiff, by failing to point the Court to any evidence in the record nor offer any evidence specifically in support of her motion for summary judgment, never even shifts the burden to the non-movant to force this Defendant to establish a factual dispute, because she simply

CASE NO. 6:04-cv-636-ORL-28JG

fails to meet her initial burden under Rule 56 of the Federal Rules of Civil Procedure. As such, Plaintiff's Motion for Summary Judgment is unsupported and accordingly must be denied.

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished via U.S. Mail on December 7, 2004 to Lisa Hamilton, 4470 Scenic Lake Drive, Orlando, FL 32808, and that this same document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following: Elana Jones, Esq., 325 West Gains Street, Suite 1244, Tallahassee, FL 32399, and George F. Indest, III, Esq., Jason L. Harr, Esq., The Health Law Firm, 220 East Central Parkway, Suite 2030, Altamonte Springs, FL 32701, and John L. Morrow, Esq., Conroy, Simberg, Ganon, Krevans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, FL 32801.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Attorneys for Defendant
Joyce A. Wells, PSY.D.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801
(407) 649-9797

By: s/Michael R. Jackson
    Michael R. Jackson, Esq.
    Florida Bar No. 0161632