UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

04 DEC -6 PM 1: 34

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LISA HAMILTON                          CASE NO. 6:04-CV-636-ORL-28JG

   Plaintiff

v.

The Florida Department of Education/
Division of Vocational Rehabilitation,
Judy Whitaker,David Givens,Joyce A. Wells,
David Bogert and Dr. Leonard Skizynski

    Defendants

**ORAL ARGUMENTS REQUESTED**

**SUMMARY JUDGEMENT
AGAINST DEFENDANTS
THE Florida Department of Education/
Division of Vocational Rehabilitation, Judy
Whitaker, David Givens, Joyce A. Wells,
David Bogert and Dr. Leonard Skizynski**

**STATEMENT OF UNDISPUTED FACTS**

The Plaintiff respectfully request this Court grant Summary Judgement in Plaintiff's

favor and declare the State's 11th Amendment Immunity waived through its acceptance

of Federal funds and purchase of Professional Liability Insurance. The State and its

Agencies 11th Amendment Immunity is abrogated by Congress' unequivocal intent under

Title II, American with Disability Act and 42 U.S.C.1983. The Plaintiff states there is no

genuine issue as to any material fact and there is no genuine issue regarding the

Defendant The Florida Department of Education's liability therefore Plaintiff is entitled

to a Judgement as a matter of law. Wherefore the Plaintiff moves for a Summary

Judgement pursuant to F.R.C.P. 56 and proceeds to state the following as undisputed

facts:

1.) The Plaintiff is a Disabled Individual defined by Federal and State Law.

2.) The Plaintiff is an African-American.

3) The Plaintiff is a member of a "protected class" under Federal Law.

4) The Plaintiff applied for Vocational Rehabilitation Services on September 2nd, 2003

with the Defendant The Florida Department of Education/Division of Vocational

Rehabilitation Services.

5) The Plaintiff was eligible to receive services from the Defendant The Florida

Department of Education/Vocational Rehabilitation Services Program on September 2nd,

2003.

6) The Plaintiff was denied Vocational Rehabilitation Services despite the fact the

Plaintiff was qualified to receive services.

7) The Plaintiff was required by the Defendant The Florida Department of

Education/Division of Vocational Rehabilitation Services to undergo a Psychological

Evaluation administered by two underlicensed Psychologists in the State of Florida to

determine Plaintiff's ineligibility.

8.) The Defendant The Florida Department of Education/Division of Vocational

Rehabilitation Services used an **illegal** Psychological Evaluation to deny the Plaintiff access to Vocational Rehabilitation Services.

9.) The Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services based their decision solely on a fraudulent and discriminatory illegal criteria under the Workforce Investment Act of 1998 (Rehab '98).

10) The United States Congress has documented this disparate treatment toward Disabled African-Americans in relation to non Disabled African-Americans who apply for Florida Vocational Rehabilitation Services and are denied access.

11.) The United States Congress has put the Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services on notice of this discriminatory practice by placing them on the Government's "High Risk" list in danger of losing Federal Funding for their program.

12.) The Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services was aware of and failed to correct this custom making them Deliberately Indifferent.

13.) A statistical higher rate of African-American Disabled Individuals who apply for Florida Vocational Rehabilitation Services are illegally denied access.

14.) The racial disparity mentioned in point 13 above has been documented throughout the entire State of Florida Vocational Rehabilitation process.

15.) The Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services has an established policy of African-Americans being under-

served and under-represented.

16.) The Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services through several of their contract vendors rendered the Plaintiff "mentally unstable" and "too severe" to benefit from Vocational Rehabilitation Services.

17.) The Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services knew that statement mentioned in point 16 above by Joyce A. Wells and David E. Bogert was false when they made it because the two unlicensed individuals were not trained or legally authorized to make such a diagnosis in the State of Florida.

18.) The Plaintiff notified the Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services of the unlicensed Psychologist status of their Contract Vendors Joyce A. Wells and David E. Bogert.

19.) The Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services was already aware of the fact that their Contract Vendors - Joyce A. Wells and David E. Bogert – were unlicensed Psychologists in the State of Florida and unable to legally administer Psychological Evaluations in the State of Florida.

20.) The Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services accepted the diagnosis of unlicensed State of Florida Psychologists - Joyce A. Wells and David E. Bogert - and discriminated against the Plaintiff.

21.) The Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services misrepresented to the Plaintiff that their two unlicensed Florida Psychologists - Joyce A. Wells and David E. Bogert - were under the Supervision of a Florida licensed Psychologist "which made their diagnosis valid" with the intent that the Plaintiff rely on and accept the results as valid.

22.) The Plaintiff suffered emotionally from the deceived diagnosis that she was mentally insane and without hope which caused Plaintiff heart palpitations, mental anguish and depression.

23.) The Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services through their Contract Vendors published a 9 page illegal Psychological Evaluation of the Plaintiff and distributed this to at least three other individuals knowing it was false and without merit or foundation.

24.) The Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services **defamed** the Plaintiff's reputation with the United States Social Security Administration by deceiving them to accept as valid the Psychological report **mailed** to them which specifically states the Plaintiff is "mentally insane" and "mentally unstable" - suffering from "Histrionic personality disorder".

25.) The statement made in point 24 above by the Defendant the Florida Department of Education/Division of Vocational Rehabilitation Services to the United States Social Security Administration that the Plaintiff is "mentally insane" and "mentally unstable" – suffering from "Histrionic personality disorder", was made maliciously and without any

regard as to what affect this would and could have on the Plaintiff's life, health or the well being of Plaintiff's 3 children.

26.) As Plaintiff is a citizen of the United States of America the Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services owed a duty and an obligation to the Plaintiff in the execution of a contractual agreement between its vendors to use reasonable care when providing medical services to an otherwise qualified individual.

27.) The Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services **breached** the duty in point 26 above when they contracted with unlicensed Florida Psychologists - Joyce A. Wells and David E. Bogert - to administer a Psychological Evaluation of the Plaintiff.

28.) In an attempt by the Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services to cover-up their illegal contractual dealings with unlicensed Florida Psychologists - Joyce A. Wells and David E. Bogert - they paid two Florida licensed Psychologists **whom never met thePlaintif in a Doctor-client or face-to-face setting** to sign and validate the results.

29.) The illegal actions mentioned in points 6-28 above were the proximate cause of Plaintiff being denied the benefits of and denied access to a Federally funded program .

30.) The illegal actions mentioned in points 6-28 above were the proximate cause of the Plaintiff's Civil Rights being violated.

31.) The illegal actions mentioned in points 6-28 above were the proximate cause of Plaintiff's **physical, emotional and financial damages** sustained by the Plaintiff and Plaintiff's business Lisa Hamilton Music Publishing Inc.

32.) The illegal actions mentioned in points 6-28 above were carried out by individuals who were acting "under color of State Law" at the behest of the State entity - the Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services.

33.) The Defendants Judy Whitaker, David Givens, Joyce A. Wells, David E. Bogert and Dr. Leonard Skizynski are individually and professionally indemnified under "**Vicarious Liability**" which legally makes the Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services vicariously liable as the "Employer".

34.) The Defendants The Florida Department of Education/Division of Vocational Rehabilitation Services, Judy Whitaker, David Givens, Joyce A. Wells , David E. Bogert and Dr. Leonard Skizynski's conduct was criminal.

35.) The six Defendants mentioned in point 34 above created an enterprise for purposes of Racketeer Influenced and Corrupt Organizations Act.

36.) The six Defendants mentioned in point 34 above devised a scheme to defraud the Plaintiff and the United States Social Security Administration into believing the Plaintiff was treated and diagnosed by several Florida Psychologists that shared the same opinion

that the Plaintiff was mentally unstable and a danger to society and her self.

37.) In furtherance of this scheme mentioned in point 36 above the six Defendants mentioned in point 34 above mailed the fraudulent Psychological Evaluation administered by unlicensed State of Florida Psychologists - Joyce A. Wells and David E. Bogert - to the United States Social Security Administration.

38.) In furtherance of the scheme mentioned in point 36 above the Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services utilized interstate wire communication ( FAX) to obtain two Florida licensed Psychologist signatures to illegally and fraudulently confirm the Plaintiff was "mentally unstable" and too severe to benefit from Vocational Rehabilitation Services in an attempt to cover-up the already libelous 9 page Psychological Evaluation administered by unlicensed State of Florida Psychologists - Joyce A. Wells and David E. Bogert.

39.) The six Defendants mentioned in point 34 above devised a **scheme** to make the Plaintiff seem so mentally incompetent that owning and operating a business was not something the Plaintiff was capable of which would in their minds justify denying an otherwise qualified individual participation in a Federally Funded program.

40.) The actions mentioned in point 39 above were the proximate cause of Plaintiff's Civil Rights being violated which deprived the Plaintiff the opportunity to make money from her Incorporated business, Lisa Hamilton Music Publishing Inc.

41.) The six Defendants mentioned in point 34 above Violated 18 U.S.C. 1341.

42.) The six Defendants mentioned in point 34 above Violated 18 U.S.C. 1343.

43.) Points 6-40 above proves a pattern of Racketeering Activity.

44.) The six Defendants mentioned in point 34 above Violated 18 U.S.C. 1962 (d) –
Racketeer Influenced and Corrupt Organizations Act.

45.) The six Defendants mentioned in point 34 above had an express agreement
(conspiracy) in violation of 42 U.S.C. Section 1985 - the object to be accomplished the
justification of the Defendant The Florida Department of Education/Division of
Vocational Rehabilitation Services denial of an otherwise qualified individual.

46.) The six Defendants mentioned in point 34 above through multiple illegal and
fraudulent acts individually contributed and willfully participated in joint activity with
the State Agency and its employees as State actors "under color of State law".

47.) The Defendant The Florida Department of Education **used** and **paid** an unlicensed,
unqualified vendor to administer a Psychological Evaluation of the Plaintiff.

48.) The six Defendants mentioned in point 34 above have waived their 11th Amendment
Immunity through its acceptance of Federal funds and purchase of Professional Liability
Insurance.

49.) The Defendant The Florida Department of Education/Division of Vocational
Rehabilitation is liable for the actions of all named Defendants.

50.) The Plaintiff has proven a prima facie case for **violation** of the following: ADA Title
II, deliberate indifference, race and disability discrimination under 504 of the

Rehabilitation Act of 1964, Plaintiff's 14th Amendment Right, Civil Conspiracy under

1985, 18 U.S.C. 1962(d), and libel - all of which comprise a prima facie case for the

Plaintiff's 42 U.S.C. 1983 claim against all named Defendants The Florida Department of

Education/Division of Vocational Rehabilitation Services, Judy Whitaker,

David Givens, Joyce A. Wells , David E. Bogert and Dr. Leonard Skizynski.


## SUPPORTING EVIDENCE

1.) Undisputed Statement is supported by (EXHIBIT-A).

2.) Undisputed Statement is supported by (AFFIVIDAT-Point-A).

3.) Undisputed Statement is supported by (EXHIBIT-A), (AFFIVIDAT-Point-A).

4.) Undisputed Statement is supported by (The Florida Department of Education Motion
to Dismiss Plaintiff's Second Amended Complaint- Page(1)-Point(1)-Lines1-2).

5.) Undisputed Statement is supported by (EXHIBIT-A), (EXHIBIT-E Point-A),
(EXIBIT-F Roman-Numeral III ), (EXHIBIT-G Points(1)A, (2)A, (2)B).

6.) Undisputed Statement is supported by (EXHIBIT-H).

7.) Undisputed Statement is supported by (The Florida Department of Education Motion
to Dismiss Plaintiff's Second Amended Complaint-Page(2)-Point(3)-Lines 1-3),
(EXHIBIT-I-The Psychological Evaluation Page1 & Page 9.),(EXHIBIT-J-Tab-5),
(EXHIBIT-V).

8.) Undisputed Statement is supported by (The Florida Department of Education Motion

to Dismiss Plaintiff's Second Amended Complaint-Page(2)-Point(3)-Lines 1-3), (Joyce A. Wells Memorandum of Motion to Dismiss Plaintiff's Second Amended Complaint-Page(4)-3rd Paragraph-Page Lines 18-19), (EXHIBIT-H), (EXHIBIT-J-Tab-5), (EXHIBIT-V).

9.) Undisputed Statement is supported by (The Florida Department of Education Motion to Dismiss Plaintiff's Second Amended Complaint-Page(2)-Point(3)-Lines 1-3), (EXHIBIT-I-The Psychological Evaluation), (EXHIBIT-J-Tab-5), (EXHIBIT-V), (EXHIBIT-L-Points (3)A & (4)A), (EXHIBIT-K Page 2 Roman-Numeral II), (EXHIBIT-E-Points D & E).

10.) Undisputed Statement is supported by (EXHIBIT-M: U.S. Code: Title 29, Section 718 Point(3)).

11.) Undisputed Statement is supported by (EXHIBIT-O).

12.) Undisputed Statement is supported by (EXHIBIT-O), (EXHIBIT-N Florida Legislature Oppaga Progress Report Pages 1-4), (EXIBIT-Y-Pages 1-3-The Office Of Inspector General Report).

13.) Undisputed Statement is supported by (EXHIBIT-M: U.S. Code: Title 29, Section 718 Point(3)).

14.) Undisputed Statement is supported by (EXHIBIT-M: U.S. Code: Title 29, Section 718 Point(3)).

15.) Undisputed Statement is supported by (EXHIBIT-M: U.S. Code: Title 29, Section

718 Point(3)), (EXHIBIT-O), (EXIBIT-N Florida Legislature Oppaga Progress Report Pages 1-4).

16.) Undisputed Statement is supported by (EXHIBIT-H), (EXHIBIT-I-The Psychological Evaluation), (EXHIBIT-V), (EXHIBIT-P), (EXHIBIT-Q).

17.) Undisputed Statement is supported by (EXHIBIT-J-Tab-5), (EXHIBIT-V), (EXHIBIT-P), (EXHIBIT-Q).

18.) Undisputed Statement is supported by (AFFIDAVIT-Point-B).

19.) Undisputed Statement is supported by (Joyce A. Wells Memorandum of Motion to Dismiss Plaintiff's Second Amended Complaint-Page(5)-Lines 5-8), (EXHIBIT-J-Tab-5),(EXHIBIT-V), (EXHIBIT-Q), (EXHIBIT-S).

20.) Undisputed Statement is supported by (EXHIBIT-I-The Psychological Evaluation), (EXHIBIT-J-Tab-5), (EXHIBIT-H), (EXHIBIT-V) .

21.) Undisputed Statement is supported by (EXHIBIT-Q).

22.) Undisputed Statement is supported by (AFFIDAVIT-Point-C).

23.) Undisputed Statement is supported by (EXHIBIT-I-The Psychological Evaluation), (EXHIBIT-P), (EXHIBIT-Q), (EXHIBIT-R), (EXHIBIT-T).

24.) Undisputed Statement is supported by (EXHIBIT-R), (EXHIBIT-I-The Psychological Evaluation).

25.) Undisputed Statement is supported by (All Evidence Filed by Plaintiff Against Defendants).

26.) Undisputed Statement is supported by (The Florida Department of Education Motion to Dismiss Plaintiff's Second Amended Complaint (Page-(4)-Point(14)-Paragraph Lines 5-11,), (29 U.S.C. Section 701), (State Federally Funded Procurement Laws), (EXHIBIT-U), (Leonard Skizynski's Motion to dismiss Plaintiffs Second Amended Complaint-Page(8)-Point-(29)-Lines 1-10), (Leonard Skizynski Memorandum In Support of Motion to Dismiss Plaintiff Second Amended Complaint Page(2)-Paragraph(3)-Paragraph Lines 4-6 & Page-(3)-Page Lines 1-2).

27.) Undisputed Statement is supported by (29 U.S.C Section 701), (EXHIBIT-U), (State Federally Funded Procurement Laws).

28.) Undisputed Statement is supported by (AFFIDAVIT Point-D), (AFFIDAVIT Point-E), (EXHIBIT-P), (EXHIBIT-Q), (Leonard Skizinski Motion to Dismiss Plaintiff's Second Amended Complaint-Page(2)-Point-(4)-Paragraph Lines1-4; Page(7)-Point(24)-Paragraph Lines 1-2; Page(8)-Point-(29)-Paragraph Lines 1-10; Page(1)-Point(1)-Paragraph line1); (Leonard Skizynski Memorandum In Support of Motion to Dismiss Plaintiff's Second Amended Complaint Page-(2)-Paragraph(3)-Paragraph Lines 4-6 & Page-(3)-Page Lines 1-2).

29.) Undisputed Statement is supported by (EXHIBIT-H).

30.) Undisputed Statement is supported by (EXHIBIT-H), (All Evidence Filed by Plaintiff Against Defendants).

31.) Undisputed Statement is supported by (AFFIDAVIT-Point-C), (AFFIDAVIT-Point-

G).

32.) Undisputed Statement is supported by (EXHIBIT-P), (EXHIBIT-Q), (EXHIBIT-I-The Psychological Evaluation), (All Evidence Filed by Plaintiff Against Defendants).

33.) Undisputed Statement is supported by (EXHIBIT-P), (EXHIBIT-Q), (EXHIBIT-I-The Psychological Evaluation), (All Evidence Filed by Plaintiff Against Defendants).

34.) Undisputed Statement is supported by (EXHIBIT-P), (EXHIBIT-Q), (EXHIBIT-I-The Psychological Evaluation), (EXHIBIT H), (EXHIBIT R), (All Evidence Filed by Plaintiff Against Defendants).

35.) Undisputed Statement is supported by (EXHIBIT-P), (EXHIBIT-Q), (EXHIBIT-I-The Psychological Evaluation), (EXHIBIT H), (EXHIBIT R), (All Evidence Filed by Plaintiff Against Defendants).

36.) Undisputed Statement is supported by (EXHIBIT-R), (EXHIBIT-P), (EXHIBIT-Q), (EXHIBIT-T).

37.) Undisputed Statement is supported by (EXHIBIT-R), (EXHIBIT-T).

38.) Undisputed Statement is supported by (EXHIBIT-Q), (EXHIBIT-P).

39.) Undisputed Statement is supported by (EXHIBIT W), (EXHIBIT-H), (EXHIBIT-I-The Psychological Evaluation), (EXHIBIT-P), (EXHIBIT-Q),(EXHIBIT-R).

40.) Undisputed Statement is supported by (AFFIDAVIT Point-C), (AFFIDAVIT Point-F), (AFFIDAVIT Point-G), (All Evidence Filed by Plaintiff Against Defendants).

41.) Undisputed Statement is supported by (EXHIBIT-R), (EXHIBIT-T), (EXHIBIT-Z-

1).

42.) Undisputed Statement is supported by (EXHIBIT-Q),(EXHIBIT-P), (EXHIBIT Z-2).

43.) Undisputed Statement is supported by (EXHIBIT-R),(EXHIBIT-T), (EXHIBIT-Z-1), (EXHIBIT-Q),(EXHIBIT-P), (EXHIBIT Z-2), (All Evidence Filed by Plaintiff Against Defendants).

44.) Undisputed Statement is supported by (EXHIBIT-R),(EXHIBIT-T), (EXHIBIT-Z-1), (EXHIBIT-Q),(EXHIBIT-P), (EXHIBIT Z-2).

45.) Undisputed Statement is supported by (All Evidence Filed by Plaintiff Against Defendants).

46.) Undisputed Statement is supported by (All Evidence Filed by Plaintiff Against Defendants).

47.) Undisputed Statement is supported by (Leonard Skizinski Motion to Dismiss Plaintiff's Second Amended Complaint-Page(2)-Point-(4)-Paragraph Lines1-4); (Leonard Skizynski Memorandum In Support of Motion to Dismiss Plaintiff's Second Amended Complaint Page-(10)-Paragraph(3)-Paragraph Lines 1-2); (The Florida Department of Education Motion to Dismiss Plaintiff's Second Amended Complaint-Page(2)-Point(3)-Lines 1-3), (All Evidence Filed by Plaintiff Against Defendants).

48.) Undisputed Statement is supported by (All Evidence Filed by Plaintiff Against Defendants).

49.) Undisputed Statement is supported by (All Evidence Filed by Plaintiff Against Defendants).

50). Undisputed Statement is supported by (EXHIBITS A-Z), (AFFIDAVITS Points A-G)

## LEGAL ARGUMENT

On the Plantiff's 42 U.S.C 1983 claim against Defendant The Florida Department of Education, it's two employees and three Contract Vendors the burden of proof lies in proving by the preponderance of the evidence that 1.) the acts or omissions of the Defendant were intentional; 2.) that the Defendants acted under the color of law; 3.) the acts or omissions of the Defendants were the direct cause of the deprivation of the Plaintiff's rights that are protected by the Constitution or laws of the United States. "When a person acts or purports to act in the performance of official duties under any State, County, or Municipal Law, Ordinance or Regulation he is said to have "acted under the color of law". The Florida Department of Education/Division of Vocational Rehabilitation is a State entity and its two employees and three Contract Vendors actions were in the performance of official duties. The administering of Psychological Evaluations and Learning Disability assessments by the three Contract Vendors through contractual agreement for the State entity proves they were working under the authority of the State entity and at the behest of a State employee with Supervisory status. Without a doubt the Defendants were all "acting under the color of law" and without a doubt The Florida Department of Education is liable as the overseer.

The Plaintiff having proven doctrine of "acting under the color of State law" proceeds to prove and establish the Defendants acts or omissions were the direct cause of the deprivation of Plaintiff's Constitutional rights. The Plaintiff was discriminated against by

the Florida Department of Education/Division of Vocational Rehabilitation when the
Contracted Vendors Joyce A. Wells and David E. Bogert performed an **illegal**
Psychological Evaluation on the Plaintiff. Defendant Dr. Leonard Skizynski having not
met the patient confirmed the erroneous conclusions as an illegal de facto
Supervisor and the Defendant The Florida Department of Education/Division of
Vocational Rehabilitation paid the prior named Defendants to do so from **Federal funds**.
The law clearly defines Supervisory status as on the same property and meeting the client
and of course the most important thing - the subordinate Joyce A. Wells should possess at
minimum a degree from a regionally accredited University. The Defendant Joyce
A.Wells does not meet one requirement to **legally** practice Psychology in the State of
Florida yet she has a vendor contract with the Florida Department of Education to
administer Psychological Evaluations.

   The Psychological Evaluation of the Plaintiff was administered by Defendants Joyce
A. Wells and David E. Bogert on the property of the Orlando Vocational Rehabilitation
Services building. Dr. Leonard Skizynski was not present nor has the Defendant Leonard
Skizynski ever met the Plaintiff to justify **legally** confirming this evaluation thus proving
malpractice under vicarious liability. Defendant Joyce A. Wells is not licensed in the
State of Florida or anywhere for that matter that would validate her practicing
Psychology without the proper licensure in Florida. It is a **felony** of the third degree,
punishable as provided in s. 775.082, s. 775.083, or s. 775.084, to practice, attempt to
practice, or offer to practice a health care profession without an active, valid Florida
license to practice that profession. The minimum penalty for violating this subparagraph
shall be a fine of $1,000 and a minimum mandatory period of incarceration of 1 year

(Florida Statute 456.065). The Florida Department of Education is <u>harboring</u> unlicensed practitioners to discriminate against the Plaintiff and violate Plaintiff's civil rights. The fact that The Florida Department of Education did not send the Plaintiff to a Florida licensed Psychologist shows the **intent** of the State employees. It is a known fact that Defendants Joyce. A. Wells and David E. Bogert are husband and wife and own Comprehensive Behavioral Health and <u>shared</u> an office in 2003 with Dr. Leonard Skizynski. Dr. Leonard Skizynski has certified to the California Board of Psychology in 2002 that he was Joyce A. Wells' Supervisor for her Post Doctoral Hours in **1992** yet note Dr. Skizynski and his Attorney certify to this court that "Leonard Skizynski has **no** relationship with the two Independent Health care providers Joyce A. Wells and David E. Bogert or Comprehensive Behavioral Health - a lie, subject to perjury charges.

The Defendants have lost their credibility with the court and have **perjured** themselves. The Defendants are not to be believed. The Plaintiff was denied services and access to Vocational Rehabilitation Services directly because of the invalid Psychological Evaluation.

The Plaintiff feels she has proven that the conspiracy to violate her constitutional rights was calculated and intentional and a direct cause of the deprivation of civil rights the Plaintiff endured - all "under the color of State law". The Plaintiff now establishes proof that the Defendants actions were intentional and a direct cause of the deprivation of the Plaintiff's civil rights. The burden of proving that the Defendants acted intentional is no burden to the Plaintiff at all. The Plaintiff clearly shows the knowledge that each Defendant had of Joyce A. Wells' "California State only" licensure - which is regionally unaccredited, non-transferable, inadequate for Florida State licensure.

Plaintiff's bringing a 42 U.S.C. 1983 civil rights case need not exhaust State administrative remedies before filing suit since the 1871 Act places the Federal courts between the States and the people to protect the people from unconstitutional action under color of State law.

What gives Joyce A. Wells the authority to practice Psychology in the State of Florida? The Florida Department of Education/Division of Vocational Rehabilitation Services? It seems so as Counsel for The Florida Department of Education/Division of Vocational Rehabilitation assert their defense that Joyce A. Wells has a Supervisor and this somehow legitimizes everyone's actions. **This argument is legally unsound**. The Defendants thought Plaintiff would not recognize their actions as discrimination. It is important to note that nowhere in the Defendants motions where they state Joyce A Wells has a Supervisor do they indicate Dr. Leonard Skizynski by name as her Supervisor. Why? Because they are fully aware of the fact that Joyce A. Wells is not legally authorized to administer Psychological Evaluations independently or under Defendant Dr. Leonard Skizynski's Supervision in the State of Florida. The Federal Government's money is being misappropriated in clear violation of Federally Funded Procurement laws - all by State employees paying their cronies - in violation of the procurement law when contracting and paying for services with **tax free** money.

The Defendants Joyce A. Wells, David E. Bogert (Joyce A. Wells' husband and business partner), Judy Whitaker (Defendant Well's and Bogert's neighbor and friend), Dr. Leonard Skizynski (Joyce A. Wells' 1992-93 California Post Doctoral Supervisor and business partner), David Givens (the Supervisor of all the State actors), and "the Daddy of them all" The Florida Department of Education (who is given commission over all

prior named Defendants) were deliberately indifferent and intentionally deprived the Constitutional rights of the Plaintiff through fraud, slander and discrimination of an otherwise qualified individual.

The Plaintiff has proven a **prima facia** case for a 42 U.S.C. 1983 suit against The Florida Department of Education /Division of Vocational Rehabilitation, its two State employees and three Contract Vendors under the doctrine of "acting under the color of State law", "Failure to Supervise" and being deliberately indifferent. Exemplifying this point, Plaintiff's best case to address this issue is **West v. Atkins, 487 U.S. 42 (1988)**. There a state prisoner claiming serious mistreatment by a doctor brought a section 1983 suit against the doctor, asserting a claim of cruel and unusual punishment. Assuming deliberate indifference, the doctor would clearly have been liable to suit if he had been a full-time State employee. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). The Supreme Court in West v. Atkins said that the result was the same even though the doctor furnished the medical services to prisoners on a part-time basis and was technically an independent Contractor with the State rather than a State employee. 487 U.S. at 55-57.

The Supreme Court's analysis did not rely directly on the public function doctrine or any other organized body of precedent. The decision emphasized both that the Plaintiff was literally a prisoner of the State (and therefore a captive to whatever doctor the State provided) and that the State had an affirmative Constitutional obligation to provide adequate medical care to its prisoners, a duty the doctor was fulfilling. (**West, 487 U.S. at 54-55 (citing Estelle, 429 U.S. at 103-04)).**

Under several doctrines, acts by a nominally private entity may comprise state action. If, with respect to the activity at issue, the private entity is engaged in a traditionally

exclusive public function; is "entwined" with the government; is subject to governmental coercion or encouragement; or is willingly engaged in joint action with the government (Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n). Plaintiff's first claim is that Joyce A. Wells, David E. Bogert and Dr. Leonard Skizynski are State actors because they were performing the traditional public function of providing public Health services to the Florida Department of Education/Division of Vocational Rehabilitation Services. The Supreme Court has identified certain functions which it regards as the sole province of government and it has treated private parties performing such functions as "State actors". The classic cases are the conduct of elections, e.g., Terry v. Adams, 345 U.S. 461(1953), and the governance of a "company" town, Marsh v. Alabama.

Plaintiff points out cases in which the State actor (e.g., State entity) has a responsibility for other State actors (e.g., its Vendor Contractors). Although respondeat superior doctrine does not apply in such cases, the Supreme Court has carved out a narrower rule under which inaction - namely, a failure to supervise adequately - may result in liability for the constitutional violations committed by State-actor subordinates. City of Canton v. Harris, 489 U.S. 378, 386-89 (1989); Monell v. Dep't of Soc. Servs.

"No otherwise qualified handicapped individual in the United States shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal Financial Assistance...".

Assurance of equal educational opportunity rests upon legal foundations established by Federal law, specifically the Rehabilitation Act of 1973, Section

504, and the Americans with Disabilities Act of 1990. By federal law, a person
with a disability is any person who:

1) has a physical or mental impairment; 2) has a record of such impairment; or 3)
is regarded as having such an impairment which substantially limits one or more
major life activities such as self-care, walking, seeing, hearing, speaking,
breathing, or learning. Every student with a documented disability has the
following rights:

1. Equal access to courses, programs, services, jobs, activities, and facilities
available through the college or university.

2. Reasonable and appropriate accommodations, academic adjustments, and/or
auxiliary aids determined on a case-by-case basis.

3. Appropriate confidentiality of all information pertaining to his/her disability with
the choice of whom to disclose their disability to except as required by law.

4. Information reasonably available in accessible formats.

   The Plaintiff was not given **any** of the opportunities thus violating her civil right
to access.

   Plaintiff submits that there is no genuine issue as to any material fact concerning

Defendant Florida Department of Education's liability. Therefore the Plaintiff  is entitled

to SUMMARY JUDGEMENT ON THE ISSUE OF LIABILITY.

   Summary Judgement is to be granted if the "pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law" (Rule 56, Fed. R. Civ. P). There is "no genuine issue as to any material fact" regarding the Florida Department of Education's liability. The Plaintiff is therefore entitled to <u>Summary Judgment as a matter of law</u>.

When confronted with a disputed fact, a Court must determine if the fact is necessary to satisfy one of the elements of the claim or defense at issue. <u>Kennedy & Mitchell, Inc. v. Internorth, Inc.</u>, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). The burden is on the movant to demonstrate the absence of any genuine issues of material fact and his entitlement to Summary Judgement as a matter of law. When there is no dispute over the evidence establishing the facts that control the application of a rule of law, Summary Judgement is an appropriate means of deciding that issue. If both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion, Summary Judgement should be granted. "A Summary Judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages". (Rule 56(c), Fed. R. Civ. P). Courts have the authority to grant Summary Judgement on a Defendant's liability apart from the issue of damages and from the defense of the statute of limitations. Therefore, as explained in a State court's analysis of the Federal Rule of Civil Procedure on partial Summary Judgement, "a Court may grant Summary Judgement as to the obligation of one party to pay money to another, subject to a subsequent hearing for the purpose of determining the exact amount due". <u>National Found. Co. v. M.R. Dillard Utils. Co.</u> While each

Defendant has been asked to pay a different amount for violating the Plaintiff's rights through fraud and discrimination, this variance does not change the fact that the Florida Department of Education is the party that will be liable for payment of those damages to Plaintiff.

There is no dispute as to the facts material to The Florida Department of Education's liability on the alleged violations of Federal and State Laws. Therefore, the Plaintiff is entitled to a Summary Judgement on the issue of liability and the prevalence of no genuine issues of material fact as a matter of law.

The Plaintiff has stated one or more good causes of action upon which relief can be granted therefore the Defendants motions to dismiss should be denied as a matter of law and the Plaintiff granted the relief requested and any other equitable and just relief the Court deems fit. The Plaintiff reserves the option of Discovery commencing to obtain additional information Plaintiff is not able to produce at this time that may hinder the finder of fact from granting a complete Summary Judgement. Wherefore the Plaintiff seeks a Summary Judgement as to liability.

The Plaintiff seeks Compensatory Damages of 9 Million Dollars **Jointly and Severally** as to all said Defendants.

The Plaintiff seeks Punitive Damages of 20 Million Dollars **Jointly and Severally** as to all said Defendants.

The Plaintiff also seeks **TREBLE Damages** for the outrageous, malicious and

Reckless actions of All Defendants **Jointly and Severally** as to all said

Defendants.

The Plaintiff seeks Attorney Fees as a Pro se litigant **Jointly and Severally**

as to all Defendants for the time, money and stress put into this case by Plaintiff.

Due to all Defendants continued effort to ignore and deny Plaintiff's pain and

injuries suffered at their hands the Plaintiff seeks an additional 1 Million Dollars **in**

**Exemplary Damages** as to all Defendants **Jointly and Severally** and any other

remedies the Court finds just and equitable.

**I certify that copies have been certified mailed/return receipt**

**requested to all parties involved on this day December 6, 2004.**

Dr. Leonard Skizynski
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701

The Florida Department of Education, Division of Vocational Rehabilitation
Services/Judy Whitaker/
David Givens
325 West Gaines Street, Suite 1244
Tallahassee, Florida 32399

Keough & Dubose, P.A.
514 E. Colonial Drive
P.O. Box 1609
Orlando, FL 32802-1609


Joyce A. Wells/ David Bogert
CONROY, SIMBERG, GANON

KREVANS & ABEL, P.A.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801

**Sincerely,**

**Lisa Hamilton**