UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

      Plaintiff,                             CASE NO.:  6:04-cv-636-orl-28-JGG

vs.

THE FLORIDA DEPARTMENT OF
EDUCATION, DIVISION OF
VOCATIONAL REHABILITATION,
JUDY WHITAKER, DAVID GIVENS,
JOYCE A. WELLS, DAVID BOGERT,
and DR. LEONARD SKIZYNSKI,

      Defendants.

_____/

## MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants, THE FLORIDA DEPARTMENT OF

EDUCATION, DIVISION OF VOCATIONAL REHABILITATION, JUDY

WHITAKER, and DAVID GIVENS, by and through their undersigned attorneys,

and respond to Plaintiff's Motion for Summary Judgment as follows:

Plaintiff has filed a paper entitled "Summary Judgment Against Defendants"

in which she asks the Court to enter summary judgment against all Defendants.

Plaintiff has not filed any affidavits and has not cited any record evidence to

1

support her Motion.  Rule 56 of the Federal Rules of Civil Procedure sets forth the basis for summary adjudication of claims and defenses.  The rule requires that before summary judgment can be entered that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" must show that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."

A factual dispute is "genuine" if the evidence is such that a reasonably jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248, 106 S.Ct. 2505,2510, 91 L.Ed.2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under governing law." *Id*. Therefore, the basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id*. at 251-252, 106 S.Ct. at 2512.  Most significant is that the moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the moving party has met this burden, this Court must view the moving party's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).   If reasonable minds could differ on the inferences arising from undisputed facts, then a court must deny summary

judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518,1534 (11th Cir. 1992).  Moreover, in addition to demonstrating that there is no genuine issue of material fact, the moving party must also satisfy the ultimate burden of persuasion on the claim by showing that it would be entitled to a directed verdict at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112,1113 (11th Cir. 1993).

     In this case, no discovery has yet been conducted.  No record evidence is before the Court and Plaintiff has not attached or filed any sworn affidavit testimony to support her Motion for Summary Judgment.  No evidence of any kind exists to support the unsubstantiated claims of the Plaintiff.  Plaintiff does make a series of allegations, unsupported by record evidence in her Motion and does attach a series of unauthenticated papers which she contends support her claims.  The Court has before it nothing to demonstrate the accuracy of the assertions or papers and as such, they should be stricken.  Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party.  *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983).  All doubts as to the existence of a genuine issue as to any material fact must be resolved against the party seeking summary judgment. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994,996-96 (11th Cir. 1979).

In this case, Plaintiff has failed to point the Court to any evidence in the record or offer any evidence specifically supporting her Motion for Summary Judgment and never shifts the burden to require these Defendants to establish a factual dispute because Plaintiff simply fails to meet her initial burden under Rule 56.  However, these Defendants have filed an Affidavit of Defendant, DAVID GIVENS, which clearly disputes the unsubstantiated allegations and assertions of Plaintiff.  The evidence contained within Mr. Givens' Affidavit, filed concurrently with this Response, certainly creates issues of material fact sufficient for this Court to deny Plaintiff's Motion for Summary Judgment.  For example, Mr. Givens states that Plaintiff was offered schooling to learn music, which Plaintiff rejected, that any decision to deny Plaintiff self-employment benefits was due to the results of a detailed psychological evaluation performed on Plaintiff, and that any decision regarding Plaintiff receiving vocational rehabilitation services was not based on Plaintiff's race.  Further, Mr. Givens' Affidavit raises a factual issue as to whether Plaintiff has exhausted her administrative remedies.

Further, as to Plaintiff's bare assertion that the Eleventh Amendment immunity of State of Florida and its agencies "is abrogated by Congress' unequivocal intent under Title II, American (sic) with Disability (sic) Act and 42 U.S.C. 1983" is patently inaccurate and Plaintiff's request for summary judgment on the Eleventh Amendment immunity issues must be denied.  In the event this

4

Court were to determine that Plaintiff has alleged a cause of action under Title II of

the ADA, the Florida Department of Education is entitled to Eleventh Amendment

immunity for that cause of action.  The United States Supreme Court's recent

decision in *Tennessee v. Lane,* 124 S. Ct. 1978 (2004), determined that the states'

Eleventh Amendment immunity had been effectively abrogated by Title II of the

ADA, but the Supreme Court expressly limited its holding to cases involving

access to court.  Prior precedents holding that Title II of the ADA did not

effectively abrogate the state's Eleventh Amendment immunity are still valid.

Further, neither the State of Florida nor its agencies are "persons" under 42 U.S.C.

Section 1983.  Therefore Congress could harldly have abrogated the States'

Eleventh Amendment immunity by enacting Section 1983 since Congress did not

even include States as persons who could be sued under Section 1983.

Plaintiff has failed to exhaust her administrative remedies and, thus, her case

against these Defendants is subject to dismissal.  The purpose of requiring

exhaustion of administrative remedies is to insure that courts receive matters which

are ripe for judicial determination and present concrete injuries.  *Rogers v. Bennett*,

873 F.2d 1387, 1392 (11th Cir. 1989).  In *Ryans v. The New Jersey Commission for

the Blind and Visually Impaired*, 542 F.Supp. 841 (D.N.J. 1982), the plaintiff

challenged his denial of rehabilitative services and benefits to which he was

entitled under the Rehabilitation Act of 1973.  In addressing the requirement of

5

exhaustion of administrative remedies, the court stated "in the present case, however, the very statute which plaintiff seeks to vindicate by way of a s1983 action requires the state to institute administrative review procedures.  If the courts are to effectuate congressional intent, they must give effect to the entire enforcement scheme provided in the statute."  *Id*. at 850.  The court in *Ryans* outlined the statutory scheme mandating an administrative process substantively similar to Florida's.

The statute and federal regulations governing Florida's vocational rehabilitation program clearly anticipate the requirement of a claimant exhausting all administrative remedies.  34 C.F.R. Section 361.57(e), which implements the provisions of 29 U.S.C. Section 722(c)(5), provides for impartial due process hearings for individuals who disagree with the findings of a state unit which effect the provision of vocational services to them.  That regulation provides:

> (1)  A hearing conducted by an impartial hearing officer, selected in accordance with paragraph (f) of this section, must be held within 60 days of an applicant's or eligible individual's request for review of a determination made by personnel of the State unit that affects the provision of vocational rehabilitation services to the individual, unless informal resolution or mediation agreement is achieved prior to the 60th day or the parties agree to a specific extension of time.. .

Further, 34 C.F.R. Section 361.57(j), which implements the provisions of 29 U.S.C. Section 722(J)(i), states:

> (1)  Any party who disagrees with the findings and decisions of an impartial hearing officer under paragraph (e) of this section in a State that has not established administrative review procedures under paragraph (g) of this section and any party who disagrees with the findings and decision under paragraph (g)(3)(iii) of this section have a right to bring a civil action with respect to the matter in dispute.  The action may be brought in a district court of the United States without regard to the amount in controversy.

The State of Florida Department of Education has provided administrative proceedings by which an aggrieved party may challenge the Division's actions and Plaintiff was provided with notice of those options.  Attached as Exhibit H to Plaintiff's Motion for Summary Judgment is a letter from the State of Florida Department of Education informing Plaintiff that if she disagreed with the findings relative to her request for vocational rehabilitation she had the right to appeal the decision.  Plaintiff failed to exhaust her administrative remedies and the Affidavit by Mr. Givens confirms this.

While Plaintiff asserts that she is *entitled* vocational rehabilitation services as a matter of law because she has been qualified for Social Security Disability Insurance or Supplemental Security Income benefits.  However, Plaintiff's unauthenticated and unsubstantiated Exhibit "E", which appears to be a print-out from an internet site, even states that vocational rehabilitation services can be denied to persons similarly situated to Plaintiff if the agency can show that the person cannot benefit from vocational rehabilitation services.  *See also* 29 U.S.C. §

7

722(a)(2) and 34 C.F.R. § 361.42(d).  These Defendants conducted the extended

evaluation required by law and determined that Plaintiff could not benefit from

vocational rehabilitation services at that time.

Because Plaintiff has failed to meet her burden of showing the absence of a

genuine issue as to any material fact, and because these Defendants have filed

record evidence sufficient to demonstrate that there are genuine issues of material

fact at this point in the case, Plaintiff's Motion for Summary Judgment must be

denied.

I HEREBY CERTIFY that a true and correct copy of the forgoing has been
furnished by U.S. Mail to: Lisa Hamilton, 4470 Scenic Lake Drive, Orlando,
Florida 32808; Michael D. Kooi, Esquire and Elana J. Jones, Esquire, Assistant
General Counsel, 325 W. Gaines Street, Suite 1244, Tallahassee, Florida 32399;
George F. Indest, III, Esquire and Jaosn L. Harr, Esquire, The Health Law Firm,
220 E. Central Parkway, Suite 2030, Altamonte Springs, Florida 32701;
Conroy, Simberg, Ganon, Krevans, & Abel, P.A., 2 South Orange Avenue, Suite
300, Orlando, Florida 32801 on this 22nd day of December, 2004.

s/John E. DuBose, Jr._____
ROBERT D. KEOUGH, ESQUIRE
FL Bar No.: 321583
JOHN E. DuBOSE, JR., ESQUIRE
FL Bar No.: 752037
KEOUGH & DuBOSE, P.A.
514 E. Colonial Drive
P.O. Box 1609
Orlando, Florida 32802-1609
(407) 849-5050
(407) 849-6588 fax
Attorneys for THE FLORIDA
DEPARTMENT OF EDUCATION,

DIVISION OF VOCATIONAL
REHABILITATION, JUDY WHITAKER,
DAVID GIVENS