UNITED STATES DISTRICT COURT
*Middle District of Florida*
*Orlando Division*

| | |
|---|---|
| LISA HAMILTON, | CASE NO. 6:04-cv-636-ORL-28JG |
| Pro Se Plaintiff, | |
| v. | Appearing on behalf of Defendant, Joyce A. Wells, Psy.D. |
| FLORIDA DEPARTMENT OF EDUCATION, DIVISION OF VOCATIONAL REHABILITATION JUDY WHITAKER; DAVID GIVENS; JOYCE A. WELLS; DR. LEONARDO SKIZYNSKI; and DAVID BOGERT, | |
| Defendants. _____/ | |

**DEFENDANT'S, JOYCE A. WELLS, PSY.D., MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS THE FLORIDA DEPARTMENT OF EDUCATION/DIVISION OF VOCATIONAL REHABILITATION, JUDY WHITAKER, DAVID GIVENS, JOYCE A. WELLS, DAVID BOGERT, AND DR. LEONARD SKIZYNSKI AS TO DEFENDANT, JOYCE A. WELLS, PSY.D. AND, ALTERNATIVELY, A RESPONSE IN OPPOSITION THERETO**

COMES NOW the Defendant, JOYCE A. WELLS, PSY.D. (improperly referred to as "JOYCE A. WELLS"), by and through her undersigned attorneys, and hereby files this her Motion to Strike Plaintiff's Motion for Summary Judgment Against Defendants, The Florida Department of Education/Division of Vocational Rehabilitation, Judy Whitaker, David Givens, Joyce A. Wells, David Bogert, and Dr. Leonard Skizynski as to Joyce A. Wells, Psy.D., and, alternatively, a Response in Opposition thereto, and in support thereof would state :

1.  The Plaintiff, Lisa Hamilton (hereinafter referred to as "the Plaintiff" or "Ms. Hamilton"), a *pro se* party, is presently pursuing claims against multiple Defendants that appear to

have all arisen in the context of and/or as the result of Plaintiff's efforts to obtain funding for a personal business enterprise through the Florida Department of Education, Division of Vocational Rehabilitation.  See Plaintiff's Second Amended Complaint.

2. Pending presently before this Court is the *pro se* Plaintiff's Second Amended Complaint, naming the Florida Department of Education, Division of Vocational Rehabilitation; Joyce A. Wells, Psy.D. (mistakenly referred to as "Joyce A. Wells"); Dr. Leonard Skizynski; David Givens; Judy Whittaker, and David E. Bogert as Defendants.  Also pending before this Court is Defendant's, Joyce A. Wells, Psy.D., Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim Upon Which Relief can be Granted, Motion for More Definite Statement, and Motion to Strike.

3. Plaintiff has already filed one Motion for Summary Judgment against Joyce A. Wells (docket number 74).  Defendant responded thereto (docket number 83).  She now serves a second Motion for Summary Judgment (docket number 85), which purports to be directed against, among others, Joyce A. Wells.  Inasmuch as this second Motion for Summary Judgment makes essentially the same arguments with respect to Joyce A. Wells, Psy.D., as had been made in the first Motion for Summary Judgment, this second motion by the Plaintiff would be redundant and vexatious.

4. Notably, although the Plaintiff's Motion for Summary Judgment purports to seek summary adjudication against, among other Defendants, the Defendant, Joyce A. Wells, Psy.D.,

as reflected in the heading of this pleading, nowhere in the body of the pleading does the Plaintiff delineate that she is indeed seeking summary adjudication against this particular Defendant.

5. If indeed this pleading is directed also against Joyce A. Wells, Psy.D., then it is merely duplicative of the first Motion for Summary Judgment, and would appear to serve no other purpose than to harass this particular Defendant.

6. As it is inappropriate to serve upon opposing parties motions designed to harass that party, this Motion for Summary Judgment as to Joyce A. Wells, Psy.D. should be struck for that reason.

7. Again, other than the style of the pleading, the Plaintiff -- although mentioning Joyce A. Wells, Psy.D. often with respect to her licensee status and how this issue impacts the role of The Florida Department of Education in this matter -- simply does not set forth in what fashion the Plaintiff seeks summary adjudication against Joyce A. Wells, Psy.D.

8. Conceivably, the *pro se* Plaintiff simply erred in identifying Joyce A. Wells, Psy.D., in the heading of this pleading. However, simply in an abundance of caution due to this *pro se* litigant's confusing pleading practices, does this Defendant, Joyce A. Wells, Psy.D., offer a brief response to Plaintiff's Motion for Summary Judgment.

9. Notably, summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. Sweat v. Miller Brewing Co., 708 F.2d 655 (11th Cir. 1983). All doubts as to the existence of a genuine issue as to any material

CASE NO. 6:04-cv-636-ORL-28JG

fact must be resolved against the moving party. <u>Hayden v. First National Bank of Mt. Pleasant</u>, 595 F.2d 994, 996-97 (5th Cir. 1979) (quoting <u>Gross v. Southern Railroad Co.</u>, 414 F.2d 292 (5th Cir. 1969)). As such, factual disputes generally preclude summary judgment. <u>Woodbury v. Sears, Roebuck & Co.</u>, 901 F.Supp. 1560 (M.D. Fla. 1995).

10. The *pro se* Plaintiff has offered the Court absolutely no competent, record evidence to support her allegations against this Defendant, nor does she offer competent, sworn affidavit testimonial evidence in support of the issues upon which she attempts to obtain summary adjudication.

11. As such, the *pro se* Plaintiff has failed to carry her burden by establishing through record evidence or otherwise the absence of a genuine issue of material fact in order to demonstrate her entitlement to summary adjudication as to any of the issues delineated in her Motion for Summary Judgment with respect to Defendant, Joyce A. Wells, Psy.D.

12. Therefore, to the extent that the Plaintiff's Motion for Summary Judgment indeed seeks summary adjudication of any claims or issues of law or fact that pertain to Joyce A. Wells, Psy.D., an entry for summary judgment on the issues outlined in this *pro se* Plaintiff's application for summary adjudication is inappropriate, both from a procedural and substantive standpoint. As such, Plaintiff's Motion for Summary Judgment should be denied.

WHEREFORE, Defendant, JOYCE A. WELLS, PSY.D., respectfully requests that this Court strike Plaintiff's Motion for Summary Judgment as to this Defendant or, alternatively, deny Plaintiff's Motion for Summary Judgment as to this Defendant.

CASE NO. 6:04-cv-636-ORL-28JG

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished via U.S. Mail on December 22, 2004 to Lisa Hamilton, 4470 Scenic Lake Drive, Orlando, FL 32808, and that this same document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following: Elana Jones, Esq., 325 West Gains Street, Suite 1244, Tallahassee, FL 32399, and George F. Indest, III, Esq., Jason L. Harr, Esq., The Health Law Firm, 220 East Central Parkway, Suite 2030, Altamonte Springs, FL 32701, and John L. Morrow, Esq., Conroy, Simberg, Ganon, Krevans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, FL 32801.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Attorneys for Defendant
Joyce A. Wells, PSY.D.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801
(407) 649-9797


By: s/Michael R. Jackson
    Michael R. Jackson, Esq.
    Florida Bar No. 0161632