UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

       Plaintiff,

vs.                                     CASE NO.:  6:04-CV-636-ORL-28-JGG

FLORIDA DEPARTMENT OF EDUCATION/
VOCATIONAL REHABILITATION
SERVICES, JUDY WHITAKER, DAVID
GIVENS, JOYCE A. WELLS, DR. LEONARD
SKIZYNSKI and DAVID BOGERT,

       Defendants.

_____/

## DEFENDANT DR. SKIZYNSKI'S MOTION FOR SANCTIONS,

## ATTORNEY'S FEES AND COSTS AGAINST PLAINTIFF HAMILTON

Defendant Dr. Leonard Skizynski by and through his undersigned attorneys, hereby files this Motion for Sanctions, Attorney's Fees and Costs Against Plaintiff Lisa Hamilton, pursuant to Rule 11, Federal Rules of Civil Procedure, 28 U.S.C. Sect. 1927, and the inherent authority of the Court, and states:

## BACKGROUND AND FACTS

1.     On or about June 1, 2004, pro se Plaintiff Lisa Hamilton served Defendant Leonard Skizynski, Psy.D. (referred to herein as "Dr. Skizynski"), a licensed psychologist, with an Amended Complaint (Docket 4) attempting to allege a cause of action arising out of a mental evaluation performed on her at the request of the Florida Department of Education.

This Amended Complaint added Dr. Skizynski, for the first time, as a named party to Hamilton's ongoing litigation.

2.      Dr. Skizynski's involvement with Defendant Hamilton, if any, was extremely limited and dealt solely with reviewing a report of a mental evaluation performed by other health care practitioners.  Dr. Skizynski performed this function for the Florida Department of Education.

3.      Plaintiff admitted in paragraph 49 of her Amended Complaint (Docket 4) that: "Lisa has never met Dr. Leonard Skiyznski in person nor is his name or license number on her evaluation."

4.      Plaintiff's mental illness was previously described in Defendant Joyce Wells' Memorandum of Law in Support of her Motion to Dismiss dated June 21, 2004 (Docket 21, page 4) and in Defendant Department of Education's Motion to Dismiss dated June 26, 2004 (Docket 30, paragraphs 3 through 5), incorporated herein by reference.

5.      Defendant Dr. Skizynski timely served a Motion to Dismiss Plaintiff's Amended Complaint (Docket 26) and supporting memorandum of law (Docket 27) on the Plaintiff on June 21, 2004, establishing the overall failure of the Plaintiff, among others:  to allege any cause of action against Dr. Skizynski, to plead any grounds for federal jurisdiction, and to exhaust her administrative remedies or to plead this.

6.      Magistrate Judge Glazebrook subsequently entered a detailed Recommended Order (Docket 48) granting Defendant Dr. Skizynski's Motion to Dismiss (and all of the other

Motions to Dismiss filed by the Co-Defendants) citing as grounds for the dismissal a number of the grounds set forth in Dr. Skizynski's motion.  Among these were Plaintiff's failure to exhaust her administrative remedies, her allegations sounding in state-law claims, and her failure to allege grounds for federal jurisdiction.

7.    Since she filed the Amended Complaint, the Plaintiff has continued a vexatious pattern of litigation, filing baseless and frivolous pleadings and motions, lacking any grounds in fact or in law, but requiring all defendants, including Dr. Skizynski, to incur attorney's fees and costs, in order to ensure that proper responses to them were filed.

8.    Counsel for Dr. Skizynski sent a letter dated June 25, 2004 (which Plaintiff received on June 28, 2004), a copy of which is attached as Exhibit "A," placing her on notice of the requirements of Rule 11, Federal Rules of Civil Procedure, and advising her that her continued vexatious litigation would result in a motion for sanctions.  Exhibit "A."

9.    On July 9, 2004, Counsel for Dr. Skizynski sent an additional letter to Plaintiff, a copy of which is attached as Exhibit "B," again warning her of the sanctions provided by Rule 11, Federal Rules of Civil Procedure, and advising her that her continued vexatious litigation would result in a motion for sanctions.  Exhibit "B."

10.    Plaintiff Hamilton has ignored these warnings and has continued to inundate the Court and the defendants with her vexatious and meritless filings.

11.    Plaintiff Hamilton has filed the following baseless and frivolous pleadings which have all failed to comply with the law and the Federal Rules of Civil Procedure:

a.    Application for Default as to David Givens, Judy Whitaker, Joyce A.

Wells, Leonard Skizynski and David Bogert, dated June 22, 2004 (Docket 22);

b. Objection to Submission of Defendant Leonard Skizynski's Motion to Dismiss, no service date, filed with court on June 24, 2004 (Docket 28);

c. Plaintiff's Motion for Default Judgment Against The Florida Department of Education / Division of Vocational Rehabilitation, Judy Whitaker, David Givens and Leonard Skizynski, no service date, filed with court on July 9, 2004 (Docket 37);

d. Notice of Objection to Magistrate Judge's Order, dated August 23, 2004 (Docket 50);

e. Motion to Strike Magistrate Judge's Order Docket and Report and Recommendation Docket Due to Conflict of Interest, dated September 22, 2004 (Docket 55);

f. Objection to Magistrate Judge's Order and Recommendation, dated September 24, 2004 (Docket 56);

g. Objection to Magistrate Judge's Order Docket, dated September 30, 2004 (Docket 58);

h. Second Amended Complaint against Florida Department of Education/ Vocational Rehabilitation, Judy Whitaker, David Givens, Joyce A. Wells, David Bogert and Dr. Leonard Skizynski, dated November 1, 2004 (Docket 62);

i. Application for Clerk's Entry of Default as to Defendant Dr. Leonard Skizynski dated November 16, 2004 (Docket 68);  and

j. Plaintiff's Motion for Default Judgement (Judgment) Against Defendants the Florida Department of Education / Division of Vocational Rehabilitation, Judy Whitaker, David Givens and Leonard Skizynski dated November 19, 2004 (Docket 73).

12. Plaintiff's filings numbered 50, 55, 56 and 58 have been nothing but unsubstantiated and insulting attacks on the Court, some personal, with no genuine issue for

4

the Court to address.  Moreover, <u>the Court has ruled against every motion filed by the Plaintiff</u> relating to Dr. Skizynski or set forth in paragraph 11 above.

13.     Plaintiff's Second Amended Complaint (Docket 62) failed to cure any of the defects outlined in Magistrate Judge Glazebrook's Report and Recommendation (Docket 54).

14.     Furthermore, Plaintiff Hamilton has made false and misleading statements in her filings, attempting to mislead the Court.  An example of a false statement is contained in paragraph 4 of her Motion for Default served on November 19, 2004 (Docket 73):  "The Defendant Leonard Skizynski was in Default [sic] previously in these proceedings and was released by the Magistrate Judge James Glazebrook."  This is false because Defendant Dr. Skizynski was not previously in default.  Thus Plaintiff Hamilton continues in her efforts to deceive the Court into erroneously entering a judgment in her favor in violation of the law.

15.     Defendant Dr. Skizynski continues to absorb attorney's fees and costs by having to review, research, analyze and address these "motions" filed by Plaintiff which are improperly plead, harassing, duplicative and solely meant to be unduly burdensome and increase the costs of litigation.

16.     Unless the Court enters sanctions against Plaintiff Hamilton, she will continue her vexatious, frivolous litigation.  Even after receiving Exhibits "A," "B," "C," and "D," the Plaintiff has continued to file spurious, meritless, vexatious motions with the Court.

## GROUNDS FOR RULE 11 SANCTIONS

17.     Rule 11(b), Federal Rules of Civil Procedure requires a reasonable pre-filing inquiry prior to the filing of a complaint, written motion, or other paper.  A reasonable pre-filing inquiry would have revealed to Plaintiff Hamilton that there was no evidentiary support of the allegations against Dr. Skizynski in the Amended Complaint.   Additionally, a responsible pre-filing inquiry would have revealed Plaintiff Ms. Hamilton was not warranted by existing law or a non-frivolous argument.

18.     Furthermore, after receiving the Order (Docket 48) dismissing her Amended Complaint, Plaintiff refiled a Second Amended Complaint (Docket 62) without conducting any further pre-suit inquiry and without taking any further actions to cure the defects that had caused the dismissal fo the Amended Complaint.

19.     The record shows that the Plaintiff's pleadings and motions have been filed solely for the improper purpose of harassing Dr. Skizynski as retribution for the report of a mental evaluation with which she disagrees and in support of her attempts to obtain money to start a music recording company.

20.     Plaintiff continues to improperly use the litigation process to vexatiously harass Defendant Dr. Skizynski and to attempt to have the Court enter a "default judgement" [sic] in her favor for "$29,000,000.00 (plus treble damages)" against Dr. Skizynski in a case where there is no federal jurisdiction.

21.     Rule 11(b)(1) states that by filing a pleading, written motion or other paper, a party is certifying that it is not being presented for any improper purpose, such as to harass

6

or to cause unnecessary delay or needless increase in the cost of litigation.  Plaintiff Hamilton has violated Rule 11(b).

22.     Plaintiff has caused and continues to cause unreasonable delay and needless expense in this litigation by filing improper and motions and papers, containing false and misleading statements and lacking any basis in fact or law.

23.     Despite being placed on notice twice of Defendant Dr. Skizynski's intent to file a motion for sanctions, Plaintiff Hamilton persists in her offensive conduct, filing duplicative and frivolous motions, having no basis in fact or in law.

## THE COURT'S INHERENT AUTHORITY TO SANCTION PARTIES

24.     Regardless of the requirements of Rule 11, Federal Rules of Civil Procedure, the Court has the inherent authority to sanction parties who appear before it for their misconduct.

25.     The court's inherent power to impose sanctions for bad faith conduct is not displaced by any sanction scheme of statutes and rules.  Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27, rehearing denied 501 U.S. 1269, 112 S.Ct. 12, 115 L.Ed.2d 1097 (1991).

26.     In addition to statutory authority for a district court to require a party who "multiplies the proceedings in any case unreasonably and vexatiously" to personally satisfy "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct," a district court has the inherent power to impose sanctions on a party who willfully abuses

judicial processes.  <u>U.S. v. Blodgett</u>, 709 F.2d 608 (9th Cir. 1983).

27.     It is apparent that Plaintiff Hamilton is abusing the judicial process in a bad faith

effort to harass and intimidate a monetary settlement out of Dr. Skizynski.

28.     Statutory power to award attorney fees if one acted recklessly or in bad faith

exists along with the court's inherent power to award fees under equity whenever justice

requires.  <u>Matter of Beverly Hills Bancorp</u>, 752 F.2d 1334 (9th Cir. 1984).

29.     Federal courts are vested with inherent power, beyond the power granted to

them by statute or under the Federal Rules of Civil Procedure, to impose sanctions for abuse

of the judicial process.  A federal court may also use its inherent power to fashion a sanction

not contemplated by Rule 11 or federal statutes.  <u>In re Keegan Management Co., Securities</u>

<u>Litigation</u>, 154 F.R.D. 237, reversed, 78 F.3d 431 (N.D. Cal. 1994).

30.     The abuses committed by Plaintiff' Hamilton in this case, perhaps attributable

in part to her mental illness, are the type which the court should properly curtail through its

inherent authority.


### SANCTIONS PURSUANT TO 28 U.S.C. SECT. 1927

31.     28 U.S.C. Sect. 1927 states:

> Any attorney or other person admitted to conduct
> cases in any court of the United States or any
> Territory thereof who so multiplies the
> proceedings in any case unreasonably and
> vexatiously may be required by the court to

8

> satisfy personally the excess costs, expenses, and
> attorneys' fees reasonably incurred because of
> such conduct.

32.     Case law, including that of the Eleventh Circuit Court of Appeals, has stated that this section of the United States Code also applies to litigants.  The Eleventh Circuit stated that 28 U.S.C. Sect. 1927 "allows district courts to 'assess attorney's fees against <u>litigants</u>, counsel, and law firms who willfully abuse the judicial process by conduct tantamount to bad faith.'"  <u>Malatea v. Suzuki Motor Co., Ltd.</u>, 987 F.2d 1536, 1544 (11th Cir. 1993), quoting <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1582 (11th Cir. 1991) (emphasis added).

33.     Therefore, as a separate grounds, independent of Rule 11, the Court may also sanction a litigant such as Plaintiff Hamilton pursuant to 28 U.S.C., Sect. 1927.

## OTHER PRECEDENT

34.     There is also precedent within this same District Court for relief from a vexatious, obsessed plaintiff such as plaintiff Hamilton.

35.     In a case such as this one where a plaintiff had been representing himself <u>pro se</u>, and subsequently (late in the litigation) retained an attorney to represent him, the Court ordered sanctions, noting that the Plaintiff appeared to be "obsessed" with his litigation against his former employer and noted that he would be likely to "continue his vendetta against his former employer."  <u>Riccard v. The Prudential Ins. Co. of Am.</u>, Case No.: 6:97-cv-1390-Orl-31DAB (M.D. Fla.), order dated Feb. 26, 2001 (Docket No. 146).

36.     In the <u>Riccard</u> case cited above, this Court issued an order granting the type of

relief Dr. Skizynski is requesting in this motion.

37.     In this case, Plaintiff Hamilton also appears to be obsessed and to be pursuing a vendetta against the Department of Education and those associated with its denial of her request for money to operate a recording studio.

38.     Unless the Court sanctions her, she will continue her conduct, tying up the Court and causing those who must defend against her actions to expend money for attorney's fees.

## ATTORNEY'S FEES AND COSTS

39.     Plaintiff Hamilton continues to file vexatious and improper pleadings which indicate her ongoing intention to willfully abuse the judicial process and cause Defendant Dr. Skizynski to incur attorney's fees and costs.

40.     Plaintiff Ms. Hamilton continues to pursue her claims in bad faith.

41.     The finding of bad faith constitutes a basis for attorney's fees. Torres v. City of Orlando, 264 F. Supp. 2d 1046, 1050 (M.D. Fla. 2003). See also. 28 U.S.C. Sect. 1927.

42.     As a result, Dr. Skizynski has been required to retain undersigned counsel to defend him from Plaintiff Hamilton in this matter and has incurred reasonable attorney's fees and costs as a result.

## SERVICE OF MOTION ON PLAINTIFF

43.     In addition to the prior warning given to her on June 28, 2004, Exhibit "A,"

and July 9, 2004, Exhibit "B," undersigned counsel served a copy of this motion for sanctions on Plaintiff Lisa Hamilton, by sending the same to her in a letter dated November 24, 2004, hand delivered to her on that day.  Exhibit "C."  Additionally, a follow-up letter was sent to her after this, to ensure she had received it.  Exhibit "D."

## SUPPORTING MEMORANDUM OF LAW

44.     A supporting memorandum of law is being filed contemporaneously herewith.

**WHEREFORE**, for the reasons stated herein the Court is requested to issue an order granting Defendant Dr. Skizynski the following relief against Plaintiff Hamilton:

(1)     Dr. Skizynski's reasonable attorney's fees and costs he has incurred in having to respond to and defend himself against Plaintiff's baseless and vexatious litigation;

(2)     Appropriate sanctions pursuant to the inherent authority of the Court and 28 U.S.C. Sect. 1927;

(3)     Sanctions pursuant to Rule 11, Federal Rules of Civil Procedure;

(4)     Entry of an Order prohibiting Plaintiff Hamilton from filing any further papers or pleadings with the Court unless she first:

a.     Files a motion directly with the Magistrate Judge requesting permission to do so attaching a copy of the paper she desires to file;

11

b.      Serves a copy of the same on all parties;

c.      Obtains the permission of the Magistrate Judge in writing to file the paper or pleading;  and

d.      Affords any party affected by the filing at least twenty (20) days in which to file a response prior to filing anuy other papers or pleadings;  and

(5)      Any other relief this Court deems appropriate under the circumsatnces.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been (or will be) filed electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Michael R. Jackson, Esquire (attorney for Defendant Joyce A. Wells), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801;  John L. Morrow, Esquire (attorney for Defendant David Bogert), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801;  Michael Kooi, Esquire and Elana J. Jones, Esquire (attorneys for Defendants Department of Education, Judy Whitaker and David Givens), Turlington Building, 325 West Gaines Street, Suite 1244, Tallahassee, Florida 32399;  and a copy of the foregoing served via Federal Express delivery, to:  Lisa Hamilton, Plaintiff (pro se), 4402 Dunwoody

Place, Orlando, Florida 32808, on this 22nd day of December, 2004.

/s/ George F. Indest III
**GEORGE F. INDEST III, ESQUIRE**
Florida Bar No.:  382426
Board Certified in Health Care Law
**JASON L. HARR, ESQUIRE**
Florida Bar No.:  0194336
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701

12

Telephone:  (407)  331-6620
Telefax:  (407)  331-3030
**ATTORNEYS FOR DEFENDANT,**
**DR. LEONARD SKIZYNSKI**

ATTACHMENTS:

Exhibit "A" -  Rule 11 Notice Letter Sent to Plaintiff dated June 25, 2004
Exhibit "B" -  Rule 11 Notice Letter Sent to Plaintiff dated July 9, 2004
Exhibit "C" -  Rule 11 Letter (w/ copy of motion) sent to Plaintiff on Nov. 24, 2004
Exhibit "D" -  Follow up letter sent to Plaintiff on Nov. 24, 2004

JLH    S:\256\001\Pleadings\Sanctions-Motions.wpd

13