# DR. SKIZYNSKI

# MOTION FOR SANCTIONS

# EXHIBIT "A"

# THE HEALTH LAW FIRM
### GEORGE F. INDEST III, P.A.

**GEORGE F. INDEST III**
LICENSED IN FLORIDA, LOUISIANA
AND THE DISTRICT OF COLUMBIA
BOARD CERTIFIED BY THE FLORIDA
BAR IN HEALTH CARE LAW



**MAIN OFFICE**
**CENTERPOINTE TWO**
**220 E. CENTRAL PARKWAY**
**SUITE 2030**
**ALTAMONTE SPRINGS, FLORIDA 32701**
**TELEPHONE: (407) 331-6620**
**TELEFAX: (407) 331-3030**
www.thehealthlawfirm.com
www.healthattorneys.com

**MICHAEL L. SMITH**
LICENSED IN FLORIDA
REGISTERED RESPIRATORY THERAPIST

**JASON L. HARR**
LICENSED IN FLORIDA
MASTER IN PUBLIC ADMINISTRATION

June 25, 2004

## VIA EXPRESS MAIL - RETURN RECEIPT REQUESTED

Ms. Lisa Hamilton
4470 Scenic Lake Drive
Orlando, Florida 32808

      **Re:**    **Lisa Hamilton v. Leonard J. Skizynski, Psy.D., et al.**
               **Case No.:  6:04-CV-636-ORL-28-JGG**
               **Our File Number 256/001**

Dear Ms. Hamilton:

As you are aware, this firm represents Leonard Skizynski, Psy.D., in the above referenced matter. Please be advised our client has authorized us file a motion requesting the court order monetary sanctions against you pursuant to Rule 11 of the Federal Rules of Civil Procedure, unless you immediately dismiss your lawsuit against Dr. Skizynski with prejudice.

Rule 11 of the Florida Federal Rules of Civil Procedure states:

> **Rule 11.  Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions**
>
>         \*      \*      \*
>
> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> > (1)  it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2)  the claims, defenses, and other legal contentions



EXHIBIT

A

Ms. Lisa Hamilton
June 25, 2004
- Page 2 -

_____

therein are warranted by existing law or by a
nonfrivolous argument for the extension,
modification, or reversal of existing law or the
establishment of new law;

(3) the allegations and other factual contentions have
evidentiary support or, if specifically so identified,
are likely to have evidentiary support after a
reasonable opportunity for further investigation or
discovery; and

(4) the denials of factual contentions are warranted
on the evidence or, if specifically so identified, are
reasonably based on a lack of information or belief.

\*        \*        \*

**(c) Sanctions.** If, after notice and a reasonable opportunity to
respond, the court determines that subdivision (b) has been violated,
the court may, subject to the conditions stated below, impose an
appropriate sanction upon the attorneys, law firms, or parties that
have violated subdivision (b) or are responsible for the violation.

\*        \*        \*

(2) Nature of Sanctions; Limitations. A sanction
imposed for violation of this rule shall be limited to
what is sufficient to deter repetition of such conduct
or comparable conduct by others similarly situated.
Subject to the limitations in subparagraphs (A) and
(B), the sanction may consist of, or include,
directives or a nonmonetary nature, an order to pay
a penalty into court, or, if imposed on motion and
warranted for effective deterrence, an order directing
payment to the movant of some or all of the
reasonable attorneys' fees and other expenses
incurred as a direct result of the violation.

3

Ms. Lisa Hamilton
June 25, 2004
- Page 3 -

_____

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

Federal court does not provide a forum for people to file baseless and frivolous complaints. In light of the frivolous claims against Dr. Skizynski contained in your Amended Complaint, we are compelled to recover for Dr. Skizynski the expenses he has incurred for defending this lawsuit.

**Let this letter serve as notice, as required by Rule 11(c), that you are being given a reasonable opportunity to voluntarily dismiss your claim against our client, Dr. Skizynski, with prejudice, otherwise we will pursue monetary sanctions against you.**

Please contact Jason L. Harr, another attorney with my office if you would like to discuss this matter further.

Sincerely,

**THE HEALTH LAW FIRM**
**GEORGE F. INDEST III, P.A., by:**

_George F. Indest III_

**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Board Certified by The Florida Bar
in the Specialty of Health Care Law

cc:     Leonard J. Skizynski, Psy.D.

JLH/GFI:ljc
S:\256\001\Letters\Hamilton.01.wpd

④

# DR. SKIZYNSKI

# MOTION FOR SANCTIONS

# EXHIBIT "B"

# THE HEALTH LAW FIRM
## GEORGE F. INDEST III, P.A.

**GEORGE F. INDEST III**

LICENSED IN FLORIDA, LOUISIANA
AND THE DISTRICT OF COLUMBIA
BOARD CERTIFIED BY THE FLORIDA
BAR IN HEALTH CARE LAW



**MAIN OFFICE**
**CENTERPOINTE TWO**
**220 E. CENTRAL PARKWAY**
**SUITE 2030**
**ALTAMONTE SPRINGS, FLORIDA 32701**
**TELEPHONE: (407) 331-6620**
**TELEFAX: (407) 331-3030**
**WEBSITE: www.thehealthlawfirm.com**

**MICHAEL L. SMITH**

LICENSED IN FLORIDA
REGISTERED RESPIRATORY THERAPIST

**JASON L. HARR**
LICENSED IN FLORIDA

July 9, 2004

## VIA EXPRESS MAIL - RETURN RECEIPT REQUESTED

Ms. Lisa Hamilton
4470 Scenic Lake Drive
Orlando, Florida 32808

> **Re:**   **Lisa Hamilton v. Leonard J. Skizynski, Psy.D., et al.**
> **Case No.: 6:04-CV-636-ORL-28-JGG**
> **Our File Number 256/001**
> **SECOND NOTICE OF RULE 11 CLAIM**

Dear Ms. Hamilton:

As you are aware, this firm represents Leonard Skizynski, Psy.D., in the above referenced matter. On June 25, 2004, my office sent you a letter, placing you on notice that our client has authorized us file a motion requesting the court order monetary sanctions against you pursuant to Rule 11 of the Federal Rules of Civil Procedure, unless you immediately dismiss your lawsuit against Dr. Skizynski with prejudice. See enclosed letter.

My understanding is that you spoke with Jason L. Harr, another attorney in my office, after you read my letter demanding that you voluntarily dismiss your claim against Dr. Skizynski. You informed Mr. Harr that you would continue to pursue your claim against Dr. Skizynski, despite being given notice that we <u>will</u> seek monetary sanctions, as permitted by Rule 11, against you for filing a frivolous claim.

**Let this letter serve as a SECOND notice that you are being given a reasonable opportunity to voluntarily dismiss your claim against our client, Dr. Skizynski, with prejudice.**

> Sincerely,
> **THE HEALTH LAW FIRM**
> **GEORGE F. INDEST III, P.A., by:**
>
> **GEORGE F. INDEST III, J.D., M.P.A**
> Board Certified by The Florida Bar
> in the Specialty of Health Care Law

**EXHIBIT**

**B**

Ms. Lisa Hamilton
July 9, 2004
-page 2-

_____

encl:   (1)     Letter dated June 28, 2004 (with return receipt)

cc:     Leonard J. Skizynski, Psy.D.

JLH/GFI:ljc
S:\256\001\Letters\Hamilton.02.wpd

# THE HEALTH LAW FIRM

**GEORGE F. INDEST III**
LICENSED IN FLORIDA, LOUISIANA
AND THE DISTRICT OF COLUMBIA
BOARD CERTIFIED BY THE FLORIDA
BAR IN HEALTH CARE LAW



**GEORGE F. INDEST III, P.A.**
**MAIN OFFICE**
**CENTERPOINTE TWO**
**220 E. CENTRAL PARKWAY**
**SUITE 2030**
**ALTAMONTE SPRINGS, FLORIDA 32701**
**TELEPHONE: (407) 331-6620**
**TELEFAX: (407) 331-3030**
www.thehealthlawfirm.com
www.healthattorneys.com

**MICHAEL L. SMITH**
LICENSED IN FLORIDA
REGISTERED RESPIRATORY THERAPIST

**JASON L. HARR**
LICENSED IN FLORIDA
MASTER IN PUBLIC ADMINISTRATION

June 25, 2004

## VIA EXPRESS MAIL - RETURN RECEIPT REQUESTED

Ms. Lisa Hamilton
4470 Scenic Lake Drive
Orlando, Florida 32808

> **Re:** **Lisa Hamilton v. Leonard J. Skizynski, Psy.D., et al.**
> **Case No.: 6:04-CV-636-ORL-28-JGG**
> **Our File Number 256/001**

Dear Ms. Hamilton:

As you are aware, this firm represents Leonard Skizynski, Psy.D., in the above referenced matter. Please be advised our client has authorized us file a motion requesting the court order monetary sanctions against you pursuant to Rule 11 of the Federal Rules of Civil Procedure, unless you immediately dismiss your lawsuit against Dr. Skizynski with prejudice.

Rule 11 of the Florida Federal Rules of Civil Procedure states:

> **Rule 11. Signing of Pleadings, Motions, and Other Papers;**
> **Representations to Court; Sanctions**
>
>      *      *      *
>
> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions

Ms. Lisa Hamilton
June 25, 2004
- Page 2 -

_____

therein are warranted by existing law or by a
nonfrivolous argument for the extension,
modification, or reversal of existing law or the
establishment of new law;

(3) the allegations and other factual contentions have
evidentiary support or, if specifically so identified,
are likely to have evidentiary support after a
reasonable opportunity for further investigation or
discovery; and

(4) the denials of factual contentions are warranted
on the evidence or, if specifically so identified, are
reasonably based on a lack of information or belief.

\*       \*       \*

(c) **Sanctions.** If, after notice and a reasonable opportunity to
respond, the court determines that subdivision (b) has been violated,
the court may, subject to the conditions stated below, impose an
appropriate sanction upon the attorneys, law firms, or parties that
have violated subdivision (b) or are responsible for the violation.

\*       \*       \*

(2) Nature of Sanctions; Limitations. A sanction
imposed for violation of this rule shall be limited to
what is sufficient to deter repetition of such conduct
or comparable conduct by others similarly situated.
Subject to the limitations in subparagraphs (A) and
(B), the sanction may consist of, or include,
directives or a nonmonetary nature, an order to pay
a penalty into court, or, if imposed on motion and
warranted for effective deterrence, an order directing
payment to the movant of some or all of the
reasonable attorneys' fees and other expenses
incurred as a direct result of the violation.

(9)

Ms. Lisa Hamilton
June 25, 2004
- Page 3 -

_____

        (A)  Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

        (B)  Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

Federal court does not provide a forum for people to file baseless and frivolous complaints. In light of the frivolous claims against Dr. Skizynski contained in your Amended Complaint, we are compelled to recover for Dr. Skizynski the expenses he has incurred for defending this lawsuit.

**Let this letter serve as notice, as required by Rule 11(c), that you are being given a reasonable opportunity to voluntarily dismiss your claim against our client, Dr. Skizynski, with prejudice, otherwise we will pursue monetary sanctions against you.**

Please contact Jason L. Harr, another attorney with my office if you would like to discuss this matter further.

        Sincerely,

        **THE HEALTH LAW FIRM**
        **GEORGE F. INDEST III, P.A., by:**

        **GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
        Board Certified by The Florida Bar
        in the Specialty of Health Care Law

cc:    Leonard J. Skizynski, Psy.D.

JLH/GFI:ljc
S:\256\001\Letters\Hamilton.01.wpd

# DR. SKIZYNSKI

# MOTION FOR SANCTIONS

# EXHIBIT "C"

# THE HEALTH LAW FIRM

**GEORGE F. INDEST III**
LICENSED IN FLORIDA, LOUISIANA
AND THE DISTRICT OF COLUMBIA
BOARD CERTIFIED BY THE FLORIDA
BAR IN HEALTH CARE LAW



**GEORGE F. INDEST III, P.A.**
**MAIN OFFICE**
**CENTERPOINTE TWO**
**220 E. CENTRAL PARKWAY**
**SUITE 2030**
**ALTAMONTE SPRINGS, FLORIDA 32701**
**TELEPHONE: (407) 331-6620**
**TELEFAX: (407) 331-3030**
www.thehealthlawfirm.com
www.healthattorneys.com

November 24, 2004

**MICHAEL L. SMITH**
LICENSED IN FLORIDA
REGISTERED RESPIRATORY THERAPIST

**JASON L. HARR**
LICENSED IN FLORIDA
MASTER IN PUBLIC ADMINISTRATION

## VIA HAND DELIVERY

Ms. Lisa Hamilton
4402 Dunwoody Place
Orlando, Florida 32808

> Re:   Lisa Hamilton v. Leonard J. Skizynski, Psy.D., et al.
> Case No.: 6:04-CV-636-ORL-28-JGG;
> Our File Number 256/001
> **SERVICE OF MOTION FOR SANCTIONS PURSUANT TO RULE 11**

Dear Ms. Hamilton:

As you are aware, this firm represents Leonard Skizynski, Psy.D., in the above referenced matter. On June 25, 2004, and again on July 9, 2004, my office sent you letters, placing you on notice that our client has authorized us to file a motion requesting the court order monetary sanctions against you pursuant to Rule 11 of the Federal Rules of Civil Procedure, unless you immediately dismissed your lawsuit against Dr. Skizynski with prejudice. You failed to do so. Furthermore, you have continued with your course of vexatious, baseless pleadings and motions in complete disregard to the law and the Rules of Civil Procedure.

Accordingly we are serving you with the attached copy of the Motion for Sanctions which we intend to file with the Court. We are affording you an opportunity to correct your offensive conduct. We are demanding that you not file any additional pleadings, motions or papers in respect to Dr. Skizynski and that you immediately dismiss with prejudice Dr. Skizynski from the ongoing litigation. Should you fail to do so, we will file the attached motion, or one substantially similar to it.

As we previously warned, Federal court does not provide a forum for people to file baseless and frivolous complaints. In light of the frivolous claims against Dr. Skizynski contained in your Amended Complaint, we are compelled to seek sanctions against you, including but not limited to the attorney's fees and costs that Dr. Skizynski has incurred for defending this litigation.

**EXHIBIT C**

THE HEALTH LAW FIRM IS A MEMBER OF THE AMERICAN MEDICAL ASSOCIATION'S DOCTORS ADVISORY NET

Ms. Lisa Hamilton
November 24, 2004
- page 2 -

_____

Sincerely,

**THE HEALTH LAW FIRM**
**GEORGE F. INDEST III, P.A., by:**

*George F. Indest*

**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Board Certified by The Florida Bar
in the Specialty of Health Care Law

encl:   Copy of Motion for Sanctions

cc:     Leonard J. Skizynski, Psy.D.

additional copy provided to Ms. Hamilton via Federal Express

JLH/GFI:ljc
S:\256\001\Letters\Hamilton-05.wpd

13

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

     Plaintiff,

vs.

CASE NO.: 6:04-CV-636-ORL-28-JGG

FLORIDA DEPARTMENT OF EDUCATION/
VOCATIONAL REHABILITATION
SERVICES, JUDY WHITAKER, DAVID
GIVENS, JOYCE A. WELLS, DR. LEONARD
SKIZYNSKI and DAVID BOGERT,

     Defendants.

_____/

## DEFENDANT DR. SKIZYNSKI'S MOTION FOR SANCTIONS,

## ATTORNEY'S FEES AND COSTS AGAINST PLAINTIFF HAMILTON

Defendant Dr. Leonard Skizynski by and through his undersigned attorneys, hereby

files this Motion for Sanctions, Attorney's Fees and Costs Against Plaintiff Lisa Hamilton,

pursuant to Rule 11, Federal Rules of Civil Procedure, and the inherent authority of the Court,

and states:

## BACKGROUND AND FACTS

1.     On or about June 1, 2004, pro se Plaintiff Lisa Hamilton served Defendant

Leonard Skizynski, Psy.D. (referred to herein as "Dr. Skizynski"), a licensed psychologist,

with an Amended Complaint (Docket 4) attempting to allege a cause of action arising out of

a psychological evaluation. This Amended Complaint added Dr. Skizynski, for the first time,

(14)

as a named party to Hamilton's ongoing litigation.

2. Dr. Skizynski's involvement with Defendant Hamilton, if any, was extremely limited and dealt solely with reviewing a report of a mental evaluation performed by other health care practitioners. Dr. Skizynski performed this function for the Florida Department of Education.

3. Plaintiff admitted in paragraph 49 of her Amended Complaint (Docket 4) that: "Lisa has never met Dr. Leonard Skiyznski in person nor is his name or license number on her evaluation."

4. Plaintiff's mental illness was previously described in Defendant Joyce Wells' Memorandum of Law in Support of her Motion to Dismiss dated June 21, 2004 (Docket 21, page 4) and in Defendant Department of Education's Motion to Dismiss dated June 26, 2004 (Docket 30, paragraphs 3 through 5), incorporated herein by reference.

5. Defendant Dr. Skizynski timely served a Motion to Dismiss Plaintiff's Amended Complaint (Docket 26) and supporting memorandum of law (Docket 27) on the Plaintiff on June 21, 2004, establishing the overall failure of the Plaintiff, among others: to allege any cause of action against Dr. Skizynski, to plead any grounds for federal jurisdiction, and to exhaust her administrative remedies or to plead this.

6. Magistrate Judge Glazebrook subsequently entered a detailed Recommended Order (Docket 48) granting Defendant Dr. Skizynski's Motion to Dismiss (and all of the other Motions to Dismiss filed by the Co-Defendants) citing as grounds for the dismissal a number

15

of the grounds set forth in Dr. Skizynski's motion. Among these were Plaintiff's failure to exhaust her administrative remedies, her allegations sounding in state-law claims, and her failure to allege grounds for federal jurisdiction.

7.      Since she filed the Amended Complaint, the Plaintiff has continued a vexatious pattern of litigation, filing baseless and frivolous pleadings and motions, lacking any grounds in fact or in law, but requiring all defendants, including Dr. Skizynski, to incur attorney's fees and costs, in order to ensure that proper responses were filed.

8.      Counsel for Dr. Skizynski sent a letter dated June 25, 2004 (which Plaintiff received on June 28, 2004), a copy of which is attached as Exhibit "A," placing her on notice of the requirements of Rule 11, Federal Rules of Civil Procedure, and advising her that her continued vexatious litigation would result in a motion for sanctions. Exhibit "A."

9.      On July 9, 2004, Counsel for Dr. Skizynski sent an additional letter to Plaintiff, a copy of which is attached as Exhibit "B," again warning her of the sanctions provided by Rule 11, Federal Rules of Civil Procedure, and advising her that her continued vexatious litigation would result in a motion for sanctions. Exhibit "B."

10.     Plaintiff Hamilton has ignored these warnings and has continued to inundate the Court and the defendants with her vexatious and meritless filings.

11.     Plaintiff Hamilton has filed the following baseless and frivolous pleadings which have all failed to comply with the law and the Federal Rules of Civil Procedure:

>           a.      Application for Default as to David Givens, Judy Whitaker, Joyce A.
>                   Wells, Leonard Skizynski and David Bogert, dated June 22, 2004
>                   (Docket 22);

-3-



b.  Objection to Submission of Defendant Leonard Skizynski's Motion to Dismiss, no service date, filed with court on June 24, 2004 (Docket 28);

c.  Plaintiff's Motion for Default Judgment Against The Florida Department of Education / Division of Vocational Rehabilitation, Judy Whitaker, David Givens and Leonard Skizynski, no service date, filed with court on July 9, 2004 (Docket 37);

d.  Notice of Objection to Magistrate Judge's Order, dated August 23, 2004 (Docket 50);

e.  Motion to Strike Magistrate Judge's Order Docket and Report and Recommendation Docket Due to Conflict of Interest, dated September 22, 2004 (Docket 55);

f.  Objection to Magistrate Judge's Order and Recommendation, dated September 24, 2004 (Docket 56);

g.  Objection to Magistrate Judge's Order Docket, dated September 30, 2004 (Docket 58);

h.  Second Amended Complaint against Florida Department of Education/ Vocational Rehabilitation, Judy Whitaker, David Givens, Joyce A. Wells, David Bogert and Dr. Leonard Skizynski, dated November 1, 2004 (Docket 62);

i.  Application for Clerk's Entry of Default as to Defendant Dr. Leonard Skizynski dated November 16, 2004 (Docket 68); and

j.  Plaintiff's Motion for Default Judgement (Judgment) Against Defendants the Florida Department of Education / Division of Vocational Rehabilitation, Judy Whitaker, David Givens and Leonard Skizynski dated November 19, 2004 (Docket 73).

12.  Plaintiff's filings numbered 50, 55, 56 and 58 have been nothing but unsubstantiated and insulting attacks on the Court, some personal, with no genuine issue for the Court to address.  Moreover, the Court has ruled against every motion filed by the

-4-

Plaintiff.

13.     Plaintiff's Second Amended Complaint (Docket 62) failed to cure any of the defects outlined in Magistrate Judge Glazebrook's Report and Recommendation (Docket 54).

14.     Furthermore, Plaintiff Hamilton has made false and misleading statements in her filings attempting to mislead the Court. The false statement is contained in paragraph 4 of her Motion for Default served on November 19, 2004 (Docket 73): "The Defendant Leonard Skizynski was in Default [sic] previously in these proceedings and was released by the Magistrate Judge James Glazebrook." This is false because Defendant Dr. Skizynski was not previously in default. Thus Plaintiff Hamilton continues in her efforts to deceive the Court into erroneously entering a judgment in her favor in violation of the law.

15.     Defendant Dr. Skizynski continues to absorb attorney's fees and costs by having to review, research, analyze and address these "motions" filed by Plaintiff which are improperly plead, harassing, duplicative and solely meant to be unduly burdensome and increase the costs of litigation.

16.     Unless the Court enters sanctions against Plaintiff Hamilton, she will continue her vexatious, meritless litigation.

## GROUNDS FOR RULE 11 SANCTIONS

17.     Rule 11(b), Federal Rules of Civil Procedure requires a reasonable pre-filing inquiry prior to the filing of a complaint, written motion, or other paper. A reasonable pre-filing inquiry would have revealed to Plaintiff Hamilton that there was no evidentiary support

of the allegations against Dr. Skizynski in the Amended Complaint. Additionally, a responsible pre-filing inquiry would have revealed Plaintiff Ms. Hamilton was not warranted by existing law or a non-frivolous argument.

18.     Furthermore, after receiving the Order (Docket 48) dismissing her Amended Complaint, Plaintiff refiled a Second Amended Complaint (Docket 62) without conducting any further pre-suit inquiry and without taking any further actions to cure the defects that had caused the dismissal fo the Amended Complaint.

19.     The record shows that the Plaintiff's pleadings and motions have been filed solely for the improper purpose of harassing Dr. Skizynski as retribution for the report of a mental evaluation with which she disagrees and in support of her attempts to obtain money to start a music recording company.

20.     Plaintiff continues to improperly use the litigation process to vexatiously harass Defendant Dr. Skizynski and to attempt to have the Court enter a "default judgement" [sic] in her favor for $29,000,000.00 (plus treble damages) against Dr. Skizynski in a case where there is no federal jurisdiction.

21.     Rule 11(b)(1) states that by filing a pleading, written motion or other paper, a party is certifying that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Plaintiff Hamilton has violated Rule 11(b).

22.     Plaintiff has caused and continues to cause unreasonable delay and needless expense in this litigation by filing improper and motions and papers, containing false and

-6-

(19)

misleading statements and lacking any basis in fact or law.

23.    Despite being placed on notice twice of Defendant Dr. Skizynski's intent to file a motion for sanctions, Plaintiff Hamilton persists in her offensive conduct, filing duplicative and frivolous motions.

## THE COURT'S INHERENT AUTHORITY TO SANCTION PARTIES

24.    Regardless of the requirements of Rule 11, Federal Rules of Civil Procedure, the Court has the inherent authority to sanction parties who appear before it for their misconduct.

25.    The court's inherent power to impose sanctions for bad faith conduct is not displaced by any sanction scheme of statutes and rules. Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27, rehearing denied 501 U.S. 1269, 112 S.Ct. 12, 115 L.Ed.2d 1097 (1991).

26.    In addition to statutory authority for a district court to require a party who "multiplies the proceedings in any case unreasonably and vexatiously" to personally satisfy "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct," a district court has the inherent power to impose sanctions on a party who willfully abuses judicial processes. U.S. v. Blodgett, 709 F.2d 608 (9th Cir. 1983).

27.    Statutory power to award attorney fees if one acted recklessly or in bad faith exists along with the court's inherent power to award fees under equity whenever justice requires. Matter of Beverly Hills Bancorp, 752 F.2d 1334 (9th Cir. 1984).

-7-

28. Federal courts are vested with inherent power, beyond the power granted to them by statute or under the Federal Rules of Civil Procedure, to impose sanctions for abuse of the judicial process. A federal court may also use its inherent power to fashion a sanction not contemplated by Rule 11 or federal statutes. In re Keegan Management Co., Securities Litigation, 154 F.R.D. 237, reversed, 78 F.3d 431 (N.D. Cal. 1994).

## ATTORNEY'S FEES AND COSTS

29. Plaintiff Ms. Hamilton continues to file vexatious and improper pleadings which indicate her ongoing intention to willfully abuse the judicial process and cause Defendant Dr. Skizynski to incur attorney's fees and costs.

30. Plaintiff Ms. Hamilton continues to pursue her claim in bad faith.

31. The finding of bad faith constitutes a basis for attorney's fees. Torres v. City of Orlando, 264 F. Supp. 2d 1046, 1050 (M.D. Fla. 2003).

32. As a result, Dr. Skizynski has been required to retain undersigned counsel to defend him from Plaintiff Hamilton in this matter and has incurred reasonable attorney's fees as a result.

## SERVICE OF MOTION ON PLAINTIFF

33. Undersigned counsel has previously served a copy of this motion for sanctions on Plaintiff Lisa Hamilton, by sending the same to her in a letter dated November 24, 2004, hand delivered to her on that day.

-8-



## **SUPPORTING MEMORANDUM OF LAW**

34.     A supporting memorandum of law is being filed contemporaneously herewith.

**WHEREFORE**, for the reasons stated herein the Court is requested to afford Defendant Dr. Skizynski the following relief against Plaintiff Hamilton:

- (1)    Dr. Skizynski's reasonable attorney's fees and costs he has incurred in having to respond to and defend himself against Plaintiff's baseless and vexatious litigation;

- (2)    Appropriate sanctions pursuant to the inherent authority of the Court;

- (3)    Sanctions pursuant to Rule 11, Federal Rules of Civil Procedure;

- (4)    Entry of an Order prohibiting Plaintiff Hamilton from filing any further papers or pleadings with the Court unless she first:

    - a.    Files a motion directly with the Magistrate Judge requesting permission to do so attaching a copy of the paper she desires to file;

    - b.    Serves a copy of the same on all parties;

    - c.    Obtains the permission of the Magistrate Judge in writing to file the paper or pleading;  and

    - d.    Affords any party affected by the filing at least twenty (20) days in which to file a response prior to filing anuy other papers or pleadings.

-9-

(5)     Any other relief this Court deems appropriate under the circumsatnces.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been (or will be) filed electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Michael R. Jackson, Esquire (attorney for Defendant Joyce A. Wells), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801;  John L. Morrow, Esquire (attorney for Defendant David Bogert), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801;  Michael Kooi, Esquire and Elana J. Jones, Esquire (attorneys for Defendants Department of Education, Judy Whitaker and David Givens), Turlington Building, 325 West Gaines Street, Suite 1244, Tallahassee, Florida 32399;  and a copy of the foregoing served via Federal Express, to:  Lisa Hamilton, Plaintiff (pro se), 4402 Dunwoody Place,

Orlando, Florida 32808, on this _____ day of November, 2004.

_____
**GEORGE F. INDEST III, ESQUIRE**
Florida Bar No.:  382426
Board Certified in Health Care Law
**JASON L. HARR, ESQUIRE**
Florida Bar No.:  0194336
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030
**ATTORNEYS FOR DEFENDANT,**
**DR. LEONARD SKIZYNSKI**

ATTACHMENTS:

Exhibit "A" - Rule 11 Notice Letter Sent to Plaintiff dated June 25, 2004
Exhibit "B" - Rule 11 Notice Letter Sent to Plaintiff dated July 9, 2004
Exhibit "C" - Rule 11 Letter (w/ copy of motion) sent to Plaintiff on Nov. 24, 2004

JLH   S:\256\001\Pleadings\SanctionsMotion-1.wpd     ( Note: Exhibits omitted from this
copy filed w/ Court )

-10-

23

# DR. SKIZYNSKI

# MOTION FOR SANCTIONS

# EXHIBIT "D"

# THE HEALTH LAW FIRM
## GEORGE F. INDEST III, P.A.

**GEORGE F. INDEST III**

LICENSED IN FLORIDA, LOUISIANA
AND THE DISTRICT OF COLUMBIA
BOARD CERTIFIED BY THE FLORIDA
BAR IN HEALTH CARE LAW



**MAIN OFFICE**
**CENTERPOINTE TWO**
**220 E. CENTRAL PARKWAY**
**SUITE 2030**
**ALTAMONTE SPRINGS, FLORIDA 32701**
**TELEPHONE: (407) 331-6620**
**TELEFAX: (407) 331-3030**
www.thehealthlawfirm.com
www.healthattorneys.com

November 24, 2004

**MICHAEL L. SMITH**
LICENSED IN FLORIDA
REGISTERED RESPIRATORY THERAPIST

**JASON L. HARR**
LICENSED IN FLORIDA
MASTER IN PUBLIC ADMINISTRATION

## VIA U.S. MAIL

Ms. Lisa Hamilton
4402 Dunwoody Place
Orlando, Florida 32808

> Re:   Lisa Hamilton v. Leonard J. Skizynski, Psy.D., et al.
>         Case No.: 6:04-CV-636-ORL-28-JGG;
>         Our File Number 256/001
>         **FORWARDING OF ADDITIONAL COPY OF MY LETTER AND**
>         **MOTION FOR SANCTIONS PURSUANT TO RULE 11**

Dear Ms. Hamilton:

We served you by hand and by Federal Express with the attached letter on November 2004. I am also providing you an additional copy by U.S. mail.

Sincerely,

**THE HEALTH LAW FIRM**
**GEORGE F. INDEST III, P.A., by:**

*George F. Indest III*

**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Board Certified by The Florida Bar
in the Specialty of Health Care Law

encl:   My letter dated Nov. 24, 2004 (w/ copy of motion for sanctions)

cc:      Leonard J. Skizynski, Psy.D.

JLH/GFI:ljc
S:\256\001\Letters\Hamilton-06.wpd

$\widehat{25}$



**George F. Indest III**

Licensed in Florida, Louisiana
and the District of Columbia
Board Certified by the Florida
Bar in Health Care Law

# The Health Law Firm
## GEORGE F. INDEST III, P.A.

**Main Office**
**CenterPointe Two**
**220 E. Central Parkway**
**Suite 2030**
**Altamonte Springs, Florida 32701**
**Telephone: (407) 331-6620**
**Telefax: (407) 331-3030**
www.thehealthlawfirm.com
www.healthattorneys.com

November 24, 2004

**Michael L. Smith**
Licensed in Florida
Registered Respiratory Therapist

**Jason L. Harr**
Licensed in Florida
Master in Public Administration

## VIA HAND DELIVERY

Ms. Lisa Hamilton
4402 Dunwoody Place
Orlando, Florida 32808

> Re:  Lisa Hamilton v. Leonard J. Skizynski, Psy.D., et al.
>      Case No.: 6:04-CV-636-ORL-28-JGG;
>      Our File Number 256/001
>      **SERVICE OF MOTION FOR SANCTIONS PURSUANT TO RULE 11**

Dear Ms. Hamilton:

As you are aware, this firm represents Leonard Skizynski, Psy.D., in the above referenced matter. On June 25, 2004, and again on July 9, 2004, my office sent you letters, placing you on notice that our client has authorized us to file a motion requesting the court order monetary sanctions against you pursuant to Rule 11 of the Federal Rules of Civil Procedure, unless you immediately dismissed your lawsuit against Dr. Skizynski with prejudice. You failed to do so. Furthermore, you have continued with your course of vexatious, baseless pleadings and motions in complete disregard to the law and the Rules of Civil Procedure.

Accordingly we are serving you with the attached copy of the Motion for Sanctions which we intend to file with the Court. We are affording you an opportunity to correct your offensive conduct. We are demanding that you not file any additional pleadings, motions or papers in respect to Dr. Skizynski and that you immediately dismiss with prejudice Dr. Skizynski from the ongoing litigation. Should you fail to do so, we will file the attached motion, or one substantially similar to it.

As we previously warned, Federal court does not provide a forum for people to file baseless and frivolous complaints. In light of the frivolous claims against Dr. Skizynski contained in your Amended Complaint, we are compelled to seek sanctions against you, including but not limited to the attorney's fees and costs that Dr. Skizynski has incurred for defending this litigation.



Ms. Lisa Hamilton
November 24, 2004
- page 2 -

Sincerely,

**THE HEALTH LAW FIRM**
**GEORGE F. INDEST III, P.A., by:**

George F. Indest

**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Board Certified by The Florida Bar
in the Specialty of Health Care Law

encl:   Copy of Motion for Sanctions

(Note: Enclosures omitted from
this copy filed w/ Court.)

cc:    Leonard J. Skizynski, Psy.D.

additional copy provided to Ms. Hamilton via Federal Express

JLH/GFI:ljc
S:\256\001\Letters\Hamilton-05.wpd

27