UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

       Plaintiff,

vs.                            CASE NO. 6:04-CV-636-ORL-28JGG

FLORIDA DEPARTMENT OF EDUCATION/
VOCATIONAL REHABILITATION
SERVICES, JUDY WHITAKER, DAVID
GIVENS, JOYCE A. WELLS, DR. LEONARD
SKIZYNSKI and DAVID BOGERT,

       Defendants.

_____/

## DEFENDANT DR. LEONARD SKIZYNSKI'S

## MEMORANDUM OF LAW IN SUPPORT OF

## MOTION FOR SANCTIONS, ATTORNEY'S FEES

## AND COSTS AGAINST PLAINTIFF HAMILTON

Defendant Dr. Leonard Skizynski, by and through his undersigned attorneys, hereby files this Memorandum of Law in Support of his Motion for Sanctions, Attorney's Fees and Costs Against Plaintiff Lisa Hamilton, pursuant to Local Rule 3.01, Rules of the United States District Court, Middle District of Florida, and states as follows:

### I.      BACKGROUND AND FACTS

The background and facts, as relevant to this matter and this Memorandum of Law are

contained in paragraphs 1 through 16 of Defendant Skizynski's Motion for Rule 11 Sanctions and Attorneys' Fees and Costs, filed contemporaneously herewith and incorporated by reference.

II.     **LEGAL ANALYSIS**

     A.     **Rule 11(b), Federal Rules of Civil Procedure, Authorizes Sanctions**

Rule 11(b), Federal Rules of Civil Procedure states:

> (b)  By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
>     (1)  it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
>     (2)  the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the law or the establishment of new law;
>
>     (3)  the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so indicated, are reasonably based on a lack of information or belief.

"Rule 11 sanctions were designed 'to discourage dilatory or abusive tactics and help streamline the litigation process by lessening frivolous claims or defenses.'" United States v. Milam, 855 F.2d 739, 742 (11th Cir. 1988), citing Donaldson v. Clark, 819 F.2d 1551 (11th Cir. 1987) (en banc). Language include in Plaintiff Ms. Hamilton's motion for entry of a "default judgment" against Dr. Skizynski is the latest example of her dilatory and abusive tactics. Plaintiff Ms. Hamilton has made false and misleading statements .

Rule 11's objectives are:

> (1)    deterring future litigation abuse,
>
> (2)    punishing present litigation abuse,
>
> (3)    compensating victims of litigation abuse, and
>
> (4)    streamlining court dockets and facilitating case management.

Sussman v. Salem Saxon and Nielson, P.A., 150 F.R.D. 209, 213 (M.D. Fla. 1993). See Donaldson v. Clark, 819 F.2d 1551 (11th Cir. 1987); Riccard v. The Prudential Ins. Co. of Am., 307 F.3d 1277, 1293 (11th Cir. 2002).

A number of Plaintiff Hamilton's motions were unreasonable under the circumstances at the time filed; including, two separate Applications for Default (Dockets 22 and 68) and two separate Motions for Default against Dr. Skizynski (Dockets 37 and 73), which were premature under the Federal Rules of Civil Procedure. "Rule 11 sanctions are appropriate if

the filing was unreasonable under the circumstances existing at the time of filing." <u>Thomas v. Evans</u>, 880 F.2d 1235, 1240 (11th Cir. 1989). <u>See</u> <u>Donaldson v. Clark</u>, 819 F.2d 1551, 1556 (11th Cir. 1987).

Plaintiff Ms. Hamilton's status as <u>pro se</u> plaintiff does not relieve her from the responsibility to comply with the law and comply with the Federal Rules of Civil Procedure. "Rule 11 sanctions applies to a pro se plaintiff, but the court must take into account the plaintiff's pro se status when determining whether the filing was reasonable." <u>Thomas v. Evans</u>, supra, 880 F.2d at 1240.

### B.   <u>Hamilton Received Proper Notice Under Rule 11(c)</u>

Rule 11(c), Federal Rules of Civil Procedure, states:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court, may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firm, or parties that have violated subdivision (b) or are responsible for the violation.

*      *      *

Plaintiff Ms. Hamilton received four separate letters from undersigned counsel (see Exhibits "A," "B," "C," and "D" to the Motion) putting her on notice that Dr. Skizynski had authorized a motion for monetary sanctions against her for violation of Rule 11, Federal Rules of Civil Procedure. The first letter, dated June 28, 2004 (Motion Exhibit "A"), offered Ms.

Hamilton the opportunity to voluntarily dismiss her claim against Dr. Skizynski, warning of possible Rule 11 sanctions if she failed to do so.

The second letter dated July 9, 2004 (Motion Exhibit "B"), offered Ms. Hamilton a second opportunity to voluntarily dismiss the claim against Defendant Dr. Skizynski, warning of possible Rule 11 sanctions if she failed to do so.  She was then served on November 24, 2004 (see Motion Exhibits "C" and "D"), with a copy of a motion for sanctions and she has still persisted in her conduct and has failed to respond.

Despite twice being placed on notice at least three times, Plaintiff Ms. Hamilton continues to use the litigation process to vexatiously harass Defendant Dr. Skizynski.

## C.   Sanctions are Warranted Pursuant to 28 U.S.C. Sect.

28 U.S.C. Sect. 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Case law, including that of the Eleventh Circuit Court of Appeals, has stated that this section of the United States Code also applies to litigants.  The Eleventh Circuit stated that 28 U.S.C. Sect. 1927 "allows district courts to 'assess attorney's fees against litigants, counsel, and law firms who willfully abuse the judicial process by conduct tantamount to bad faith.'"

Malatea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993), quoting Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991) (emphasis added).

Therefore, as a separate grounds, independent of Rule 11, the Court may also sanction a litigant such as Plaintiff Hamilton pursuant to 28 U.S.C., Sect. 1927.


## D.   Other Precedent for Sanctions

There is also precedent within this same District Court for relief from a vexatious, obsessed plaintiff such as plaintiff Hamilton.

In a case such as this one where a plaintiff had been representing himself pro se, and subsequently (late in the litigation) retained an attorney to represent him, the Court ordered sanctions, noting that the Plaintiff appeared to be "obsessed" with his litigation against his former employer and noted that he would be likely to "continue his vendetta against his former employer." Riccard v. The Prudential Ins. Co. of Am., Case No.: 6:97-cv-1390-Orl-31DAB (M.D. Fla.), order dated Feb. 26, 2001 (Docket No. 146), aff'd 307 F.3d 1277 (11th Cir. 2002).

In the Riccard case cited above, this District Court issued an order granting the type of relief Dr. Skizynski is requesting in this motion.  In this case, Plaintiff Hamilton also appears to be obsessed and to be pursuing a vendetta against the Department of Education and those associated with its denial of her request for money to operate a recording studio.

Unless the Court sanctions Plaintiff Hamilton, she will continue her conduct, filing

frivolous motions and pleadings, tying up the Court and causing those who must defend against her actions to expend money for attorney's fees.

### E.    Attorneys' Fees and Costs are Appropriate

Plaintiff Hamilton continues to file vexatious and improper pleadings which indicate her ongoing intention to willfully abuse the judicial process and cause Defendant Dr. Skizynski to incur attorney's fees and costs.

In a case such as this where a party files papers with the Court containing false statements and continues to file frivolous, baseless motions and pleadings, the Court has the inherent power to issue sanctions to restrain her.  The fact that the party is a pro se litigant, does not relieve her from the responsibility to comply with the law and comply with the Rules of Civil Procedure.  Dr. Skizynski has been required to retain undersigned counsel to defend him from Plaintiff Hamilton in this matter and has incurred reasonable attorney's fees and costs as a result.

Plaintiff Hamilton continues to pursue her claims in bad faith, for vexation and harassment.  A finding of bad faith constitutes a basis for attorney's fees.  Torres v. City of Orlando, 264 F. Supp. 2d 1046, 1050 (M.D. Fla. 2003).  See also. 28 U.S.C. Sect. 1927.

Additionally, the Court has the inherent authority to sanction those who appear before it.  The court's inherent power to impose sanctions for bad faith conduct is not displaced by any sanction scheme of statutes and rules.  Chambers v. NASCO, Inc., 501 U.S. 32, 111

-7-

S.Ct. 2123, 115 L.Ed.2d 27, rehearing denied 501 U.S. 1269, 112 S.Ct. 12, 115 L.Ed.2d

1097 (1991).  In addition to statutory authority for a district court to require a party who

"multiplies the proceedings in any case unreasonably and vexatiously" to personally satisfy

"excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct," a

district court has the inherent power to impose sanctions on a party who <u>willfully</u> <u>abuses</u>

<u>judicial</u> <u>processes</u>.  <u>U.S. v. Blodgett</u>, 709 F.2d 608 (9th Cir. 1983).  Statutory power to award

attorney fees if counsel acted recklessly or in bad faith exists along with the court's inherent

power to award fees under equity whenever justice requires.  <u>Matter of Beverly Hills Bancorp</u>,

752 F.2d 1334 (9th Cir. 1984).


## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that this document has been (or will be) filed electronically with
the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing
to the following:  Michael R. Jackson, Esquire (attorney for Defendant Joyce A. Wells),
Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300,
Orlando, Florida 32801;  John L. Morrow, Esquire (attorney for Defendant David Bogert),
Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300,
Orlando, Florida 32801;  Michael Kooi, Esquire and Elana J. Jones, Esquire (attorneys for
Defendants Department of Education, Judy Whitaker and David Givens), Turlington Building,
325 West Gaines Street, Suite 1244, Tallahassee, Florida 32399;  and a copy of the foregoing
served via Federal Express delivery, to:  Lisa Hamilton, Plaintiff (<u>pro</u> <u>se</u>), 4402 Dunwoody

Place, Orlando, Florida 32808, on this 22nd day of December, 2004.


/s/ George F. indest III
**GEORGE F. INDEST III, ESQUIRE**
Florida Bar No.:  382426

-8-

Board Certified in Health Care Law
**JASON L. HARR, ESQUIRE**
Florida Bar No.:  0194336
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701
Telephone:  (407)  331-6620
Telefax:  (407)  331-3030
**ATTORNEYS FOR DEFENDANT,
DR. LEONARD SKIZYNSKI**

JLH
S:\256\001\Pleadings\SanctionsMemoOfLaw.wpd

-9-