UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

    Plaintiff,

vs.                                            CASE NO.:  6:04-CV-636-ORL-28-JGG

FLORIDA DEPARTMENT OF EDUCATION/
VOCATIONAL REHABILITATION
SERVICES, JUDY WHITAKER, DAVID
GIVENS, JOYCE A. WELLS, DR. LEONARD
SKIZYNSKI and DAVID BOGERT,

    Defendants.
_____/

**DEFENDANT DR. SKIZYNSKI'S RESPONSE IN OPPOSITION TO**

**PLAINTIFF HAMILTON'S MOTION FOR SUMMARY JUDGMENT**

Defendant Dr. Leonard Skizynski by and through his undersigned attorneys, hereby files this Response in Opposition to Plaintiff's motion for summary judgment as to Defendant Dr. Leonard Skizynski and states as follows:

**BACKGROUND AND FACTS**

1.    This responds to and opposes pro se Plaintiff Hamilton's motion for summary judgment dated December 6, 2004 (Docket 85) and served by U.S. mail.

2.    Plaintiff's mental illness was previously described in Defendant Joyce Wells' Memorandum of Law in Support of her Motion to Dismiss dated June 21, 2004 (Docket 21, page 4) and in Defendant Department of Education's Motion to Dismiss dated June 26, 2004 (Docket 30, paragraphs 3 through 5), incorporated herein by reference.

3. On November 1, 2004, <u>pro se</u> Plaintiff Hamilton served her Second Amended Complaint (Docket 62), via U.S. mail on this defendant. The same defects existed in it as in the first Amended Complaint.

4. Defendant Dr. Leonard Skizynski (referred to as "Dr. Skizynski") <u>timely</u> filed and served a Motion to Dismiss Plaintiff's Second Amended Complaint (Docket 66) on the Plaintiff on November 16, 2004. It is incorporated herein by reference.

5. Despite having knowledge of this, <u>pro se</u> Plaintiff Hamilton has now filed a motion for summary judgment serving the same by mail on December 6, 2004 (Docket 85). The Plaintiff's motion for summary judgment is a rambling, largely incoherent document, showing that the Plaintiff misperceives the purpose of a motion for summary judgment.

6. Furthermore, it is premature in that there are valid motions to dismiss the Second Amended Complaint which are currently pending which will doubtless be granted, since Plaintiff has failed to cure the defects that existed in the Amended Complaint. It is also premature in that no discovery has been conducted yet in this case.

**GROUNDS FOR OPPOSITION OF AND DENIAL OF MOTION**

7. Rule 56(c), Federal Rules of Civil Procedure, sets forth the grounds for granting a summary judgment. Plaintiff has not complied with this Rule nor the case law interpreting it.

8. Plaintiff Hamilton's motion for summary judgment contains no pleadings, depositions, answers to interrogatories, admissions, nor affidavits, which establish that there

is no genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law.

9. Her "Statement of Undisputed Facts" is a misrepresentation in that almost all of her allegations are her own opinions, conclusions and assumptions, many irrational, and all of which are disputed by this defendant.

10. Plaintiff Hamilton's motion for summary judgment includes as "supporting" documentation only hearsay documents such as copies of a medical bill, a letter and incomplete excerpts from newsletters and summaries of legal authority. Her documents are not competent to support a motion for summary judgment.

11. The one affidavit that Plaintiff has attached is her own affidavit. However, this affidavit contains hearsay and inadmissible evidence, violates Rule 56(e) and contains medical opinions and legal opinions which Plaintiff Hamilton is not competent to provide. It should be stricken or disregarded.

12. Plaintiff Hamilton's motion does state in one place, however, that the Plaintiff has <u>never</u> met Dr. Skizynski face-to-face nor in a doctor-client setting (paragraph 28 of her motion). Her affidavit also confirms this (Hamilton affidavit, paragraph D). This alone should be sufficient to defeat any finding against Dr. Skizynski.

13. The Plaintiff's motion for summary judgment is premature because there is no perfected complaint in this case upon which the Court may enter a judgment. There are no valid causes of action yet pleaded by the Plaintiff against Dr. Skizynski. There are pending motions to dismiss the Second Amended Complaint, because the Plaintiff failed to cure any

of the defects which lead the Court to dismiss the Amended Complaint.

14. When the Court rules on the pending motions to dismiss, Plaintiff's Second Amended Complaint will be dismissed and there will be no cause or complaint upon which a summary judgment could be entered.

15. A motion for summary judgment is also premature in this case because there has been <u>no</u> discovery conducted yet. Once discovery has been completed, then the parties may consider the appropriateness of motions for summary judgment. However, before this occurs, a motion for summary judgment is improper and should be denied.

16. Adequate time has not elapsed in this litigation so as to make a motion for summary judgment appropriate.

17. Nothing in Plaintiff's motion for summary judgment supports any negligence or liability on the part of Dr. Skizynski. Just the opposite is true; it refutes his liability.

18. Plaintiff's motion for summary judgment contains completely inappropriate, unfounded accusations of crimes, impertinent and scandalous language and requests for relief (including what is apparently a request for punitive damages), making the document subject to striking for its scandalous nature. This document filed by the <u>pro se</u> Plaintiff, further demonstrates that the Plaintiff completely misunderstands the purpose of litigation and is merely seeking to accomplish an unjust and illegal outcome through her continued vexatious filings. The entire motion, as well as the affidavit of Hamilton, violates Rule 12(f), Federal Rules of Civil Procedure, and should be stricken.

19.     As an additional ground, the Plaintiff's motion for summary judgment violates Rule 3.01(a) of the Rules of the U.S. District Court - Middle District, as it must contain a brief or memorandum of law.  Plaintiff's Motion for Default violates Rule 3.01(a) as it does not contain any brief or legal memorandum.  The Plaintiff's citations of various criminal statutes in connection with her spurious allegations of violations of criminal laws do not support the causes of action she has alleged.  Her incomplete and incorrect case citations violate the requirements of Rule 3.01 and other rules.  The Court should strike all of these.

20.     Additionally, many sections of the Plaintiff's motion are unintelligible gibberish.  The third sentence on the first page, and numbered paragraphs 10, 16, 22, and 33 of her motion are examples of these.

21     Plaintiff continues to use the litigation process to vexatiously harass Defendant Dr. Skizynski and to attempt to have the Court enter a summary judgment in her favor for $29,000,000.00 (plus treble damages) against Dr. Skizynski in a case where there is no federal jurisdiction.

22.     Plaintiff has failed to carry her burden of showing that all doubt as to the existence of any genuine issue of material fact has been resolved in her favor.

23.     Defendant Dr. Skizynski has separately filed a motion for sanctions (Docket 90) against the Plaintiff.  Dr. Skizinski contends that Plaintiff's motion merely continues her pattern of harassment and vexatious litigation, long after she has received warnings of possible sanctions.  Accordingly, Dr. Skizynski believes he is entitled to his attorney's fees in

accordance with Rule 56(g), Federal Rules of Civil Procedure, and the other legal authority cited in his motion for sanctions (Docket 90).

**WHEREFORE**, for the reasons stated herein, Defendant Dr. Leonard Skizynski respectfully opposes Plaintiff's motion for summary judgment as to this Defendant, and requests the Court to:  1)  Strike Plaintiff's motion for violation of Rule 12(f);  2) Strike either all or the portions of Plaintiff's affidavit that the Court deems are inappropriate;  3)  Deny Plaintiff's motion for summary judgment as to defendant skizynski;  and  4)  Award Dr. Skizynski his attorney's fees pursuant to Rule 56(g) and other legal authority cited herein.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been (or will be) filed electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Michael R. Jackson, Esquire (attorney for Defendant Joyce A. Wells), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801;  John L. Morrow, Esquire (attorney for Defendant David Bogert), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801;  Robert D. Keough, Esquire and John E. DuBose, Esquire (attorneys for Defendants Department of Education, Judy Whitaker and David Givens), P.O. Box 1609, Orlando, Florida 32802-1609;  and a copy of the foregoing served via U.S. mail, postage prepaid, to:  Lisa Hamilton, Plaintiff (pro se), 4402 Dunwoody Place, Orlando, Florida 32808, on this 22nd day of December, 2004.

/s/  George F. Indest III
**GEORGE F. INDEST III, ESQUIRE**
Florida Bar No.: 382426
**JASON L. HARR, ESQUIRE**
Florida Bar No.: 0194336
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701
Telephone:     (407)  331-6620
Telefax:          (407)  331-3030
**ATTORNEYS FOR DEFENDANT,**
**DR. LEONARD SKIZYNSKI**

JLH
S:\256\001\Pleadings\ResponseInOppositionToSummaryJudgment.wpd

-7-