UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

    Plaintiff,

vs.                                    CASE NO.:  6:04-CV-636-ORL-28-JGG

FLORIDA DEPARTMENT OF EDUCATION/
VOCATIONAL REHABILITATION
SERVICES, JUDY WHITAKER, DAVID
GIVENS, JOYCE A. WELLS, DR. LEONARD
SKIZYNSKI and DAVID BOGERT,

    Defendants.
_____/

**DEFENDANT DR. SKIZYNSKI'S MEMORANDUM OF LAW**

**IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO**

**PLAINTIFF HAMILTON'S MOTION FOR SUMMARY JUDGMENT**

    Defendant Dr. Leonard Skizynski by and through his undersigned attorneys, files this Memorandum of Law in Support of his Response in Opposition to Plaintiff's Motion for Summary Judgment, pursuant to Local Rule 3.01, Rules of the United States District Court, Middle District of Florida, and states:

I.    **BACKGROUND AND FACTS**

    The relevant background and facts concerning this matter and this Memorandum of Law, are contained in paragraphs 1 through 6 of Defendant Dr. Skizynski's Response in

Opposition to Plaintiff's Motion for Default Judgment, filed contemporaneously herewith and incorporated herein by reference.

## II.   LEGAL ANALYSIS

**A.   The Standard for Granting a Summary Judgment Is Not Met in this Case**

The law of this circuit clearly holds that summary judgment should not be entered unless the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all evidence is viewed in a light most favorable to the nonmoving party. Sweat v. The Miller Brewing Co., 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. Hayden v. First Nat'l Bank of Mt. Pleasant, 595 F.2d 994, 996-97 (5th Cir. 1979). Plaintiff has failed to even come close to making any such showing in this case.

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law'." Nicole Loren, et. al v. Hernando Beach South Property Owners Ass'n., Inc., 309 F.3d 1296, 1301 (11th Cir. 2002); See also Section 56(c), Federal Rules of Civil Procedure; Celotax Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

". . . the moving party,. . . [has] the burden of showing absence of a genuine material fact, and for these purposes the material it lodged must be viewed in the light most favorable

to the opposing party." <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970).  "In determining whether a genuine issue of material fact remains for trial, courts must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." <u>Harris v. I.K. Ostrout, Co.</u>, 65 F.3d 912,915 (11th Cir. 1995).

"The party opposing summary judgment must show that there is a genuine issue of material fact that precludes summary judgment and warrants trial." <u>Nicole Loren</u> at 1301; <u>See</u> <u>also</u> Section 56(e), Federal Rules of Civil Procedure.

Plaintiff Hamilton has not filed any evidence which establishes that there exists no genuine issue of material fact.  Additionally, Plaintiff cannot prove, as a matter of law, that this Defendant has any liability with regard to the standard of professional care provided to her.  There is <u>no</u> evidence that Dr. Skizynski had any contact with Plaintiff Hamilton.  In fact, <u>the sole affidavit filed with the Plaintiff's motion for summary judgment substantiates that Defendant Dr. Skizynski has never met nor established a professional relationship with Plaintiff Hamilton</u>.  See paragraph D of Hamilton's Affidavit, attached to her motion for summary judgment.

This alone negates her allegations of medical negligence and other similar claims made against Dr. Skizynski in her Second Amended Complaint.

**B.     The Elements of A Valid Claim for Professional Negligence Against Defendant Dr. Skizynski Can Not Be Shown by the Plaintiff**

One of the required elements of the cause of action of negligence is that the Defendant

owed a duty to the Plaintiff. This also holds true for professional negligence. However, Plaintiff has failed to allege or plead any facts that would indicate that Dr. Skizynski owed any duty to her. In fact, the statements she has made in her motion for summary judgment seem to indicate the opposite, that Dr. Skizynski had no duty to her.

Since a duty to the Plaintiff is a required element of negligence and of professional negligence ("malpractice"), Plaintiff's complaint fails to state a cause of action against Dr. Skizynski by omitting this required element. Delancy v. St. Paul Fire & Marine Ins. Co., 947 F.2d 1536, 1537 (11th Cir. 1991); Blumel v. Mylander, 919 F. Supp. 423, 427 (M.D. Fla. 1996).

Plaintiff has failed to allege or plead any facts that would indicate that Dr. Skizynski owed any duty to her. Her "facts" show just the opposite, that Dr. Skizynski had no duty to her. Dr. Skizynski was paid by the Florida DOE to review and confirm an evaluation prepared by another group of health care professionals. Therefore, Dr. Skizynski's duty was to the Florida DOE, not to Plaintiff. Plaintiff has not alleged (or implied) any type of contract with Dr. Skizynski nor has she alleged (or implied) a doctor-patient or doctor-client relationship with Dr. Skizynski. Since a duty to the Plaintiff is a required element of negligence and of professional negligence ("malpractice"), Plaintiff's Second Amended Complaint fails to state a cause of action against Dr. Skizynski by omitting this required element.

Since there was no doctor-patient (or any other type of) relationship between Dr.

Skizynski and Plaintiff Hamilton, there could have been no duty. This element has not been alleged nor implied by the Plaintiff.

### C. Plaintiff's "Affidavit" Is Improper and Incompetent to Support Summary Judgment

Plaintiff's sole supporting "affidavit" improperly sets forth a number of medical opinions and legal conclusions but does not support a summary judgment. Plaintiff is not a physician nor an attorney, so any medical opinions or legal conclusions are inappropriate. Additionally, she states no facts that are alleged to be based on her actual personal knowledge.

Rule 56(e) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . .

Plaintiff has failed to comply with Rule 56(e), Federal Rules of Civil Procedure. Therefore, her affidavit must be disregarded by the Court.

The Court is requested to strike paragraphs B, C, all of paragraph D after the word "setting," E, F and G of Plaintiff's affidavit as inadmissable or incompetent pursuant to the Federal Rules of Evidence, or improper pursuant to Rules 12(f) and 56(e), Federal Rules of Civil Procedure. Affidavits such as this one are subject to being stricken. Givhan v. Electronic Engineers, Inc., 4 F.Supp.2d 1331, 1334 (M.D. Ala. 1998). See also Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997).

### D.     Plaintiff's Motion is Premature

There is no perfected complaint in this case yet.  There are no perfected pleadings.  No cause of action has been ruled to be valid against Dr. Skizynski.  No discovery has been conducted.  The Plaintiff's motion for summary judgment is premature and should be denied for that reason alone.

Adequate time must be allowed before a motion for summary judgment can be granted. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986);  Securities and Exchange Comm'n v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir. 1980).

### E.     Defendant Dr. Skizynski is Entitled to Attorney's Fees

Defendant Dr. Skizynski is entitled to his attorney's fees for having to respond to the Plaintiff's motion for summary judgment based, in part on her improper affidavit.  Rule 56(g), Federal Rules of Civil Procedure.  Additionally, Defendant Dr. Skizynski incorporates herein by reference the legal authority contained in his Memorandum of Law (Docket 91) in support of his Motion for Sanctions filed this same date.  Plaintiff should be ordered to pay Dr. Skizynski's attorney's fees.

**WHEREFORE**, Defendant Dr. Leonard Skizynski prays this court strike Plaintiff's affidavit as set forth above, deny Plaintiff Hamilton's motion for summary judgment as to this Defendant, and award him his attorney's fees associated with having to defend against it.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been (or will be) filed electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the foregoing: Michael R. Jackson, Esquire (attorney for Defendant Joyce A. Wells), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801; John L. Morrow, Esquire (attorney for Defendant David Bogert), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801; Robert D. Keough, Esquire and John E. DuBose, Esquire (attorneys for Defendants Department of Education, Judy Whitaker and David Givens), P.O. Box 1609, Orlando, Florida 32802-1609; and a copy of the foregoing served via U.S. mail, postage prepaid, to: Lisa Hamilton (Pro Se Plaintiff), 4402 Dunwoody Place, Orlando, Florida 32808,

on this 22nd day of December, 2004.

/s/ George F. Indest III
**GEORGE F. INDEST III, ESQUIRE**
Florida Bar No.: 382426
Board Certified in Health Care Law
**JASON L. HARR, ESQUIRE**
Florida Bar No.: 0194336
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEYS FOR DEFENDANT,**
**DR. LEONARD SKIZYNSKI**

JLH
S:\256\001\Pleadings\ResponseInOppositionToSummaryJudgment-Memo.wpd