045900

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:04CV-636-ORL-28JG
MAGISTRATE: James Glazebrook


LISA HAMILTON,

     Plaintiff,

v.

FLORIDA DEPARTMENT OF
EDUCATION, DIVISION OF
VOCATIONAL REHABILITATION
JUDY WHITAKER; DAVID
GIVENS; JOYCE A. WELLS;
DR. LEONARDO SKIZYNSKI;
and DAVID BOGERT,

     Defendants.

_____/

## DEFENDANT, DAVID BOGERT'S, RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT

     COMES NOW, Defendant, DAVID BOGERT, by and through his undersigned counsel and files this, his Response in Opposition to Plaintiff's Second Motion for Summary Judgment, and in support thereof states as follows:

1.     Plaintiff, LISA HAMILTON, filed the Amended Complaint on May 21, 2004.  In her 13-page Amended Complaint, Plaintiff asserted allegations against the Florida Department of Education Division of Vocational Rehabilitation, Dr. Joyce A. Wells, Dr. Leonard

CASE NO. 6:04CV-636-ORL-28JG

Skizynski, Mr. David Givens, Mrs. Judy Whittaker and Mr. David E. Bogert. The Court subsequently dismissed her complaint.

2.   Plaintiff has subsequently filed a Second Amended Complaint. Within the Second Amended Complaint, Plaintiff attempts to assert over 11 causes of action against the Defendants including alleged violations of her civil rights under 42 USC §1983,a claim for deliberate indifference, a claim for civil rights violation under the 14th Amendment of the United States constitution, a claim for discrimination under 42 USC § 19[83], civil conspiracy, fraud, RICO violations under 18 USC 1962, libel, medical malpractice and finally a claim seeking injunctive relief.

3.   Furthermore, relative to her remedies, pro-se Plaintiff is seeking over $30 million dollars as well as attorneys fees. She is seeking $9 million in compensatory damages; 20 million in punitive damages, unspecified treble damages; and $1 million in exemplary damages.

4.   On November 19, 2004, Plaintiff filed a document titled "Motion for Summary Judgment on the Pleadings Against Defendants Joyce A. Wells and David E. Bogert and

-2-

CASE NO. 6:04CV-636-ORL-28JG

Apportionment of Liability."

5.      On December 7, 2004 Plaintiff filed another motion for Summary Judgment, with no cognizable reference to David Bogert aside from a line in the title.

6.      Plaintiff has merely filed additional pleadings in an attempt to mislead the court.

7.      Once again, Plaintiff has failed to satisfy any of the requirements for filing a motion for summary judgment. Specifically, there is no "evidence" in this file, nor have any affidavits been filed which would show that there is no genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law.

8.      Moreover, Plaintiff has failed to satisfy the requirement of U.S. Middle District, Local Rule 3.01, whereby a legal memorandum with citation of authorities is required for any written motion or other application to the Court.

9.      As Plaintiff has failed to satisfy the necessary items for a successful motion for summary judgment, same must be denied.

10.     As Plaintiff's argument within this second motion for summary judgment are identical to all of her pleadings, Defendant, David Bogert, is being forced to re-assert his

-3-

CASE NO. 6:04CV-636-ORL-28JG

argument as to the first filed Motion for Summary
Judgment.

### Memorandum of Law

Rule 56(c), Fed. R. Civ. P., provides that Summary
Judgment is appropriate only where the moving party is entitled to
judgment as a matter of law.  A Court's task is not "to weigh the
evidence and determine the truth of the matter, but to determine
whether there is a genuine issue for trial."  Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 249 (1986).  The purpose of the summary
judgment rule is to dispose of unsupported claims or defenses
which, as a matter of law, raise no genuine issue of material fact
suitable for trial.  Celotex Corp. v. Catrett, 477 U.S. 317 U.S.
317, 322-23 (1986).

The party who moves for Summary Judgment bears the initial
burden "to show the District Court, by reference to materials on
file, that there is no genuine issue of material fact that would
be decided at Trial."  Clark v. Coats, Inc. 929 F. 2d 604, 608 (11th
Cir. 1991).  A Court must view the evidence presented in the light
most favorable to the non-moving party.

However, once the moving party meets the initial burden,
"the burden shifts to the non-moving party to demonstrate that
there is indeed a material issue of fact that precludes Summary

-4-

CASE NO. 6:04CV-636-ORL-28JG

Judgment. Id. at 608. The non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts, through Affidavits or other forms of evidence provided for by the Rules. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Essentially, the inquiry . . . is . . . whether the evidence presents a sufficient disagreement to require submission to a Jury or whether it is so one-sided that one party must prevail as a matter of law. Anderson, 477 U.S. at 251-52.

There is nothing within Plaintiff's motion for summary judgment, nor within the file to establish that there is no genuine issue of material fact. On the contrary, all of Plaintiff's allegations are at issue. There have been no documents filed by any party which could be used to support Plaintiff's position. Consequently, Plaintiff's Motion for summary judgment must be denied.

WHEREFORE, Defendant, DAVID BOGERT, respectfully requests that this Court deny Plaintiff's Motion for Summary Judgment based upon the foregoing.

I hereby certify that on 12/23/04, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: George F. Indest III, Esq., Atty for Leonard J. Skizynski, The

-5-

CASE NO. 6:04CV-636-ORL-28JG

Health Law Firm, CenterPointe Two, 220 East Central Parkway, Suite 2030, Altamonte Springs, FL 32701; Elana Jones, Esq., atty for Dept of Ed., Department of Education, 325 West Gaines Street, Turlington Building, Room 1244, Tallahassee, FL 32399-0400; Lisa Hamilton, Pro Se Plaintiff, 4470 Scenic Lake Drive, Orlando, FL 32808; Michael R. Jackson, Esquire, Conroy, Simberg, Ganon, Krevans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801; Robert D. Keough, Esq., Attorney for Florida Dept. of Education; Judy Whitaker; David Givens, Keough & DuBose, P.A., P.O. Box 1609, Orlando, FL 32802-1609; John E. DuBose, Jr., Esq., Keough & DuBose, P.A., P.O. Box 1609, Orlando, FL 32802-1609.   I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the above and to the following non-CM/ECF participants: Lisa Hamilton, Pro Se Plaintiff, 4470 Scenic Lake Drive, Orlando, FL 32808.

CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
Attorneys for Defendant, David
E. Bogert, L.M.H.C.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801
(407) 649-9797
(407) 649-1968

BY: s/Karen M. Montas-Coleman
    Karen Montas-Coleman, Esq
    FLORIDA BAR NO. 580384

-6-