UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

    Plaintiff,

-vs-                                    Case No. 6:04-cv-636-Orl-28JGG

FLORIDA DEPARTMENT OF
EDUCATION/VOCATIONAL
REHABILITATION SERVICES, et al,

    Defendants.

## ORDER

This case is before the Court on the two Motions for Summary Judgment filed by Plaintiff Lisa Hamilton (Doc. No. 74, filed November 19, 2004 and Doc. No. 85, filed December 6, 2004), and Defendant Joyce A. Well's Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. No. 88, filed December 22, 2004). For the reasons set forth below, both Motions for Summary Judgment are **DENIED**, and the Motion to Strike Plaintiff's Motion for Summary Judgment is **DENIED as moot**.

Lisa Hamilton ("Hamilton") brings this action against Defendants Florida Department of Educational/Vocational Rehabilitation Services, Judy Whitaker ("Whitaker"), David Givens ("Givens"), Joyce A. Wells ("Wells"), Dr. Leonard Skizynski ("Skizynski"), and David Bogert ("Bogert"), for damages and injunctive relief, alleging violations of 42 U.S.C. § 1983 and disability discrimination ADA Title II (Count 1), deliberate indifference (Count 2), violations of 42 U.S.C. § 1983 and the 14th Amendment (Count 3), violations of 42 U.S.C. § 19 and

race discrimination (Count 4), violations of 42 U.S.C. § 1983 and civil conspiracy (Count 5), violations of 42 U.S.C. § 1983 and fraud (Count 6), violations of 18 U.S.C. § 1962 and mail fraud (Count 7), libel (Count 8), and medical malpractice (Count 9) (Second Amended Complaint, Doc. No. 62, filed November 1, 2004). The allegations of Hamilton's Second Amended Complaint involve her application for vocational rehabilitation services with the Florida Department of Education/Division of Vocational Rehabilitation Services and the alleged mistreatment she experienced.

Hamilton has filed two Motions for Summary Judgment (Docs. No. 74 & 85) asserting that she is entitled to summary judgment on "points" 1 - 11 and apportionment of liability (Doc. No. 74), and on the issue of liability (Doc. No. 85). Hamilton also seeks oral argument on the second Motion for Summary Judgment (Doc. No. 85).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that no genuine issues of material fact remain. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997). "The evidence presented cannot consist of conclusory allegations or legal conclusions." Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991); see also Fed. R. Civ.

P. 56(e) (providing that nonmovant's response "must set forth specific facts showing that there is a genuine issue for trial").

In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

Plaintiff has failed to meet the threshold burden for summary judgment. Plaintiff's motions contain lengthy recitations of facts unsupported by the record. Plaintiff offers no sworn affidavit evidence in support of her motions except her own conclusory, self-serving affidavit attached to her second Motion for Summary Judgment (Doc. No. 85). There have been no documents filed in the record that would allow the court to find an absence of issue of material fact.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Summary Judgment (Doc. No. 74) and Motion for Summary Judgment (Doc. No. 85) are **DENIED**. Plaintiff's request for oral argument is **DENIED as moot**. The Motion of Defendant Joyce A. Wells, Psy. D. To Strike Plaintiff's Motion for Summary Judgment (Doc. No. 88) is **DENIED as moot**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this __30__ day of December, 2004.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party