UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON                                    CASE NO. 6:04-CV-636-ORL-28JG

   Plaintiff

v.


The Florida Department of Education/
Division of Vocational Rehabilitation,
Judy Whitaker,David Givens,Joyce A. Wells,
David Bogert and Dr. Leonard Skizynski

      Defendants

ORAL ARGUMENTS REQUESTED


**PLAINTIFF'S RESPONSE TO DEFENDANTS
THE Florida Department of Education/
Division of Vocational Rehabilitation,
Judy Whitaker, David Givens, Joyce A.
Wells, David Bogert and Dr. Leonard
Skizynski
OBJECTION TO PLAINTIFF'S SUMMARY**

**JUDGEMENT DOCKET (85)**

The Plaintiff responds to the Defendants The Florida Department of Education

/Division of Vocational Rehabilitation, Judy Whitaker, David Givens, Joyce A.Wells,

David E.Bogert and Leonard Skizynski oppositions to the Plaintiff's Summary Judgement

Docket (85). The Plaintiff will attempt to focus on the real issues Defendants bring up in

their responses to the Plaintiff's request for Summary Judgement but before the Plaintiff

proceeds Plaintiff  must touch on the affidavit David Givens submitted and point out to

your Honor that is done in "BAD FAITH".

The Plaintiff will now proceed to prove the bad faith of the affidavit presented by David Givens. Federal Rule of Civil Procedure 56(e) supporting and opposing affidavits shall be made on personal knowledge.

1.) Paragraph 3 of Defendant David Givens affidavit is all lies and hearsay. Defendant David Givens was not present in the first meeting the Plaintiff had with Judy Whitaker on September 2, 2003 as he states in his affidavit the last sentence of Paragraph 2: " I have reviewed Lisa Hamilton's file and I am familiar with it's contents" and Paragraph 3 lines 1-2 of Defendant David Givens affidavit where he states "At Lisa's first meeting with Judy Whitaker". These are admissions by Defendant David Givens that he was not present and is relying upon information allegedly in the Plaintiff's Vocational Rehabilitation file but if this information is in the Plaintiff's Vocational Rehabilitation file **by Federal mandate** there should be an IPE plan with the so called Forty Thousand Dollar request and offer of going to school to learn music from the Orlando Vocational Rehabilitation Office. **Where is it?** It does not exist because it is a lie. The Plaintiff's signature denying the offer of going to school to learn music should be on the IPE plan. **Where is it?** It does not exist because it to is a lie. If the allegations made by Defendant David Givens were true why did not Defendant Judy Whitaker - who could have made the same statement under personal knowledge - submit an affidavit stating those so called facts? Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services **chose** to use hearsay from David Givens and

expect this to be admissible evidence to dispute the Plaintiff's claims. This is ridiculous.

Defendant David Given's affidavit should be stricken from the Court's docket.

2.) Paragraph 4 of Defendant David Givens affidavit is a complete lie and can easily be

proven by pointing out that Defendant David Givens was not present in the Plaintiff's

initial meeting with Defendant Judy Whitaker on September 2, 2003 nor did the Plaintiff

meet Defendant David Givens face to face or hear of his name in this initial meeting. The

Plaintiff's second meeting with Defendant Judy Whitaker at the Orlando Vocational

Rehabilitation Office was one month after the first meeting of September 2, 2003

approximately October 1st or 2nd 2003 at which time Judy Whitaker informed the

Plaintiff of her Supervisor David Givens joining this meeting. This was the first time the

Plaintiff ever heard of or met David Givens and within 5 minutes of meeting and showing

David Givens a memo circular from the United States Congress concerning

**"Rehab 98"** and **"Right of choice"**  Defendant David Givens demanded the Plaintiff

have a Psychological Evaluation performed by "an independent Psychologist by the name

of  Joyce A. Wells". Defendant David Givens' testimony in his affidavit: "Following

several more meetings with Mrs. Hamilton" is nothing but a complete lie. Defendant

David Givens met the Plaintiff in early October 2003 - **the same day** Defendant

David Givens demanded the Plaintiff  have a Psychological done by Defendant Joyce A.

Wells to determine Plaintiff's eligibility which was scheduled for October 9, 2003.

Defendant David Givens testifies in his affidavit he became suspicious that the Plaintiff

was delusional and learned Plaintiff was being treated by a Psychiatrist he:

1. <u>Requested</u> the Plaintiff's Psychiatrist records;

2. <u>Received</u> the Plaintiff's Psychiatrist records;

3. And <u>after reviewing</u> the Plaintiffs Psychiatrist records he believed the Plaintiff should undergo a Psychological evaluation.

    Defendant David Given's testimony is inconsistent with the evidence and factual timeline. The three events above would require **more** than 15 minutes, the <u>entire</u> duration of the second meeting - they would require <u>days</u> and produce an available paper trail of evidence to submit to the Court. This proves Defendant David Givens is a liar and should not be believed.

3.) Paragraph 5 of Defendant David Given's affidavit is proof he broke the law when he admitted he forwarded Defendants Joyce A Well's and David E. Bogert <u>illegal</u> evaluation to a Florida licensed Psychologist (who never met the Plaintiff) for a second opinion when the first opinion was invalid. This is proof that Defendant David Given's motives were nothing more than discriminatory as he expected - and <u>received</u> - a second unsubstantiated opinion just as worthless as the first. Yet Defendant David Givens accepted and used both fraudulent documents to discriminate and deny the Plaintiff right to access guaranteed by the United States Constitution when he had every opportunity to correct the situation. The Plaintiff would like to go on the record as saying Plaintiff never requested Forty Thousand Dollars from the Orlando Vocational Rehabilitation Office or expected any money to be given to Plaintiff personally.

This was made very clear to the Plaintiff in the Vocational Rehabilitation Orientation the Plaintiff attended prior to Plaintiff's scheduled first meeting with Defendant Judy Whitaker. Defendant David Givens is a liar. All Defendants involved in this case are misrepresenting that the Plaintiff came in there expecting a hand out when all Plaintiff wanted was information and resources to put Plaintiff on the right track to self-employment.

4.) Paragraph 7 of Defendant David Givens affidavit can be disproved by the entire case against the Defendants The Florida Department of Education/Division of Vocational Rehabilitation Services, Judy Whitaker, David Givens, Joyce A. Wells, David E. Bogert and Leonard Skizynski. The evidence submitted by the Plaintiff shows the exact opposite of Defendant David Givens' supposed reasoning for denying the Plaintiff access to a federally funded program.

5.) Paragraph 8 of David Givens affidavit is a desperate cry for help as the Plaintiff used the exhaustion remedy through the Vocational Rehabilitation Ombudsman's Office with Roy Cosgrove but no amount of **State** Administrative remedies could remedy the Plaintiff for the intentional Discrimination the Plaintiff has endured at the hands of the five State Actors: Judy Whitaker, David Givens, Joyce A. Wells, David E. Bogert and Dr. Leonard Skizynski. An Article III Judge is the only way to remedy and correct the mess the Defendants have created in the Plaintiffs life. Exhaustion of State remedies in a 42 U.S.C. 1983 claim is not a prerequisite for a Civil Rights claim.

It is crystal clear that all named Defendants mentioned above can not, will not and have not as of December 29, 2004 produced one piece of evidence that could dispute any one of the Plaintiff's claims.

A motion for Summary Judgement is used mainly by Defendants at the earliest time possible in the litigation to limit if not dispose of the Plaintiff's claims. A motion for Summary Judgement at the earliest time possible should reveal that the Plaintiff has no case by showing the finder of facts that the Plaintiff is wrong on the law and the merits of their claim thus as a matter of law the case should be dismissed. Your Honor, the Defendants The Florida Department of Education/Division of Vocational Rehabilitation, Judy Whitaker, David Givens, Joyces A.Wells, David E. Bogert and Leonard Skizynski have **failed to answer affirmatively** to the Plaintiff's Amended Complaint. The same named Defendants have **failed to answer affirmatively** to the Plaintiffs Second Amended Complaint.  The same named Defendants have **failed to answer affirmatively** to the Plaintiffs Motion for Summary Judgement. It is obviously clear the Plaintiff's claims against all named Defendants are true. The main issues the Defendants continue to address are not the merits of the case but technicalities and questions of law. Six months have passed since the Plaintiff has commenced this litigation and not one of the six Defendants have submitted **one** piece of evidence in support of their claims or in dispute of the Plaintiffs claims. The Defendants have all come to the conclusion that the Plaintiff has not carried the burden of proof  when seeking a Summary Judgment

therefore they need not respond affirmatively to the Plaintiff's Summary Judgment. The Defendants The Florida Department of Education/Division of Vocational Rehabilitation, Judy Whitaker, David Givens, Joyce A.Wells, David E. Bogert and Leonard Skizynski all whine about discovery when all they have to do is answer the Plaintiff's Second Amended Complaint affirmatively and discovery can commence. The Defendants do not want discovery or need discovery - what they want is time and more time to try and weigh the Plaintiff down with hopes that Plaintiff give up the fight. The Plaintiff has no need for discovery because the Plaintiff has already discovered what Plaintiff needs to defend this case and found it sitting at the United States Social Security Administration in Exhibits A , I (pages 1-9) , P and Q of Plaintiff's Summary Judgment Docket (85). The evidence submitted by the Plaintiff were requested by Robert Patrick of the United States Social Security Administration and the Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services mailed these papers to Robert Patrick who is willing to testify to their having come from the Orlando Division of Vocational Rehabilitation Services.

   The real issues in this case are:

1.) Defendant Joyce A. Wells is not Licensed in the State of Florida to practice Psychology yet she has a Vendor Contract with the State of Florida who denied her licensure to practice Psychology in the State of Florida.

2.) Defendants Joyce A. Wells and David Bogert are able to administer a Psychological

Evaluation of the Plaintiff on the property of Orlando Vocational Rehabilitation Services despite their un-licensed status and are paid from federal funds to do so.

3.) Defendant The  Florida Department of Education/Division of Vocational Rehabilitation Services used this illegal invalid Psychological Evaluation administered by two un-licensed Florida Psychologists to deny the Plaintiff access in a Federally Funded program - knowing of their un-licensed status.

4.) The Florida Department of Education/Division of Vocational Rehabilitation Services used un-licensed Health Care providers and used illegal documents to deny the Plaintiff - an otherwise qualified individual - from participating in a federally funded program.

5.) Two Florida Licensed Psychologists signed off on this invalid and illegal Psychological report when they never met the Plaintiff in their lives at the request of the Florida Department of Education/Division of Vocational Rehabilitation Services and were paid to do so from federal funds.

These issues mentioned above when discovered will lead a reasonable person to conclude what the Plaintiff has said all along that African-American Disabled individuals who apply for Florida Vocational Rehabilitation Services are intentionally discriminated against which has been adopted as an unwritten policy by the Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services. The Plaintiff has submitted documents in Plaintiff's Motion of Summary Judgment that proves everything mentioned above and more. The Defendants claim the Plaintiff has not shifted

the burden of proof yet fails to show what if any of the Plaintiff's documents are inadmissible or untrue. The Defendants fail this test because these documents are of their own making and creation. Clearly the Defendants will not object to the same information used to deny the Plaintiff access to a federally funded program - information they themselves are using to justify their actions against the Plaintiff.

### 11th Amendment Immunity

**Situations in which States manipulate their immunity in a systematic fashion to Discriminate against Federal causes of action (underline) violations of laws) they waive there immunity. The Defendants have to know that they were violating established laws of the Constitution of the United States of America.**

Federal Courts may have Jurisdiction to properly require State officials to obey State law if Federal regulations make compliance with the State law a federal duty. Section 2000d-7 makes unambiguously clear that Congress intended to condition Federal funding on States' waiver of Eleventh Amendment immunity to suit in Federal Court under Section 504 (and the other Federal non-discrimination statutes tied to Federal Financial assistance) if they accepted Federal Funds. Any State Agency reading the U.S. Code would have known that after the effective date of Section 2000d-7 it would waive its immunity to suit in Federal Court for violations of Section 504 if it accepted Federal Funds. Section 2000d-7 thus embodies exactly the type of unambiguous condition discussed by the Court in *Atascadero*, putting States on express notice that part of the "contract" for receiving Federal Funds was the requirement that they consent to suit in

Federal Court for alleged violations of Section 504 for those agencies that received
any Federal Financial assistance.

    Thus, the Supreme Court, in *Lane* v. *Peña*, 518 U.S. 187, 200 (1996), acknowledged
"the care with which Congress responded to their decision in *Atascadero* by crafting an
unambiguous waiver of the States' Eleventh Amendment immunity" in Section 2000d-7.
The Court of Appeals for this Circuit also made clear in *Sandoval*, that the "plain
language" of 42 U.S.C. 2000d-7 "manifests an unmistakable intent to condition
Federal Funds on a State's waiver of sovereign immunity." 197 F.3d at 493.  Six other
Courts of Appeals agree with Court of Appeals for the Eleventh Circuit. *See Litman* v.
*George Mason University*, 186 F.3d 544, 554 (4th Cir. 1999), *cert. denied*, 528 U.S. 1181
(2000) ("Congress succeeded in its effort to codify a clear, unambiguous, and
unequivocal condition of waiver of Eleventh Amendment immunity in 42 U.S.C. §
2000d-7(a)(1)."); *Douglas* v. *California Dep't of Youth Auth.*, 271 F.3d 812, 820, *opinion
amended*, 271 F.3d 910 (9th Cir. 2001), *cert. denied*, 122 S.Ct. 2591 (2002)(Section 504);
*Nihiser* v. *Ohio E.P.A.*, 269 F.3d 626, 628 (6th Cir. 2001) (Section 504), *cert. denied*,
122 S.Ct. 2588 (2002); *Jim C.* v. *Arkansas Dep't of Educ.*, 235 F.3d 1079, 1081-1082
(8th Cir. 2000) (en banc) (Section 504), *cert. denied*, 533 U.S. 949 (2001);  *Stanley* v.
*Litscher*, 213 F.3d 340, 344 (7th Cir. 2000) (Section 504); *Pederson* v. *Louisiana State
Univ.*, 213 F.3d 858, 875-876 (5th Cir. 2000) (Title IX).  The text and
structure of 42 U.S.C. 2000d-7 makes clear that Federal Financial assistance is

conditioned on both the non-discrimination obligation under Section 504 and removal of

Eleventh Amendment immunity.

## COLOR OF STATE LAW

The traditional definition of acting under the color of State Law requires that the

Defendant have exercised power possessed by virtue of State Law and made possible

only because the wrongdoer is clothed with the authority of State Law, and such actions

may result in liability even if the Defendant abuses the position given to him by the State.

A private actor such as Defendants Joyce A. Wells, David E. Bogert and Leonard

Skizynski may also act under color of State Law under certain circumstances.

For example, it has been held that a physician who contracts with the State to provide

medical care to inmates acts under the color of State Law.  For all practical purposes, the

"color of State Law" requirement is identical to the "State action" prerequisite to

constitutional liability.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

There is no requirement that the Plaintiff sue in Federal Court because State Courts

have concurrent jurisdiction, and the usual rule is exhaustion of administrative and

judicial State remedies is not a prerequisite to a section 1983 action.  Also, the existence

of concurrent State remedies is not a bar to a section 1983 action. With respect to the

extent of damages available, the Supreme Court has noted that the basic purpose

of a section 1983 damages award is to compensate the victims of official misconduct, and therefore held that there is no limit on actual damages if they can be proven.

## Qualified Immunity

Qualified immunity is a powerful tool that shields individual officials who are performing discretionary activities as named Defendants Joyce A. Wells, David E. Bogert and Leonard Skizynski unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known". The Plaintiff's claims against the named State Actors is intentional discrimination of which a reasonable person should have known was wrong. It is not difficult to decipher that administering a Psychological Evaluation on an innocent person in a State that has denied you licensure and based on your erroneous findings they deny that individual access to a Federally funded program is not only intentional and wrong but violates clearly established statutory and constitutional rights of which a reasonable person would have known. A government official is entitled to qualified immunity unless his "act is so obviously wrong, in the light of preexisting law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing. The Defendants all knew what they were doing was wrong as evidenced by there cover-up to try and legitimize their bogus, illegal, slanderous garbage.

The Florida Department of Education/Division of Vocational Rehabilitation Services in an attempt to disguise the factual illegality of the State Actors discriminatory actions –

obtained  Dr. Leonard Skizynski and Dr. David Fleischmann signatures which are false

entries in medical records to make Joyce A. Wells and David E. Bogert's actions appear

justified with unsupported diagnoses and treatment they never provided to the Plaintiff.

The Defendants do not have medical justification to render the Plaintiff mentally

unstable and too severe to benefit from Vocational Rehabilitation Services. It is

obviously clear the Defendants all conspired together to deprive the Plaintiff of her

Constitutional Right to be free from discrimination and have equal opportunity access.

    Wherefore the Plaintiff asks the Presiding Judge John Antoon II to grant the Plaintiff's

Motion for Summary Judgement, deny Defendants Motions to dismiss and render

apportionment of liability on each individual Defendant.

**    I certify that copies have been certified mailed/return receipt**

**requested to all parties involved on this day December 30, 2004.**

Dr. Leonard Skizynski
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701

The Florida Department of Education, Division of Vocational Rehabilitation
Services/Judy Whitaker/
David Givens
325 West Gaines Street, Suite 1244
Tallahassee, Florida 32399

Keough & Dubose, P.A.
514 E. Colonial Drive
P.O. Box 1609
Orlando, FL 32802-1609

Joyce A. Wells/ David Bogert
CONROY, SIMBERG, GANON
KREVANS & ABEL, P.A.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801

**Sincerely,**

**Lisa Hamilton**