UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON         CASE NO. 6:04-CV-636-ORL-28JG

Plaintiff

v.

The Florida Department of Education/
Division of Vocational Rehabilitation,
Judy Whitaker, David Givens, Joyce A. Wells,
David Bogert and Dr. Leonard Skizynski

Defendants

## PLAINTIFF'S RESPONSE TO DEFENDANT DR. LEONARD SKIZYNSKI MOTION FOR RULE 11 SANCTIONS

The Plaintiff responds to Defendant Leonard Skizynski's Motion for Rule 11 Sanctions against the Plaintiff. The Plaintiff will make it very clear for the record for purposes of an **appeal** that Plaintiff strongly **objects** to the request for sanctions being imposed by, referred to, or heard by Magistrate Judge James Glazebrook. Plaintiff truly and honestly believes based on hard tangible evidence as pointed out in Plaintiff's Motion to Strike Magistrate Judge's order docket (48) and report and recommendation docket (54) due to Conflict of Interest that Magistrate Judge James Glazebrook should have recused himself from the Plaintiff's case against The Florida Department of Education due to Magistrate Judge James Glazebrook's financial disclosure as pointed out in the Plaintiff's motion to strike Magistrate Judge's order and as evidenced by Magistrate Judge James Glazebrook's own admission in an August 17, 2004 Interest party list where he stated: "I wish to consider recusal in civil, criminal and miscellaneous cases involving the following companies, Individuals as litigants, victims and interested persons". Magistrate Judge

James Glazebrook also states in this same August 17, 2004 Interest party list: "Please review this list periodically, and advise me of any potential conflicts". The Plaintiff can not make it any more clearer to the Magistrate Judge James Glazebrook that even if he feels he can be objective and fair when ruling on the Plaintiffs case that in light of his financial ties to a party in this suit, The Florida Department of Education, he should recuse himself. The law U.S. code Section 455 - <u>not</u> the Magistrate Judge James Glazebrook's discretion or feelings - rule in this matter.

If after reconsidering the Plaintiff's argument Magistrate Judge James Glazebrook feels as a matter of law 28 U.S. code section 455(a)(b)(5)(i)(d)(4) he is legally justified in remaining as referring Magistrate Judge on the Plaintiff's case against The Florida Department of Education then Plaintiff states the following as a response to Defendant Leonard Skizynski's request for Rule 11 sanctions, simply put: If the Magistrate Judge James Glazebrook concludes that an objective, reasonable person **could not** certify **after reasonable inquiry** that the Plaintiffs lawsuit against Leonard Skizynski is **not** well-grounded in fact and is **not** warranted by **existing law** and that it is interposed for an improper purpose and Plaintiff has intentionally, willfully and maliciously violated Rule 11, Florida Rules of Civil Procedure - then a Rule 11 sanction **is permissible**. However if Magistrate Judge James Glazebrook concludes that an objective, reasonable person **could** certify **after reasonable inquiry** that the Plaintiff's lawsuit against Leonard Skizynski **is** well-grounded in fact and **is** warranted by **existing law** and that it is not interposed for an improper purpose and that Plaintiff has not intentionally, willfully and maliciously violated Rule 11, Federal Rules of Civil Procedure then a Rule 11 sanction **is not** permissible. Any objective Reasonable person who reads the pleadings of this case against Defendant Leonard Skizynski will conclude he **lied** about his Relationship with Joyce A. Wells and continues to do so with the blessing of his Attorneys until this Court makes him answer Affirmatively. Once Leonard Skizynski answers Affirmatively to the Plaintiff's case - then and only then - will a true determination be made as to "frivolous". Let Leonard Skizynski dispute attached Exhibit Q and if he denies this as

his signature and denies that he faxed Exhibit Q to The Orlando Vocational Rehabilitation Office from the Office of Comprehensive Behavioral Health Services - Joyce A. Wells and David E. Bogert's Known Place of Business - then Plaintiff's case against him has no foundation. Leonard Skizynski is not legally able to review Joyce A. Well's illegal Psychological work on the Plaintiff but does so de facto without legal blessing which - in his eyes and his Attorney's eyes - make the Plaintiffs case against Leonard Skizynski "frivolous". The Court should take note that Leonard Skizynski **lied** when he certified to this Court that he had no relationship with Comprehensive Behavioral Health and that Joyce A. Wells and David E. Bogert were Independent Health Care Providers. Joyce A. Wells was allowed to break Florida law Statute 456.065 and discriminate against Plaintiff based on Leonard Skizynski's illegal de facto Supervisor status. Defendant Leonard Skizynski neglected his fiduciary duty to report to the Florida Department of Health the Practice of A Regulated Profession by an unlicensed individual - Joyce A. Wells. <u>Defendant instead signed and transmitted through Interstate wire his agreement to Third Degree Felony action</u> of Joyce A. Wells as evidenced in Exhibit Q.

Defendant Leonard Skizynski has been Practicing Psychology in the State of Florida for over 20 years and should be well versed that "Awaiting licensure" does not give Joyce A. Wells a "temporary pass" to legally practice Psychology in the State of Florida.

The "duty" owed to the Plaintiff by Leonard Skizyski as pointed out by his Counsel The Health Law Firm as a required element of a Malpractice suit - Leonard Skizynski was to report the practice of a health care profession by an Individual without a license to the Florida Department of Health but instead Leonard Skizynski facilitated Joyce A. Wells' illegal and destructive behavior toward the Plaintiff Lisa Hamilton. The Damage that Leonard Skizynski and Joyce A. Wells and the remaining Defendants have caused the Plaintiff continues to mount. The Health Law Firm in its Motion for Sanctions Page 8 Point 30 exemplifies these damages stating: "The abuses committed by Plaintiff Hamilton in this case, perhaps attributable in part to **her mental illness**".

This statement is libelous. Nowhere in these proceedings has any one submitted anything by a licensed Psychologist who met the Plaintiff face to face or in a Doctor-Client setting that rendered the Plaintiff mentally ill. The Plaintiff suffers from panic attacks brought on by childhood open heart surgery and mitral valve prolapse. This is the reason for the Plaintiff's disability status. Nowhere in any Social Security Administration, Psychiatry or Psychology file at the disposal of The Health Law Firm is the Plaintiff categorized or labeled mentally ill other than the unlicensed, illegally supervised opinion of Joyce A. Wells . This unsubstantiated statement: "The abuses committed by Plaintiff Hamilton in this case, perhaps attributable in part to **her mental illness**" is reckless and intentional misbehavior on the part of The Health Law Firm. The use of this phrase to describe the Plaintiff as mentally ill while being cognizant of the source they rely is un-licensed Individuals Joyce A. Wells and David E. Bogert whose un-licensed status in the State of Florida is not in dispute and never has been in dispute is evidence to their ill will toward the Plaintiff.

Wherefore Plaintiff puts **The Health Law Firm** and **Leonard Skizynski** on notice that the Plaintiff will seek sanctions against them both for filing a frivolous motion aimed at nothing more than to harass and taunt the Plaintiff.

Plaintiff asks that Defendant Leonard Skizynski's Motion for Sanctions be stricken from these Proceedings AS FRIVOLOUS or denied as frivolous.

# I certify that copies have been certified mailed/return receipt requested to all parties involved on this day January 6, 2005.

Dr. Leonard Skizynski
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701

The Florida Department of Education, Division of Vocational Rehabilitation Services/Judy Whitaker/
David Givens
325 West Gaines Street, Suite 1244
Tallahassee, Florida 32399

Keough & Dubose, P.A.
514 E. Colonial Drive
P.O. Box 1609
Orlando, FL 32802-1609

Joyce A. Wells/ David Bogert
CONROY, SIMBERG, GANON
KREVANS & ABEL, P.A.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801

Sincerely,

**Lisa Hamilton**

## EXHIBIT Q

This letter is to confirm that I review work performed by Joyce A. Wells, Psy.D. while she is awaiting licensure. I reviewed the evaluation performed on Lisa Hamilton on October 9 and October 14, 2003, and agree with its conclusions.

*Leonard J. Skizynski, Psy.D.*

Leonard J. Skizynski, Psy.D.
Licensed Psychologist PY0003764

Comprehensive Behavioral Health
Sun Trust Plaza, 3359 West Vine Street, Suite 104; Kissimmee, FL 34741