UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON                                    CASE NO. 6:04-CV-636-ORL-28JG

    Plaintiff

    v.


The Florida Department of Education/
Division of Vocational Rehabilitation,
Judy Whitaker,David Givens,Joyce A. Wells,
David Bogert and Dr. Leonard Skizynski

       Defendants


## MOTION FOR RECONSIDERATION OF DENIAL OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, COMPEL DISCOVERY AND HOLD EVIDENTIARY HEARING


A Motion for Reconsideration of an Interlocutory Order can be brought at any time before the conclusion of the case. In Federal Court the denial of Summary Judgment is an **Interlocutory** Order that may be reconsidered. A Court may invite a party to resubmit a Motion for Summary Judgment after it has been denied - the common practice is for the Court to deny the Motion "without prejudice" pending the completion of the **relevant** Discovery or at minimum holding an **Evidentiary Hearing**.

The Court has determined that the Plaintiff has failed to meet the threshold burden of proof in Plaintiff's Motion for Summary Judgment Docket (85) which precludes the Court from granting Plaintiff's Motion. The Plaintiff understands the Court's Order Docket (95) to mean Plaintiff must authenticate the papers submitted as evidence in support of the Plaintiff's Summary Judgment

and prove to the Court through affidavits and sworn testimony that there is no need for a trial because all facts alleged by the Plaintiff can be proven early in the litigation process. There are only two ways the Pro Se Plaintiff can prove Plaintiff is entitled to a Summary Judgment and break through the threshold barrier which precludes your Honor John Antoon II from granting the Plaintiff's Summary Judgment as to all Defendants and that is an Evidentiary Hearing which your Honor can grant the Plaintiff and Discovery which can only commence after Defendants answer affirmatively which can not happen until your Honor denies Defendants Motions to Dismiss.

The Plaintiff believes the evidence on file thus far warrants at minimum Partial Summary Judgment on the issue of liability and solves the issue of the State's waiver of 11th Amendment immunity as a defense under 42 U.S.C. 2000 D-7 through their acceptance of Federal Funding. The lack of subject matter jurisdiction as Defendants claim in their Motions to Dismiss as a defense is another point this Court has put to rest. Although not mentioned in the Judge's Order Docket (95) but is very clear from the actions taken by the Court - the Court definitely has subject matter jurisdiction when it ruled on the Plaintiff's Motion for Summary Judgment.

The Court rules provide that, to the extent possible, applications for reconsideration of Interlocutory Orders should be made to the trial Judge who entered the Order. New factual material may also serve as a basis to revise a decision. Federal Rules of Civil Procedure 60(b) provides 6 bases for relief from an Interlocutory Order: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time; (c) fraud, misrepresentation or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

If a party discovers **genuinely** new evidence that is critical to an already decided Summary Judgment Motion, a Court should generally reconsider the Motion. Clearly it is at the discretion of the Judge who entered the Interlocutory Order whether to reconsider its decision or deny the Motion for reconsideration making it a final and appealable Order. The Plaintiff asks the Presiding Judge John Antoon II to reconsider his decision of December 30, 2004 docket (95) for the foregoing reasons: On December 30, 2004 your Honor the Presiding Judge John Antoon II entered Order docket (95) denying the Plaintiffs Motion for Summary Judgment without considering the Plaintiff's allowable response to the Defendants opposition to the Plaintiffs Motion for Summary Judgment. The Plaintiff submitted a response in the legal time required but the Docket Clerk did not enter the Plaintiff's response until three business days after it was filed - January 3, 2005 - which was pass the required due date and after Your Honor entered Order docket (95). The inadvertent mistake made by the Court is due to its recent adoption of CMECF which pro se litigants are not authorized to electronically file papers with the Court directly but instead are still required to file with the docket clerk leaving the pro se litigant to rely on the timing of the clerks docket entry.

The Court assumed the Plaintiff did not respond to the Defendants opposition due to the clerk timing of the entry docket (96) and felt justified in ruling since the time had expired for the Plaintiff to respond.

The above oversight is not the only basis upon which Plaintiff relies for reconsideration. In this response docket (96) Plaintiff pointed out 'Bad Faith" on the part of Defendant David Givens in his affidavit docket (86) and the inadmissible hearsay portion of this affidavit which is pointed out by Defendant David Givens himself in the pack of lies stating: "I have reviewed Lisa Hamilton's file and I am familiar with its contents" which proves he relies upon hearsay within the alleged Vocational Rehabilitation file of the Plaintiff. Defendant David Givens and every other Defendant in this suit has lied and misrepresented factual issues of this case which this Court has not

addressed. The Plaintiff disputed everything stated in Defendant David Givens affidavit in Plaintiff's unconsidered response. The Plaintiff informed the Court that Plaintiff could and would validate and authenticate the evidentiary papers submitted with the Plaintiff Motion for Summary Judgment through the testimony of a United States Social Security Administration employee who is willing to testify that these particular papers where sent to them by the Defendant The Florida Department of Education/Division of Vocational Rehabilitation Services Orlando Office then Plaintiff **would** break through the threshold burden of proof needed for a Summary Judgment. The Plaintiff also asked that Defendant David Given's affidavit be stricken as hearsay and "bad faith".

The denial of the Motion for Summary Judgment and the overlooked response of the Plaintiff would not have been such a major defeat for the Plaintiff because Plaintiff is prepared to appeal the denial of the Summary Judgment but when the Magistrate Judge James Glazebrook is referred a Motion for Sanctions but gives instead in docket (98) a Report and Recommendation to Dismiss the Plaintiff's case without being asked to do so and **dutifully** points out in his Report and Recommendation the unconsidered contested David Givens affidavit as if it were established as truth and points out statements in his Report and Recommendation as fact from an affidavit that has been opposed but not recognized by the court is a big injustice to the Plaintiff.

In light of the facts mentioned above the Plaintiff asks the Presiding Judge John Antoon II to Reconsider Order docket (95) and grant Plaintiff an Evidentiary Hearing and Compel discovery.

**I certify that copies have been mailed to all parties involved on this day January 10, 2005.**

Dr. Leonard Skizynski
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701

The Florida Department of Education, Division of Vocational Rehabilitation Services/Judy Whitaker/
David Givens
325 West Gains Street, Suite 1244
Tallahassee, Florida 32399

Keough & Dubose, P.A.
514 E. Colonial Drive
P.O. Box 1609
Orlando, FL 32802-1609

Joyce A. Wells/ David Bogert
CONROY, SIMBERG, GANON
KREVANS & ABEL, P.A.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801

Sincerely,

**Lisa Hamilton**