**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LISA HAMILTON,**

                   **Plaintiff,**

-vs-                                        **Case No. 6:04-cv-636-Orl-28JGG**

**FLORIDA DEPARTMENT OF EDUCATION/VOCATIONAL REHABILITATION SERVICES, et al,**

                   **Defendants.**
_____

## ORDER

This case is before the Court on the following four motions:

(1) Defendant David Bogert's Motion to Dismiss Second Amended Complaint (Doc. No. 63);

(2) Defendant Joyce A. Well's Motion to Dismiss Second Amended Complaint (Doc. No. 64);

(3) Defendant Leonard Skizynski's Motion to Dismiss Second Amended Complaint (Doc. No. 66); and (4) Defendants' Florida Department of Education/Vocational Rehabilitation Services, David Givens & Judy Whitaker's Motion to Dismiss Second Amended Complaint (Doc. No. 71). For the reasons set forth below, Defendants' Motions are **GRANTED** and Plaintiff's Second Amended Complaint is **DISMISSED**.

The Court entered an Order (Doc. No. 61, filed October 15, 2004) adopting the Report and Recommendation of the Magistrate Judge dismissing Plaintiff's Amended Complaint and allowing her to file a Second Amended Complaint to cure the deficiencies outlined in the

Report and Recommendation[1]. Plaintiff's Second Amended Complaint does not cure these deficiencies. Plaintiff's Second Amended Complaint raises the following claims: Count 1 - Violation of 42 U.S.C. § 1983 and Disability Discrimination ADA Title II against all defendants; Count 2 - Deliberately Indifferent against Florida Department of Education/Division of Vocational Rehabilitation Services, Whitaker and Givens; Count 3 - Violation of 42 U.S.C. § 1983 and 14th Amendment Rights against all defendants; Count 4 - Violation of 42 U.S.C. § 19 and Race Discrimination against all Defendants; Count 5 - Violation of 42 U.S.C. § 1983 and Civil Conspiracy against all Defendants; Count 6 - Violation of 42 U.S.C. § 1983 and Fraud against all Defendants; Count 7 - RICO Violation of 18 U.S.C. § 1962 and Mail Fraud against all Defendants; Count 8 - Libel against all Defendants; and Count 9 - Medical Malpractice against Defendants Skizynski, Wells, and Bogert. However, the Second Amended Complaint fails to allege specific facts to establish these claims.

---

[1] The Report and Recommendation (Doc. No. 54, filed September 16, 2004) states in part:

> The amended complaint fails to state a claim upon which relief can be granted. See Docket Nos. 18, 20, 26, 30. Without alleging facts showing diversity of citizenship, the amended complaint asserts state-law claims of fraud, slander, negligence, and malpractice. The amended complaint fails to comply with the pleading requirements of Fed.R.Civ.P. 8 (a)(1)-(2), and fails to allege specific facts that establish a prima facia case of discrimination on the basis of race or disability. In addition, the plaintiff's claims against defendants Whitaker and Givens in their official capacities is barred by the U. S. Constitution, Eleventh Amendment. Finally, the amended complaint fails to allege that plaintiff has exhausted her administrative remedies prior to commencing this action.

Plaintiff is a disabled African-American woman who is dissatisfied because she did not receive the specific type of vocational rehabilitation services she desired from the Florida Department of Education/Division of Vocational Rehabilitation Services in Orlando, Florida. Plaintiff's Second Amended Complaint raises a myriad of conclusory and unsubstantiated allegations arising from her dissatisfaction. Ironically, the very agency Plaintiff sues for discrimination on the basis of disability has as its primary responsibility service to the disabled.

Plaintiff has not alleged facts showing diversity of citizenship to allow her to assert her state law claims. The Second Amended Complaint fails to allege specific facts that establish a prima facia case of discrimination on the basis of race or disability. Plaintiff has not alleged facts to show that she has exhausted administrative remedies as required by federal law 34 C.F.R. Section 361.57(j) which implements 29 U.S.C. Section 722(J)(i) and Florida Statute 768.28(6). Plaintiff may not maintain a Section 1983 action for an isolated violation of an otherwise legal plan. Mallett v. Wisconsin Division of Vocational Rehabilitation, 130 F. 3d 1245, 1253 (7th Cir. 1977) ("Because § 1983 enforces only "rights, privileges, or immunities secured by the Constitution and [federal] laws," a plaintiff may utilize § 1983 only to the extent that a state plan which receives federal funding does not conform to one of the federal requirements. Section 1983, therefore, is not an appropriate means of remedying an isolated violation of an otherwise legal plan." Mallett, at 1253, *citing* Albiston v. Maine Comm'r of Human Servs., 7 F. 3d, 258, 263 (1st Cir. 1993)).

Plaintiff's federal claims against the state and the individual Defendants are barred by Eleventh Amendment immunity and by Florida law[2].

Accordingly, it is **ORDERED** that:

1. Defendant David Bogert's Motion to Dismiss Second Amended Complaint (Doc. No. 63) is **GRANTED**;

2. Defendant Joyce A. Well's Motion to Dismiss Second Amended Complaint (Doc. No. 64) is **GRANTED**;

3. Defendant Leonard Skizynski's Motion to Dismiss Second Amended Complaint (Doc. No. 66) is **GRANTED**; and

4. Defendants' Florida Department of Education/Vocational Rehabilitation Services, David Givens & Judy Whitaker's Motion to Dismiss Second Amended Complaint (Doc. No. 71) is **GRANTED**.

5. Plaintiff's Second Amended Complaint is **DISMISSED**.

6. The Clerk of Court is directed to enter judgment consistent with this Order and thereafter close the file.

---

[2] "No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property." Florida Statute 768.28(9)(a).

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 14th day of February, 2005

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party