UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON                                          CASE NO. 6:04-CV-636-ORL-28JG

   Plaintiff

v.

The Florida Department of Education/
Division of Vocational Rehabilitation,
Judy Whitaker, David Givens, Joyce A. Wells,
David Bogert and Dr. Leonard Skizynski

   Defendants



## MOTION TO MODIFY

### MODIFICATION 1

   The Pro Se Plaintiff seeks modification of a misstatement by Judge John Antoon II in his Order Docket (103) page 3 paragraph 1 which can literally affect the outcome of the Pro Se Plaintiff's Appeal which states "Plaintiff is a disabled African-American woman who is dissatisfied because she did not receive the **specific type** of vocational rehabilitation services she desired from the Florida Department of Education/Division of Vocational Rehabilitation Services in Orlando, Florida". This statement is untrue and is unsubstantiated in the record - **the Plaintiff received no services and received a denial of services letter** from the Florida Department of Education which the Plaintiff submitted with the Second Amended Complaint. The Plaintiff was deprived of participating in the Vocational Rehabilitation program all-together and Defendants responded with their reasons for the **denial of services.** How can Judge John Antoon II state that the Plaintiff was **dissatisfied with the specific type of service** when the record clearly shows the **Plaintiff**

**received no services**? The Plaintiff was denied access due to a Psychological Evaluation that the Plaintiff alleged in the Second Amended Complaint was illegally administered by an individual without State of Florida licensure to practice Psychology by the name of Joyce A. Wells which was an intentional act by the State Actors to render the Plaintiff too severe and unstable to benefit from Vocational Rehabilitation services as they had knowledge at the time of their denial of Vocational Rehabilitation services that Joyce A. Wells was not licensed to practice Psychology in the State of Florida. <u>Not one Defendant alleged in their motions to dismiss that the Plaintiff received services</u>. In fact all named Defendants allege that the Plaintiff was denied Vocational Rehabilitation services because Plaintiff is too severe to benefit from Vocational Rehabilitation services.

If this misstatement "Plaintiff is a disabled African-American woman who is dissatisfied because she did not receive the **specific type** of vocational rehabilitation services she desired from the Florida Department of Education/Division of Vocational Rehabilitation Services in Orlando, Florida" remains in the record without being modified it would be an injustice to the Pro Se Plaintiff because this misstatement infers the Plaintiff was allowed to participate in the Federally funded Vocational Rehabilitation program and was unhappy with the services given and brought a Federal law suit - **which equates to Plaintiff filing a frivolous lawsuit when read by the 11th Circuit Appellate Court**. The Plaintiff was intentionally discriminated against and denied access to and participation in a Federally funded program. The Plaintiff would like this Court to modify this misstatement for the appellate record or clarify for the appellate record what specific type of services the Plaintiff received and was dissatisfied with. Clearly the Pro Se Plaintiff's Second Amended Complaint is to be liberally read and considered as true - nowhere in the Plaintiff's Second Amended Complaint is their mention of the Plaintiff actually receiving services and being dissatisfied with said services. Upon what evidence does this Court rely upon to make such a statement? Plaintiff seeks modification as it is clearly not alleged in the Plaintiff's

Second Amended Complaint.

The Plaintiff's Second Amended Complaint should have been liberally construed and interpreted in the light most favorable to the Plaintiff and accepted as true.

## MODIFICATION 2

The Pro Se Plaintiff seeks modification of a misstatement by Judge John Antoon II in his Order Docket (103) page 3 paragraph 2 lines 6 and 7 which states "Plaintiff may not maintain a section 1983 action for an isolated violation of an otherwise legal plan". The Plaintiff alleged in the Plaintiff's Second Amended Complaint the following:

1. "The Plaintiff brings this suit against Defendant, The Florida Department of Education/Division of Vocational Rehabilitation Services for being deliberately indifferent to the fact that Disabled African-Americans are and have been for years under-served, under-represented and denied access to Florida state VR services at a <u>significant</u> statistical higher rate than any other racial group";

2. "The Florida Department of Education/Division of Vocational Rehabilitation has adopted this custom through a pattern of negligent hiring and background checks of Vendor Credentials, Fraud in Medical/Psychological/Learning Assessment results, a failure to adequately Supervise, and a failure to adequately train their employees on this disparity as it relates to Disabled African Americans;

3. "The actions of The Florida Department of Education in adopting these patterns through their inaction all 'under the color of state law' constitutes an ordinance, regulation, custom, usage, or policy for purposes of 42 U.S.C. § 1983, which renders the Defendant, The Florida Department of Education, liable for actual damages for the intentional violation of plaintiff's civil rights that are Guaranteed by the United States

Constitution".

It is unclear how this court can liberally read the Pro Se Plaintiff's Second Amended Complaint and construe it in the light most favorable to the Plaintiff and say the Plaintiff is complaining of an isolated violation when the three items quoted above in the Plaintiff's Second Amended Complaint show opposite - as Florida's Vocational Rehabilitation program was on the Federal Government's High Risk list in danger of losing federal funding for not meeting <u>federal requirements</u> as late as October 2003.

The Plaintiff would like this Court to modify this misstatement for the appellate record or clarify for the appellate record the specific isolated violation of an otherwise legal plan because nowhere in the Pro Se Plaintiff's Second Amended Complaint is there mention of an isolated violation - in fact Plaintiff clearly states in Plaintiff's Second Amended Complaint there to be numerous violations consistent with the three points quoted above from the Plaintiff's Second Amended Complaint per the 9 counts in Plaintiff's Second Amended Complaint which include disability discrimination, violation of the RICO act, Civil Conspiracy, deliberately indifferent, fraud, race discrimination, libel, medical malpractice and violation of the 14th Amendment of the United States Constitution.

Judge John Antoon II to dismiss Plaintiff's Second Amended Complaint on nothing less than the merits is unjust.

**I certify that copies have been mailed to all parties involved on this day February 18, 2005.**

Dr. Leonard Skizynski
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701

The Florida Department of Education, Division of Vocational Rehabilitation
Services/Judy Whitaker/
David Givens
325 West Gains Street, Suite 1244
Tallahassee, Florida 32399

Keough & Dubose, P.A.
514 E. Colonial Drive
P.O. Box 1609
Orlando, FL 32802-1609

Joyce A. Wells/ David Bogert
CONROY, SIMBERG, GANON
KREVANS & ABEL, P.A.
Two South Orange Avenue
Suite 300
Orlando, Florida 32801

Sincerely,

Lisa Hamilton