UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HAMILTON,

       Plaintiff,                  CASE NO.:  6:04-CV-636-ORL-28-JGG

vs.

FLORIDA DEPARTMENT OF
EDUCATION DIVISION OF
VOCATIONAL REHABILITATION;
JUDY WHITAKER; DAVID GIVENS;
JOYCE A. WELLS; DR. LEONARD
SKIZYNSKI; DAVID BOGERT,

       Defendants.
_____/

## DEFENDANT DR. SKIZYNSKI'S MEMORANDUM OF LAW

## IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY

Defendant, Dr. Leonard Skizynski by and through his undersigned attorneys, hereby files this Memorandum of Law in Opposition to the Plaintiff's Motion to Modify dated February 18, 2005, served via U.S. mail, and states:

## BACKGROUND AND FACTS

1.      This responds to and opposes pro se Plaintiff Lisa Hamilton's Motion to Modify dated February 18, 2005 (Docket 108), served by U.S. mail.

2.      On February 14, 2004, Judge John Antoon II issued an Order adopting Judge Glazebrook's Report and Recommendation dismissing the Plaintiff's Second Amended

Complaint as to all defendants (Docket 103).  Judge Antoon's Order correctly states that Plaintiff Hamilton failed to allege specific facts to establish any of her claims.

3.     Plaintiff Hamilton seeks a modification to the Court's Order falsely claiming that she was completely denied any access to services through the Florida Department of Education, Division of Vocational Rehabilitation (referred to herein as "DOE").  Plaintiff states the following in her Motion to Modify:  "The Plaintiff was deprived of participating in the Vocational Rehabilitation program all-together [sic] and Defendants responded with their reasons for denial of services."  (Plaintiff's Motion to Modify, paragraph 1.)  However, this statement by the Plaintiff <u>directly</u> <u>contradicts</u> earlier statements which she made in her Amended Complaint (Docket 4).

4.     Furthermore, Plaintiff Hamilton has not provided <u>any</u> valid legal basis for modification of Judge Antoon's Order.  Plaintiff's Motion to Modify is actually an inappropriate attempt to relitigate the issue of whether DOE violated her rights under 42 U.S.C. Section 1983 and an attempt to create an issue for appeal when there is none.

5.     Plaintiff Ms. Hamilton continues to violate Rule 3.01(a), Local Rules of the U.S. District Court - Middle District of Florida, by filing motions without filing supporting legal briefs or legal memoranda with citations of authorities in support of the requested relief.  Thus, Plaintiff continues to misuse the litigation process, attempting to mislead the Court and continuing to harass Defendant Dr. Skizynski.

## GROUNDS FOR OPPOSITION

## Plaintiff's Requested Modification 1 Is Improper and Unwarranted since the Facts She Has Previously Alleged Contradict the Modification She Requests

6.    According to Paragraph 14 of her Amended Complaint (Docket 4), Ms. Hamilton sought to receive funds from the DOE to start her own business, Lisa Hamilton Music Publishing, Inc., d/b/a Top Notch Hitz.

7.    The Plaintiff states in her own Amended Complaint (Docket 4), at Paragraph that DOE was willing to assist her in obtaining a business education at the University of Central Florida.  Thus, DOE actually offered Ms. Hamilton a valuable service in the form of a college education that might prepare her for the challenge of owning and operating her own business.  Paragraph 17 of Plaintiff Hamilton's Amended Complaint (Docket 4) states, in part: "Lisa [Hamilton] was informed that VR [DOE] would pay for her tuition and take care of the necessary paper work.  Afterwards, Lisa would just need to show up for classes."

8.    Plaintiff Hamilton in her Motion to Modify is intentionally misleading the Court by claiming she was "deprived of participating in the Vocational Rehabilitation program all-together [sic]."

9.    As indicated in Paragraphs 14, 16 and 17 of Plaintiff Hamilton's Amended Complaint, Ms. Hamilton was not denied all services by the Florida Department of Education.

10.    Judge Antoon correctly notes in his Order that Ms. Hamilton was dissatisfied that she did not receive the specific type of vocational rehabilitation services she desired.  She

-3-

was offered alternative services, services designed to assist her in meeting her goals.  She

rejected them.  She was not denied all services.

## Plaintiff's Requested Modification 2 Is Also Improper and Unwarranted as She Seeks

## a Modification of the Judge's Correct Statement of the Law

11.     Judge Antoon's Order stating that the Plaintiff may not maintain a Section 1983

claim is a correct statement of the law.  In Mallet v. Wisconsin Div. of Vocational Rehab.,

130 F.3d 1245, 1253 (7th Cir. 1997), the Seventh Circuit Court of Appeals addressed the

limited application of 42 U.S.C. Section 1983, stating:

> Because §1983 enforces only "rights, privileges,
> or immunities secured by the Constitution and
> [federal] laws" a plaintiff may utilize §1983 only
> to the extent that a state plan which receives
> federal funding does not conform to one of the
> federal requirements.  Section 1983, therefore, is
> not an appropriate means of remedying an
> isolated violation of an otherwise legal plan."
> Mallett at 1253, citing, Albiston v. Maine
> Comm'r of Human Servs., 7 F.3d 258, 263 (1st
> Cir. 1993).

12.     The Seventh Circuit Court of Appeals in Mallett also addressed the requirement

that a plaintiff exhaust administrative remedies prior to bringing a claim pursuant to Section

1983.  "For disputes about whether a state plan in a specific instance satisfies the federal

requirement, a plaintiff must use the administrative review channels."  Mallett at 1257.

13.     As noted in Judge Antoon's Order, Plaintiff Hamilton has not alleged facts to

-4-

show that she has exhausted administrative remedies as required under federal law.  The Court should deny Plaintiff Hamilton's Motion to Modify as Judge Antoon's Order reflects a correct statement of the law.

### Since Plaintiff Has Filed a Notice of Appeal , the Court No Longer Has Jurisdiction

14.     Plaintiff filed her Motion to Modify after she filed her Notice of Appeal.  Her appeal has deprived the Court of jurisdiction to act on her Motion to Modify.

15.     Defendant Dr. Skizynski incorporates herein by reference the legal authorities cited by the Florida Department of Education in its Response to Plaintiff's Motion to Modify (Docket 109) served on February 23, 2005.

**WHEREFORE**, for the reasons stated herein, Defendant Dr. Leonard Skizynski respectfully requests the Court to deny Plaintiff's Motion to Modify.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been (or will be) filed electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the foregoing:  Michael R. Jackson, Esquire (attorney for Defendant Joyce A. Wells), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801;  John L. Morrow, Esquire (attorney for Defendant David Bogert), Conroy, Simberg, Ganon, Kervans & Abel, P.A., Two South Orange Avenue, Suite 300, Orlando, Florida 32801;  Michael Kooi, Esquire and Elana J. Jones, Esquire (attorneys for Defendants

Department of Education, Judy Whitaker and David Givens), Turlington Building, 325 West

Gaines Street, Suite 1244, Tallahassee, Florida 32399;  and a copy of the foregoing served via

U.S. mail, postage prepaid, to:  Lisa Hamilton (Pro Se Plaintiff), 4402 Dunwoody Place,

Orlando, Florida 32808, on this 1st day of March, 2004.


/S/  George F. Indest III
**GEORGE F. INDEST III, ESQUIRE**
Florida Bar No.:  382426
Board Certified in Health Care Law
**JASON L. HARR, ESQUIRE**
Florida Bar No.:  0194336
THE HEALTH LAW FIRM
220 East Central Parkway
Suite 2030
Altamonte Springs, Florida 32701
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030
**ATTORNEYS FOR DEFENDANT,**
**DR. LEONARD SKIZYNSKI**

JLH
S:\256\001\Pleadings\ReplyInOppositionMotiontoModify-01.wpd

-6-