FILED

2005 NOV -8  AM 8: 58

MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LISA HAMILTON                               CASE NO. : 6:04-CV-636-ORL-28JG

    Plaintiff

v.

The Florida Department of Education/
Division of Vocational Rehabilitation,
Judy Whitaker,David Givens,Joyce A. Wells,
David Bogert and Dr. Leonard Skizynski

    Defendants

## MOTION TO VACATE  VOID ORDER

## AND VOID JUDGEMENT

## FOR LACK OF JURISDICTION

## PER F.R.C.P.  60(B)(4)

A "Judgment" directed at a void "Order" would itself be void.

Now comes the Plaintiff Lisa Hamilton and moves this Court to VACATE its

August 18, 2004 Void Order (Docket 48) and February 15, 2005 Void Judgment

(DOCKET 104) for the Court's lack of Subject-Matter Jurisdiction.

In support of this Motion to Vacate a Void Order and Judgment Plaintiff states the

following: **Federal Rule 60(b)(4) of Civil Procedure provides that a Court may**

1

**relieve a Party from an Order or Final Judgment that is void.** A Judgment is "Void" under Rule 60(b)(4) if it was rendered without Jurisdiction of the Subject-Matter or the Parties, or rendered in a manner inconsistent with Due Process of Law. As applicable in the case noted above where the Parties did not consent to proceeding before the Magistrate Judge (see § 636(c)(1)-of the Magistrate Act) an Article III Judge may designate a Magistrate Judge to consider various matters (See 636(b) of the Magistrate Act). These matters are generally categorized as "Dispositive" or "Non-Dispositive".

Throughout the entire Lower Court proceedings in the case noted above Plaintiff alleged and assumed the Article III Judge referred to the Magistrate Judge to Hear and give Final "Order" on the "Dispositive" Motion for Default Judgment and always contended the Article III Judge abused his discretion and the Magistrate Judge exceeded the authority vested in him by Congress.

Clearly a Default Judgment Motion is not a Pre-Trial matter within the meaning of 28 U.S.C. § 636 or Rule 72 of the Federal Rules of Civil Procedure.

On October 21, 2005 the Plaintiff was enlightened that the Article III Judge **had in fact not referred** the Magistrate to Hear and give a Final "Order" of Disposition on the "Dispositive" issue of Default Judgment - **at all.** A closer **review of the Docket and Records in this case by the Pro se Litigant** clearly shows there was no **Written Order of Referral filed with the Clerk, no entry of Referral signed by the Article III Judge nor a Unanimous Consent Form signed by all Parties** in the case who were not in Default and **no Executed Consent Form filed with the Clerk** to confer this Jurisdiction

2

to the Magistrate Judge. The harsh and diabolical reality is the Magistrate Judge entered

into the Case Docket on his own whim and **usurped Jurisdiction** over the case and

**scheduled a "Dispositive" Default Judgment Hearing in front of himself, canceling**

**such Hearing six days later and making a Final "Order" of Disposition** with no Legal

citation, no explanation of his findings and no paper documenting this Final Order with a

Judge's signature.

   **The Magistrate Judge then scheduled to himself a Hearing on another**

**"Dispositive" Motion - again without referral from the Article III Judge or**

**Unanimous Consent of all Parties – this time on Defendants four pending Motions to**

**Dismiss for failure to state a claim.**

   **The Magistrate Judge subsequently cancelled this second scheduled Dispositive**

**Hearing in front of himself and submitted to the Article III Judge a Report &**

**Recommendation without opportunity for Plaintiff to respond to the four Motions**

**to Dismiss for failure to state a claim** as Defendants were in Default and Pro se Plaintiff

was awaiting ruling from the Article III Judge on Plaintiff's Objection to the

Magistrate's Order Denying Plaintiff's Motion for Default Judgment filed 8/23/04. The

Article III Judge overruled this Objection on 9/14/05 and two days later the Magistrate

Judge submitted to the Article III Judge - without referral from the Article III Judge - his

above mentioned R&R on 9/16/05 on the case's second Dispositive issue.

   The Magistrate Judge produced no tangible signed paper for an Article III Judge or an

Appellate Panel to review his findings of fact – solely typed entries in the Pacer system

3

(see Dockets 47, 48) denying Plaintiff 's Motion for Default Judgment which the Magistrate Judge lacked Jurisdiction to do under the Magistrate Act and the U.S. Constitution. Defendants were in Default and **the Magistrate Judge had no authority to deny on 8/18/04 the Plaintiff's Motion for Default Judgment filed 41 days earlier on 7/9/04 which would have rendered the issue of Dismissal of Plaintiff's Complaint for failure to state a claim moot.**

The Magistrate Judge upon usurping Jurisdiction and illegally denying Plaintiff's Motion for Default Judgment and Recommending Plaintiff's Dismissal (see Dockets 48 and 54) effectively Disposed of the Plaintiff 's case by illegally and prematurely bringing before the Article III Judge the issue of Plaintiff's Dismissal per his R&R. The Article III Judge ultimately adopted the void Recommendation of Dismissal (see Docket 61). The R&R (Docket 54) born out of the void "Order" (Docket 48) that triggered the Article III Judge's illegitimate Void Order of Dismissal (Docket 103) and the Void Judgment of Dismissal (Docket 104) to be a Void Judgment. The illegal actions undertaken by the Magistrate Judge not only were wanting and lacking of Jurisdiction but is in a manner inconsistent with Due Process of Law thereby rendering all Orders and Judgments in the Lower Court void for want of Jurisdiction leaving Defendants in Default.

The Magistrate Judge lacked Jurisdiction to deny Plaintiff's Motion for Default Judgment; thus the Article III Judge was stripped of Jurisdictional Authority to adopt the Null and Void "Order" (Docket 53) and Report and Recommendation (Docket 61). The Magistrate Judge treated the "Dispositive" Motion for Default Judgment as that –

4

"Dispositive" - making a Final "Order" of Disposition (Docket 48 "Order"). **After
Plaintiff filed an Objection** to the Article III Judge (Docket 50) asserting the Magistrate
lacked Jurisdiction to rule on the Motion for Default Judgment **the Article III Judge was
Judicially bound to do a de novo review - but instead Responded** in a four line
"Order" that he, the Article III Judge, found this to be **"correct and not erroneous"**
(Docket 53) **treating the clearly "Dispositive" Default Judgment Motion as "Non-
Dispositive". Even if the Article III Judge wanted to do a de novo review of the
Magistrate's findings - How could he? - when the Magistrate gave no legal
reasoning for his action. This proves to be a violation of Plaintiff's Constitutional
Right to Due process and equal access to the Court as there is no audit trail of the
standard of law used by the Magistrate who lacked Jurisdiction to dispose of this
Motion in the first place.**

The Article III Judge's Order overruling Plaintiff's Objection to the Magistrate
Denying Plaintiff's Motion for Default Judgment (Docket 53) stating he found the actions
undertaken by the Magistrate Judge "to be **correct and not erroneous" was clearly
communicating that he in fact did not refer this "Dispositive" matter of Default
Judgment to the Magistrate because if the Article III Judge had he would have been
Judicially bound to do a de novo review at the time Plaintiff Objected which would
have alerted the Article III Judge to the Jurisdictional defect (Docket 48) which the
Article III Judge would have had no legal discretion to ignore or bypass.**

**The only issue in a Motion to Vacate a Void Order or Judgment under F.R.C.P**

5

**60(b)4 is "does an inspection of the record of the case support the conferring by law of subject-matter jurisdiction in the case" – no other issue applies to a 60(b)4 Motion.** Clearly a Motion for Default Judgment is a Dispositive Motion and a Magistrate Judge was never given this power by Congress; however, Congress allowed all Parties in a case to make a determination as to conferring this Power over to a Magistrate Judge in Civil matters, when done in writing and filed with the Clerk, as to make no mistake of this conference thereby avoiding the issue that Plaintiff, Lisa Hamilton brings before this Court today.

Many Dispositive issues can occur in a case but Default Judgment is arguably the most Dispositive of them all as one loses before one starts and the Legal Definition of a "Dispositive motion" is: "If ruled upon it could dispose of any or all of a Party's claim or defense". The word "Judgment" in "Default Judgment" makes it crystal clear the relief one is seeking is a Final Order of Disposition making it a "Dispositive" Motion which makes it a very important issue in a case precluded from being resolved by a Magistrate Judge without prior consent of all Parties in the case. **The Magistrate Judge had no legal right to handle this Dispositive matter in the Plaintiff's case which triggered the dismissal.** If all Parties in the case did not consent to the Magistrate's Jurisdiction (**we did not**) and the Article III Judge did not refer or delegate this authority to the Magistrate (**the Article III Judge did not**) then where did the Magistrate find his Subject-Matter Jurisdiction to Rule Dispositively on the Dispositive matter of Default Judgment on August 18, 2004?

6

The truth of the matter is clear from the Record, the Magistrate lacked Jurisdiction, the Article III Judge lacked Jurisdiction to adopt the Void Order and Findings of the Magistrate; thus Defendants remain in Default.

The **duty** to vacate this Void Judgment is based on the inherent power of the Court to expunge from its Records Void Acts of which **it has knowledge**. A Void Judgment is a legal nullity and a Court considering a Motion To Vacate has no discretion in determining whether it should be set aside. **Article III Judges are Judicially bound to do a de novo review on the assertion of a Lack of Jurisdiction.**

The Appellate Court only has Subject-Matter Jurisdiction if the Trial Court held Subject-Matter Jurisdiction. Where the Trial Court has no Jurisdiction, an Appeal or Writ of Error can confer no Jurisdiction on the Lower Court. It is axiomatic that when a Trial Court has no Jurisdiction, an Appeal Court cannot act to confer Jurisdiction. It is well settled law that there is a presumption against Subject-Matter Jurisdiction in Courts of limited Jurisdiction, including Courts of Statutory Jurisdiction like Federal Magistrate Judges.

Federal Magistrate Judges are "Creatures of Statute" and so is their Jurisdiction. **They are not Article III Judicial Officers and they have only Jurisdiction or Authority granted to them by Congress**, which is set out in 28 U.S.C. 636 and Rule 72 of the Federal Rules of Civil Procedure. The Magistrate **usurped Jurisdiction** to suit one

7

favorable outcome to the Defendants – Denying Plaintiff's Motions for a Default

Judgment in an "Order"; but in the next breath 4 Weeks later **cites lack of Jurisdiction**

in his R&R to suit another favorable outcome to the Defendants – Dismiss the Plaintiffs

Complaint on Technicalities when he should have recused himself for Financial Conflicts

of Interest.

**The Magistrate attempted to portray Jurisdiction on the two Dispositive issues**

**above when in fact he actually lacked Jurisdiction and an "Order" or Judgment**

**given by a Judge who lacks Jurisdiction is not void-able - it is Void - which puts**

**this case before the Lower Court and Defendants in Default. The Eleventh Circuit**

**has stated F.r.c.p. 60(b)(4) Rule does not impose a time limitation on actions to set**

**aside Void Judgments** *Hertz Corp. v. Alamo Rent-A-Car, Inc 11ith cir.*

The Magistrate Judge has proven to be a trespasser upon the Lower Court when he

denied Plaintiff's Motion for Default Judgment and Recommended Plaintiff's Dismissal.

His pronouncement and "Order" is not valid - **it is null and void.**  Plaintiff respectfully

asks this Court to Vacate its Void Order of August 18, 2004 and Void Judgment of

February 15, 2005 as Null and Void - **placing Defendants rightfully and legally where**

**they were before the Magistrate usurped Jurisdiction – in Default.** See *Burke v.*

*Smith 252 F.3d 1260 (11th Cir).*

The Magistrate Judge's behavior is of extreme Public Interest as he is clearly out of

control and if this Court does not expunge these Void Orders and Judgments it is

8

Breaking the Law. A plain misinterpretation of statutorily delegated power is "blatant usurpation". The Magistrate Judge did not have Jurisdiction over the Parties in this case and there is no misinterpretation of this Fact. Plaintiff has a Petition for Re-Hearing En Banc pending before the Eleventh Circuit and every day this Lower Court fails to void its knowingly void Judgment is wasting Judicial time of the busiest Appellate Circuit in the United States again delaying justice and acting contrary to the United States Constitution.

Local Rule 6.01 (c) (18) clearly states without consent of all Parties the Magistrate is not to enter any other Final Order or Judgment that would be appealable if entered by the Judge of the Court.

Plaintiff is prepared to take this all the way to the Supreme Court if Justice is not administered.

Attachments:

(A) Lower Court Docket (1-115)

## CERTIFICATE OF SERVICE

I certify a true copy of this Motion was mailed on 11/8/05 to: Keough & Dubose,

P.A., 514 E. Colonial Dr., P.O. Box 1609; Orlando, FL, 32802-1609; The Health Law

Firm, 220 E. Central Parkway, # 2030, Altamonte Springs, FL, 32701; Conroy, Simberg,

Ganon, Krevans & Abel, P.A., 3440 Hollywood Blvd., Hollywood, FL 33021.

Lisa Hamilton (Pro Se)

4429 Scenic Lake Dr.
Orlando, FL. 32808
(321) 287-1747

10

Karen M. Montas-Coleman
Conroy, Simberg, Ganon, Krevans &
Abel, P.A.
Two S. Orange Ave., Suite 300
Orlando, FL 32801
407/649-9797
Fax: 407/649-1968
Email: kmontas@conroysimberg.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/03/2004 | 1 | COMPLAINT for civil rights violations filed (jrm) (Entered: 05/05/2004) |
| 05/03/2004 | | MAGISTRATE JUDGE CASE ASSIGNMENT Magistrate assigned: James G. Glazebrook (jrm) (Entered: 05/05/2004) |
| 05/03/2004 | 2 | APPLICATION by Lisa Hamilton to proceed in forma pauperis ; referred to Magistrate Judge James G. Glazebrook (jrm) (Entered: 05/05/2004) |
| 05/11/2004 | 3 | ORDER for plaintiff to complete and return service forms within 15 days; the Clerk is directed to provide completed forms to US Marshal for service upon defendant without cost to plaintiff. (granting [2-1] motion to proceed in forma pauperis) ( Signed by Magistrate Judge James G. Glazebrook ) ctc (maa) Modified on 05/13/2004 (Entered: 05/12/2004) |
| 05/17/2004 | 4 | AMENDED COMPLAINT by Lisa Hamilton amending [1-1] complaint adding Judy Whitaker, David Givens, Joyce A. Wells, Leonard Skizynski, David Bogert (jrm) (Entered: 05/18/2004) |
| 05/18/2004 | 5 | NOTICE of designation under Local Rule 3.05 - TRACK 2. (ctc) (djd) (Entered: 05/18/2004) |
| 05/18/2004 | 6 | INTERESTED PERSONS ORDER. The parties have 11 days to respond to this order. ( Signed by Judge John Antoon II ) ctc (djd) (Entered: 05/18/2004) |
| 05/19/2004 | 7 | MOTION by plaintiff Lisa Hamilton for appointment of counsel ; referred to Magistrate Judge James G. Glazebrook (jrm) (Entered: 05/20/2004) |
| 05/21/2004 | | SUMMONS issued for Fl. Dept. of Educ., Judy Whitaker, David Givens, Joyce A. Wells, Leonard Skizynski, David Bogert and sent to Marshal for service (jrm) (Entered: 05/21/2004) |
| 05/25/2004 | 8 | NOTICE by plaintiff Lisa Hamilton of pendency of other actions re: order of compliance with local rule (jrm) (Entered: 05/25/2004) |
| 05/25/2004 | 9 | CERTIFICATE OF INTERESTED PERSONS by plaintiff Lisa Hamilton and corporate disclosure statement Re: [6-1] order (jrm) (Entered: 05/25/2004) |
| | | |

| 05/28/2004 | 10 | ORDER [7-1] plaintiff's motion for appointment of counsel denied. The Court does not have lawyers available to work without pay on a civil case. (Signed by Magistrate Judge James G. Glazebrook) ctc (jrm) (Entered: 05/28/2004) |
|---|---|---|
| 06/07/2004 | 11 | RETURN of service executed as to Judy Whitaker on 6/1/04 Answer due on 6/21/04 for Judy Whitaker (jrm) (Entered: 06/07/2004) |
| 06/07/2004 | 12 | RETURN of service executed as to David Givens on 6/1/04 Answer due on 6/21/04 for David Givens (jrm) (Entered: 06/07/2004) |
| 06/07/2004 | 13 | RETURN of service executed as to Joyce A. Wells on 6/1/04 Answer due on 6/21/04 for Joyce A. Wells (jrm) (Entered: 06/07/2004) |
| 06/07/2004 | 14 | RETURN of service executed as to David Bogert on 6/1/04 Answer due on 6/21/04 for David Bogert (jrm) (Entered: 06/07/2004) |
| 06/07/2004 | 15 | RETURN of service executed as to Leonard Skizynski on 6/1/04 Answer due on 6/21/04 for Leonard Skizynski (jrm) (Entered: 06/07/2004) |
| 06/14/2004 | 16 | RETURN of service executed as to Fl. Dept. of Educ. on 6/8/04. Answer due within 20 days for Fl. Dept. of Educ. (jrm) (Entered: 06/14/2004) |
| 06/21/2004 | 17 | NOTICE of attorney appearance for defendant David Bogert by John L. Morrow (jrm) (Entered: 06/22/2004) |
| 06/21/2004 | 18 | MOTION by defendant David Bogert with memorandum in support to dismiss plaintiff's complaint (jrm) (Entered: 06/22/2004) |
| 06/21/2004 | 19 | NOTICE of attorney appearance for defendant Joyce A. Wells by Michael R. Jackson (jrm) (Entered: 06/22/2004) |
| 06/21/2004 | 20 | MOTION by defendant Joyce A. Wells to dismiss for failure to state a claim upon which relief can be granted , for more definite statement and to strike (jrm) (Entered: 06/22/2004) |
| 06/21/2004 | 21 | MEMORANDUM by defendant Joyce A. Wells in support of [20-1] motion to dismiss for failure to state a claim upon which relief can be granted, [20-2] motion for more definite statement, [20-3] motion to strike (jrm) (Entered: 06/22/2004) |
| 06/22/2004 | 22 | APPLICATION by plaintiff Lisa Hamilton for entry of clerk's default as to Judy Whitaker, David Givens, Joyce A. Wells, Leonard Skizynski, David Bogert (jrm) (Entered: 06/22/2004) |
| 06/22/2004 | 23 | NOTICE of attorney appearance for defendant Leonard Skizynski by George F. Indest III, Jason Lewis Harr (jrm) (Entered: 06/22/2004) |
| 06/22/2004 | 24 | NOTICE (no related cases) by defendant Leonard Skizynski of pendency of other actions re: order of compliance with local rule (jrm) (Entered: 06/22/2004) |
| 06/22/2004 | 25 | CERTIFICATE OF INTERESTED PERSONS by defendant Leonard Skizynski and corporate disclosure statement Re: [6-1] order (jrm) (Entered: 06/22/2004) |

| 06/22/2004 | 26 | MOTION by defendant Leonard Skizynski to dismiss plaintiff's amended complaint (jrm) (Entered: 06/22/2004) |
|---|---|---|
| 06/22/2004 | 27 | MEMORANDUM by defendant Leonard Skizynski in support of [26-1] motion to dismiss plaintiff's amended complaint (jrm) (Entered: 06/22/2004) |
| 06/24/2004 | 28 | OBJECTION by plaintiff Lisa Hamilton to [26-1] defendant Skizynski's motion to dismiss plaintiff's amended complaint (jrm) (Entered: 06/24/2004) |
| 06/28/2004 | 29 | CLERK'S ENTRY OF DEFAULT as to defendants Fl. Dept. of Educ., Judy Whitaker, David Givens; terminating [22-1] plaintiff's motion for entry of clerk's default as to Judy Whitaker, David Givens, Joyce A. Wells, Leonard Skizynski, David Bogert. ctc (jrm) (Entered: 06/28/2004) |
| 06/28/2004 | 30 | MOTION by defendants Fl. Dept. of Educ., Judy Whitaker, David Givens with memorandum in support to dismiss amended complaint (jrm) (Entered: 06/28/2004) |
| 06/28/2004 | 31 | OPPOSITION by defendant Leonard Skizynski to [22-1] plaintiff's motion for entry of clerk's default as to Judy Whitaker, David Givens, Joyce A. Wells, Leonard Skizynski, David Bogert...AND (jrm) (Entered: 06/28/2004) |
| 06/28/2004 | 31 | ...MOTION by defendant Leonard Skizynski to strike [22-1] motion for entry of clerk's default as to Judy Whitaker, David Givens, Joyce A. Wells, Leonard Skizynski, David Bogert (jrm) (Entered: 06/28/2004) |
| 06/28/2004 | 32 | MEMORANDUM by defendant Leonard Skizynski in support of [31-1] opposition response, [31-1] motion to strike [22-1] motion for entry of clerk's default as to Judy Whitaker, David Givens, Joyce A. Wells, Leonard Skizynski, David Bogert (jrm) (Entered: 06/28/2004) |
| 06/29/2004 | 33 | SUPPLEMENTAL AFFIDAVITS of David Givens and Judith Whitaker by defendants Fl. Dept. of Educ., Judy Whitaker, David Givens Re: [30-1] motion to dismiss amended complaint (djd) (Entered: 06/29/2004) |
| 07/02/2004 | 34 | RESPONSE by defendant Fl. Dept. of Educ. to [22-1] plaintiff's application for entry of clerk's default as to Judy Whitaker, David Givens, Joyce A. Wells, Leonard Skizynski, David Bogert (jrm) (Entered: 07/02/2004) |
| 07/06/2004 | 35 | MOTION with attached exhibits by defendants Fl. Dept. of Educ., Judy Whitaker, David Givens with memorandum in support to set aside entry of default (jrm) (Entered: 07/06/2004) |
| 07/08/2004 | 36 | CERTIFICATE OF INTERESTED PARTIES by defendant Fl. Dept. of Educ. and corporate disclosure statement Re: [6-1] order (jrm) (Entered: 07/08/2004) |
| 07/09/2004 | 37 | MOTION for default judgment against defendants Florida Department of Education/Vocational Rehabilitation Services, David Givens, Leonard Skizynski, Judy Whitaker by plaintiff Lisa Hamilton. (JRM) (Entered: |

| | | 07/12/2004) |
|---|---|---|
| 07/19/2004 | 38 | RESPONSE to motion re 37 MOTION for default judgment against Florida Department of Education/Vocational Rehabilitation Services, David Givens, Leonard Skizynski, Judy Whitaker filed by defendants Florida Department of Education/Vocational Rehabilitation Services, David Givens, Judy Whitaker. (JRM) (Entered: 07/19/2004) |
| 07/19/2004 | 39 | MOTION to strike 37 MOTION for default judgment against Florida Department of Education/Vocational Rehabilitation Services, David Givens, Leonard Skizynski, Judy Whitaker by defendants Florida Department of Education/Vocational Rehabilitation Services, David Givens, Judy Whitaker. (JRM) (Entered: 07/19/2004) |
| 07/21/2004 | 40 | RESPONSE in opposition re 37 MOTION for default judgment against Florida Department of Education/Vocational Rehabilitation Services, David Givens, Leonard Skizynski, Judy Whitaker filed by Leonard Skizynski. (Indest, George) Modified on 7/22/2004 (JRM). (Document not signed; attorney re-submitting) Modified on 8/20/2004 (LV). (This document is stricken pursuant to order [48] filed 8/18/04) (Entered: 07/21/2004) |
| 07/21/2004 | 41 | MEMORANDUM in support re 40 Response in opposition to motion filed by Leonard Skizynski. (Indest, George) Modified on 7/22/2004 (JRM). (Document not signed; attorney re-submitting) Modified on 8/20/2004 (LV). (This document is stricken pursuant to order [48] filed 8/18/04) (Entered: 07/21/2004) |
| 07/22/2004 | 42 | RESPONSE in opposition re 37 MOTION for default judgment against Florida Department of Education/Vocational Rehabilitation Services, David Givens, Leonard Skizynski, Judy Whitaker *and Motion to Strike* filed by Leonard Skizynski. (Indest, George) (Entered: 07/22/2004) |
| 07/22/2004 | 43 | MEMORANDUM in support re 42 Response in opposition to motion, *and Motion to Strike* filed by Leonard Skizynski. (Indest, George) (Entered: 07/22/2004) |
| 07/22/2004 | 44 | MOTION to strike 37 MOTION for default judgment against Florida Department of Education/Vocational Rehabilitation Services, David Givens, Leonard Skizynski, Judy Whitaker by defendant Leonard Skizynski. (See 42 for actual document) (JRM) Modified on 8/20/2004 (LV). (This document is stricken pursuant to order [48] filed 8/18/04). (Entered: 07/26/2004) |
| 07/29/2004 | 45 | MEMORANDUM in support of 37 motion for default judgment against Leonard Skizynski and 22 application for entry of clerk's default against Leonard Skizynski and emergency ruling filed by plaintiff Lisa Hamilton. (JRM) (Entered: 07/29/2004) |
| 08/03/2004 | 46 | CERTIFICATE of interested persons and corporate disclosure statement by David Bogert. (Montas-Coleman, Karen) Modified on 8/4/2004 (LV). *Document is missing attorney signature. Counsel contacted and advised to re-file.* (Entered: 08/03/2004) |
| | | |

| 08/12/2004 | 47 | NOTICE of Hearing on Motion 31 Motion to strike, 35 Motion to set aside default, 37 MOTION for default judgment, 39 MOTION to strike 37 MOTION for default judgment, [44] MOTION to strike 37 MOTION for default judgment: Motion Hearing set for 9/17/2004 10:00 AM in Courtroom 7 before Judge James G. Glazebrook. (am) (Entered: 08/12/2004) |
|---|---|---|
| 08/18/2004 | 48 | ORDER: The parties shall refrain from burying motions for relief in memoranda in opposition to other motions. The Court does not recognize such memoranda as "motions," Local Rule 3.01, and the relief sought is subject to denial. The following motions are hereby sticken: Docket No. 40 (unsigned); Docket No. 41 (unsigned, but properly filed later as Docket No. 43); Docket No. 44 (duplicative of Docket No. 42). The [Docket No. 31] motion to strike the motion for entry of default in Defendant Skizynski's memorandum in opposition is DENIED as moot; Defendants' [Docket No. 35] motion to set aside default is GRANTED; Plaintiff's [Docket No. 37] motion for default judgment is DENIED; Defendants' [Docket No. 39] motion to strike motion for default judgment is DENIED as moot; Defendant's [Docket No. 42] motion to strike the motion for default judgment is DENIED as moot. The hearing set for September 17, 2004 is CANCELLED. Signed by Judge James G. Glazebrook on 8/18/2004. (Glazebrook, James) (Entered: 08/18/2004) |
| 08/18/2004 | 49 | NOTICE of Hearing on 18 Motion to Dismiss; 20 Motion to Dismiss, for More Definite Statement, and to Strike; 26 Motion to dismiss; 30 Motion to Dismiss: Motion Hearing set for 9/17/2004 at 1:30 PM in Courtroom 7 before Magistrate Judge James G. Glazebrook. (am) (Entered: 08/18/2004) |
| 08/23/2004 | 50 | OBJECTION re [48] Order on motion to strike, Order on motion to set aside default, Order on motion for default judgment by Lisa Hamilton. (LV) (Entered: 08/24/2004) |
| 09/08/2004 | 51 | MEMORANDUM in opposition *to Plaintiff's Notice of Objection to Magistrate Judge's Order* filed by Florida Department of Education/Vocational Rehabilitation Services. (Kooi, Michael)***This document was not signed...counsel advised to re-file ASAP*** Modified on 9/9/2004 (LV). (Entered: 09/08/2004) |
| 09/09/2004 | 52 | RESPONSE re 50 Objection by Florida Department of Education/Vocational Rehabilitation Services. (Fudge, Jason) (Entered: 09/09/2004) |
| 09/14/2004 | 53 | ORDER OVERRULING 50 Objection filed by Lisa Hamilton. Signed by Judge John Antoon II on 9/14/2004. (EMW) (Entered: 09/14/2004) |
| 09/16/2004 | 54 | REPORT AND RECOMMENDATION: The district court should enter an order granting 18 motion to dismiss; granting 20 motion to dismiss, finding as moot 20 motion for more definite statement, finding as moot 20 motion to strike; granting 26 motion to dismiss; and granting 30 motion to dismiss. The amended complaint fails to state a claim upon which relief can be granted. See Docket Nos. 18, 20, 26, 30. Without |

| | | alleging facts showing diversity of citizenship, the amended complaint asserts state-law claims of fraud, slander, negligence, and malpractice. The amended complaint fails to comply with the pleading requirements of Fed.R.Civ.P. 8 (a)(1)-(2), and fails to allege specific facts that establish a prima facia case of discrimination on the basis of race or disability. In addition, the plaintiff's claims against defendants Whitaker and Givens in their official capacities is barred by the U. S. Constitution, Eleventh Amendment. Finally, the amended complaint fails to allege that plaintiff has exhausted her administrative remedies prior to commencing this action. Failure to file written objections to this report and recommendation pursuant to 28 U.S.C. section 636 (b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a de novo determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal. It is FURTHER ORDERED that the hearing set for Friday, September 13, 2004 at 1:30 p.m. on the above motions to dismiss is CANCELLED. Signed by Judge James G. Glazebrook on 9/16/2004. (Glazebrook, James) (Entered: 09/16/2004) |
|---|---|---|
| 09/22/2004 | 55 | MOTION to strike [48] Order on motion to strike, to set aside default, on motion for default judgment and [54] Order on motion to dismiss, on motion for more definite statement, on motion to strike by Lisa Hamilton. (LV) (Entered: 09/23/2004) |
| 09/24/2004 | 56 | OBJECTION re [54] order on motion to dismiss, on motion for more definite statement and on motion to strike, by Lisa Hamilton. (LV) (Entered: 09/28/2004) |
| 09/29/2004 | 57 | ORDER: Although the undersigned Magistrate Judge owns stock in Citigroup, Inc., of which the Student Loan Corp. and Bright Start may be affiliates, plaintiff has shown no relationship between the Student Loan Corp. and Bright Start and the Florida Department of Education that requires recusal. The undersigned has no financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding. See 28 U.S.C. Sec. 455(b)(4). Accordingly, 55 Motion to strike is DENIED. Signed by Judge James G. Glazebrook on 9/29/2004. (am) (Entered: 09/29/2004) |
| 09/30/2004 | 58 | OBJECTION to [57] Order on motion to strike, by Lisa Hamilton. (LV) (Entered: 10/04/2004) |
| 10/06/2004 | 59 | ORDER overruling 58 Objection filed by Lisa Hamilton. Signed by Judge John Antoon II on 10/6/2004. (EMW) (Entered: 10/06/2004) |
| 10/12/2004 | 60 | MEMORANDUM in opposition re 56 Objection *to Magistrate's Order* filed by Florida Department of Education/Vocational Rehabilitation Services. (Fudge, Jason) (Entered: 10/12/2004) |
| 10/15/2004 | 61 | ORDER adopting Report and Recommendation [54] and granting 30 Motion to dismiss filed by Florida Department of Education/Vocational Rehabilitation Services, Judy Whitaker, David Givens, granting 26 |

| | | Motion to dismiss filed by Leonard Skizynski, granting 18 Motion to dismiss filed by David Bogert,granting 20 Motion to dismiss and denying as moot Motion for more definite statement and Motion to strike filed by Joyce A. Wells. Signed by Judge John Antoon II on 10/15/2004. (EMW) (Entered: 10/15/2004) |
|---|---|---|
| 11/01/2004 | 62 | SECOND AMENDED COMPLAINT against Florida Department of Education/Vocational Rehabilitation Services , filed by Lisa Hamilton. (LV) (Entered: 11/04/2004) |
| 11/11/2004 | 63 | MOTION to dismiss Second Amended Complaint by David Bogert. (Montas-Coleman, Karen) (Entered: 11/11/2004) |
| 11/11/2004 | 64 | MOTION to dismiss Second Amended Complaint by Joyce A. Wells. (Jackson, Michael) (Entered: 11/11/2004) |
| 11/11/2004 | 65 | MEMORANDUM in support *Motion to Dismiss* filed by Joyce A. Wells. (Jackson, Michael) (Entered: 11/11/2004) |
| 11/16/2004 | 66 | MOTION to dismiss Second Amended Complaint by Leonard Skizynski. (Indest, George) (Entered: 11/16/2004) |
| 11/16/2004 | 67 | MEMORANDUM in support *of Motion to Dismiss Second Amended Complaint* filed by Leonard Skizynski. (Indest, George) (Entered: 11/16/2004) |
| 11/16/2004 | 68 | MOTION for entry of clerk's default against Leonard Skizynski by Lisa Hamilton. (LV) (Entered: 11/18/2004) |
| 11/17/2004 | 69 | MOTION for entry of clerk's default against Florida Department of Education/Vocational Rehabilitation Services, David Givens and Judy Whitaker by Lisa Hamilton. (LV) (Entered: 11/18/2004) |
| 11/19/2004 | 70 | NOTICE of Appearance by Johnny E. DuBose on behalf of Florida Department of Education/Vocational Rehabilitation Services, David Givens, Judy Whitaker (DuBose, Johnny) (Entered: 11/19/2004) |
| 11/19/2004 | 71 | First MOTION to dismiss Plaintiff's Second Amended Complaint and Memorandum of Law by Florida Department of Education/Vocational Rehabilitation Services, David Givens, Judy Whitaker. (DuBose, Johnny) (Entered: 11/19/2004) |
| 11/19/2004 | 72 | RESPONSE in opposition re 69 MOTION for entry of clerk's default against Florida Department of Education/Vocational Rehabilitation Services, David Givens, Judy Whitaker filed by Florida Department of Education/Vocational Rehabilitation Services, David Givens, Judy Whitaker. (DuBose, Johnny) (Entered: 11/19/2004) |
| 11/19/2004 | 73 | MOTION for default judgment against Florida Department of Education/Vocational Rehabilitation Services, David Givens, Leonard Skizynski and Judy Whitaker by Lisa Hamilton. (LV) (Entered: 11/22/2004) |
| 11/19/2004 | 74 | MOTION for summary judgment by Lisa Hamilton. (LV) (Entered: |

Case 6:04-cv-00636-JA-JGG   Document 116   Filed 11/08/05   Page 18 of 23 PageID 739

| | | 11/22/2004) |
|---|---|---|
| 11/22/2004 | 75 | EMERGENCY MOTION for ruling by presiding judge on default judgment by Lisa Hamilton. (LV) (Entered: 11/22/2004) |
| 11/22/2004 | 76 | RESPONSE in opposition re 68 MOTION for entry of clerk's default against Leonard Skizynski filed by Leonard Skizynski. (Indest, George) (Entered: 11/22/2004) |
| 11/22/2004 | 77 | MEMORANDUM in opposition re 68 Motion for entry of clerk's default *by Plaintiff Hamilton* filed by Leonard Skizynski. (Indest, George) (Entered: 11/22/2004) |
| 11/22/2004 | 78 | ORDER denying 68 motion for entry of default, denying 69 motion for entry of default, denying 73 motion for default judgment, denying 75 Motion for emergency ruling. Signed by Judge James G. Glazebrook on 11/22/2004. (am) (Entered: 11/22/2004) |
| 11/22/2004 | 79 | RESPONSE in opposition re 73 MOTION for default judgment against Florida Department of Education/Vocational Rehabilitation Services, David Givens, Leonard Skizynski, Judy Whitaker filed by Leonard Skizynski. (Indest, George)***Attached document is incomplete. This document terminated; counsel to re-file. Modified on 11/29/2004 (LV). (Entered: 11/22/2004) |
| 11/22/2004 | 80 | MEMORANDUM in opposition re 73 Motion for default judgment *and in Support of Response in Opposition* filed by Leonard Skizynski. (Indest, George) (Entered: 11/22/2004) |
| 11/29/2004 | 81 | RESPONSE in opposition re 73 MOTION for default judgment against Florida Department of Education/Vocational Rehabilitation Services, David Givens, Leonard Skizynski, Judy Whitaker *(refiling of Docket 79)* filed by Leonard Skizynski. (Indest, George) (Entered: 11/29/2004) |
| 12/06/2004 | 82 | RESPONSE in opposition re 74 MOTION for summary judgment filed by David Bogert. (Montas-Coleman, Karen) (Entered: 12/06/2004) |
| 12/06/2004 | 85 | MOTION for summary judgment by Lisa Hamilton. (Attachments: #(1) Exhibits-Part 1 and #(2)Exhibits-Part 2)(LV) (Entered: 12/08/2004) |
| 12/07/2004 | 83 | RESPONSE in opposition re 74 MOTION for summary judgment filed by Joyce A. Wells. (Jackson, Michael) (Entered: 12/07/2004) |
| 12/07/2004 | 84 | MEMORANDUM in support *of Response in Opposition to Plaintiff's Motion for Summary Judgment* filed by Joyce A. Wells. (Jackson, Michael) (Entered: 12/07/2004) |
| 12/22/2004 | 86 | NOTICE by Florida Department of Education/Vocational Rehabilitation Services, Judy Whitaker, David Givens *of Filing* (Attachments: # 1 Affidavit of David Givens)(DuBose, Johnny) (Entered: 12/22/2004) |
| 12/22/2004 | 87 | RESPONSE in opposition re 85 MOTION for summary judgment filed by Florida Department of Education/Vocational Rehabilitation Services, Judy Whitaker, David Givens. (DuBose, Johnny) (Entered: 12/22/2004) |

| 12/22/2004 | 88 | MOTION to strike *Plaintiff's Motion for Summary Judgment* by Joyce A. Wells. (Jackson, Michael) (Entered: 12/22/2004) |
| 12/22/2004 | 89 | MEMORANDUM in support *Motion to Strike Plaintiff's Motion for Summary Judgment and Response Thereto* filed by Joyce A. Wells. (Jackson, Michael) (Entered: 12/22/2004) |
| 12/22/2004 | 90 | MOTION for sanctions *against Plaintiff* by Leonard Skizynski. (Attachments: # 1 Exhibit Four (4) Letters Providing Notice to Plaintiff of Possible Sanctions)(Indest, George) (Entered: 12/22/2004) |
| 12/22/2004 | 91 | MEMORANDUM in support re 90 Motion for sanctions *against Plaintiff* filed by Leonard Skizynski. (Indest, George) (Entered: 12/22/2004) |
| 12/22/2004 | 92 | RESPONSE in opposition re 85 MOTION for summary judgment *and Motion to Strike* filed by Leonard Skizynski. (Indest, George) (Entered: 12/22/2004) |
| 12/22/2004 | 93 | MEMORANDUM in support re 92 Response in opposition to motion filed by Leonard Skizynski. (Indest, George) (Entered: 12/22/2004) |
| 12/23/2004 | 94 | RESPONSE in opposition re 85 MOTION for summary judgment filed by David Bogert. (Montas-Coleman, Karen) (Entered: 12/23/2004) |
| 12/30/2004 | 95 | ORDER denying 74 Motion for summary judgment, denying 85 Motion for summary judgment, denying as moot 88 Motion to strike. Signed by Judge John Antoon II on 12/30/2004. (EMW) (Entered: 12/30/2004) |
| 12/30/2004 | 96 | REPLY to response to motion re 85 MOTION for summary judgment filed by Lisa Hamilton. (LV)***THIS DOCUMENT HAS BEEN STRICKEN. Modified on 1/26/2005 (LV). (Entered: 01/03/2005) |
| 01/06/2005 | 97 | RESPONSE in opposition re 90 MOTION for sanctions *against Plaintiff* filed by Lisa Hamilton. (LV) (Entered: 01/06/2005) |
| 01/06/2005 | 98 | REPORT AND RECOMMENDATIONS re 90 Motion for sanctions. It is recommended that the motion be denied without prejudice. Signed by Judge James G. Glazebrook on 1/6/2005. (am) (Entered: 01/06/2005) |
| 01/10/2005 | 99 | MOTION for reconsideration re 95 Order on motion for summary judgment, Order on motion to strike by Lisa Hamilton. (LV) (Entered: 01/10/2005) |
| 01/21/2005 | 100 | ORDER GRANTING 99 Motion for reconsideration, DENYING relief requested therein, and STRIKING document 99. Signed by Judge John Antoon II on 1/21/2005. (EMW) (Entered: 01/21/2005) |
| 01/24/2005 | 101 | ORDER correcting scrivener's error in 100 . Signed by Judge John Antoon II on 1/24/2005. (EMW) (Entered: 01/24/2005) |
| 01/27/2005 | 102 | NOTICE TO THE COURT by Lisa Hamilton. (LV) (Entered: 02/01/2005) |
| 02/14/2005 | 103 | ORDER granting 63 Motion to dismiss, granting 64 Motion to dismiss, granting 66 Motion to dismiss, granting 71 Motion to dismiss. Signed by |

| | | Judge John Antoon II on 2/14/2005. (EMW) (Entered: 02/14/2005) |
|---|---|---|
| 02/15/2005 | 104 | JUDGMENT in favor of Defendants against Plaintiff. Signed by Deputy Clerk on 2/15/2005. (LV) (Entered: 02/15/2005) |
| 02/16/2005 | 105 | NOTICE OF APPEAL as to 103 Order on motion to dismiss, 104 Judgment by Lisa Hamilton. (VEF, ) (Entered: 02/16/2005) |
| 02/16/2005 | 106 | TRANSMITTAL of initial appeal package to USCA consisting of certified copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 105 Notice of appeal. Transcript information form sent. (VEF, ) (Entered: 02/16/2005) |
| 02/16/2005 | 107 | ORDER denying as moot 90 Motion for sanctions, adopting 98 Report and Recommendations. Signed by Judge John Antoon II on 2/16/2005. (EMW) (Entered: 02/16/2005) |
| 02/18/2005 | 108 | MOTION to modify order (Doc. No. 103) by Lisa Hamilton. (LV) (Entered: 02/18/2005) |
| 02/23/2005 | 109 | RESPONSE in opposition re 108 MOTION to modify order (Doc. No. 103) filed by Florida Department of Education/Vocational Rehabilitation Services, Judy Whitaker, David Givens. (DuBose, Johnny) (Entered: 02/23/2005) |
| 02/24/2005 | 110 | ACKNOWLEDGMENT by USCA of receiving Appeal Package on 2/18/05 re 105 Notice of appeal. USCA number: 05-10884-DD. (VEF, ) (Entered: 02/25/2005) |
| 02/28/2005 | 111 | TRANSCRIPT information form filed by Lisa Hamilton (no hearing) re 105 Notice of appeal. USCA number: 05-10884-DD. (VEF, ) (Entered: 03/01/2005) |
| 03/01/2005 | 112 | MEMORANDUM in opposition re 108 Motion to modify filed by Leonard Skizynski. (Indest, George) (Entered: 03/01/2005) |
| 03/02/2005 | 113 | ORDER denying 108 Motion to modify. Signed by Judge John Antoon II on 3/2/2005. (EMW) (Entered: 03/02/2005) |
| 03/23/2005 | 114 | CERTIFICATE of readiness sent to USCA re: 105 Notice of appeal. ROA consists of 2 volumes of pleadings. USCA number: 05-10884-DD (VEF, ) (Entered: 03/23/2005) |
| 03/31/2005 | 115 | ACKNOWLEDGMENT by USCA of receiving COR on 3/28/05 re 105 Notice of appeal. USCA number: 05-10884-DD. (VEF, ) (Entered: 04/01/2005) |
| 06/02/2005 | | RECORD on appeal sent to USCA re 105 Notice of appeal. Transmittal includes certified copy of docket sheet, volume of pleadings: 2, USCA number 05-10884-DD (VEF, ) (Entered: 06/02/2005) |

## PACER Service Center

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LISA HAMILTON,**

**Plaintiff,**

-vs-                                             **Case No.  6:04-cv-636-Orl-28JGG**

**FLORIDA DEPARTMENT OF
EDUCATION/VOCATIONAL
REHABILITATION SERVICES, et al,**

**Defendants.**

---

## ORDER

The Court having considered Plaintiff's Objection to the Magistrate Judge's Order (Doc. No. 50) and Defendant's Response to Plaintiff's Notice of Objection to Magistrate Judge's Order (Doc. No. 52), the Court finds the Magistrate Judge's Order (Doc. No. 48) to be correct and not erroneous. Plaintiff's Objection is therefore **OVERRULED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this  ⁄ ⁴  day of September, 2004.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LISA HAMILTON,

　　　　　　　　　　Plaintiff,

-vs-　　　　　　　　　　　　　　　　　　　　Case No.  6:04-cv-636-Orl-28JGG

FLORIDA DEPARTMENT OF
EDUCATION/VOCATIONAL
REHABILITATION SERVICES, et al,

　　　　　　　　　　Defendants.

---

## ORDER

　　　The United States Magistrate Judge has submitted a report recommending that the Motion by Defendant David Bogert to Dismiss Complaint (Doc. No. 18) be granted, the Motion by Defendant Joyce A. Wells to Dismiss Complaint (Doc. No. 20) be granted and the Motion for More Definite Statement and Motion to Strike (Doc. No. 20) be denied as moot, the Motion by Defendant Leonard Skizynski to Dismiss Complaint (Doc. No. 26) be granted, and the Motion by Defendants Florida Department of Education, Judy Whitaker, and David Givens to Dismiss Complaint (Doc. No. 30) be granted.

　　　After an independent *de novo* review of the record in this matter, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. Therefore, it is **ORDERED** as follows:

　　　1.　　That the Report and Recommendation filed September 16, 2004 (Doc. No. 54) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2.     The Motion by Defendant David Bogert to Dismiss Complaint (Doc. No. 18) is

**GRANTED.**

3.     The Motion by Defendant Joyce A. Wells to Dismiss Complaint (Doc. No. 20)

is **GRANTED** and the Motion for More Definite Statement and Motion to Strike (Doc. No. 20)

are **DENIED as moot.**

4.     The Motion by Defendant Leonard Skizynski to Dismiss Complaint (Doc. No.

26) is **GRANTED.**

5.     The Motion by Defendants Florida Department of Education, Judy Whitaker,

and  David Givens to Dismiss Complaint (Doc. No. 30) is **GRANTED.**

6.     The Court grants Plaintiff leave to file, within twenty (20) days of this Order,

a Second Amended Complaint in that cures the deficiencies outlined in the Magistrate

Judge's Report and Recommendation (Doc. No. 54).

**DONE** and **ORDERED** in Chambers, Orlando, Florida this _____ day of October,

2004.

JOHN ANTOON II
United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party