# United States Court of Appeals

## For the Eleventh Circuit

2005 DEC 12 PM 4: 49

No. 05-10884

District Court Docket No.
04-00636-CV-ORL-28JGG

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Sep 29, 2005

THOMAS K. KAHN
CLERK

LISA HAMILTON,

        Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF EDUCATION/VOCATIONAL
REHABILITATION SERVICES,
JUDY WHITAKER,
DAVID GIVENS,
JOYCE A. WELLS,
LEONARD SKIZYNSKI, Dr.,
DAVID BOGERT,

        Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

-------------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

-------------------------------------------------------------------

## JUDGMENT

    It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
DEC 0 8 2005
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:     September 29, 2005
For the Court:     Thomas K. Kahn, Clerk
By:     Jackson, Jarvis

FILED

[DO NOT PUBLISH]

2005 DEC 12  PM 4: 49

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2005
THOMAS K. KAHN
CLERK

No. 05-10884
Non-Argument Calendar

D. C. Docket No. 04-00636-CV-ORL-28JGG

LISA HAMILTON,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF EDUCATION/VOCATIONAL
REHABILITATION SERVICES,
JUDY WHITAKER,
DAVID GIVENS,
JOYCE A. WELLS,
LEONARD SKIZYNSKI, Dr.,
DAVID BOGERT,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

(September 29, 2005)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Lisa Hamilton appeals pro se the district court's order dismissing her nine-count second amended complaint against the Florida Department of Education/Division of Vocational Rehabilitation ("DVR"), its employees Judy Whitaker and David Givens, and state vendors Joyce Wells, David Bogert, and Dr. Leonard Skizynski (collectively "the defendants"), alleging race discrimination, in violation of 42 U.S.C. § 1983; disability discrimination, in violation of Title II of the ADA, 42 U.S.C. § 12131 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; violation of her Fourteenth Amendment rights; civil conspiracy; fraud; mail fraud; libel; and malpractice.

On appeal, Hamilton argues that the district court "erred by applying a heightened pleading standard more stringent than Federal Rules of Civil Procedure 8 and 9 require," failing to construe liberally her claims. Hamilton contends that she "could have at least been granted relief under The Privacy Act which requires correction of false records concerning any citizen who files a complaint that an agency is maintaining records about him that he alleges are false." Hamilton argues that she established a prima facie case of discrimination "under 504 of the Rehabilitation act of 1973 and the [ADA]," by alleging that: (1) she is a disabled

2

and an SSDI recipient, (2) as an SSDI recipient, she qualified for participation in the VR program, (3) she was denied VR benefits and subjected to discrimination on account of her disability, and (4) the DVR receives federal funding. Hamilton also argues that she established a prima facie case of racial discrimination, pursuant to Title VII of the Civil Rights Act of 1964, by alleging that: (1) she is an African-American, (2) her SSDI status qualified her for VR training and services, (3) she was denied VR services, and (4) she was denied "self employment" assistance which the DVR had afforded to other clients. Hamilton contends that, pursuant to 42 U.S.C. § 2000d-7, the State of Florida is not immune under the Eleventh Amendment from a suit in federal court alleging a violation of Title VII of the Civil Rights Act of 1964. Hamilton also argues that the Eleventh Amendment "does not bar suit against State Officials in their individual capacities, even if arising from their official acts . . . unless the claim will 'run into the State Treasury' under State law." Hamilton further contends that the State of Florida is also not immune under the Eleventh Amendment from a suit in federal court alleging a violation of Title II of the ADA.

We review the district court's grant of a motion to dismiss de novo, accepting all allegations in the complaint as true. Kyle K. v. Chapman, 208 F.3d 940, 942 (11th Cir. 2000). A district court may dismiss a complaint for failure to

3

state a claim only where it appears beyond a doubt that a <u>pro se</u> litigant can prove

no set of facts that would entitle him to relief.  <u>See</u> <u>Leal v. Georgia Dep't of Corr.</u>,

254 F.3d 1276, 1280 (11th Cir. 2001).

As an initial matter, Hamilton fails to present any arguments regarding her

claims of violation of her 14th Amendment rights and malpractice, and,

consequently, those claims are deemed waived.  <u>See</u> <u>Rowe v. Schreiber</u>, 139 F.3d

1381, 1382 n.1 (11th Cir. 1998).  Moreover, Hamilton makes only passing

reference to her claims of civil conspiracy, fraud, mail fraud, and libel, and,

consequently, those claims are likewise waived.  <u>See</u> <u>Farrow v. West</u>, 320 F.3d

1235, 1242 n. 10 (11th Cir. 2003) (stating that, where appellant made only a

passing reference to the district court's dismissal of a particular claim in a 42

U.S.C. § 1983 case and made no arguments on the merits as to that issue, the issue

was deemed waived).  Furthermore, Hamilton contends for the first time on appeal

that she was entitled to relief under the Privacy Act, and we generally will not

consider issues raised for the first time on appeal. <u>See</u> <u>Narey v. Dean</u>, 32 F.3d

1521, 1526 (11th Cir. 1994) (stating rule and five exceptions in civil context).

As to Hamilton's claims of discrimination based upon race and disability

against defendants DVR and against Whitaker and Givens in their official

capacities, Hamilton's § 1983 claim was barred by the Eleventh Amendment.  To

4

the extent that Hamilton made individual capacity claims against Whitaker and Givens in her complaint, she failed to allege that they, rather than DVR, violated her federal rights.  Moreover, Hamilton failed to allege an essential element necessary to establish a prima facie case of discrimination based upon disability, in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973, namely, that she was denied services because of her disability.  As to defendants Bogert, Wells, and Skizynski, Hamilton failed to (1) comply with the pleading requirements of the Federal Rules of Civil Procedure, as well as (2) state a claim against them, as she does not mention them in the counts of her complaint related to racial and disability discrimination. Consequently, the district court did not err by dismissing Hamilton's complaint against the defendants.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By:_____
Deputy Clerk
Atlanta, Georgia

# United States Court of Appeals

Eleventh Circuit

56 Forsyth Street, N.W.

Atlanta, Georgia 30303

**FILED**

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

2005 DEC 12 PM 4: 49

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

December 08, 2005

Sheryl L. Loesch
Clerk, U.S. District Court
80 N HUGHEY AVE STE 300
ORLANDO  FL  32801-2225

**Appeal Number: 05-10884-DD**
Case Style: Lisa Hamilton v. Florida Dept. of Education
District Court Number:  04-00636 CV-ORL-28JGG

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
      Original record on appeal or review, consisting of: two volumes

*2 v P*

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (11-2005)